# **Exhibit I**

DAVIS WRIGHT TREMAINE LLP
SCOTT R. COMMERSON (State Bar
  No. 227460)
  scottcommerson@dwt.com
BRENDAN N. CHARNEY (State Bar
  No. 293378)
  brendancharney@dwt.com
865 South Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Telephone: (213) 633-6800

DAVIS WRIGHT TREMAINE LLP
ROBERT CORN-REVERE (*pro hac vice
  pending*)
  robertcornrevere@dwt.com
RONALD LONDON (*pro hac vice
  pending*)
  ronaldlondon@dwt.com
1919 Pennsylvania Avenue, N.W., Suite
800
Washington, D.C. 20006-3401
Telephone: (202) 973-4200

DAVIS WRIGHT TREMAINE LLP
JAMES GRANT (*pro hac vice
  pending*)
  jamesgrant@dwt.com
1201 Third Avenue, Suite 2200
Seattle, Washington 98101-3045
Telephone: (206)622-3150

Attorneys for Defendants
MEDALIST HOLDINGS, INC.; LEEWARD HOLDINGS, L.L.C.; CAMARILLO
HOLDINGS, L.L.C.; DARTMOOR HOLDINGS, L.L.C.; IC HOLDINGS, L.L.C.;
BACKPAGE.COM, L.L.C; UGC TECH GROUP C.V.; CARL FERRER; JAMES
LARKIN; MICHAEL LACEY; and ATLANTISCHE BEDRIJVEN C.V.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually, by and through her Guardian Ad Litem, S.B., <br><br> Plaintiff, <br><br> vs. <br><br> MEDALIST HOLDINGS, L.L.C.; LEEWARD HOLDINGS, L.L.C.; CAMARILLO HOLDINGS, L.L.C.; DARTMOOR HOLDINGS, L.L.C.; IC HOLDINGS, L.L.C.; BACKPAGE.COM, L.L.C, NEW TIMES MEDIA, L.L.C., UGC TECH GROUP C.V.; CARL FERRER; JAMES LARKIN; MICHAEL LACEY; and, JOHN DOE 1-5, <br><br> Defendants. | Case No. 5:17-CV-1264 <br><br> **NOTICE OF REMOVAL** <br><br> (Removed from Riverside County Superior Court Case No. MCC1700068) <br><br> [Appendix with Exhibits A-NN; Declaration of Scott Commerson with Exhibits OO-TT; and Declaration of Ambika Doran with Exhibits UU-VV filed concurrently] |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant Atlantische Bedrijven C.V., joined by Medalist Holdings, Inc., Leeward Holdings, L.L.C.; Camarillo Holdings, L.L.C.; Dartmoor Holdings, L.L.C.; IC Holdings, L.L.C.; Backpage.com, L.L.C.; UGC Tech Group C.V.; Carl Ferrer; James Larkin; and Michael Lacey (the "Backpage.com Defendants"); hereby give notice of removal of the above-captioned civil action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Superior Court of the State of California for Riverside County to the United States District Court for the Central District of California. Pursuant to 28 U.S.C. § 1446(a), the Backpage.com Defendants attach a true and correct "copy of all process, pleadings, and orders served upon [the Backpage.com Defendants]" in the state court action. In support of this Notice of Removal, the Backpage.com Defendants state as follows:

1.    Plaintiff Jane Doe ("Plaintiff") filed a California state court action on January 25, 2017, alleging California state-law claims against the Backpage.com Defendants, as well as New Times Media, L.L.C., a Delaware limited liability company. Exhibit A.

2.    Plaintiff filed a First Amended Complaint on February 10, 2017, which, among other things, purported to add as a defendant Atlantische Bedrijven C.V., a Dutch limited partnership, and Reson Tredon Richard ("Richard"), a resident of California currently incarcerated at the Chuckawalla Valley State Prison in Blythe, California. Exhibit F; Commerson Decl. ¶ 10, Exhibit RR.

3.    On April 3, 2017, Plaintiff requested dismissal of New Times Media, LLC without prejudice. Exhibit I.

4.    On April 21, 2017, Plaintiff filed a filed an Amendment to the First Amended Complaint naming Medalist Holdings, Inc., a Delaware corporation, as a defendant instead of the defendant Medalist Holdings, LLC., a Delaware limited liability company, which apparently was named in error.

2

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

5.      Medalist Holdings, Inc. accepted service through counsel on April 25, 2017.  Commerson Decl. ¶¶ 5-6, Exhibit OO.

6.      Atlantische Bedrijven C.V.  accepted service through counsel on May 24, 2017.  Commerson Decl. ¶¶ 7-8, Exhibit PP.

7.      This Notice of Removal is timely because Atlantische Bedrijven C.V., joined by the other Backpage.com Defendants, is filing it within 30 days after the Complaint was served on it.  28 U.S.C. § 1446 (b)(1), (2).

8.      Removal is proper based on diversity jurisdiction under 28 U.S.C. § 1332, and the doctrine of procedural misjoinder.

9.      Plaintiff is a citizen of California.  The Backpage.com Defendants are citizens of Delaware, Arizona, and Texas.  Accordingly, there is complete diversity between Plaintiff and the Backpage.com Defendants.  Defendant Reson Tredon Richard appears to be a citizen of California, where he is currently incarcerated.  However, the citizenship of Richard should be disregarded and he need not join in seeking removal of this action because Plaintiff has procedurally misjoined the claims against him with the claims against the Backpage.com Defendants in violation of Rules 20 and 21 of the Federal Rules of Civil Procedure.  Plaintiff's claims against Richard for his trafficking, exploitation, and abuse of her have no connection to her claims against the Backpage.com Defendants for, in essence, providing a forum for third-party Internet advertising – which claims are absolutely barred in any event under the Communications Decency Act ("CDA"), 47 U.S.C. § 230 ("Section 230").

10.     Plaintiff's Complaint does not pray for a specific amount of damages.  However, pursuant to 28 U.S.C. §§ 1332(a) and 1446(c)(2)(A), it is clear from the nature of Plaintiff's claims and alleged harm, as well as evidence proffered by the plaintiffs in a nearly identical lawsuit, that the amount in controversy in this action substantially exceeds the requisite minimum of $75,000.

11.     Accordingly, this Court has diversity jurisdiction over all claims between Plaintiff and the Backpage.com Defendants, and should sever and remand

NOTICE OF REMOVAL
4815-2965-5112v.30 3710078-000083

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

the claims against Richard to the Superior Court of Riverside County.

