# **Exhibit S**

**TIM CUNNINGHAM, OSB #100906**
timcunningham@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

**JAMES C. GRANT,** *Pro Hac Vice Forthcoming*
jimgrant@dwt.com
**ERIC STAHL,** *Pro Hac Vice Forthcoming*
ericstahl@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone: (206) 622-3150
Facsimile:  (206) 757-7700

    Attorneys for Defendants Leeward Holdings, LLC, Camarillo Holdings, LLC,
    Dartmoor Holdings, LLC, IC Holdings, LLC, Backpage.com, LLC, Website
    Technologies, LLC, Amstel River Holdings, LLC, Lupine Holdings, LLC,
    Kickapoo River Investments, LLC, CF Holdings GP, LLC, CF Acquisitions,
    LLC, Carl Ferrer, Michael Lacey and James Larkin

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SCOTT KOCHER, in his capacity as Personal Representative of The Estate of ASHLEY BENSON,** | |
| **PLAINTIFF**, | Case No. |
| v. | **NOTICE OF REMOVAL** |
| **HILTON WORLDWIDE HOLDINGS, INC.; HILTON DOMESTIC OPERATING COMPANY, INC.; HILTON FRANCHISE HOLDING, LLC; WMK PORTLAND, LCC; GRACE LIAL; MEDALIST HOLDINGS, LLC; LEEWARD HOLDINGS, LLC; CAMARILLO HOLDINGS, LLC; DARTMOOR HOLDINGS, LLC; IC HOLDINGS, LLC; BACKPAGE.COM, LCC; UGC TECH GROUP C.V.; WEBSITE TECHNOLOGIES, LLC; ATLANTISCHE BEDRIJVEN C.V.; AMSTEL RIVER** | |

Page 1 - NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main • (503) 778-5299 fax

HOLDINGS, LLC; LUPINE HOLDINGS,
LLC; KICKAPOO RIVER
INVESTMENTS, LLC; CF HOLDINGS GP,
LLC; CF ACQUISITIONS, LLC; CARL
FERRER; MICHAEL LACEY; JAMES
LARKIN; AND JOHN DOES 1-5,

                    **DEFENDANTS**.

       Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendants Carl Ferrer, Michael Lacey and James Larkin (collectively, "Individual Defendants") remove this action from the Circuit Court of the State of Oregon for the County of Multnomah to the United States District Court for the District of Oregon in Portland, Oregon.

       1.     As set out more fully below, this case is properly removed to this Court, pursuant to 28 U.S.C. §§ 1441 and 1446, because Individual Defendants have satisfied the procedural requirements for removal.  This action is being removed to federal court based on diversity of citizenship jurisdiction.  28 U.S.C. § 1332.

## I.    INTRODUCTION AND BACKGROUND

       2.     On or around December 22, 2017, plaintiff Scott Kocher ("Plaintiff"), as personal representative for the Estate of Ashley Benson, filed a complaint in the Circuit Court of the State of Oregon for the County of Multnomah, titled *Scott Kocher v. Hilton Worldwide Holdings, Inc., et al.*, Case No. 17CV55605 (hereinafter, the "Complaint" ).  Named as defendants are:

      (a)     Dartmoor Holdings, LLC; IC Holdings, LLC; Backpage.com, LLC; Website Technologies, LLC; Amstel River Holdings, LLC; Lupine Holdings, LLC; Kickapoo River Investments, LLC; CF Holdings GP, LLC; CF Acquisitions, LLC; Leeward Holdings, LLC; and Camarillo Holdings, LLC; (collectively, "Backpage.com Defendants");

      (b)     Medalist Holdings, LLC; UGC Tech Group C.V.; and Atlantische Bedrijven C.V.;

      (c)     Carl Ferrer, Michael Lacey and James Larkin (collectively, "Individual Defendants");

4836-2859-0683v.8 3710078-000091

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

(d)      Hilton Worldwide Holdings, Inc.; Hilton Domestic Operating Company, Inc.; Hilton Franchise Holding, LLC; WMK Portland, LLC (collectively, "Hilton Defendants"); and

(e)      Grace Lial ("defendant Lial" or "Lial").

3.      Removal is proper based on diversity jurisdiction under 28 U.S.C. § 1332, and the doctrines of fraudulent joinder and fraudulent misjoinder.

4.      Plaintiff is a citizen of Oregon. The Backpage.com Defendants are citizens of Delaware, Arizona, and Texas. UGC Tech Group C.V. and Atlantische Bedrijven C.V. are citizens of Texas. Individual Defendants are citizens of Arizona and Texas. Individual Defendants are informed and believe that none of the Hilton Defendants is a citizen of Oregon. The only defendant who is a citizen of Oregon is defendant Lial. However, the citizenship of Lial should be disregarded, and she need not join in seeking removal of this action, because Plaintiff has fraudulently joined the claims against her.

5.      Defendant Lial is fraudulently joined because Plaintiff fails to state a cause of action against her. Plaintiff has not, and cannot, allege facts sufficient to show that Plaintiff's harms were the result of a reasonably foreseeable risk created by Lial's alleged negligence. Furthermore, Defendant Lial is fraudulently misjoined because the claims against her are unrelated, by fact or law, to the claims against Individual Defendants and the Backpage.com Defendants.

