**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

_____

| | |
|---|---|
| **United States of America,**    ) | |
| ) | No. **2:18-cr-00422-01-SPL** |
| Plaintiff,    ) | |
| ) | |
| vs.    ) | Phoenix, Arizona |
| ) | April 30, 2018 |
| **Michael Lacey, et al.,**    ) | 9:05 a.m. |
| ) | |
| Defendant.    ) | |
| _____ ) | |

**BEFORE:   THE HONORABLE STEVEN P. LOGAN, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**STATUS CONFERENCE**

Official Court Reporter:
Robin G. Bobbie, RMR, CRR, FCRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, SPC 37
Phoenix, Arizona  85003-2151
(602) 322-7248

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

```
 1                       A P P E A R A N C E S

 2
     For the Plaintiff:
 3       US ATTORNEY'S OFFICE - PHOENIX
         By:  Kevin M. Rapp, Esq.
 4            Reginald E. Jones, Esq.
              Margaret Wu Perlmeter, Esq.
 5            Dominic W. Lanza, Esq.
         40 N. Central Ave., Ste. 1800
 6       Phoenix, AZ 85004

 7   For the Defendant Lacey:
         LIPTSITZ GREEN SCIME CAMBRIA, LLP
 8       By:  Paul J. Cambria, Jr., Esq.
         42 Delaware Ave., Ste. 120
 9       Buffalo, NY 14202

10       HENZE, COOK, MURPHY, PLLC
         By:  Thomas Henze, Esq.
11            Janey Henze Cook, Esq.
         4645 N. 32nd St., Ste. 150
12       Phoenix, AZ  85018

13   For the Defendant Larkin:
         BIENERT, MILLER & KATZMAN, PLC
14       By:  Thomas Bienert, Jr., Esq.
         903 Calle Amanecer, Ste. 350
15       San Clemente, CA 92673

16   For the Defendant Spear:
         FEDER LAW OFFICE, PA
17       By:  Bruce S. Feder, Esq.
         2930 E. Camelback Rd., Ste. 160
18       Phoenix, AZ  85016

19   For the Defendant Brunst:
         KIMERER & DERRICK, PC
20       By:  Michael D. Kimerer, Esq.
         1313 E. Osborn Rd., Ste. 100
21       Phoenix, AZ  85014

22   For the Defendant Hyer:
         BROWNE, GEORGE, ROSS, LLP
23       By:  KC Maxwell, Esq.
         101 California Street, Ste. 1225
24       San Francisco, CA  94111

25
```

**A P P E A R A N C E S (cont.)**

For the Defendant Padilla:
   PICCARRETA, DAVIS, KEENAN, FIDEL, PC
   By:  **Michael L. Piccarreta**, Esq.
   2 E. Congress St., Ste. 100
   Tucson, AZ  85701

For the Defendant Joye Vaught:
   KARP & WEISS, PC
   By:  **Stephen M. Weiss**, Esq.
   3060 N. Swan Rd.
   Tucson, AZ  85712

**P R O C E E D I N G S**

(Proceedings begin, 9:05 a.m.)

COURTROOM DEPUTY: This is case number CR18-422, United States of America v. Michael Lacey, et al., on for status conference.

Counsel, please announce for the record.

MR. RAPP: Good morning. Kevin Rapp, Reginald Jones, Peg Perlmeter, and Dominic Lanza, on behalf of the United States.

THE COURT: Good morning to you all.

MR. CAMBRIA: Good morning, Your Honor. Paul Cambria and Tom Henze and Janey Henze Cook on behalf of Mr. Lacey.

THE COURT: Good morning to you.

MR. BIENERT: Good morning, Your Honor.

THE COURT: I'm sorry. You need to speak into a microphone, please.

MR. BIENERT: Good morning, Your Honor. My name is Thomas Bienert appearing specially for defendant Larkin. I'm in the process of being retained and will file our pro hac vice papers, if not this afternoon, then tomorrow morning.

THE COURT: Thank you very much. Good morning to you.

MR. PICCARRETA: Hello, Judge. Mike Piccarreta on behalf of Andrew Padilla, who is present, Your Honor.

THE COURT: I'm sorry. Who do you represent?

