# EXHIBIT D

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

BACKPAGE.COM, LLC,

        Plaintiff,

    v.

THOMAS J. DART, Sheriff of Cook County,
Illinois,

        Defendant.

Civil No. 1:15-cv-06340

Judge John J. Tharp, Jr.

### ORDER

The defendant's motions to dismiss the case [222] and to dissolve the preliminary injunction entered on December 23, 2015 [223] are granted. Accordingly, the case will be terminated on the docket. The defendant's motion for sanctions [226] remains pending, however, with briefing to be completed on the schedule previously entered by the Court.

### STATEMENT

In the wake of guilty pleas entered by the plaintiff in this case, Backpage.com LLC, and its CEO, Carl Ferrer, to federal charges of money laundering conspiracy and conspiracy, respectively, Sheriff Dart has moved to dismiss this case as moot and to dissolve the preliminary injunction entered by this Court on December 23, 2015. At a hearing conducted on April 26, 2018, a briefing schedule was set; Backpage's response to the Sheriff's motions was due on May 17, 2018, with the Sheriff's reply due on May 31, 2018. Backpage filed neither a response nor a motion to extend the time to respond and has therefore forfeited its claim. *Boogaard v. National Hockey League*, --- F.3d ---, 2018 WL 2377803 (7th Cir. May 25, 2018).

In any event, the Court agrees with the Sheriff that this case is moot in light of the guilty pleas entered by Backpage and Ferrer, and the plea agreements they entered into with the United States.[1] In its guilty plea, Backpage admitted, among other things, that Backpage executives conspired to find ways to knowingly facilitate the state-law prostitution crimes being committed by Backpage's customers and to launder the hundreds of millions Backpage earned by facilitating the unlawful publishing of ads for prostitution offenses. Backpage Plea Agreement at ¶ 10.a., ECF No. 8-1, Case. No. 18-cr-465 (D. Ariz.). Ferrer, in his plea agreement, acknowledged that he had participated in the Backpage conspiracy. Ferrer Plea Agreement at

---

[1] "Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned." *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017).

¶ 10.a, ECF No. 7-1, Case. No. 18-cr-465 (D. Ariz.). Ferrer agreed, among other things, "to immediately shut down the website www.backpage.com ('Backpage') in the United States and all other countries in which the website operates" and to the "surrendering to the United States the registration account, including login and password information, for the www.backpage.com domain name necessary to operate the various Backpage websites and providing technical assistance to the United States to effectuate the shutdown." *Id.* at ¶ 3.a. Backpage, for its part, agreed that it would "cease to exist or operate." Backpage Plea Agreement at ¶ 3.d. Ferrer and Backpage each agreed to forfeit any interest in the website (or any of dozens of related websites) as well as various bank accounts and other assets of the company. In short, the plea agreements effectively ended the operational existence of Backpage.[2]

Backpage's shutdown renders this case moot. Backpage's claim in this case is that Sheriff Dart violated Backpage's First Amendment speech rights by attempting to coerce third parties—specifically, credit card companies—not to process payments for advertising on the web site. Backpage characterized the Sheriff's actions as a prior restraint on speech, but with its shutdown there is nothing left to restrain. Backpage's shutdown would not necessarily moot its claim if it were seeking damages, of course, but in an effort to narrow discovery in the case, Backpage previously disavowed any claim for damages and filed an amended complaint seeking only injunctive relief. *See* Backpage Motion for Leave to Amend, ECF No. 167, at ¶ 4; Tr. 8/9/16, ECF No. 174, at 4:4-13; Amended Compl., ECF No. 173, at 20-21 ("Prayer for Relief," seeking no damages).[3] But the injunction that Backpage seeks can no longer do it any good. Now that it is operationally defunct, no one—not credit card companies or anyone else—can do business with Backpage and Backpage is of course out of the business of providing advertising for prostitution services. An injunction would therefore change nothing. Injunction or no, there will be no more advertising—licit or illicit—on Backpage.com.

As the Sheriff correctly notes, because an injunction can no longer provide any benefit to Backpage, its claim for injunctive relief is moot. "A court's power to grant injunctive relief only survives if such relief is actually needed." *Nelson v. Miller*, 570 F.3d 868, 882 (7th Cir. 2009). "In an action seeking only injunctive relief, this requirement ordinarily means that, once the threat of the act sought to be enjoined dissipates, the suit must be dismissed as moot." *Brown v. Bartholomew Consol. Sch. Corp.*, 442 F.3d 588, 596 (7th Cir. 2006). Where a company seeking injunctive relief has ceased to operate, its claims are ordinarily deemed to be moot. *City News & Novelty, Inc. v. City of Waukesha*, 531 U.S. 278, 285 (2001) ("a live controversy is not maintained by speculation that City News might be temporarily disabled from reentering a business that City News has left and currently asserts no plan to reenter"); *Bd. of License Comm'rs of Town of Tiverton v. Pastore*, 469 U.S. 238, 239-40 (1985). And while the criminal prosecutions of Backpage and its executives, and the forfeiture of Backpage's assets, are not final, there is no realistic possibility that Backpage will ever resume operations; it follows as well that there is no realistic possibility that the Sheriff will resume his exhortations to (or, in

---

[2] And, indeed, visitors to backpage.com are greeted with a notice advising that backpage.com and affiliated websites have been seized by the government.

[3] Backpage also sought attorney's fees, but "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim"). *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990).

Backpage's view, his coercion of) third parties not to facilitate Backpage's crimes. There is, in short, "no reasonable expectation that the [alleged] wrong will be repeated." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000). Accordingly, Backpage's claim is moot.

Because Backpage's claim is moot, there is no case or controversy and this Court therefore lacks subject matter jurisdiction. *Home Care Providers, Inc. v. Hemmelgarn*, 861 F.3d 615, 620 (7th Cir. 2017), *cert. denied*, 138 S. Ct. 1000, 200 L. Ed. 2d 252 (2018) ("cases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction"). And because the case is being dismissed for lack of jurisdiction, the Court has no basis to continue in force the preliminary injunction previously entered. Nor could the preliminary injunction survive the dismissal of the case in any event. Accordingly, the preliminary injunction is dissolved.

Date: May 31, 2018

John J. Tharp, Jr.
United States District Judge