Thomas H. Bienert, Jr., CA State Bar No. 135311
*(Admitted Pro Hac Vice)*
tbienert@bmkattorneys.com
Kenneth M. Miller, CA State Bar No. 151874
*(Admitted Pro Hac Vice)*
kmiller@bmkattorneys.com
Anthony R. Bisconti, CA State Bar No. 269230
*(Admitted Pro Hac Vice)*
tbisconti@bmkattorneys.com
Whitney Z. Bernstein, CA State Bar No. 304917
*(Admitted Pro Hac Vice)*
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700 / Facsimile (949) 369-3701

Attorneys for Defendant James Larkin

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>   Plaintiff,<br><br>   vs.<br><br>Michael Lacey, et al.,<br><br>   Defendants. | Case No. CR-18-00422-PHX-SPL (BSB)<br><br>DEFENDANT JAMES LARKIN'S OPPOSITION TO GOVERNMENT'S APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY |

The government's *Application for Order Regarding Criminal Forfeiture of Property in Government Custody* (the "Application") [Dkt. 282] should be denied as an improper attempt to: (i) forum shop, (ii) interfere with the authority and jurisdiction of another district court, and (iii) keep possession of assets to which it has no right.

On August 1, 2018, James Larkin, joined by Michael Lacey, John Brunst, and Scott Spear (collectively "Movants"), moved in the Central District of California to vacate the government's civil seizure of publishing proceeds (the "Motion") based on civil seizure

warrants issued in the Central District of California.[1]  Among other things, the Motion demonstrates:

    1.    The seizures violated Movants' rights under the First Amendment, which prohibits the pretrial seizure of publishing proceeds.  *See* Ex. A at 13-18; *see also Adult Video Ass'n v. Barr*, 960 F.2d 781 (9th Cir. 1992) (pretrial forfeiture of publishing material).

    2.    Any seizure of publishing proceeds requires more than "probable cause."  *See* Ex. A at 13-20; *see also Fort Wayne Books, Inc. v. Indiana*, 489 U.S. 46, 66 (1989) (probable insufficient to seize publishing material); *Simon & Schuster, Inc. v. Members of the New York State Crime Victims Bd.*, 502 U.S. 105, 111, 115 (1991).

    3.    The seizure warrants were obtained through knowing, material misrepresentations and omissions, in violation of, *inter alia*, Movants' First and Fourth Amendment rights.  *See* Ex. A at 20-25.

    4.    Even assuming, *arguendo*, that some funds were subject to seizure, the government failed to trace the seized publishing proceeds to any alleged criminal wrongdoing, let alone the knowing and specific violation of prostitution statutes that are required to support forfeiture in the publishing context.  *Id*. at 25-40.

    5.    Finally, Movants have a Fifth Amendment right to a "prompt hearing" on their claims.  *Id*. at 21; *see also United States v. Roth*, 912 F.2d 1131, 1132-33 (9th Cir. 1990) (*citing United States v. Crozier*, 777 F.2d 1376, 1383-84 (9th Cir. 1985)).

The Honorable R. Gary Klausner, United States District Judge for the Central District of California, has set a hearing on September 24, 2018, to consider the government's constitutional violations committed in the course of the very seizures the government now seeks to have this Court confirm.  The government vaguely referenced the Motion in its Application (*see* Application at 5:2-5), but failed to advise the Court of the substance of the Motion or that Judge Klausner has set a hearing and briefing schedule.  In fact, government

---

[1] Attached hereto as Exhibits A-D are true and correct copies of the following documents, each of which has been filed before the Central District of California: (i) the Motion (Exhibit A); Declarations Filed in Support of the Motion (Exhibit B); Request for Judicial Notice (without exhibits) (Exhibit C); and (iv) Notice of Related Cases (Exhibit D).

counsel agreed it would file any opposition on or before August 27, 2018.  Instead of doing so, the government filed the Application in an obvious effort to pull the issues from Judge Klausner and move them here.  The government's effort is procedurally improper and should be rejected.

