ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona
KEVIN M. RAPP (Ariz. Bar No. 14249),
kevin.rapp@usdoj.gov
MARGARET PERLMETER (Ariz. Bar No. 024805),
margaret.perlmeter@usdoj.gov
PETER S. KOZINETS (Ariz. Bar No. 019856),
peter.kozinets@usdoj.gov
Andrew C. Stone (Ariz. Bar No. 026543)
Andrew.stone@usdoj.gov
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184),
john.kucera@usdoj.gov
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806),
reginald.jones4@usdoj.gov
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR 18-422-PHX-SPL (BSB) |
| Plaintiff, | |
| v. | REPLY TO OPPOSITION TO GOVERNMENT'S APPLICATION FOR ORDER REGARDING CRIMINAL FORFEITURE OF PROPERTY IN GOVERNMENT CUSTODY |
| Michael Lacey, et al., | |
| Defendant(s). | |

Plaintiff United States of America (the "government"), by and through its counsel of record, the United States Attorney's Office for the District of Arizona and Special Assistant United States Attorney John J. Kucera, hereby submits its reply to Michael Lacey's, joined by James Larkin, John Brunst, and Scott Spear (collectively "defendants"), Opposition To The Government's Application For An Order Regarding Criminal Forfeiture Of Property Already In The Government's Custody (the "Opposition"). In support of its motion, the Government states as follows.

## I. PROCEDURAL HISTORY

On March 28, April 9, April 26, and June 24, 2018, for the purpose of initiating forfeiture proceedings, the government executed civil seizure warrants issued by three separate United States Magistrate Judges in the Central District of California. Pursuant to the arrest warrants, the United States seized all right, title, and interest in certain assets (the "seized assets"). Thereafter, on March 28, 2018, the government included several of these assets in its Indictment (CR 18-422-PHX-SPL (BSB), Dkt. #3). Subsequently, on July 25, 2018, in its Superseding Indictment (CR 18-422-PHX-SPL (BSB), Dkt #230) and, on August 24, 2018, in the First Bill of Particulars (CR 18-422-PHX-SPL (BSB), Dkt. 281), the government included for criminal forfeiture each of the seized assets.

On August 1, 2018, in the Central District of California, defendants moved to vacate the government's civil seizure of illicit proceeds arising from alleged illegal activities

involving money laundering, prostitution, and obscenity violations.

On August 27, 2018, in the District of Arizona, the government filed its Application for an Order Regarding Criminal Forfeiture of Property in Government Custody. *See* Dkt. 282. Thereafter, on August 29, 2018, defendants filed their Opposition. *See* Dkt. 285.

In their Opposition, defendants' primary argument is that the government is engaged in forum shopping by applying in the District of Arizona for an order allowing the Government to maintain custody of property already in the Government's possession pending the resolution of the criminal matter in the District of Arizona. Specifically, defendants suggest that the government is avoiding the September 24, 2018, hearing in the Central District of California before the Honorable R. Gary Klausner, by submitting this motion in this District. By doing so, defendants incorrectly allege that the government's motion is "an obvious effort to pull the issues from Judge Klausner and move them [to this District]." Dkt. 285 at 3. Defendants' accusation is false and fails to account for the fact that two different matters, one criminal and one civil, involve the same individuals and assets, and the fact that the government is entitled simultaneously to proceed against these same assets both criminally and civilly, or either one without the other.

**II. ARGUMENT**
    A.    The Government May Apply for an Order Regarding Criminal Forfeiture of Property In Government Custody Because Venue Is Proper In This District

Title 18 U.S.C. § 1355(b)(1) permits the government to initiate a civil forfeiture action in the Central District of California because such actions may be brought in "the district court for the district in which *any* of the acts of omissions giving rise to the forfeiture occurred."  18 U.S.C. § 1355(b)(1)(A) (emphasis added).  Section 1355 has a broad application, establishing venue so long as "at least one of the acts or omissions giving rise to the [forfeiture] action occurred" in the district where the action is brought.  *United States v. One Oil Painting*, 362 F. Supp. 2d 1175, 1186 (C.D. Cal. 2005); see also *United States v. Hartog*, 513 F.3d 991, 998 (9th Cir. 2008) ("Where an act or omission giving rise to the forfeiture occurs in a district, the corresponding district possesses jurisdiction over the forfeiture action regardless of its control over the res.").  In using the term "any," Congress chose language that is deliberately "broad" and "expansive" in its scope.  *See generally Ali v. BOP*, 552 U.S. 214, 219 (2008) (finding that when Congress uses the word "any" to modify a noun in a statute, it intends the language to have a "broad" and "expansive" scope).

The facts alleged in the indictment outline multiple allegations, including forfeiture based on money laundering statutes and facilitation of prostitution, which statutes provide for the forfeiture of assets involved in or traceable to the proceeds of these enumerated criminal acts.  Numerous acts in connection with the illegal proceeds are alleged to have occurred in the District of Arizona, including conspiracy in violation of the Travel Act (18 U.S.C. § 1952(a)(3)(A)) (Dkt.

#230 at ¶¶195-96.), facilitating prostitution (Dkt. #230 at ¶¶200-01.), conspiracy to commit money laundering (Dkt. #230 at ¶¶202-03.), money laundering concealment (Dkt. #230 at ¶¶204-05.), promoting international money laundering (Dkt. #230 at ¶¶206-07.), transactional money laundering (Dkt. #230 at ¶¶208-09.), and concealing international money laundering (Dkt. #230 at ¶¶210-11.).  Likewise, these illegal activities have a direct nexus to the Central District of California.