### A.    This Notice Is Timely.

12.    On January 25, 2017, an individual alleged to have been a minor at the time of the events at issue, and identified pseudonymously as Jane Doe, filed a complaint in the Superior Court of the State of California for the County of Riverside, Case No. MCC1700068 against the Backpage.com Defendants and Richard ("the Complaint").  The Complaint is captioned *JANE DOE, individually, by and through her Guardian Ad Litem, S.B., Plaintiff, v. MEDALIST HOLDINGS, L.L.C.; LEEWARD HOLDINGS, L.L.C.; CAMARILLO HOLDINGS, L.L.C.; DARTMOOR HOLDINGS, L.L.C.; IC HOLDINGS, L.L.C.; BACKPAGE.COM, L.L.C.[;] NEW TIMES MEDIA, L.L.C.[;] UGC TECH GROUP C.V.; CARL FERRER; JAMES LARKIN; MICHAEL LACEY; and, JOHN DOE 1-5, Defendants*.  Exhibits A, F.

13.    Plaintiff filed a First Amended Complaint ("FAC") on February 10, 2017.  Exhibit F.  In addition to adding certain substantive allegations, the FAC added Richard and Atlantische Bedrijven C.V. as defendants.[1]  *Id.*

14.    Plaintiff's FAC alleges six causes of action:  Negligence (First Cause of Action); Intentional Infliction Of Emotional Distress (Second Cause of Action); Assault And Battery (Third Cause of Action); Unjust Enrichment (Fourth Cause of Action); Invasion Of Privacy (Fifth Cause of Action); and Civil Conspiracy (Sixth Cause of Action).  Exhibit F at ¶¶ 5.1 - 5.32.  Causes of Action Two through Four and Six are alleged against all defendants; the First Cause of Action for Negligence and the Fifth Cause of Action for Invasion of Privacy are alleged against only the Backpage.com Defendants.  *Id.*

15.    On April 21, 2017 Plaintiff filed an Amendment to the First Amended

---

[1] Missing from the caption, Atlantische Bedrijven C.V. and Richard are described as defendants in the Complaint's body.  *See, e.g.*, FAC ¶¶ 2.13, 2.21.

NOTICE OF REMOVAL
4815-2965-5112v.30 3710078-000083

4

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Complaint naming Medalist Holdings, Inc. as a defendant. Exhibit JJ; Commerson Decl. at ¶¶ 2-4. The First Amended Complaint, as amended, is the operative complaint in this action.

16.     On April 25, 2017, counsel for the Backpage.com Defendants accepted service (by e-mail) of the FAC, as amended, on behalf of Medalist Holdings, Inc. *See* Commerson Decl. at ¶¶ 5-6, Exhibit OO.

17.     On May 24, 2017, counsel for the Backpage.com Defendants and counsel for Plaintiff agreed that counsel for the Backpage.com Defendants would accept service on behalf of then-unserved defendant Atlantische Bedrijven C.V. and that the deadline for all of the Backpage.com Defendants to respond to the FAC would be 30 days from the date Atlantische Bedrijven C.V. was served, *i.e.* June 23, 2017. *See* Commerson Decl. at ¶¶ 7-8, Exhibit PP.

18.     On May 24, 2017, counsel for the Backpage.com Defendants accepted service (by e-mail) of the FAC, as amended, on behalf of Atlantische Bedrijven C.V. *See id*.

19.     The Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), because the Backpage.com Defendants have filed it within 30 days after Atlantische Bedrijven C.V. accepted service.

**B.     Complete Diversity Exists Between Plaintiff and the Backpage.Com Defendants.**

20.     Pursuant to 28 U.S.C. § 1441(a), defendants may remove any civil action brought in a state court over which the district courts of the United States have original jurisdiction.

21.     Federal district courts have original jurisdiction over all civil actions between citizens of different states, and between a citizen of a state and a citizen or subject of a foreign state, where the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a)(1), (2).

22.     A natural person is a citizen of the state where the person is domiciled,

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

*i.e.*, where the person resides with the intention to remain or return for more than a temporary period. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

23.   LLCs are treated like limited partnerships for purposes of determining diversity jurisdiction, and are deemed to be citizens of every state of which a member is a citizen. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

24.   For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of both the state in which it is incorporated and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is determined by the "nerve center" test, *i.e.*, "the place where a corporation's officers direct, control, and coordinate the corporations' activities," which ordinarily is the "place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

### C.   Plaintiff Is A California Citizen.

25.   Although the FAC does not plead Plaintiff's citizenship, her counsel has disclosed facts showing that she is a citizen of California.  Specifically, Plaintiff's counsel stated in an April 19, 2017 e-mail to counsel for the Backpage.com Defendants that:

> "Plaintiff's family ***temporarily left California*** for Oklahoma for safety reasons pending the criminal prosecution of the pimp.  The pimp has now been prosecuted and sentenced, and the ***family is in the process of moving back to California*** in a few weeks.  Given the ***temporary nature of the move***, the Plaintiff's parents maintained their CA driver's licenses and license plates.  When the family moves back to California, the victim's mother will be resuming her employment as a CPS social worker for the State of California.  The family is moving back to

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

> *Riverside County where Plaintiff will be completing her final year of high school*."

Commerson Decl., ¶ 9, Exhibit QQ (emphasis added).

### D.    None Of The Backpage.com Defendants Are California Citizens.

26.    The FAC, as amended, correctly alleges that Leeward Holdings, LLC; Camarillo Holdings, LLC; Dartmoor Holdings, LLC; IC Holdings, LLC; and Backpage.com, LLC all are Delaware Limited Liability Companies ("LLCs").  FAC at ¶¶ 2.6 - 2.11.

27.    At the time the Complaint was filed, and as of the date of the filing of this Notice, Medalist Holdings, Inc. was and is a Delaware corporation, with its principal place of business in Arizona.  It has always been privately held, and no publicly held corporation has ever owned an interest in it.

28.    At the time the Complaint was filed, and as of the date of the filing of this Notice, Leeward Holdings, LLC was and is a Delaware limited liability company, wholly owned by Medalist Holdings, Inc.  Leeward Holdings, LLC has always been privately held, and no publicly held corporation has ever owned an interest in it.