6.      Medalist Holdings, LLC is a misnamed party and has no relation to this matter. If Defendant Medalist Holdings, LLC is determined to be non-diverse, it is also fraudulently joined because Plaintiff fails to state a claim against this unrelated entity. Medalist Holdings, LLC is also fraudulently misjoined because any claims Plaintiff may have against this unknown entity are unrelated, by fact or law, to the claims against the Individual Defendants and the Backpage.com Defendants.

4836-2859-0683v.8 3710078-000091              DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## II.    THIS NOTICE IS TIMELY

7.    Counsel for Individual Defendants waived service and accepted a copy of the Complaint on Individual Defendants' behalf on February 13, 2018.  This notice of Removal is timely because Individual Defendants are filing it within 30 days after the Complaint was served on them.  28 U.S.C. § 1446(b)(1), (2); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999).

8.    Service, or alleged service, on the Backpage.com Defendants is as follows:

     a.    On January 5, 2018, defendants Leeward Holdings, LLC and Camarillo Holdings, LLC were served with summons and Complaint through The Corporation Trust Company.   Defendants Leeward Holdings, LLC, and Camarillo Holdings, LLC expressly reserve and do not waive all defenses relating to defects in service.

     b.    On January 5, 2018, defendants Dartmoor Holdings, LLC; IC Holdings, LLC; Backpage.com, LLC; Website Technologies, LLC; Amstel River Holdings, LLC; Lupine Holdings, LLC; Kickapoo River Investments, LLC; CF Holdings GP, LLC; and CF Acquisitions, LLC were served with summons and Complaint through Cogency Global, Inc.  Defendants Dartmoor Holdings, LLC; IC Holdings, LLC; Backpage.com, LLC; Website Technologies, LLC; Amstel River Holdings, LLC; Lupine Holdings, LLC; Kickapoo River Investments, LLC; CF Holdings GP, LLC; and CF Acquisitions, LLC expressly reserve and do not waive all defenses relating to defects in service.

9.    Service, or alleged service, on other certain defendants is as follows:

     a.    Plaintiff purported to serve UGC Tech Group C.V. by service on the Oregon Secretary of State (received February 14, 2018), service on the Delaware Secretary of State (date of receipt unknown), and service on the

Page 4 - NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

undersigned, who did not agree to accept service for UGC Tech Group C.V.

    b.    Plaintiff purported to serve Atlantische Bedrijven C.V. by service on the Oregon Secretary of State (received February 14, 2018), service on the Texas Secretary of State (date of receipt unknown), and service on the undersigned, who did not agree to accept service for Atlantische Bedrijven C.V.

    c.    UGC Tech Group C.V. and Atlantische Bedrijven C.V. expressly reserve and do not waive all defenses relating to defects in service.

    d.    Plaintiff purported to serve Medalist Holdings, LLC by service on the Oregon Secretary of State (received February 14, 2018), service on the Delaware Secretary of State (date of receipt unknown), and service on the undersigned, who did not agree to accept service for Medalist Holdings, LLC. Plaintiff erroneously named "Medalist Holdings, LLC" as a defendant in the state court action. Individual Defendants and Backpage.com Defendants have no involvement with, or knowledge of, the entity Medalist Holdings, LLC. As Individual Defendants and Backpage.com Defendants are unaware of an entity named Medalist Holdings, LLC, they do not concede the sufficiency of any service on the same and expressly reserve and do not waive any defenses relating to defects in service for Medalist Holdings, LLC.

    10.    On March 1, 2018, Plaintiff filed the First Amended Complaint for the action ("FAC"). A copy of all summonses and both complaints are attached hereto as Exhibit 1, and constitute all process, pleadings, and orders served on Individual Defendants, Backpage.com defendants, and the undersigned, in this action up to the present date.

Page 5 - NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

### III.    REMOVING INDIVIDUAL DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

11.    Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in a state court to the United States District Court if the district court has original jurisdiction over the action.

12.    All defendants who have been properly joined and served consent to the removal of this action.

13.    Although ordinarily all defendants in a state court action must join in the petition for removal, 28 U.S.C. § 1446(b)(2)(A), the rule of unanimity does not apply to fraudulently joined parties. *United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). Furthermore, procedurally misjoined parties also need not consent to removal. *See Sutton v. Davol, Inc.*, 251 F.R.D. 500, 506 (E.D. Cal. 2008) (citing *United Computer Sys., Inc.*, 298 F.3d at 762). Thus, assuming Medalist Holdings, LLC has been properly served, its consent is not necessary for this notice. While Defendant Lial's consent is not necessary for this notice, she has, in fact, consented to the notice.

14.    Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because complete diversity of citizenship exists between the parties and the matter in controversy exceeds the sum or value of $75,000.

15.    Pursuant to 28 U.S.C. § 1446(a), venue lies with this Court because Plaintiff's action is pending in the Circuit Court of the State of Oregon for the County of Multnomah, which is within this District and Division.

16.    Concurrently with the filing of this Notice of Removal, Individual Defendants have given written notice of the filing of this Notice of Removal to Plaintiff's counsel. Individual Defendants have also filed a copy of this Notice with the Clerk of the Circuit Court of the State of Oregon for the County of Multnomah, pursuant to 28 U.S.C. § 1446(d).

17.    Individual Defendants have good and sufficient defenses to this action and do not waive any defenses, jurisdictional or otherwise, by the filing of this Notice.