MR. PICCARRETA: Mr. Padilla.

| | | |
|---|---|---|
| 1 | THE COURT:  Good morning to you. | |
| 2 | MR. WEISS:  Good morning, Your Honor.  Steve Weiss on | |
| 3 | behalf of Joye Vaught. | |
| 4 | THE COURT:  Good morning. | |
| 5 | MR. WEISS:  She's present right here. | 09:06:43 |
| 6 | MR. KIMERER:  Good morning, Your Honor.  Michael | |
| 7 | Kimerer on behalf of John Jed Brunst, and he is present, Your | |
| 8 | Honor. | |
| 9 | THE COURT:  Good morning to you. | |
| 10 | MR. FEDER:  Bruce Feder for Scott Spear, who is also | 09:06:50 |
| 11 | present. | |
| 12 | MS. MAXWELL:  Good morning, Your Honor.  KC Maxwell on | |
| 13 | behalf of Daniel Hyer, who is present. | |
| 14 | THE COURT:  Good morning to you as well. | |
| 15 | I have document number 121, which is the notice of | 09:07:00 |
| 16 | filing of parties' proposed scheduling order. | |
| 17 | Mr. Rapp, I couldn't help but notice your initial | |
| 18 | compliance with Rule 16 discovery is the 3rd of December, 2018. | |
| 19 | How much discovery has already gone out? | |
| 20 | MR. RAPP:  Well, no discovery formally has gone out | 09:07:16 |
| 21 | from the United States. | |
| 22 | THE COURT:  Why is that? | |
| 23 | MR. RAPP:  Well, we are in the process of assimilating | |
| 24 | the discovery.  We're using a database by the name of | |
| 25 | Relativity.  The discovery is being imported into that | 09:07:28 |

| | | |
|---|---|---|
| 1 | platform.  We are going to provide the defense a hard drive | |
| 2 | that will have all of the discovery -- | |
| 3 | THE COURT:  Mr. Rapp, the reason I ask the question, | |
| 4 | this is, I believe, it's 87 -- 93 counts, and these folks have | |
| 5 | been charged with some very, very serious crimes.  And to sit | 09:07:55 |
| 6 | around waiting for a half a year to see the evidence that the | |
| 7 | Government has, I don't understand that. | |
| 8 | Can you make some initial disclosures to the defense? | |
| 9 | MR. RAPP:  Yes.  We have, if you'll see the footnote, | |
| 10 | within 60 days we will provide them bulk of the discovery that | 09:08:10 |
| 11 | is contained -- that we have in our possession. | |
| 12 | THE COURT:  And how many witnesses do you anticipate? | |
| 13 | MR. RAPP:  Somewhere between 50 and 70 witnesses, and | |
| 14 | we believe the trial will take anywhere from four to six weeks. | |
| 15 | THE COURT:  Why so long? | 09:08:33 |
| 16 | MR. RAPP:  Well, there's a lot of counts.  There are a | |
| 17 | number of victims that are detailed.  There are certainly a | |
| 18 | number of transactions.  And so we believe that to give the | |
| 19 | Court a best possible idea of how much the Court should carve | |
| 20 | out of its very busy schedule, we think four to six weeks is -- | 09:08:54 |
| 21 | is an appropriate range for the trial. | |
| 22 | THE COURT:  So it's very difficult for the defense to | |
| 23 | answer a question if I pose a question about how much time they | |
| 24 | need because, obviously, they don't have discovery. | |
| 25 | MR. RAPP:  Well, true.  But they -- they know with | 09:09:13 |

1   some certainty what they can expect.  Two of these defendants
2   have been charged in California with somewhat similar charges.
3   They received discovery there.  It's, essentially, the same
4   discovery.  There is a lot of public source information that's
5   --                                                                    09:09:40
6            THE COURT:  Mr. Rapp, you don't believe that.  This is
7   a 61-page indictment, and just because someone was charged in a
8   different jurisdiction, it doesn't mean that they have a pretty
9   good idea about what's going on in the current case.
10           What's the fastest you can get this discovery together       09:09:51
11  on this new platform that you have?
12           MR. RAPP:  Well, we think that within 60-days we could
13  provide them anywhere from 7 million to 9 million documents,
14  and those fall into various categories.
15           THE COURT:  Did you say 7 million to 9 million               09:10:09
16  documents or pages?
17           MR. RAPP:  Well, I think that's pages.
18           THE COURT:  Go ahead.
19           MR. RAPP:  Well, we think that -- that we have already
20  had some discussions with the Justice Department computer             09:10:25
21  people that are assisting us with assimilating this discovery,
22  and we think that they can have the bulk of the discovery
23  within 60 days.
24           There is a category of discovery that is subject to a
25  filter team analysis, and I think that is why we believe the          09:10:48