First, the government is engaged in blatant forum shopping.  "The semblance of judge-shopping . . . is [ ] a concern when a litigant discontinues a fray, only to start over again on another day."  *Nat'l Treasury Emp. Union v. IRS*, 765 F.2d 1174, 1175 n. 5 (D.C.Cir. 1985).  It "doubtless disrupts the proper functioning of the judicial system and may be disciplined." *Standing Comm. on Discipline of the U.S. Dist. Ct. for the Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995).  That is precisely what the government is attempting to do here.  *After* the Indictments issued in Arizona, the U.S. Attorney's Office from the Central District of California *chose* to pursue the civil seizure warrants in the Central District of California, rather than in Arizona.  As recently as August 3, 2018, the government's attorney stated, on the record during a telephonic hearing before the Honorable Patrick J. Walsh, Chief United States Magistrate Judge for the Central District of California, that the government would be filing a civil forfeiture complaint in the Central District.  It has yet to do so.  Instead, in the face of a challenge to the manner in which it obtained seizure warrants in California, the government has tactically ignored Judge Klausner's briefing schedule, come to this Court seeking an order allowing it to maintain possession of the assets—without disclosing that the Motion directly challenges the lawfulness of the seizures, the nature of the constitutional issues involved, the government's failure to respond to the Motion, or the impending hearing on the Motion.  The Government is not hiding its intended purpose: it seeks an order from this Court confirming the seizures so it can argue to Judge Klausner that Movants' Motion is moot, and thereby avoid an adverse ruling on the Motion.  That is improper.  *See Vaqueria Tres Monjitas, Inc. v. Rivera Cubano*, 341 F. Supp. 2d 69, 71 (D.P.R. 2004) (remanding case to initial judge and sanctioning counsel for judge shopping where after plaintiff's request for a preliminary injunction, plaintiffs voluntarily dismissed the suit and filed a new action,

again requesting a preliminary injunction).

Second, the government's Application should be denied out of comity to the Central District of California. Asset seizures are injunctions for procedural purposes. *United States v. Roth,* 912 F.2d 1131, 1133 (9th Cir. 1990)); *see also United States v. E-Gold,* 521 F.3d 411 (D.C. Cir. 2008) (seizure warrant under Section 981 is appealable as an injunction), *overruled on other grounds, Kaley v. United States,* 571 U.S. 320 (2014). The government's Application is tantamount to a request that the Central District's injunction remain in place. The government's efforts should be directed to the Central District of California—where the government sought, and the Court actually ordered, the seizures in the first place. *See, e.g.*, *Delson Grp., Inc. v. GSM Ass'n*, 2012 WL 12887087, at *1 (N.D. Cal. Aug. 6, 2012), *aff'd,* 570 F. App'x 690 (9th Cir. 2014) ("When a party brings an independent action in a separate court seeking relief from a judgment entered in another court, considerations of comity and orderly administration of justice demand that the nonrendering court should decline jurisdiction of such an action and remand the parties for their relief to the rendering court, so long as it is apparent that a remedy is available there." (citations and quotations omitted)). Moreover, as the Central District of California issued the seizure warrants challenged in the Motion, that court, rather than the District of Arizona, is the appropriate forum for the dispute.

Finally, the government may only possess property before a preliminary order of forfeiture where "it has a valid basis for holding the property." Department of Justice, *Policy Manual: Asset Forfeiture Policy Manual* (2016) (available at https://www.justice.gov/criminal-afmls/file/839521/download), Chap. 1, Sec. III.C (at page 35); *see also United States v. Scarmazzo,* 2007 WL 587183 (E.D. Cal. 2007) (Section 853(e)(1) only applies where "Government has already obtained *lawful custody* of the seized assets. . . .) (emphasis added). The government's very right to possess the assets is the subject of pending litigation in the Central District of California. That litigation should be permitted to run its course (with a decision rendered on the propriety of the government's continued possession of the seized assets) before this Court considers ordering that the

OPPOSITION TO GOVERNMENT'S APPLICATION FOR ORDER REGARDING CRIMINAL
FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY

government is entitled to maintain possession of the very same assets.

    For all these reasons, Defendant Larkin respectfully requests that the government's Application be denied.

Dated: August 29, 2018        BIENERT, MILLER & KATZMAN, PLC

        By: /s/ Thomas H. Bienert
          Thomas H. Bienert
          Kenneth M. Miller
          Anthony R. Bisconti
          Whitney Z. Bernstein
          Attorneys for James Larkin

**CERTIFICATE OF SERVICE**

I certify that on this 29th day of August, 2018, I electronically transmitted a PDF version of this document to the Clerk of Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

*/s/ Toni Thomas*
Toni Thomas

CM/ECF Registrants:

Reginald Jones, reginald.jones4@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Kevin Rapp, kevin.rapp@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Paul Cambria, pcambria@lglaw.com
Tom Bienert, tbienert@bmkattorneys.com
Bruce Feder, bf@federlawpa.com
Michael Kimerer, mdk@kimerer.com
Stephen Weiss, sweiss@karpweiss.com

476328-1