Defendants' argument that the government is engaged in "forum shopping" completely ignores the extensive and detailed allegations set forth in the indictment.  As explained above, the indictment very specifically and in detail alleges multiple acts in this District in furtherance of the conspiracy, which is the underlying basis for the forfeiture of the defendant assets.

Defendants also ignore the fact that where there is an indictment, the government need not pursue a forfeiture complaint civilly, but, instead, may proceed by criminal forfeiture alone if it elects.[1]  As such, this Court has full

---

[1] The government may elect to pursue civil forfeiture, criminal forfeiture, or both mechanisms to forfeit the same property traceable to the same criminal act(s).  *See* 18 U.S.C. §§ 981(a)(1)(A), 982(a)(1); *United States v. One 1978 Piper Cherokee Aircraft*, 91 F.3d 1204, 1209-10 (9th Cir. 1996); *United States v. Candelaria-Silva*, 166 F.3d 19, 43 (1st Cir. 1999); *United States v. Cunan*, 156 F.3d 110, 117 (1st Cir. 1998) ("The United States Code specifically contemplates the possibility of duplicative forfeiture proceedings ... ."). Cf. *United States v. One 1985 Mercedes-Benz, 300 SD, VIN WDBCB20C6FA177831*, 14 F.3d 465, 467 (9th Cir. 1994) ("Congress allowed for both the civil forfeiture, under 18 U.S.C. § 981 . . ., and the criminal forfeiture, under 18 U.S.C. § 982, of 'property involved' in violations of reporting requirements included in other sections of Title 31.").  This is so because, as the Ninth Circuit pointed out above, "criminal and civil forfeiture actions are . . . based on different legal principles . . . . [C]riminal

statutory authority to consider this motion and issue an order allowing the government to maintain custody of property already in the government's possession pending the resolution of this criminal matter.[2]  Moreover, the government is not interfering with the authority and jurisdiction of another district court given that statutory authority contemplated such concurrent proceedings and authorizes the government to pursue both matters concurrently.

As such, defendants' "forum shopping" argument is unavailing and lacks merit, and defendants remain free to seek any relief they deem appropriate in this District.

B.   The Government Is Justified In Maintaining The Assets

Notwithstanding that the Department of Justice's Policy Manual creates no substantive rights, defendants site to the Manuel for the proposition that the government may only seek a

---

forfeiture actions are *in personam* proceedings against the defendant . . . .  By contrast, civil forfeiture actions are *in rem* proceedings against specific pieces of property." *United States v. $20,193.39 U.S. Currency*, 16 F.3d 344, 347 (9th Cir. 1994).

[2]  Title 21 U.S.C. § 853(a)(1) subjects property "constituting, or derived from, any proceeds the [defendants] obtained, directly or indirectly" to criminal forfeiture provided that said defendants are "convicted of a violation of this subchapter." Section 853(a)(1) also allows this District to "enter a restraining order or injunction" pursuant to 21 U.S.C. § 853(e). Likewise, the Supreme Court has recognized that 21 U.S.C. § 853(c) "reflects the application of the long-recognized and lawful practice of vesting title to any forfeitable assets, in the United States, at the time of the criminal act giving rise to forfeiture."  *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 627 (1989); *see also United States v. Monsanto*, 491 U.S. 600, 613 (1989) ("We cannot believe that Congress intended to permit the effectiveness of the powerful 'relation-back' provision of § 853(c) ... to be nullified by any other construction of the statute.").  Here, this standard is satisfied by the indictment's specification of multiple acts in furtherance of the conspiracy that occurred in this District.

protective order pursuant to Section 853(e)(1) when the government has already obtained lawful custody.  Opposition, p. 4.  Not only do defendants' arguments on this point appeal to no binding authority upon either the government or this Court, their arguments are internally inconsistent in that they ignore that portion of the Manual that contradicts their argument.  In pertinent part, the Manual states, "[I]t is perfectly appropriate for the Government to maintain possession of such property prior to the entry of a preliminary order of forfeiture as long as [the Government] has a valid basis for holding the property."  Department of Justice, *Policy Manual: Asset Forfeiture Policy Manual* (2016) (*available at* https://www.justice.gov/criminal-afmls/file/839521/download), Chap. 1, Sec.III.C (at page 34) (the "Manual").

    The government is well within its rights to seek custody and control of the property pursuant to a court order, whether it be through an injunction or similar remedy.  Where "the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section."  21 U.S.C. § 853(e)(1); *see also* 21 U.S.C. § 853(f).  This statute also allows this Court to "take any other action to preserve the availability of the property ... for forfeiture ... ."  *Id.*  Moreover, as evidenced by the allegations set forth in the indictment, the government has shown a clear basis for maintaining possession and control of the property pending the resolution of this criminal matter.

///

///

WHEREFORE, pursuant to section 853(e)(1), the United States respectfully moves this Court to issue an Order directing the United States to maintain custody of the seized assets described above through the conclusion of the pending criminal case, and stating that such Order satisfies the requirements of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

DATED: September 12, 2018

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

*/s/John J. Kucera*
KEVIN RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
JOHN J. KUCERA
Assistant U.S. Attorneys

REGINALD JONES
Senior Trial Attorney