29.    At the time the Complaint was filed, and as of the date of the filing of this Notice, Camarillo Holdings, LLC was and is a Delaware limited liability company, wholly owned by Leeward Holdings LLC.  Camarillo Holdings, LLC has always been privately held, and no publicly held corporation has ever owned an interest in it.

30.    Therefore, at the time the Complaint was filed, and as of the date of the filing of this Notice, Medalist Holdings Inc., Leeward Holdings, LLC, and Camarillo Holdings, LLC were and are all citizens of Delaware and Arizona.

31.    At the time the Complaint was filed, and as of the date of the filing of this Notice, James Larkin was and is a resident and citizen of Arizona.

32.    James Larkin owns a residence near Phoenix in the State of Arizona and

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

has owned a residence in or near Phoenix since 1982. He has lived near Phoenix since 1952. His current residence near Phoenix is his primary residence and has been so since 2007.

33.    James Larkin considers his residence in Arizona to be his permanent home and, when he departs the State of Arizona, he does so with the intent to return to his residence in Arizona.

34.    James Larkin has been employed in or near Phoenix, Arizona since 1970.

35.    James Larkin files his state income taxes in Arizona as a resident of Arizona and has done so since 1968. He also pays and has always paid real and personal property taxes in Arizona.

36.    James Larkin is registered to vote in the State of Arizona and has been registered to vote in Arizona since about 2000.

37.    James Larkin has an Arizona driver's license and has had an Arizona driver's license since 1966.

38.    James Larkin has automobiles in Arizona, which are registered in Arizona. He has owned or leased automobiles that have been registered in Arizona since 1968.

39.    At the time the Complaint was filed, and as of the date of the filing of this Notice, Michael Lacey was and is a resident and citizen of Arizona.

40.    Michael Lacey owns a residence near Phoenix in the State of Arizona and has owned a residence in or near Phoenix since the mid-1990s. He has lived in Phoenix since 1966. His current residence near Phoenix is his primary residence and has been so since the late 1990's.

41.    Michael Lacey considers his residence in Arizona to be his permanent home and, when he departs the State of Arizona, he does so with the intent to return to his residence in Arizona.

42.    Michael Lacey has been employed in or near Phoenix, Arizona since

NOTICE OF REMOVAL
4815-2965-5112v.30 3710078-000083

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1970.

43. Michael Lacey files his state income taxes in Arizona as a resident of Arizona and has done so since 1970. He also pays, and for many years has paid, real and personal property taxes in Arizona.

44. Michael Lacey is registered to vote in the State of Arizona and has been registered to vote in Arizona since the mid-1990s.

45. Michael Lacey has an Arizona driver's license and has had an Arizona driver's license since the 1990s.

46. Michael Lacey has automobiles in Arizona, which are registered in Arizona. He has owned or leased automobiles that have been registered in Arizona since 1990.

47. At the time the Complaint was filed, and as of the date of the filing of this Notice, the ownership structure of the remaining Backpage.com Defendants was and is as follows:

      a. Backpage.com, LLC was and is a Delaware limited liability company, wholly owned by IC Holdings, LLC.

      b. IC Holdings, LLC was and is a Delaware limited liability company, wholly owned by Dartmoor Holdings, LLC.

      c. Dartmoor Holdings, LLC was and is a Delaware limited liability company, wholly owned by Atlantische Bedrijven C.V.

      d. Atlantische Bedrijven C.V. was and is a Dutch limited partnership, wholly owned by Kickapoo River Investments, LLC and Lupine Investments LLC.

      e. Kickapoo River Investments, LLC and Lupine Investments LLC are each Delaware limited liability companies, each wholly owned by Amstel River Holdings, LLC.

      f. Amstel River Holdings, LLC is a Delaware limited liability company, wholly owned by the Vicky Ferrer Family Trust.

NOTICE OF REMOVAL
4815-2965-5112v.30 3710078-000083

**DAVIS WRIGHT TREMAINE LLP**
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

g.  Backpage.com, LLC, IC Holdings, LLC, Dartmoor Holdings, LLC, Atlantische Bedrijven C.V., Kickapoo River Investments, LLC, Lupine Investments LLC, and Amstel River Holdings, LLC have always been privately held, and no publicly held corporation has ever owned an interest in any of them.

48.  Thus, tracing up the ownership chain, at all relevant times, the citizenship of Backpage.com, LLC, IC Holdings, LLC, Dartmoor Holdings, LLC, Atlantische Bedrijven C.V., Kickapoo River Investments, LLC, Lupine Investments LLC, and Amstel River Holdings, LLC, for diversity purposes, are based on the citizenship of their ultimate owner, the Vicky Ferrer Family Trust.

49.  The Trustee of the Vicky Ferrer Family Trust is Carl Ferrer.  The current beneficiaries of the Trust are Carl Ferrer and his wife, April E. Ferrer.

50.  Any potential future beneficiaries of the trust who currently are identifiable are citizens of either Texas or Oklahoma.  No current beneficiary of the trust, or potential future beneficiary of the trust who is currently identifiable, is or has been a citizen of California.

51.  At the time the Complaint was filed, and as of the date of the filing of this Notice, Carl Ferrer and April Ferrer were and are residents and citizens of Texas.

52.  Carl and April Ferrer have owned a residence near Dallas in the State of Texas since August 2005.  The residence is their primary residence and has been so since August, 2005.

53.  Carl and April Ferrer consider their residence in Texas to be their permanent home and, when they depart the State of Texas, they do so with the intent to return to their residence in Texas.

54.  Carl Ferrer has been employed in or near Dallas since August 2005.

55.  Carl and April Ferrer file their income taxes in Texas as residents of Texas and have done so since 2005.  They also pay real and personal property taxes in Texas.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

NOTICE OF REMOVAL
4815-2965-5112v.30 3710078-000083

56.     Carl Ferrer is registered to vote in the State of Texas and has been registered to vote in Texas since 2008.  April Ferrer is registered to vote in the State of Texas and has been registered to vote in Texas since approximately 2005.

57.     Carl and April Ferrer have Texas driver's licenses and have had Texas driver's licenses since 2006.

58.     Carl and April Ferrer have automobile in Texas, which are registered in Texas.  They have owned automobiles that have been registered in Texas since 2006.