Page 6 - NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

18.     This Notice is filed pursuant to Fed. R. Civ. P. 11.

**IV.     THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED**

19.     Plaintiff's Complaint seeks $3,600,000 in economic damages and attorney fees.

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because the

matter in controversy exceeds the sum or value of $75,000.

**V.     THERE IS COMPLETE DIVERSITY BETWEEN PLAINTIFF AND INDIVIDUAL DEFENDANTS, BACKPAGE.COM DEFENDANTS, HILTON DEFENDANTS, UGC TECH GROUP C.V., AND ATLANTISCHE BEDRIJVEN C.V.**

20.     Pursuant to 28 U.S.C. § 1441(a), defendants may remove any civil action brought

in a state court of which the district courts of the United States have original jurisdiction.

21.     Federal district courts have original jurisdiction of all civil actions between

citizens of different states, and between a citizen of a state and a citizen or subject of a foreign

state, where the amount in controversy exceeds the sum or value of $75,000.  28 U.S.C.

§ 1332(a)(1)(2).

22.     For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of

both the state in which it is incorporated and the state where it has its principal place of business.

28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is determined by the "nerve

center" test, i.e., "the place where the corporation's officers direct, control, and coordinate the

corporations' activities," which ordinarily is the "place where the corporation maintains its

headquarters."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

23.     The citizenship of a limited partnership is the citizenship of all of its members.

*See Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006).

24.     The citizenship of a limited liability company is the citizenship of all of its

members.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

25.     An individual's citizenship is determined by his or her domicile, *i.e.* his or her

permanent home.  *Kanter v. Warner-Lambert Co.* 265 F.3d 853, 857 (9th Cir.2001)

4836-2859-0683v.8 3710078-000091                          DAVIS WRIGHT TREMAINE LLP
                                        1300 S.W. Fifth Avenue, Suite 2400
                                        Portland, Oregon  97201-5610
                                        (503) 241-2300 main · (503) 778-5299 fax

26.    Individual Defendants are informed and believe, and Plaintiff alleges, that Plaintiff is a citizen of the state of Oregon because, at the time the Complaint was filed, Plaintiff resided in Oregon and, as of the date of the filing of this Notice, resides in Oregon.

27.    Individual Defendants are informed and believe that, at the time the Complaint was filed, and as of the date of the filing of this Notice, defendant Hilton Worldwide Holdings, Inc. was and is a Delaware corporation, with its principal place of business in Virginia, and, therefore, is a citizen of Delaware and Virginia.  Individual Defendants are informed and believe that defendant Hilton Worldwide Holdings, Inc. is misnamed in this litigation.

28.    Individual Defendants are informed and believe that, at the time the Complaint was filed, and as of the date of the filing of this Notice, defendant Hilton Domestic Operating Company, Inc. was and is a Delaware corporation, with its principal place of business in Virginia, and, therefore, is a citizen of Delaware and Virginia.

29.    Individual Defendants are informed and believe that, at the time the Complaint was filed, and as of the date of the filing of this Notice, defendant Hilton Franchise Holding, LLC was and is a wholly-owned subsidiary of Hilton Domestic Operating Company, Inc. and, therefore, is a citizen of Delaware and Virginia.

30.    Individual Defendants are informed and believe that no member of defendant WMK Portland, LLC is a citizen of Oregon, nor is any member of any of WMK Portland, LLC's members a citizen of Oregon, such that WMK Portland, LLC is not a citizen of Oregon.

31.    At the time the Complaint was filed, and as of the date of the filing of this Notice, Medalist Holdings, Inc. [1] was and is a Delaware corporation, with its principal place of business

---

[1] As stated, Individual Defendants are unaware of an entity named Medalist Holdings, LLC.  Individual Defendants allege the citizenship of the entity Medalist Holdings, Inc. (not named a party to this action) to explain the citizenship of the LLCs of which Medalist Holdings, Inc. is a member.  To the extent the Court determines service on Medalist Holdings, LLC constitutes service on Medalist Holdings, Inc., Medalist Holdings, Inc. is diverse and consents to removal.

Page 8 - NOTICE OF REMOVAL

in Arizona.  It has always been privately held, and no publicly held corporation has ever owned an interest in it.

32.    Individual Defendants lack knowledge as to the citizenship of the misnamed entity Medalist Holdings, LLC.  However, Individual Defendants have no reason to believe this entity is an Oregon citizen.  Furthermore, Plaintiff cannot allege facts sufficient to state a claim against Medalist Holdings, LLC nor can Plaintiff allege that Medalist Holdings, LLC was involved or related in any way to his claims as the company has no relationship to the individuals or entities named as defendants in this action.  To the extent that Medalist Holdings, LLC is a non-diverse defendant, it is fraudulently joined and/or fraudulently misjoined and its citizenship should be disregarded for diversity purposes.  *See infra*, Section VI for an analysis of fraudulent joinder and fraudulent misjoinder.

33.    At the time the Complaint was filed, and as of the date of the filing of this Notice, Leeward Holdings, LLC was and is a Delaware limited liability company, wholly owned by Medalist Holdings, Inc.  Leeward Holdings, LLC has always been privately held, and no publicly held corporation has ever owned an interest in it.

34.    At the time the Complaint was filed, and as of the date of the filing of this Notice, Camarillo Holdings, LLC was and is a Delaware limited liability company, wholly owned by Leeward Holdings, LLC.  Camarillo Holdings, LLC has always been privately held, and no publicly held corporation has ever owned an interest in it.