| | | |
|---|---|---|
| 1 | December, 2018, date is more appropriate because that discovery | |
| 2 | will come to them in waves as it makes its way through the | |
| 3 | filter team. | |
| 4 | THE COURT: Proffer for me what this filter team is | |
| 5 | all about. What are they trying to filter out? | 09:11:06 |
| 6 | MR. RAPP: Well, much of the discovery involves | |
| 7 | e-mails and exchanges between the defendants. There are some | |
| 8 | of those exchanges that will include attorneys that were | |
| 9 | working on behalf of Backpage, and we want to make sure that | |
| 10 | the exchanges between the defendants and these attorneys fall | 09:11:25 |
| 11 | within the attorney-client privilege. And so, therefore, we | |
| 12 | have a filter team based in D.C. that is reviewing these | |
| 13 | documents. | |
| 14 | THE COURT: Are there any wiretaps in this case? | |
| 15 | MR. RAPP: Say again, Judge. | 09:11:43 |
| 16 | THE COURT: Are there any wiretaps? | |
| 17 | MR. RAPP: There are no wiretaps. | |
| 18 | THE COURT: Thank you very much, Mr. Rapp. | |
| 19 | When I look through document number 121, which is a | |
| 20 | four-page document, I generally don't have any issues with any | 09:11:56 |
| 21 | of the proposed dates, and I thank the parties for meeting and | |
| 22 | conferring. However, I do see that the trial is scheduled for | |
| 23 | the 7th of October, 2019. And, Mr. Rapp, I know -- I've known | |
| 24 | you for decades at this point, do you -- do you think that that | |
| 25 | date is actually realistic in light of having, whatever I think | 09:12:18 |

```
 1  you said, 7 to 9 million pages of discovery?
 2          MR. RAPP:  Well, it's a year and a half out.  We think
 3  it's realistic.
 4          THE COURT:  What do you think, Mr. Lanza?  You have
 5  some experience with this, and you'll be sitting up here soon          09:12:38
 6  enough.  What do you think about that?
 7          MR. LANZA:  Seems realistic, Your Honor.  I know that
 8  Mr. Rapp has worked really hard with the defense team to really
 9  think about these issues, and everybody in good faith thinks
10  this is a fair date.                                                   09:12:50
11          THE COURT:  Is there any defense counsel that does not
12  think it's a fair date?  I see that there's a footnote that the
13  defense believes it would be better to try the case on the 15th
14  of January, 2020.  Who holds that position?
15          MR. PICCARRETA:  I hold it.  Mike --                           09:13:05
16          THE COURT:  What's your name, sir?
17          MR. PICCARRETA:  Mike Piccarreta.
18          THE COURT:  Sir, why do you believe January date is
19  more realistic?
20          MR. PICCARRETA:  Well, it is clearly more realistic            09:13:13
21  because we have a schedule with certain dates --
22          THE COURT:  Okay.  First of all, somebody's phone is
23  going off.
24          Is that someone's client?  Who was that?
25          MR. HENZE:  That was Mr. Lacey, Your Honor.                    09:13:30
```

1    THE COURT: Okay. Can you make sure that your client
2 checks his phone and everyone -- well, sir, you don't need to
3 go out there. We usually have people escorted out of
4 courthouse when their electronic devices go off. It interferes
5 with our abilities to do our jobs up here, specifically the
6 court reporter. So if you can kindly let him know to read the
7 sign outside of the courtroom, that would be very, very
8 helpful.
9    Sir, my apologies for interrupting you. Go ahead.
10    MR. PICCARRETA: When we looked at this, it's without
11 the benefit of receiving the disclosure, and in particularly,
12 disclosure that is of particular interest are, obviously, the
13 302s, witness statements, the stuff that has tangible
14 information, in addition to all of the documents. It was, the
15 Court requested to give us a date, and so it was my view that
16 the earliest possible date was January. And the reason I
17 picked that is, perhaps I'm being optimistic, but I thought it
18 would be a good idea to have some period of time after we work
19 through this schedule to have the lawyers be able to manage the
20 case, simplify the case, and put it together for trial, because
21 it's a pretty breakneck pace. And I have found that a trial
22 that's set maybe --
23    THE COURT: How is this a breakneck pace? A year and
24 a half to try a case?
25    MR. PICCARRETA: Well, discovery is not a breakneck