59.     Carl Ferrer has had the same physician for over 16 years; the physician's office is in Dallas, Texas.

60.     Therefore, at the time the Complaint was filed, and as of the date of the filing of this Notice, the Vicky Ferrer Family Trust was and is a citizen of Texas, given that its trustee and all its current beneficiaries are citizens of Texas. Accordingly, the LLCs and limited partnership owned, directly and indirectly, by the Trust were and are all citizens of Texas for purposes of removal, including Backpage.com, LLC; IC Holdings, LLC; Dartmoor Holdings, LLC; Atlantische Bedrijven C.V.; Kickapoo River Investments, LLC; Lupine Investments LLC; and Amstel River Holdings, LLC.

61.     None of the Backpage.com Defendants, either individually or through corporate ownership or membership, are or ever have been citizens of the State of California.

62.     Accordingly, at the time the Complaint was filed, and as of the date of the filing of this Notice, complete diversity of citizenship existed and exists between Plaintiff (who is a citizen of California) and all of the Backpage.com Defendants (which are citizens of Delaware, Arizona, and Texas).

**E.      Claims Are Procedurally Misjoined When There Is No Real Connection Between Them.**

63.     When a plaintiff improperly joins claims in a state court action, a federal district court to which the case is removed should disregard the citizenship of non-

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

diverse parties that are not properly joined under Fed. R. Civ. P. 20, sever and remand claims involving such non-diverse parties under Fed. R. Civ. P. 21, and recognize federal diversity jurisdiction for the remaining claims. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072-73 (11th Cir. 2000). This doctrine is variously referred to as "procedural" or "fraudulent" [2] misjoinder; courts find procedural misjoinder when a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several, or alternative liability, and the claims against the two defendants have no real connection. *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

64.    Several courts within the Ninth Circuit have upheld removal based on the procedural misjoinder rule, reasoning, among other bases, that the "rule is a logical extension of the established precedent [recognized in the Ninth Circuit] that a plaintiff may not fraudulently join a defendant in order to defeat diversity jurisdiction in federal court." *Greene v. Wyeth*, 344 F. Supp. 2d 674, 684–85 (D. Nev. 2004); *Anglada v. Bank of America Corp.*, 2011 WL 5196710, *4-5 (D. Nev. Oct. 27, 2011) (citing *Wyeth*); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503 (E.D. Cal. 2008) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action" (quoting *Tapscott*, 77 F.3d at 1360)); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1319 (9th Cir. 1998) (upholding removal premised on disregarding fraudulently joined defendants).

---

[2] Notwithstanding some courts' use of the word "fraudulent" to describe the doctrine, its application does not depend on a showing actual fraud, culpable mental state, or bad faith on the part of Plaintiff or counsel. *See Mercado v. Allstate Ins. Co.*, 340 F.3d 824, 826, (9th Cir.2003) (noting that "fraudulent joinder" is a term of art); *AIDS Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990); *Triggs*, 154 F.3d at 1291. Accordingly, for clarity, this Notice will refer to the doctrine as "procedural misjoinder." *See Caouette v. Bristol-Myers Squibb Co.*, 2012 WL 3283858, at *5 (N.D. Cal. Aug. 10, 2012).

## F. Non-Diverse Defendant Richard Is Procedurally Misjoined.

65.     Under Fed. R. Civ. P. 20, joinder of defendants in a single action
requires a claim for relief against all defendants "jointly, severally, or in the
alternative with respect to or arising out of the same transaction, occurrence, or series
of transactions or occurrences" and a common question of law or fact.  Fed. R. Civ.
P. 20(a)(2).[3]  At any time, and by motion or on its own, a federal court may add or
drop any party that has been improperly or procedurally misjoined.  Fed. R. Civ. P.
21; *Wyeth*, 344 F. Supp. 2d at 685 (noting that court, "mindful of its authority under
the Federal Rules of Civil Procedure, Rule 21, to add or drop parties to a suit 'at any
stage of the action and on such terms as are just.'… is inclined to sever claims where
the joinder is procedurally inappropriate and clearly accomplishes no other objective
than the manipulation of the forum").

66.     A defendant's right of removal cannot be defeated by a procedural
misjoinder of claims or parties that have no real connection with one another.
*Tapscott*, 77 F.3d at 1360; *Sutton*, 251 F.R.D. at 503; *see also Hughes v. Sears,
Roebuck & Co.*, 2009 WL 2877424, at *5 (N.D. W.Va. Sept. 3, 2009) ("Where a
non-diverse party cannot be properly joined under the Federal Rules of Civil
Procedure, the defendant's right of removal should prevail over that of permitting a
plaintiff's choice of forum."); *Atkins v. Smalbach*, 2015 U.S. Dist. Lexis 31185, at *8
(M.D. Fla. Feb. 6, 2015) ("Fraudulently joining Mick to the claims against Smalbach
would unfairly deprive Mick of its constitutionally and statutorily protected right to
adjudicate the claims against it in a federal forum"); *Wyeth*, 344 F. Supp. 2d at 685
("[T]he Court is inclined to sever claims where the joinder is procedurally
inappropriate and clearly accomplishes no other objective than the manipulation of
the forum, and where the rights of the parties and interest of justice is best served by

---

[3] California's permissive joinder rule is substantially identical to Rule 20.  *See*
Cal. Code Civ. Pro § 379(a); *Sutton*, 251 F.R.D. at 504.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

severance.").

67.    Plaintiff has procedurally misjoined Richard in this action under Fed. R. Civ. P. 20 and 21 and applicable case law.

68.    Courts find defendants are procedurally misjoined when the claims against them are "factually distinct" and there is "no real connection between the[m.]" *Baums v. General Insurance Co.*, 2006 U.S. Dist. Lexis 77820, at *7 (M.D. Ala. Oct. 23, 2006).  Procedural misjoinder is found when, among other things, the claims against one defendant involve markedly different facts and evidence from the claims against another defendant — such as where the claims involve different circumstances, actions, or omissions; or different legal theories.  *See, e.g.*, *Wyeth*, 344 F. Supp. 2d at 684-85 (claims against pharmaceutical manufacturer procedurally misjoined with claims against physicians and sales representatives, because "[i]ndividual circumstances, actions, and omissions were involved in each Plaintiff's choice to ingest the medication, as well as each Defendant's role in, and responsibility for, that decision"); *Sutton*, 251 F.R.D. at 504 ("claims based on strict products liability against the removing Defendants are separate from Plaintiffs' claims of medical malpractice against the California Defendants"); *M.W. v. Ford Motor Co.*, 2015 U.S. Dist. Lexis 36895, at *11-21 (M.D. Fla. March 24, 2015) (finding procedural misjoinder where facts needed to support medical malpractice claim concerning  treatment of Plaintiff's injuries were wholly distinct from facts that would support product liability and negligence claims about vehicle in which injuries occurred); *Atkins*, 2015 U.S. Dist. Lexis 31185, at *15-16 (M.D. Fla. Feb. 6, 2015) (finding procedural misjoinder where claim seeking approval of arbitration award against non-diverse defendant over fraudulent sales of securities shared no common questions of law or fact with claim alleging diverse defendant was an agent that participated in sale); *Lopez v. Sturdivant*, 2010 WL 3121750, at *3 (S.D. Miss. Aug. 6, 2010) (finding procedural misjoinder of plaintiffs' claims against contractor for defective construction of a house with claims against insurer for improper denial of