35.    Therefore, at the time the Complaint was filed, and as of the date of the filing of this Notice, Medalist Holdings, Inc.; Leeward Holdings, LLC; and Camarillo Holdings, LLC were and are all citizens of Delaware and Arizona.

36.    At the time the Complaint was filed, and as of the date of the filing of this Notice, the ownership structure of the remaining company defendants was and is as follows:

     a.    Backpage.com, LLC was and is a Delaware limited liability company, wholly owned by IC Holdings, LLC.

4836-2859-0683v.8 3710078-000091                DAVIS WRIGHT TREMAINE LLP
                                               1300 S.W. Fifth Avenue, Suite 2400
                                               Portland, Oregon  97201-5610
                                               (503) 241-2300 main · (503) 778-5299 fax

b.    IC Holdings, LLC was and is a Delaware limited liability company, wholly owned by Dartmoor Holdings, LLC.

c.    Website Technologies, LLC was and is a Delaware limited liability company, wholly owned by Dartmoor Holdings, LLC.

d.    Dartmoor Holdings, LLC was and is a Delaware limited liability company, wholly owned by Atlantische Bedrijven C.V.[2]

e.    UGC Tech Group C.V. was and is a Dutch limited partnership, wholly owned by its general partner CF Holdings GP, LLC and its limited partner CF Acquisitions, LLC.

f.    CF Holdings GP, LLC and CF Acquisitions, LLC each were and are Delaware limited liability companies, each wholly owned by their sole member Atlantische Bedrijven C.V.

g.    Atlantische Bedrijven C.V. was and is a Dutch limited partnership, wholly owned by Kickapoo River Investments, LLC and Lupine Holdings, LLC.

h.    Kickapoo River Investments, LLC and Lupine Holdings, LLC are each Delaware limited liability companies, each wholly owned by Amstel River Holdings, LLC.

i.    Amstel River Holdings, LLC is a Delaware limited liability company, wholly owned by the Vicky Ferrer Family Trust.

j.    Backpage.com, LLC; IC Holdings, LLC; Dartmoor Holdings, LLC; Lupine Holdings, LLC; Website Technologies, LLC; CF Holdings GP, LLC; CF Acquisitions, LLC; UGC Tech Group C.V.; and Amstel River

---

[2] As stated, Defendants Atlantische Bedrijven C.V. and UGC Tech Group C.V. have not been properly served.  Individual Defendants allege the citizenship of these entities to explain the citizenship of the LLCs of which they are members.  Defendants Atlantische Bedrijven C.V. and UGC Tech Group C.V. are diverse and, to the extent the Court determines service has been completed on these defendants, they consent to removal.

Page 10 - NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Holdings, LLC have always been privately held, and no publicly held corporation has ever owned an interest in any of them.

37.     Thus, tracing up the ownership chain, at all relevant times, the citizenship of Backpage.com, LLC; IC Holdings, LLC; Website Technologies, LLC; Dartmoor Holdings, LLC; Atlantische Bedrijven C.V.; Kickapoo River Investments, LLC; Lupine Holdings, LLC,; UGC Tech Group C.V.; CF Holdings GP, LLC; CF Acquisitions, LLC; and Amstel River Holdings, LLC, for diversity purposes, are based on the citizenship of their ultimate owner, the Vicky Ferrer Family Trust.

38.     The Trustee of the Vicky Ferrer Family Trust is Carl Ferrer.  The current beneficiaries of the Trust are Carl Ferrer and his wife, April E. Ferrer.

39.     Any potential future beneficiaries of the trust who currently are identifiable are citizens of either Texas or Oklahoma. No current beneficiary of the trust, or potential future beneficiary of the trust who is currently identifiable, is or has been citizen of Oregon.

40.     At the time the Complaint was filed, and as of the date of the filing of this Notice, Carl Ferrer and April Ferrer were and are residents and citizens of Texas.

41.     Carl and April Ferrer have owed a residence near Dallas in Texas since August 2005 and their primary residence has been near Dallas in Texas since August 2005.

42.     Carl and April Ferrer consider Texas to be their permanent place of residence and, when they depart Texas, they do so with the intent to return to Texas.

43.     Carl Ferrer has been employed in or near Dallas since August 2005.

44.     Carl and April Ferrer file their income taxes in Texas as residents of Texas and have done so since 2005. They also pay real and personal property taxes in Texas.

45.     Carl Ferrer is registered to vote in Texas and has been registered to vote in Texas since 2008. April Ferrer is registered to vote in Texas and has been registered to vote in Texas since approximately 2005.

4836-2859-0683v.8 3710078-000091          DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

46.     Carl and April Ferrer have Texas driver's licenses and have had Texas driver's licenses since 2006.

47.     Carl and April Ferrer have automobiles in Texas, which are registered in Texas. They have owned automobiles that have been registered in Texas since 2006.