09:13:44
09:13:56
09:14:21
09:14:45
09:14:59

```
 1   pace, but it's a breakneck pace when you start looking once
 2   discovery comes.  For example, after we get the Jencks, he have
 3   90 days to provide our information, and that's -- that's a lot
 4   in a big case where there's lots of documents, and getting
 5   witness statements at that stage.                                   09:15:19
 6          So, and as they indicated, there's going to be
 7   somewhere 50 to 70 witnesses.  I'm uncertain as to how many
 8   witnesses we're going to have, but we have a lot of defendants.
 9          The other wrinkle --
10          THE COURT:  So the only issue that the defense has a       09:15:36
11   problem with is the trial date.  Everything else is fine?
12          And are you the spokesperson for the other defense
13   counsels?
14          MR. PICCARRETA:  Well --
15          THE COURT:  I'm shocked that Mr. Feder is not taking       09:15:47
16   the lead, but go ahead.
17          MR. PICCARRETA:  We'll let him.
18          THE COURT:  If you're speaking for the rest of them,
19   go ahead.
20          MR. PICCARRETA:  Well, I'm speaking for myself, but I      09:15:56
21   think they agree.  And if someone has something different to
22   say --
23          THE COURT:  Is there any defense counsel that
24   disagrees with that?
25          MR. CAMBRIA:  No, Your Honor.                              09:16:09
```

1          THE COURT: If you disagree, that's fine. Just let me
2 know.
3          Go ahead, sir.
4          MR. PICCARRETA: There's a caveat. The Government has
5 indicated there may be a superseding indictment. A superseding          09:16:16
6 indictment may add information, and if that occurs, then we
7 have a footnote in here that we reserve the right to approach
8 you and explain to you the changed circumstances. Plus if
9 there are new people involved, I'm sure their counsel are going
10 to want additional time, so that's sort of the footnote there.         09:16:37
11          We are shooting for the January schedule, but there
12 are variables that we're simply just not aware of now. But I
13 think that's a, from what we know now, realistic date, but
14 circumstances may change after we review all the disclosure
15 witnesses, Your Honor.                                                 09:17:01
16          THE COURT: Sir, I appreciate that. Mr. Lanza, is it
17 realistic that if the United States Government, and I know you
18 can't see into the future, but if you plan to supersede, will
19 it be in the next six months?
20          MR. LANZA: Yes, Your Honor.                                  09:17:15
21          THE COURT: That will give you plenty of time, plenty
22 of time. So what I'm going to do is I'm going to adopt
23 document number 121 and all of the dates. The only change will
24 be the trial, the firm trial, will be scheduled to start the
25 15th of January of 2020. Everything else will remain the same.        09:17:31

1    	Is there anything else from the United States
2  Government?
3    	MR. RAPP:  Judge, how would you like me to -- would
4  you like me to provide a Word document so that --
5    	THE COURT:  Yes.                                        09:17:47
6    	MR. RAPP:  -- with that date change?
7    	THE COURT:  Yes.  All you need to do, since I'm
8  granting the -- well, there's no motion to grant, but I -- I
9  agree with the defense that a more realistic date will be
10 January of 2020.                                              09:17:59
11   	Mr. Rapp, if you can just file an amended 121, I don't
12 know what the number will be, but just amended joint proposed
13 scheduling order with that one change, or I'm sure Miss
14 Perlmeter is probably doing all the work, if you can do that,
15 Miss Perlmeter, that would be very, very helpful.  I really   09:18:16
16 appreciate that.
17   	Is there anything from any defense counsel?
18   	That's a negative response.  The hearing is adjourned.
19     (Proceedings conclude, 9:18 a.m.)

C E R T I F I C A T E

I, ROBIN G. BOBBIE, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 2nd day of May, 2018.


                              s/Robin G. Bobbie
                              Robin G. Bobbie, RMR, CRR, FCRR