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

coverage); *Willingham v. State Farm Ins. Co.,* 2009 WL 2767679 at *3-4 (N.D. Miss. Aug. 27, 2009) (finding procedural misjoinder of claims against insurance company arising from house fire, with claims against non-diverse construction company for defective work in rebuilding the house after the fire); *Frankland v. State Farm Fire & Cas. Co*, 2008 WL 4072819, at *5 (W.D. La. July 2, 2008) (finding fraudulent misjoinder of claims against non-diverse private insurance adjuster and diverse insurer for damages to property from hurricane because there was no community of interest, plaintiff's claims arose from different contracts and evidence would be different); *Nsight Technologies, LLC v. Fed. Ins. Co.*, 2009 WL 1106868, at *4 (S.D. Miss. Apr. 23, 2009) (claims against employee for conversion and against insurer concerning coverage for alleged conversion were procedurally misjoined because "[w]hile the claims against [both defendants] arise out of the alleged embezzlement, the claims 'involve different factual issues and different legal issues.'").

## G. The Claims Against Richard And The Backpage.Com Defendants Arise Out Of Different Occurrences, Do Not Involve Shared Liability, And Concern Different Questions Of Fact And Law.

69. The Complaint alleges that Richard took illicit photographs of Plaintiff, sexually abused her, induced her to engage in commercial sex acts, and unjustly enriched himself by taking money from adults who paid to have sex with Plaintiff. FAC at ¶¶ 2.21, 5.18.

70. On November 30, 2016, Richard pleaded guilty to inducing or persuading a minor to engage in a commercial sex act (Cal. Pen. C. § 236.1(C)(1)). Commerson Decl. ¶¶ 11-12, Exhibits SS, TT.

71. Plaintiff's claims against Richard are based on his trafficking, exploitation, and abuse of her.

72. Plaintiff's claims against the Backpage.com Defendants, on the other hand, are based on the allegations that the Backpage.com website was at least one Internet site where Richard posted advertisements about her, Backpage.com did not "take any steps to prevent [Plaintiff] from being advertised for sex on

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

1  www.backpage.com," and Plaintiff did not consent to having her photograph appear

2  on Backpage.com.  *See, e.g.,* FAC at ¶¶ 4.2, 4.6, 4.7 - 4.8, 4.10.

3      73.    Plaintiff's claims against Richard, on the one hand, and Plaintiffs'

4  claims against the Backpage.com Defendants, on the other hand, involve different

5  alleged injuries to Plaintiff.  The essence of Plaintiff's claim against Richard is that

6  he harmed her by trafficking, exploiting, and abusing her in physical space; the

7  essence of Plaintiff's claim against the Backpage.com Defendants is that they

8  allegedly harmed her by permitting her private photograph to appear on a website

9  without her consent, and they did not take steps to remove her information from the

10  website.  *See, e.g.,* FAC at ¶¶ 4.2, 4.6, 4.7 - 4.8, 4.10.  Indeed, Plaintiff's core claims

11  against the Backpage.com Defendants sound in negligence and invasion of privacy in

12  operating a website — claims that are ***not*** alleged against Richard.  *See* FAC at ¶¶ 5.1

13  - 5.5, 5.26 - 5.29.  On the other hand, the claims against Richard – including assault

14  and battery – sound in his physical exploitation and abuse of her.  *See* FAC at ¶¶

15  5.10, 5.15.

16      74.    For similar reasons, markedly different evidence and questions of law

17  are involved in Plaintiff's claims against Richard in contrast with Plaintiffs' claims

18  against the Backpage.com Defendants.  *See, e.g.*, *Hughes*, 2009 WL 2877424, at *6

19  (finding fraudulent misjoinder of claims against manufacturer and retailer of

20  treadmill with claims against doctor for misdiagnosis after plaintiff suffered injuries

21  using the treadmill, noting "the evidence supporting these claims will be markedly

22  different")

23      75.    Specifically, the evidence concerning Plaintiff's claims against Richard

24  would concern his trafficking, exploitation, and abuse of her.  The evidence to

25  establish Richard's illegal conduct is wholly unrelated to the operation of the

26  Backpage.com website or the circumstances of the ads about the Plaintiff posted on

27  the website.

28      76.    Moreover, a central issue with respect to the Backpage.com Defendants

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

is whether they are immune from suit pursuant to the Communications Decency Act ("CDA").  Section 230 of the CDA states that "[n]o provider … of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  It expressly preempts state laws: "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."  *Id.* § 230(e)(3).  Because the Backpage.com Defendants are being sued based entirely on third-party speech posted online, the claims against them raise issues of law entirely distinct from the claims concerning Richard's physically exploitative and abusive conduct.

77.    In short, the Backpage.com Defendants' operation of a website in which third parties allegedly posted online advertisements is markedly different from the commission of physical and sexual abuse by misjoined defendant Richard.  Indeed, the Complaint alleges, at most, independent successive torts, rather than conduct by tortfeasors acting jointly.[4]  *See Stone v. Zimmer, Inc.*, 2009 WL 1809990, at *4 (S.D.