48.     Carl Ferrer has had the same physician for over 16 years; the physician's office is in Dallas, Texas.

49.     Therefore, at the time of the Complaint was filed, and as of the date of the filing of this Notice, the Vicky Ferrer Family Trust was and is a citizen of Texas, given that its trustee and all its current beneficiaries are citizens of Texas. Accordingly, the LLCs and limited partnerships owned, directly and indirectly, by the Trust were all citizens of Texas for diversity purposes, including Backpage.com, LLC; IC Holdings, LLC; Website Technologies, LLC; Dartmoor Holdings, LLC; Atlantische Bedrijven C.V.; Kickapoo River Investments, LLC; Lupine Holdings, LLC; UGC Tech Group C.V.; CF Holdings GP, LLC; CF Acquisitions, LLC; and Amstel River Holdings, LLC.

50.     At the time the Complaint was filed, and as of the date of the filing of this Notice, James Larkin was and is a resident and citizen of Arizona.

51.     James Larkin owns a residence near Phoenix in Arizona and has owned a residence in or near Phoenix since 1982.  He has lived near Phoenix since 1952.  His current residence near Phoenix is his primary residence and has been so since 2007.

52.     James Larkin considers his residence in Arizona to be his permanent home and, when he departs Arizona, he does so with the intent to return to his residence in Arizona.

53.     James Larkin has been employed in or near Phoenix, Arizona since 1970.

54.     James Larkin files his state income taxes in Arizona as a resident of Arizona and has done so since 1968.  He also pays and has always paid real and personal property taxes in Arizona.

4836-2859-0683v.8 3710078-000091                    DAVIS WRIGHT TREMAINE LLP
                                                        1300 S.W. Fifth Avenue, Suite 2400
                                                        Portland, Oregon  97201-5610
                                                   (503) 241-2300 main · (503) 778-5299 fax

55.     James Larkin is registered to vote in Arizona and has been registered to vote in Arizona since about 2000.

56.     James Larkin has an Arizona driver's license and has had an Arizona driver's license since 1966.

57.     James Larkin has automobiles in Arizona, which are registered in Arizona.  He has owned or leased automobiles that have been registered in Arizona since 1968.

58.     At the time the Complaint was filed, and as of the date of the filing of this Notice, Michael Lacey was and is a resident and citizen of Arizona.

59.     Michael Lacey owns a residence near Phoenix in Arizona and has owned a residence in or near Phoenix since the mid-1990s.  He has lived in Phoenix since 1966.  His current residence near Phoenix is his primary residence and has been so since the late 1990s.

60.     Michael Lacey considers his residence in Arizona to be his permanent home and, when he departs Arizona, he does so with the intent to return to his residence in Arizona.

61.     Michael Lacey has been employed in or near Phoenix, Arizona since 1970.

62.     Michael Lacey files his state income taxes in Arizona as a resident of Arizona and has done so since 1970.  He also pays, and for many years has paid, real and personal property taxes in Arizona.

63.     Michael Lacey is registered to vote in Arizona and has been registered to vote in Arizona since the mid-1990s.

64.     Michael Lacey has an Arizona driver's license and has had an Arizona driver's license since the 1990s.

65.     Michael Lacey has automobiles in Arizona, which are registered in Arizona.  He has owned or leased automobiles that have been registered in Arizona since 1990.

66.     None of Individual Defendants; Backpage.com Defendants; Hilton Defendants; UGC Tech Group C.V.; or Atlantische Bedrijven C.V., either individually or through corporate ownership or membership, are or ever have been citizens of Oregon.

Page 13 - NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

67.    Accordingly, at the time the Complaint was filed, and as of the date of the filing of this Notice, complete diversity of citizenship existed and exists between Plaintiff (who is an Oregon citizen) and; all of Individual Defendants (who are citizens of Arizona and Texas); Backpage.com Defendants (which are citizens of Arizona, Delaware, and Texas); Hilton Defendants (which are citizens of Delaware and Virginia); UGC Tech Group C.V. (which is a citizen of Texas); and Atlantische Bedrijven C.V. (which is a citizen of Texas).[3]

68.    Individual Defendants are informed and believe, and Plaintiff alleges, that defendant Grace Lial is an individual and a citizen of Oregon.

69.    Defendant Lial is the only non-diverse defendant.

## VI.    THE COURT SHOULD NOT CONSIDER THE CITIZENSHIP OF DEFENDANT LIAL BECAUSE SHE IS FRAUDULENTLY JOINED AND FRAUDULENTLY MISJOINED

70.    When a plaintiff fraudulently joins a defendant, a federal district court to which the case is removed should disregard the citizenship of non-diverse parties that are not properly joined, dismiss the fraudulently joined defendant(s), and recognize federal diversity jurisdiction for the claims against the remaining defendants. *Morris v. Princess Cruise, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Defendant Lial is both fraudulently joined and fraudulently misjoined, and her citizenship should be disregarded for diversity purposes.

### A.    Courts Ignore the Citizenship of Fraudulently Joined Defendants.

71.    Under the fraudulent joinder doctrine, "joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Id.* (internal quotations omitted) (*quoting McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987)).

---

[3] As discussed, the citizenship of Medalist Holdings, LLC and Lial should be disregarded for diversity purposes.

4836-2859-0683v.8 3710078-000091          DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

72.     A defendant seeking to remove to federal court "is entitled to present the facts showing the joinder to be fraudulent."  *McCabe*, 811 F.2d at 1339 (internal citation omitted).