_____

[4] Plaintiff's defective Civil Conspiracy claim cannot convert the successive, independent actions of the Backpage.com defendants, on the one hand, and Richard, on the other, into joint conduct.  Plaintiff's conspiracy claim is premised on her conclusory allegation that "defendants engaged in a plan or conspiracy to use www.backpage.com to advertise coerced adults and children for sex, including Plaintiff," FAC ¶ 5.30, but Plaintiff alleges no *facts* to support this conclusory conspiracy claim.  To state a claim for conspiracy, Plaintiff "must allege the formation and operation of the conspiracy, the wrongful act or acts done pursuant to it, and the damage resulting from such acts. In making such allegations bare legal conclusions, inferences, generalities, presumptions, and conclusions are insufficient."  *State of Cal.ex rel. Metz v. CCC Info. Servs., Inc.*, 149 Cal. App. 4th 402, 419 (2007) (internal citations omitted) (sustaining demurrer because allegations that defendants and unnamed parties "conspired to conceal their improper loss valuations" amounted to "bare legal conclusions"); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("a conclusory allegation of agreement at some unidentified point" does not establish conspiracy); *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992) (complaint must "allege specific facts to support the existence of a conspiracy among the defendants"); *Woodrum v. Woodward Cty., Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989) ("allegations of conspiracy must be supported by material facts, not merely conclusory statements" (quoting *Lockary v. Kayfetz*, 587 F.Supp. 631, 639 (N.D.Cal.1984)); *Jaspar v. Khoury*, 2009 WL 213106, at *4 (E.D. Cal. Jan. 29, 2009) (same).  Further, "actual knowledge of the planned tort, without more, is insufficient … Knowledge of the planned tort must be

NOTICE OF REMOVAL
4815-2965-5112v.30 3710078-000083
17
DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

Fla. June 25, 2009) (claims against manufacturer of hip implant fraudulently
misjoined with malpractice claims against doctor for failing to diagnose that implant
had fractured); *see also, e.g., Ash v. Mortensen*, 24 Cal. 2d 654, 657 (1944) (holding
that a negligent motorist, on the one hand, and doctors who maltreated plaintiff's
injuries, on the other, were "independent successive tort feasors" because "[t]he
independent and successive acts of [the motorist] and defendant doctors, differing in
time and place of commission as well as in nature, produced two separate injuries
and gave rise to two distinct causes of action").

**H.    Richard Is a "Sham" Defendant Against Whom Plaintiff Evidently Does Not Seek A Judgment.**

78.    That Richard is fraudulently misjoined in this action is further
demonstrated because Plaintiff has shown no real intention of seeking a judgment
against him.  *See Diaz v. Kaplan Univ.*, 567 F. Supp. 2d 1394, 1403 (S.D. Fla. 2008)
("Where 'common sense' leads the court to 'strongly doubt' that plaintiff has a real
intention in good faith to seek a judgment against the non-consenting defendants,
joinder of those non-consenting defendants is fraudulent." (citation omitted)); *Hunt
Skansie Land, LLC v. City of Gig Harbor*, 2010 WL 2650502, at *4 (W.D. Wash.
July 1, 2010) (denying motion to remand partly because "Plaintiffs appear to be

---

combined with intent to aid in its commission."  *Kidron v. Movie Acquisition Corp.*, 40 Cal. App. 4th 1571, 1582 (1995).

Plaintiff's complaint not only fails to state a claim for conspiracy, but her conclusory allegations of conspiracy cannot defeat the Backpage.com Defendants' charge of procedural misjoinder.  *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 392-93 (5th Cir. 2000) (finding misjoinder where complaint alleging conspiracy failed to detail "any particular or specific activity, agreement, or state of mind" on the part of misjoined defendants); *Ashworth v. Albers Med., Inc.*, 395 F. Supp. 2d 395, 408 (S.D. W.Va. 2005) (finding misjoinder and rejecting conspiracy claim as having no factual basis); *Lyons v. Am. Tobacco Co.*, 1997 WL 809677, at *4 (S.D. Ala. Sep. 30, 1997) (finding claims against in-state distributors were fraudulently joined with claims against diverse tobacco companies, where plaintiffs "essentially contend that their alleged conspiracy claim constitutes a catch-all mechanism by which to boot-strap claims against tobacco distributors … to the alleged misconduct of tobacco manufacturers.  It is indeed a novel, albeit ludicrous, proposition."); *Addison v. Allstate Ins. Co.*, 58 F. Supp. 2d 729, 734 (S.D. Miss. 1999) (plaintiff "must plead specific facts, not mere conclusory allegations" to defeat charge of fraudulent joinder).

NOTICE OF REMOVAL
4815-2965-5112v.30 3710078-000083

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

attempting to manipulate the forum").

79. Plaintiff served Richard with the amended summons and FAC on February 14, 2017 at the Wasco State Prison-Reception Center, where Richard was then incarcerated. Exh. II; *see also* Exh. KK at ¶ 4 ("On February 14, 2017, Defendant Richard was personally served").

80. Richard has not answered or otherwise responded to the FAC and is therefore in default. *See* Cal. R. Ct. 3.110(g) (requiring plaintiff to request entry of default within 10 days after expiration of defendant's time to respond to complaint). Indeed, ***Plaintiff's counsel expressly represented to the Court that Plaintiff does not expect Richard to respond to the FAC***. Exh. KK at ¶ 14 ("[I]t is my understanding that all Defendants have been served in this action, and that all Defendants, ***except Defendant Richard***, will be responding to the complaint" (emphasis added)).

81. Despite anticipating that Richard will not respond to the FAC, Plaintiff has not sought entry of default or a default judgment against Richard. *See* Cal. R. Ct. 3.110(g)-(h). Plaintiff apparently has no real intention of seeking relief from Richard, but joined him as a defendant in this action in an attempt to defeat diversity jurisdiction. *See Rodriguez v. Casa Chapa S.A.*, 394 F. Supp. 2d 901, 908 (W.D. Tex. 2005) (finding fraudulent joinder of decedent driver's estate as a defendant in action arising out of auto accident in part because the estate failed to answer the complaint and plaintiffs did not seek default judgment).

## I. A Misjoined Defendant Need Not Consent To Removal.

82. Although ordinarily all defendants in a state court action must join in the petition for removal, 28 U.S.C. § 1446(b)(2)(A) , "this general rule applies … only to defendants properly joined and served in the action." *Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984). In particular, the rule of unanimity does not apply to procedurally joined parties, who need not consent to removal. *See Sutton*, 251 F.R.D. at 506 (citing *United Computer Sys., Inc. v. AT&T corp.*, 298 F.3d 756, 762 (9th Cir 2002); *see Triggs*, 154 F.3d at 1287.

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

83.     Because Richard is procedurally misjoined as a defendant in Plaintiff's Complaint, this action may be removed without his consent.