73.     Courts find that defendants are fraudulently joined when plaintiff fails to state a cause of action against the non-diverse defendant.  *See, e.g. id.* (holding that two non-diverse individual defendants were fraudulently joined when the complaint failed to allege facts that they acted outside the scope of their managerial capacity); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (holding that non-diverse defendants were fraudulently joined when the plaintiff alleged claims that were clearly time-barred); *and DaCosta v. Novartis AG*, 2002 WL 31957424 (D. Or. Mar. 1, 2002) (holding that non-diverse defendant was fraudulently joined in a negligence action when plaintiff failed to allege facts to demonstrate pharmaceutical salesman defendant owed a duty to patient plaintiff to warn patient's doctor about certain side risks of a drug).

### B.     Defendant Lial is Fraudulently Joined.

74.     The Complaint alleges that Defendant Lial "was at all material times the Director of Services acting in the course and scope of her employment by DoubleTree."  FAC at ¶ 15.

75.     Plaintiff does not allege that Lial was involved in any way with the facts of Ms. Benson's murder.  Plaintiff does not allege that Lial saw Ms. Benson or Mr. Yoon the evening they were at the hotel.  Plaintiff does not allege that Lial was even working the night Ms. Benson was killed.

76.     Plaintiff's only allegations against Lial are insufficient to support any claim against her.  Plaintiff alleges that Lial was employed by the DoubleTree Hotel. FAC at ¶ 15.  The only factual allegations against Lial relate to another, wholly unrelated instance where, eleven months prior to the events in question, she merely confirmed to the police that someone had *stayed in the hotel* (not that they were a victim of sex trafficking).  FAC at ¶ 58(b).  Plaintiff alleges that Lial "had personal knowledge that sex trafficking and prostitution was taking place at the DoubleTree Hotel," and that she "refused to implement policies… which would have

Page 15 - NOTICE OF REMOVAL

prevented the harm that Benson experienced at the DoubleTree Hotel," *id.* at 58(c), but such statements are insufficient to support the claims against Lial.   Plaintiff does not allege that Lial had any authority to adopt and implement policies for her employer, that Lial owed a duty to Ms. Benson (who was not a guest of the hotel), that Lial breached a duty she owed to Ms. Benson, or that any policies that Lial might have adopted would have prevented Ms. Benson's murder.

77.     Defendant Lial is fraudulently joined because Plaintiff fails to state a cause of action against her.   Plaintiff has not, and cannot, allege facts sufficient to show that Plaintiff's harms were the result of a reasonably foreseeable risk created by Lial's alleged negligence.   Lial is merely an employee of the DoubleTree Hotel.  *See Fazzolari v. Portland Sch. Dist. 1J*, 303 Or. 1 (1987).   She had no involvement whatsoever in the facts of Ms. Benson's murder.   Plaintiff does not even allege that Lial was present in the hotel at the time of Ms. Benson's murder.

78.     Defendant Lial is far removed from any corporate policies of Hilton Worldwide Holdings, Inc., and those policies did not create a legal duty on behalf of Lial.   The existence of a "Hilton Global Code of Conduct" or other international conduct code allegedly signed onto by Hilton Worldwide Holdings, Inc. is insufficient to demonstrate that the risk of Ms. Benson's murder was reasonably foreseeable to Lial merely by her status as an employee of a franchisee of a subsidiary of Hilton Worldwide Holdings, Inc.  *See, e.g., In re: Tylenol (Acetaminophen) Mktg., Sales Practices, and Products Liab. Litig.*, 2016 WL 807377, at *8 n. 22 (E.D. Pa. Mar. 2, 2016) (holding that the "defendants' own [internal policy] should not be held out as the legal standard by which it should conduct its affairs").

**C.    Courts Ignore the Citizenship of Fraudulently Misjoined Defendants.**

79.     Under Fed. R. Civ. P. 20, joinder of defendants in a single action requires a claim for relief against all defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and a common question of law or fact.  Fed. R. Civ. P. 20(a)(2).   At any time, and by motion or on its own, a

4836-2859-0683v.8 3710078-000091                 DAVIS WRIGHT TREMAINE LLP
                                                          1300 S.W. Fifth Avenue, Suite 2400
                                                             Portland, Oregon  97201-5610
                                                    (503) 241-2300 main · (503) 778-5299 fax

federal court may add or drop any party that has been improperly or procedurally misjoined. Fed. R. Civ. P. 21.

80.    Courts applying procedural misjoinder recognize that the same principles that prevent a plaintiff from defeating diversity jurisdiction by adding a sham defendant preclude the plaintiff from achieving the same result by misjoining claims.  *See, e.g.*, *Tapscott v. MS Dealer Service Corp.*, 77 F. 3d 1353, 1360 (11th Cir. 1996) ("[a] defendant's 'right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy'"); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 503 (E.D. Cal. 2008) ("Misjoinder may be just as fraudulent as the joinder of a resident defendant against whom a plaintiff has no possibility of a cause of action" (quoting *Tapscott*, 77 F.3d at 1360)); *Greene v. Wyeth*, 344 F.Supp.2d 674 (D. Nev. 2004) (agreeing with the Fifth and Eleventh Circuits and permitting removal where a non-diverse party was joined on unrelated facts).  Courts in this District have also recognized the theory.  *See, e.g., Selman v. Pfizer, Inc.*, 2011 WL 6655354, at *12 (D. Or. Dec. 16, 2011) (recognizing that although the Ninth Circuit has not yet adopted the theory of fraudulent misjoinder, some of its district courts have); *Leif's Auto Collision Centers v. Progressive Halcyon Ins. Co.*, 2006 WL 2054552, at *1 (D. Or. July 21, 2006) (recognizing the doctrine of fraudulent misjoinder, although not applying it in based on the facts of that particular case).