84.     All other defendants join in this Notice of Removal.

## J.     Fictitious Defendants Shall Be Disregarded.

85.     Plaintiff has named John Does 1 through 5 as other defendants in this action.  Because those defendants are fictitious, however, and because they have not yet been served, their consent to joinder in removal is not necessary.  28 U.S.C. § 1441(a)  ("For purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded.").  Thus, the fictitious "John Does 1 to 5" in this action should be disregarded for determining diversity jurisdiction, and there is complete diversity between the parties for purposes of removal.

## K.     The Amount-In-Controversy Requirement Is Satisfied.

86.     In the Ninth Circuit, when a complaint does not specify a dollar amount for damages, the court may determine the amount in controversy is satisfied based on a removing defendant's showing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount if the plaintiff's allegations are taken as true.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012); *see also Amado v. US Bancorp*, 2015 WL 5618877, at *2 (C.D. Cal. Sept. 24, 2015) (amount in controversy held met based on likelihood that emotional distress damages, punitive damages, and attorneys' fees, when coupled with compensatory damages, would exceed $75,000); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (holding jurisdictional minimum "clearly satisfied" when viewed in combination with possible attorneys' fees and alleged compensatory, punitive, and emotional distress damages); *Sawyer v. Retail Data, LLC*, 2015 WL 3929695, at *3 (C.D. Cal. Apr. 29, 2015) (same).

87.     To establish the amount in controversy by a preponderance of the evidence, defendants may introduce evidence of jury verdicts in other cases.  In

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

particular, where a plaintiff seeks damages for emotional distress, a defendant may introduce evidence of jury verdicts on emotional-distress claims in other analogous cases. *Cain*, 890 F. Supp. 2d at 1250. Likewise, where a plaintiff seeks punitive damages, "a party asserting federal diversity jurisdiction may introduce evidence of jury verdicts in cases involving analogous facts." *Sawyer v. Retail Data, LLC*, 2015 WL 3929695, at *2 (C.D. Cal. Apr. 29, 2015) (unpublished) (quoting *Surber v. Reliance Nat. Indem. Co.,* 110 F.Supp.2d 1227, 1232 (N.D.Cal.2000)).

88.     Moreover, "where an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy," irrespective of whether the plaintiff will in fact recover them. *Sasso v. Noble Utah Long Beach, LLC*, 2015 WL 898468, at *5 (C.D. Cal. Mar. 3, 2015).

89.     Here, the Complaint seeks compensatory damages, costs, interest, civil penalties, punitive damage, and attorneys' fees against the Backpage.com Defendants. FAC at ¶ 7.1. The Complaint also seeks damages for alleged intentional infliction of emotional distress. FAC at ¶¶ 5.6 - 5.11. Plaintiff alleges that she "has suffered, and continues to suffer, general and specific damages" that "include, but are not limited to, severe emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in her ability to enjoy llife, [and] past and future medical expenses," among other things. FAC at ¶¶ 5.5, 5.9, 5.11, 5.21, 5.25, 5.29, 5.32.

90.     Although the Complaint does not pray for a specific amount of damages, the amount in controversy here is demonstrated by a nearly identical action filed July 30, 2012, in the Western District of Washington alleging sex trafficking of a minor against Backpage.com, LLC and others. *See* Second Amended Complaint at ¶ 1.1 - 1.2, 4.1 - 6.7, *J.S. v. Village Voice Media Holdings, LLC, d/b/a Backpage.com*, Case No. 12-2-11362-4 ("Washington Action.") attached as Exhibit UU to the Declaration of Ambika Kumar Doran ("Doran Decl."). The complaint in the Washington Action

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

mirrored many of the claims asserted here, including negligence, unjust enrichment, invasion of privacy, assault and battery, and civil conspiracy. Doran Decl. at ¶ 2, Exhibit UU at ¶ 7.1 - 7.4, 7.16 - 7.21, 7.22 - 26. As Plaintiff alleges here, the Washington Action alleged that each plaintiff had suffered "severe emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in her ability to enjoy life, past and future medical expenses" and was owed "general and special damages[.]" *See* Doran Decl., Exhibit UU at ¶¶ 4.4, 5.5, 6.7. In the Washington Action, Backpage.com requested a statement of damages, as permitted by Washington law, and the plaintiffs responded that they each sought damages of at least $250,000, and ranging up to $1,500,000. Doran Decl. at ¶ 3, Exhibit VV.

91.     The amount in controversy here easily exceeds the requisite minimum of $75,000. Plaintiff asserts nearly identical claims against the Backpage.com Defendants, and seeks similar relief. *See* FAC at ¶¶ 5.5, 5.9, 5.11, 5.21, 5.25, 5.29, 5.32, 7.1 (alleging Plaintiff has suffered "severe emotional distress, humiliation, mental anguish, physical and mental pain and suffering, a decrease in her ability to enjoy life, past and future medical expenses," and seeking punitive damages, and attorneys' fees ). The Court can reasonably infer that the same or a substantially similar level of damages are at issue here as in the Washington Action.

92.     Moreover, the requisite amount in controversy is further demonstrated by numerous jury verdicts, bench verdicts, settlements, and arbitration judgments in California cases involving claims analogous to those here. *See, e.g., Couche v. Coons,* No. 101CV799596, 2003 WL 26080732 (Santa Clara Super. Ct., Jan. 3, 2003) ($200,000 awarded to plaintiff in damages for invasion of privacy, intentional infliction of emotional distress, fraud, assault and battery, plus $15,000.00 in punitive damages for, among other things, defendant's publication of sexually explicit videos of plaintiff on website without her consent); *Hernandez v. Univision Radio*, No. 437656, 2005 WL 4131000 (San Francisco Super. Ct. Aug. 15, 2005) (bench verdict

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

for $250,000 in emotional-distress damages arising from radio station's publication of private facts concerning plaintiff's sexuality); *O'Hara v. KCST*, No. 72775, 1991 WL 444858 (San Diego Super. Ct., Jan. 27, 1991) ($300,000 in damages awarded to plaintiff falsely identified as a prostitute in a news report, where plaintiff claimed emotional distress as her primary injury); *[Confidential] vs. Los Angeles Unified School District*, 42 Trials Digest 12th 14, 2009 WL 3250201 (Los Angeles Super. Ct., Aug. 31, 2009) (school district paid settlement of $175,000 to plaintiff student for negligently failing to prevent plaintiff's rape while on school district's premises).

## L.    Miscellaneous

93.    Because the State Action is pending in the Riverside County Superior Court, removal of the State Action to this District Court is proper under 28 U.S.C. §§ 1441(a), 1446(a).