81.    As explained in more detail below, Plaintiff has procedurally misjoined defendant Lial in this action in violation of Fed. R. Civ. P. 20 and 21 and applicable case law.

82.    Courts find defendants procedurally misjoined when the claims against them are factually distinct and plaintiff cannot satisfy Fed. R. Civ. P. 20 (governing permissive joinder of parties). *Goodwin v. Kojian*, 2013 WL 1528966, at *3 (C.D. Cal. Apr. 12, 2013) ("Fraudulent, or procedural, misjoinder looks at the factual commonality among the plaintiff's claims against different defendants and determines if they are sufficient to satisfy the standards provided in Federal Rule of Civil Procedure 20."); *see also Greene*, 344 F.Supp.2d at 683–84 (when a non-

4836-2859-0683v.8 3710078-000091                    DAVIS WRIGHT TREMAINE LLP
                                           1300 S.W. Fifth Avenue, Suite 2400
                                              Portland, Oregon  97201-5610
                                        (503) 241-2300 main • (503) 778-5299 fax

diverse party cannot be properly joined under Fed. R. Civ. P. 20, that party is fraudulently misjoined and will not be considered by the court for diversity purposes).  Procedural misjoinder is found when, among other things, the claims against one defendant involve markedly different facts and evidence from the claims against another defendant—such as where the claims involve different circumstances, actions, or omissions; or different legal theories.  *See, e.g.*, *Greene*, 344 F.Supp.2d at 683–84 (claims against pharmaceutical manufacturer procedurally misjoined with claims against physicians and sales representatives, because "[i]ndividual circumstances, actions, and omissions were involved in each Plaintiff's choice to ingest the medication, as well as each Defendant's role in, and responsibility for, that decision"); *and Sutton*, 251 F.R.D. at 504 ("claims based on strict products liability against the removing Defendants are separate from Plaintiffs' claims of medical malpractice against the California Defendants").

> **D.      The Claims Against Defendant Lial and the Individual and Backpage.com Defendants Arise Out of Different Transactions or Occurrences, Do Not Involve Shared Liability, and Concern Different Questions of Fact and Law.**
>
> **1.      The Claims Arise Out Of Different Transactions or Occurrences.**

83.      On December 25 or 26, 2014, Tae Bum Yoon murdered Ms. Benson at the DoubleTree Hilton located at 1000 NE Multnomah St. in Portland, Oregon.  FAC at ¶ 4.  He has since been criminally convicted of her murder and is serving 18 years in prison.  FAC at ¶ 75.

84.      Plaintiff's claims against Lial are based on Yoon's murder of Benson.  FAC at ¶¶ 56–58(a-c).

85.      Plaintiff's claims against Individual Defendants and Backpage.com Defendants are based on allegations that the Backpage.com website was at least one Internet site through which Yoon could have contacted Benson, and Individual Defendants and Backpage.com Defendants somehow failed to prevent Yoon from doing so.  *See, e.g.*, FAC at ¶¶ 55, 65.  The FAC does not allege that Yoon posted any advertisements on Backpage.com; the sole allegation in connection to Individual Defendants and Backpage.com Defendants is that Yoon allegedly

4836-2859-0683v.8 3710078-000091                    DAVIS WRIGHT TREMAINE LLP
                                        1300 S.W. Fifth Avenue, Suite 2400
                                        Portland, Oregon  97201-5610
                                        (503) 241-2300 main · (503) 778-5299 fax

viewed and responded to an advertisement about Ms. Benson that a ***third party*** posted on the website, some unidentified number of months before attacking her in December 2014. [4]

86.     Only two of the alleged claims against Lial (Violation of ORS 30.867 (Sex Trafficking) and Negligent Infliction of Emotional Distress) are also alleged against the Individual and Backpage.com Defendants, but those claims are based on separate duties and facts, with no allegations that the defendants' violations were in any way related to each other. *See* FAC at ¶¶ 98–109.

87.     Thus, the claims against Defendant Lial and those against Individual Defendants and the Backpage.com Defendants arise out of different transaction or occurrences, do not involve shared liability, and concern different questions of fact and law.  Defendant Lial is fraudulently misjoined and her citizenship should not be considered for diversity purposes.

### 2.     The Complaint Does Not Allege Facts Supporting Joint and Several Liability.

88.     Claims are fraudulently misjoined where "[a]ny liability that may be found against [one defendant] would not be a basis for liability as to the other, and separate liability as to each could be found."  *Stone v. Zimmer, Inc.,* 2009 WL 1809990, at *4 (S.D. Fla. June 25, 2009) (manufacturer's sale of a defective product, and a doctor's malpractice in treating the resulting injury, did not combine "to cause a single injury" and therefore were improperly joined, as the defendants were "properly viewed as successive, rather than joint tortfeasors").

89.     The FAC alleges ***separate*** events or, ***at most, successive*** torts by Lial and the Individual and Backpage.com Defendants:  Plaintiff's claims against Lial are based on her purported failure to adopt policies designed to prevent sex trafficking at the DoubleTree Hotel, while the claims against the Backpage.com Defendants are based on the allegation that they allowed ads posted by third-parties about Ms. Benson to run on the website. *See, e.g.,* FAC at

---

[4] For the same reasons that Plaintiff's claims are unrelated to those against Individual Defendants and Backpage.com Defendants, Plaintiff's claims are unrelated to those against UGC Tech Group C.V. and Atlantische Bedrijven C.V.