94.    The following constitutes all of the process, pleadings, or orders received or served by Plaintiff or otherwise found in the State Action court file, and available to Defendants at the time of the filing of this removal.  True and correct copies are attached:

| | |
|---|---|
| Ex. A. | Complaint, filed by Plaintiff; |
| Ex. B. | Certificate of Counsel |
| Ex. C. | Order Allowing Plaintiff Jane Doe and Her Guardian Ad Litem to Proceed Under Fictitious Name |
| Ex. D. | Order Granting Plaintiff & Her Guardian Ad Litem's Motion to Proceed Under Fictitious Name |
| Ex. E. | Summons Issued on Plaintiff's Complaint |
| Ex. F. | First Amended Complaint ("FAC") |
| Ex. G. | Summons Issued on First Amended Complaint. |
| Ex. H. | Order to Show Cause Why Sanctions Should Not Be Imposed To Jane Doe/Zalkin Law Firm, PC. |

23

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| Ex. I. | Request for Dismissal Without Prejudice as to New Times Media LLC. |
| Ex. J. | Proof of Service of FAC on Medalist Holdings, LLC |
| Ex. K. | Proof of Service of FAC on Medalist Holdings, LLC |
| Ex. L. | Proof of Service of FAC on Leeward Holdings, LLC |
| Ex. M. | Proof of Service of FAC on Leeward Holdings LLC |
| Ex. N. | Proof of Service of FAC on Camarillo Holdings, LLC |
| Ex. O. | Proof of Service of FAC on Camarillo Holdings, LLC |
| Ex. P. | Affidavit of Service on Leeward Holdings, LLC by Jane Doe |
| Ex. Q. | Proof of Service of FAC on Dartmoor Holdings, LLC |
| Ex. R. | Proof of Service of FAC on Dartmoor Holdings, LLC |
| Ex. S. | Affidavit of Service on Camarillo Holdings, LLC |
| Ex. T. | Proof of Service of FAC on IC Holdings LLC |
| Ex. U. | Affidavit of Service on Dartmoor Holdings LLC |
| Ex. V. | Affidavit of Service on IC Holdings, LLC |
| Ex. W. | Proof of Service of FAC on IC Holdings LLC |
| Ex. X. | Affidavit of Service on New Times Media, LLC |
| Ex. Y. | Proof of Service of FAC on New Times Media, LLC |
| Ex. Z. | Proof of Service of FAC on New Times Media LLC |
| Ex. AA. | Affidavit of Service on Backpage.com, LLC |
| Ex. BB. | Proof of Service of FAC on Backpage.com LLC |
| Ex. CC. | Proof of Service of FAC on Backpage.com LLC |
| Ex. DD. | Proof of Service of FAC on Carl Ferrer |
| Ex. EE. | Proof of Service of FAC on UGC Tech Group CV |
| Ex. FF. | Proof of Service of FAC on UGC Tech Group CV |
| Ex. GG. | Proof of Service of FAC on James Larkin |
| Ex. HH. | Plaintiff's Notice of Deposit of Advanced Jury Fees |

NOTICE OF REMOVAL
4815-2965-5112v.30 3710078-000083

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

| | | |
|---|---|---|
| 1 | Ex. II. | Proof of Service of FAC on Reson Tredon Richard |
| 2 | Ex. JJ. | Amendment to First Amended Complaint |
| 3 | Ex. KK. | Declaration of Devin M Storey Re Service of Summons on |
| 4 | | Defendants |
| 5 | Ex. LL. | Order to Show Cause |
| 6 | Ex. MM. | Notice of Ruling Regarding Order to Show Cause |
| 7 | Ex. NN | Summons Issued on May 19, 2017 |

95. The Backpage.com Defendants have good and sufficient defenses to this action and do not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

96. Based on the foregoing, the Backpage.com Defendants hereby remove this action from the Riverside County Superior Court to this Court, and requests that further proceedings be conducted in this Court as provided by law.

DATED: June 23, 2017

DAVIS WRIGHT TREMAINE LLP
SCOTT COMMERSON
BRENDAN N. CHARNEY
JAMES GRANT
ROBERT CORN-REVERE
RONALD LONDON


By: /s/ Scott R. Commerson
        Scott R. Commerson
Attorneys for Defendants
MEDALIST HOLDINGS, INC.;
LEEWARD HOLDINGS, L.L.C.;
CAMARILLO HOLDINGS, L.L.C.;
DARTMOOR HOLDINGS, L.L.C.; IC
HOLDINGS, L.L.C.; BACKPAGE.COM,
L.L.C; UGC TECH GROUP C.V.; CARL
FERRER; JAMES LARKIN; MICHAEL
LACEY; and ATLANTISCHE
BEDRIJVEN C.V.

NOTICE OF REMOVAL
4815-2965-5112v.30 3710078-000083

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5, I certify that I am an employee of the law firm of DAVIS WRIGHT TREMAINE LLP, and that on the date shown below, I caused service of a true and correct copy of the attached:

## NOTICE OF REMOVAL

to be completed by:

\_\_\_\_\_        personally delivering

\_\_\_\_\_        delivery via Nationwide Legal Services

\_\_\_\_\_        sending via Federal Express or other overnight delivery service

  X       depositing for mailing in the U.S. mail with sufficient postage affixed thereto

\_\_\_\_\_        delivery via email

\_\_\_\_\_        electronic filing, and thereby delivery via e-mail to:

| | |
|---|---|
| IRWIN M. ZALKIN, ESQ. (#89957) | Reson Tredon Richard |
| DEVIN M. STOREY, ESQ. (#234271) | Chuckawalla Valley State Prison |
| ALEXANDERS. ZALKIN, ESQ. (#280813) | P.O. Box 2349 |
| | Blythe, CA 92226 |

The Zalkin Law Firm, P.C.
12555 High Bluff Drive, Suite 301
San Diego, CA 92130
Tel: 858-259-3011
Fax: 858-259-3015
Email: Irwin@zalkin.com
dms@zalkin.com
alex@zalkin.com
Counsel for Plaintiff Jane Doe

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 23, 2017            */s/ Lina Pearmain*
                                     Lina Pearmain

DAVIS WRIGHT TREMAINE LLP
865 S. FIGUEROA ST, SUITE 2400
LOS ANGELES, CALIFORNIA 90017-2566
(213) 633-6800
Fax: (213) 633-6899