Page 19 - NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

¶¶ 33–79.  Notably, the FAC does not allege that Yoon ever posted any ad on Backpage.com or had any other connection to the website except that he reviewed and responded to an ad posted by another third party, as millions of users of Backpage.com and other websites do every day.

### 3.    The Claims Involve Different Evidence and Legal Issues.

90.    Even assuming Plaintiff could assert claims against the Backpage.com Defendants and Individual Defendants in these circumstances, they would involve entirely different evidence and questions of law as contrasted to claims against Lial (or against the other defendants generally).

91.    Plaintiff's claims against Lial concerning Benson's murder (to the extent they are even cognizable) center on Lial's role as an employee at the hotel where the murder took place. As pleaded in the FAC, Plaintiff's claims against Individual and Backpage.com Defendants are based on allegations that a third party posted ads about Benson on the website and, apparently, accusations and attacks against the website as a whole (which are precluded under federal law, 47 U.S.C. § 230).  The claims, and any evidence relating to them, are completely separate and unrelated.  *See, e.g.*, *Hughes v. Sears, Roebuck and Co.*, 2009 WL 2877424, at *6 (N.D.W.V. Sept. 3, 2009) (finding misjoinder of claims against manufacturer and retailer of treadmill with claims against doctor for misdiagnosis after plaintiff suffered injuries using the treadmill, noting "the evidence supporting these claims will be markedly different").

92.    Moreover, a central issue concerning the Individual and Backpage.com Defendants is Backpage.com's immunity from suit pursuant to the Communications Decency Act ("CDA").  Section 230 of the CDA states that "[n]o provider . . . of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."  47 U.S.C. § 230(c)(1).  It expressly preempts state laws:  "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section."  *Id*. § 230(e)(3).  Because the Backpage.com Defendants are being sued based entirely on third-party speech posted online, the claims against them raise

Page 20 - NOTICE OF REMOVAL

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main • (503) 778-5299 fax

issues of law entirely distinct from the claims concerning any policies or practices of the Doubletree Hotel.  *See Lyons v. Am. Tobacco Co.*, 1997 WL 809677 at *4, *6 (S.D. Ala. Sep. 30, 1997) (denying motion to remand and holding that parties were fraudulently misjoined in part because claims of misjoined parties would involve different "affirmative defenses").

93.     Furthermore, Plaintiff's tack demonstrates that the fraudulent misjoinder doctrine is critical for claims relating to the Internet.  No case has ever held that a website could be liable for the actions of an individual who simply posted or viewed content on the site.  Proper application of the fraudulent misjoinder doctrine in this context and as regards the Internet is thus especially important.  The reason Plaintiff seeks to avoid federal court is obvious, as in over 300 cases federal courts have held that Section 230 broadly immunizes websites from all claims that arise from third-party content.  If Plaintiff can deprive Backpage.com of its right to a federal forum based on conclusory allegations that cannot support claims against the website *at all*, then online providers across the Internet are at risk.  For example, consider claims against Yelp! (for critical reviews posted by third parties), Google (for not blocking allegedly harmful websites), eBay (for allegedly harmful products or services sold by third parties)—a plaintiff could avoid federal court (and thereby seek to avoid the broad and exacting enforcement of Section 230 that federal courts have provided) by merely alleging that a resident of a state might have had some type of interaction with someone about whom a user posted challenged content, regardless of the fact that the online providers had nothing whatsoever to do with the later interactions or the content *except that they provided an online forum*.

94.     In short, the Plaintiff's claims about the operation of the Backpage.com website – a website on which millions of third parties viewed millions of online advertisements – simply have no connection with, and will involve markedly different evidence and legal issues than, Plaintiff's claim that misjoined defendant Lial should have adopted policies relating to the operation of DoubleTree Hotel.

4836-2859-0683v.8 3710078-000091                    DAVIS WRIGHT TREMAINE LLP
                                        1300 S.W. Fifth Avenue, Suite 2400
                                        Portland, Oregon  97201-5610
                                        (503) 241-2300 main · (503) 778-5299 fax

WHEREFORE, Individual Defendants remove this action from the Circuit Court of the

State of Oregon for the County of Multnomah to the Portland Division of the United States

District Court for the District of Oregon.

DATED this 14th day of March, 2018.

### DAVIS WRIGHT TREMAINE LLP


By  s/ Tim Cunningham
    Tim Cunningham, OSB #100906
    timcunningham@dwt.com
    Telephone: (503) 241-2300
    Facsimile: (503) 778-5299

    Attorneys for Defendants Leeward Holdings, LLC,
    Camarillo Holdings, LLC, Dartmoor Holdings, LLC,
    IC Holdings, LLC, Backpage.com, LLC, Website
    Technologies, LLC, Amstel River Holdings, LLC,
    Lupine Holdings, LLC, Kickapoo River Investments,
    LLC, CF Holdings GP, LLC, CF Acquisitions, LLC,
    Carl Ferrer, Michael Lacey and James Larkin

4836-2859-0683v.8 3710078-000091        DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax