# EXHIBIT A



**U.S. Department of Justice**

United States Attorney
District of Arizona

| | |
|---|---|
| Two Renaissance Square | Main: (602) 514-7500 |
| 40 N. Central Ave., Suite 1800 | Main Fax: (602) 514-7693 |
| Phoenix, AZ 85004-4408 | |

May 24, 2018

Paul J. Cambria Jr.
Attorney at Law
Lipsitz Green Scime Cambria,
LLC
42 Delaware Ave, Suite 120
Buffalo, NY 14202
(attorney for Michael Lacey)

Jim Grant
Davis Wright Tremaine, LLP
1201 Third Avenue,
Suite 2200
Seattle, WA 98101
(attorney for Lacey and Larkin)

Robert Corn-Revere
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue N.W.,
Suite 800
Washington, DC 20006
(attorney for Lacey and Larkin)

Thomas H. Bienart, Jr., Esq.
Bienart, Miller & Katzman,
PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(attorney for James Larkin)

Michael D. Kimerer, Esq.
1313 E. Osborn Road,
Suite 100
Phoenix, AZ 85014
(attorney for Jed Brunst)

Bruce Feder, Esq.
2930 East Camelback Road,
Suite 205
Phoenix, AZ 85016
(attorney for Scott Spear)

KC Maxwell, Esq.
Law Office of K.C. Maxwell
235 Montgomery Street,
Suite 1070
San Francisco, CA 94104
(attorney for Dan Hyer)

Mike Piccarreta, Esq.
Piccarreta Davis Keenan Fidel, PC
2 East Congress Street,
Suite 1000
Tucson, AZ 85701
(attorney for Andrew Padilla)

Steve Weiss
Attorney at Law
Karp & Weiss, PC
3060 North Swan Rd.
Tucson, AZ 85712
(attorney for Joye Vaught)

Re:   U.S. v. Michael Lacey, et.al.
       CR-18-00422-PHX-SPL (BSB)

Dear Counsel:

Pursuant to your request for discovery and the government's obligations under Fed. R. Crim. P. 16 and the stipulated scheduling order in this case, please find enclosed two hard drives containing the government's initial disclosure.[1] The drive labeled *Hard Drive #1* contains the following Bates Stamped records:

---

[1] Hard Drives containing disclosure for defendants Michael Lacey and James Larkin are being provided to Paul J. Cambria Jr. and Thomas H. Bienart Jr., respectively.

Lacey, et. al. Discovery Letter 1
May 24, 2018
Page 2

- USAO 108 Subpoena – DOJ-BP-0000000001-DOJ-BP-0001037594
- Permanent Subcommittee Investigation (PSI) – DOJ-BP-0001037595-DOJ-BP-0002102561
- USAO 359 Subpoena – DOJ-BP-0002102562-DOJ-BP-0002137199
- California Department of Justice – DOJ-BP-0002137200-DOJ-BP-0003851025
- Carl Ferrer Gmail – DOJ-BP-0003851026-DOJ-BP-0004425148
- Additional Co-Star[2] – DOJ-BP-0004425149-DOJ-BP-0004425622
- SW Applications/Affidavits and Sealed GJ Pleadings/Orders – DOJ-BP-0004425623-DOJ-BP-0004426152
- USAO 108 Subpoena (supplemental) – DOJ-BP-0004426153-DOJ-BP-0004426710

The drive labeled *Hard Drive #2* contains Co-Star Bates Stamped records 17-0040_000000001-17-0040_005901038 and 17-0040_MOBILE_000000001-17-0040_MOBILE_000047872.

Any discovery provided which is not mandated by court order, the Federal Rules of Criminal Procedure, federal statute, or federal case law is provided voluntarily solely to expedite litigation of this case. Additional Rule 16 discovery within the government's possession will be provided to you by the court-imposed compliance deadline of December 3, 2018. The remainder of this letter sets forth government requests, and concludes with general discovery expectations.

A.   Defense requests

Pursuant to Rule 16.1 of the Arizona Local Rules of Criminal Procedure and Rules 12(b)(4) and 16(a)(1)(A) & (B) of the Federal Rules of Criminal Procedure, the government gives notice of its intent to use at trial the following information: (1) the substance of any relevant oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent if such statements will be used at trial; (2) any relevant written or recorded statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; (3) any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and (4) any recorded testimony by the defendant before a grand jury relating to the charged offense. In the event that additional evidence of this nature becomes available, it will be provided to you as part of the discovery process.

In the event that any interview notes subsequently prove to be discoverable, and pursuant to *U.S. v. Harris*, 543 F.2d 1247 (9th Cir. 1976), federal government agents have preserved and will continue to preserve any notes of interviews with the defendants in this case.

The United States does not share the view, nor is it aware of authority to support the position, that the Sentencing Guidelines create additional defense discovery privileges. Please be advised that the United States will continue to comply with its discovery obligations pursuant to

---

[2] Co-Star records produced to the government without assigned bates numbers.

Lacey, et. al. Discovery Letter 1
May 24, 2018
Page 3

applicable constitutional requirements, federal discovery rules, and applicable case law, including but not limited to *Brady v. Maryland*, 373 U.S. 83 (1963).

Pursuant to Rule 16(a)(1)(F) & (G), the government intends to use expert testimony at trial. The government will supplement this response by the deadline specified in the scheduling order (i.e., December 14, 2018) after the experts have been retained and their reports have been prepared and their intended testimony is known.

Pursuant to Rule 404(b) of the Federal Rules of Evidence, the discovery now being provided to you (as well as the discovery materials that will be produced in the future) may relate to other acts by the defendant which may be relevant to the actions of the defendant that resulted in the criminal charges in this case. This letter serves as notice of the government's intent to use this evidence at trial.

You have also requested notice of all evidence which may be used at trial by the government. Pursuant to Rule 12(b)(4)(B) and Rule 16(a)(1)(E), the government may use all evidence disclosed at trial. The government reserves the right to supplement the evidence disclosed prior to trial.

B.      Government requests

Please also consider this letter the government's request for reciprocal discovery pursuant to Rule 16(b)(1)(A) and (B) of the Federal Rules of Criminal Procedure by the court-imposed March 4, 2019 deadline. I am requesting permission to inspect and copy or photograph any books, papers, documents, photographs, tangible objects, or copies of portions thereof, which are in your possession, custody or control, and which you intend to introduce as evidence in your case-in-chief at trial. We also request permission to inspect and copy or photograph any results or reports of physical or mental examinations, scientific tests or experiments made in connection with the case, or copies thereof, within your possession, custody, or control, which you intend to introduce as evidence in your case-in-chief at trial, or which were prepared by a witness whom you intend to call at trial.

Pursuant to Rule 16(b)(1)(C), I am requesting a written summary of any expert testimony the defendant intends to use as evidence at trial by the court-imposed March 14, 2019.

I also wish to respectfully call your attention to Rules 12.1, 12.2, and 12.3 of the Federal Rules of Criminal Procedure with respect to the defenses of alibi, mental capacity and public authority. Failure to comply with the time limits of those rules may result in a refusal by the court to permit testimony in support of those defenses.

Pursuant to Rule 12.1(a) of the Federal Rules of Criminal Procedure, the government specifically requests that the defendant serve upon the undersigned a written notice of intention to offer an alibi defense within ten days of the receipt of this letter. Please include in your response each specific place your client claims to have been as well as the names, addresses, and telephone numbers of any witnesses upon whom you intend to rely to establish the alibi. The government hereby states that the offenses were committed on the dates set forth in the charging document and

Lacey, et. al. Discovery Letter 1
May 24, 2018
Page 4

that the offenses were committed at the locations indicated in the charging document and/or discovery materials.

     C.     General expectations

     To avoid delay during the trial, it is my intention that information, statements, and reports discoverable under the Jencks Act and Fed. R. Crim. P. 26.2 which are not provided sooner will be produced by the court-imposed February 25, 2019 deadline. In order to avoid delay in the defense obligations under Rule 26.2, please provide me with any typed, handwritten or recorded statements made by any defense witnesses other than the defendant by the court-imposed May 27, 2019 deadline..

     We have no desire to prosecute the wrong person, and would appreciate the opportunity to evaluate the necessity of proceeding in light of any information you have indicating that your client did not commit the offense or offenses charged. Please communicate this request to your client so that, through you, we can receive and consider any such information.

     Finally, the government will comply with, and expects reciprocal compliance with, Fed. R. Crim. P. 16(c), which states as follows:

> "A party who discovers additional evidence or material before or during trial must promptly disclose its existence to the other party or the court if: (1) the evidence or material is subject to discovery or inspection under this rule; and (2) the other party previously requested, or the court ordered, its production."

Lacey, et. al. Discovery Letter 1
May 24, 2018
Page 5

Thank you for your cooperation.  Please call with any questions or concerns.

                                        Sincerely,

                                        ELIZABETH A. STRANGE
                                        First Assistant United States
                                        Attorney
                                        *s/Kevin M. Rapp*
                                        KEVIN M. RAPP
                                        MARGARET PERLMETER
                                        PETER S. KOZINETS
                                        ANDREW STONE
                                        Assistant U.S. Attorneys

                                        JOHN J. KUCERA
                                        Special Assistant U.S. Attorney

                                        REGINALD E. JONES
                                        Senior Trial Attorney, USDOJ

KMR/sh
Enclosures

# EXHIBIT B

 **Davis Wright Tremaine LLP**

Suite 2200
1201 Third Avenue
Seattle, WA  98101-3045

**James Grant**
206-757-8096 tel
206-757-7096 fax

jimgrant@dwt.com


**VIA EMAIL & HAND DELIVERY**

September 15, 2017

Dominic Lanza
Kevin M. Rapp
Office of the United States Attorney
District of Arizona
40 North Central Ave., Suite 1200
Phoenix, AZ  85004-4408
DLanza@usa.doj.gov
Kevin.Rapp@usdoj.gov

Reginald E. Jones
United States Department of Justice
1400 New York Ave., N.W.
Washington, DC  20530
Reginald.Jones4@usdoj.gov

      Re:    Production in Response to Grand Jury Subpoena No. 16-04-108

Dear Counsel:

I write in response to your email of September 7 inquiring about production of materials in response to Grand Jury Subpoena No. 16-04-108 in light of the issuance of the Ninth Circuit's mandate.  From DOJ's representations to the Ninth Circuit, we understand that you already have the materials covered by the subpoena, but we are producing them again with the hard copy version of this letter.  We are also providing privilege logs.  Please note that among the privileged documents that have been identified but not produced are ones that were inadvertently produced previously (and were identified) to the U.S. Senate Permanent Subcommittee on Investigations.

We are also providing a sheet providing instructions and passwords for accessing the documents on the hard drive.

Will you please send me a note acknowledging your receipt of the hard drive.  Further, I suggest we provide a joint statement to the District Court that Backpage and Mr. Ferrer have complied with the Court's April 7 order.  If you are agreeable, I will send a draft.

Messrs. Lanza, Rapp and Jones
September 15, 2017
Page 2

Sincerely,

DAVIS WRIGHT TREMAINE LLP

James C. Grant

Enclosure (w/ hardcopy version of letter)

cc:     Tom Henze
        Janey Henze Cook
        (w/o encl.)

# EXHIBIT C

| | |
|---|---|
| **From:** | Jones, Reginald (CRM) |
| **To:** | Paul Cambria; Rapp, Kevin (USAAZ) |
| **Cc:** | Erin E. McCampbell |
| **Subject:** | RE: Discovery updates |
| **Date:** | Tuesday, August 14, 2018 12:38:00 PM |
| **Attachments:** | 17-0040_005368175.pdf |
| | 17-0040_000002818.pdf |
| | 17-0040_000337834.pdf |
| | 17-0040_005364265.pdf |
| | 17-0040_005369208.pdf |
| | 17-0040_005368419.pdf |
| | 17-0040_005366927.pdf |
| | 17-0040_000043883.pdf |
| | 17-0040_005366836.pdf |
| | 17-0040_001529836.pdf |
| | 17-0040_000002819.pdf |
| | image001.png |

Paul:

On July 19, the government disclosed more than 1,070 pages of documents it believes support the allegations contained in the indictment.  *See* Bates Stamped Records DOJ-BP-0004601039-DOJ-BP-0004602110.   This production included, to our knowledge, all of the emails and other internal Backpage documents that are referenced in the indictment.  It's therefore surprising to hear you contend that "[a]lthough [it] included a few of the emails referenced in the indictment, it did not include many of the documents, including copies of the ads."  Other than victim ads (which are addressed in more detail below), we believe the July 19 disclosure was quite comprehensive.  Furthermore, we intend to disclose the additional documents we believe support the new allegations contained in the superseding indictment within the next few weeks.

We also intend to provide victim-related materials (including the ads discussed in Counts 2-51).  Although we hope to include this material in our next wave of disclosure, the privacy-redaction process is time-consuming.

With respect to the Backpage.com server data, we are still trying to address some technical issues and hope to make it available to the defense in the near future.  That said, it is massive in volume, so it may make sense for your technical folks to speak directly with our technical folks to ensure that everybody is on the same page.

Finally, with respect to CoStar materials, enclosed with this email are some individual documents that we believe are relevant and might be utilized at trial.  We will continue, in the coming months, to identify additional CoStar documents that are relevant, although we don't anticipate that the number of documents so identified will be voluminous.

**Reginald E. Jones**
**U.S. Department of Justice, Criminal Division**
T: 202.616.2807 | reginald.jones4@usdoj.gov

**From:** Kristina Drewery [mailto:kdrewery@lglaw.com] **On Behalf Of** Paul Cambria
**Sent:** Wednesday, August 8, 2018 9:22 AM

**To:** Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>; Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>
**Cc:** Erin E. McCampbell <emccampbell@lglaw.com>
**Subject:** Discovery updates

Kevin and Reggie:

When we conferred on July 3 about the government's production of documents to the defendants, you said you would be producing to us, in short order, copies of all the documents referenced in the indictment, including copies of ads, emails, and the like. Although your subsequent "hot docs" production included a few of the emails referenced in the indictment, it did not include many of the documents, including copies of the ads. When can we expect to see the remainder of the documents referenced in the indictment (and now superseding indictment)?

Also, at the end of that same call we discussed the status of the Backpage.com website and related databases, and our need to access data from the website/databases. You said you would inquire of your technical folks about the status of the Backpage.com website/databases. We've not heard back from you on that point either.

Finally, you also said you would disclose individual documents from the "CoStar" production that you viewed as relevant to the indictment. Your "hot docs" production included a few emails mentioning Avion. Are those emails the universe of documents from the "CoStar" production that you view as relevant to the indictment? Or do you expect to produce additional documents (and, if so, when)?

 **Lipsitz Green
Scime Cambria** LLP

**Kristina Drewery**
Legal Assistant to Paul J. Cambria, Jr.

42 Delaware Ave | Suite 120 | Buffalo, NY 14202
**TEL** 716 849 1333 x346 | **FAX** 716 855 1580
**email** | **website** | **map**

**NOTICE:** This message contains privileged and confidential information intended only for the use of the persons named above. If you are not the intended recipient, you are hereby notified that any distribution or copying of this message is

prohibited.

# EXHIBIT D



**U.S. Department of Justice**

United States Attorney
District of Arizona

Two Renaissance Square          Main:   (602) 514-7500
40 N. Central Ave., Suite 1800   Main Fax: (602) 514-7693
Phoenix, AZ  85004-4408

July 19, 2018

Paul J. Cambria Jr.
Attorney at Law
Lipsitz Green Scime Cambria,
LLC
42 Delaware Ave, Suite 120
Buffalo, NY 14202
(attorney for Michael Lacey)

Jim Grant
Davis Wright Tremaine, LLP
1201 Third Avenue,
Suite 2200
Seattle, WA 98101
(attorney for Lacey and Larkin)

Robert Corn-Revere
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue N.W.,
Suite 800
Washington, DC 20006
(attorney for Lacey and Larkin)

Thomas H. Bienart, Jr., Esq.
Bienart, Miller & Katzman,
PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(attorney for James Larkin)

Michael D. Kimerer, Esq.
1313 E. Osborn Road,
Suite 100
Phoenix, AZ 85014
(attorney for Jed Brunst)

Bruce Feder, Esq.
2930 East Camelback Road,
Suite 160
Phoenix, AZ 85016
(attorney for Scott Spear)

KC Maxwell, Esq.
Maxwell Law PC
899 Ellis Street
San Francisco, CA 94104
(attorney for Dan Hyer)

Mike Piccarreta, Esq.
Piccarreta Davis Keenan Fidel, PC
2 East Congress Street,
Suite 1000
Tucson, AZ  85701
(attorney for Andrew Padilla)

Steve Weiss
Attorney at Law
Karp & Weiss, PC
3060 North Swan Rd.
Tucson, AZ 85712
(attorney for Joye Vaught)

Re:    <u>U.S. v. Michael Lacey, et.al.</u>
CR-18-00422-PHX-SPL (BSB)

Dear Counsel:

Pursuant to the government's agreement to disclose documents it believes support the allegations contained in the indictment, please find enclosed a DVD containing the following Bates Stamped records:

Lacey, et. al.
July 19, 2018
Page 2

- "Hot Docs" – DOJ-BP-0004601039-DOJ-BP-0004602110[1]

This disclosure is without prejudice and will be supplemented throughout the case.

Please let us know if you have any questions or concerns.

Sincerely,

ELIZABETH A. STRANGE
First Assistant United States
Attorney

s/Reginald E. Jones
REGINALD E. JONES
Senior Trial Attorney, USDOJ

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
Assistant U.S. Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

Enclosures

---

[1] A DVD containing disclosure for defendants Michael Lacey and James Larkin are being provided to Paul J. Cambria Jr. and Thomas H. Bienart Jr., respectively.

# EXHIBIT E



**U.S. Department of Justice**

United States Attorney
District of Arizona

Two Renaissance Square           Main:   (602) 514-7500
40 N. Central Ave., Suite 1800   Main Fax:  (602) 514-7693
Phoenix, AZ 85004-4408

September 24, 2018

Paul J. Cambria Jr.
Attorney at Law
Lipsitz Green Scime Cambria,
LLC
42 Delaware Ave, Suite 120
Buffalo, NY 14202
(attorney for Michael Lacey)

Jim Grant
Davis Wright Tremaine, LLP
1201 Third Avenue,
Suite 2200
Seattle, WA 98101
(attorney for Lacey and Larkin)

Robert Corn-Revere
Davis Wright Tremaine, LLP
1919 Pennsylvania Avenue N.W.,
Suite 800
Washington, DC 20006
(attorney for Lacey and Larkin)

Thomas H. Bienart, Jr., Esq.
Bienart, Miller & Katzman,
PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(attorney for James Larkin)

Michael D. Kimerer, Esq.
1313 E. Osborn Road,
Suite 100
Phoenix, AZ 85014
(attorney for Jed Brunst)

Bruce Feder, Esq.
2930 East Camelback Road,
Suite 160
Phoenix, AZ 85016
(attorney for Scott Spear)

Mike Piccarreta, Esq.
Piccarreta Davis Keenan Fidel,
PC
2 East Congress Street,
Suite 1000
Tucson, AZ 85701
(attorney for Andrew Padilla)

Steve Weiss
Attorney at Law
Karp & Weiss, PC
3060 North Swan Rd.
Tucson, AZ 85712
(attorney for Joye Vaught)

Gary Lincenberg
Bird, Marella, Boxer, Wolpert,
Nessim, Drooks, Lincenberg &
Rhow, P.C.
1875 Century Park East
23rd Floor
Los Angeles, CA 90067
(attorney for Jed Brunst)

Re:   U.S. v. Michael Lacey, et.al.
      CR-18-00422-PHX-SPL (BSB)

Dear Counsel:

Pursuant to your request for discovery and the government's obligations under Fed. R.
Crim. P. 16 and the stipulated scheduling order in this case, please find enclosed a thumb drive

Lacey, et. al. Discovery Letter 1
September 24, 2018
Page 2

containing the government's fourth disclosure.[1] The thumb drive contains the following Bates Stamped records:

- Backpage Agendas – DOJ-BP-0004602111-DOJ-BP-0004602507
- Backpage Superseding Indictment "Hot Docs" – DOJ-BP-0004602508-DOJ-BP-0004602851
- Co-Star "Hot Docs" – DOJ-BP-0004602852-DOJ-BP-0004602926
- Financial Records – DOJ-BP-0004602927-DOJ-BP-0004683544

Please call with any questions or concerns.

Sincerely,

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

REGINALD E. JONES
/s Reginald Jones
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

ELIZABETH A. STRANGE
First Assistant U.S. Attorney

KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
Assistant United States Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

Enclosures

---

[1] A thumb drive containing disclosure for defendants Michael Lacey, James Larkin, and Jed Brunst are being provided to Paul J. Cambria Jr., Thomas H. Bienart Jr., and Michael Kimerer respectively.

# EXHIBIT F

| | |
|---|---|
| **From:** | Lanza, Dominic (USAAZ) |
| **To:** | Michael Piccarreta |
| **Cc:** | Rapp, Kevin (USAAZ); Jones, Reginald (CRM); Perlmeter, Margaret (USAAZ) |
| **Subject:** | RE: Andrew Padilla |
| **Date:** | Thursday, December 21, 2017 4:59:41 PM |
| **Attachments:** | Padilla Docs.pdf |

Hi, Mike:

Nice speaking with you today. Here are some of the case citations I mentioned, which involve prosecutions under 18 USC 1952 (Travel Act) and 18 USC 1956/1957 (money laundering) of folks who were helping facilitate escort businesses or strip clubs that were fronts for prostitution:

- *United States v. Nader*, 542 F.3d 713 (9th Cir. 2008) (affirming Travel Act convictions of the owner and operator of a massage studio that operated as a front for prostitution).

- *United States v. Vitich*, 357 F. Supp. 102 (W.D. Wisc. 1973) (sustaining Travel Act charges against the operators of a laundry service who supplied sheets, towels, and linens to prostitutes who were operating out of a casino hotel—the provision of laundry services was enough to "facilitate" a state-law prostitution offense).

- *United States v. Hurant*, 2017 WL 3475052 (E.D.N.Y. 2017) (founder of MyRentBoy.com pleaded guilty to 1952 charges)

- *United States v. Omuro* N.D. Cal. No. CR 14-CR-336-WHO (founder of MyRedbook.com pleaded guilty to 1952 charges).
- *United States v. Sigalow*, 812 F.2d 783 (2d Cir. 1987) (affirming Travel Act conviction of the manager of a massage parlor that acted as a front for prostitution and holding that the company's publication of advertisements in *The Village Voice* helped supply the requisite interstate link)

- *United States v. Fedele*, 2014 WL 3847402 (W.D. Ark. 2014) ("[T]he Government did not have to prove that the Defendant persuaded, induced, enticed, or coerced the escorts to have sexual relations with clients; rather, the Government only had to prove that Defendant knew the escorts were engaging in acts of prostitution and that Defendant used a facility of interstate commerce to facilitate the carrying on of this activity.").

- *United States v. Baker*, 227 F.3d 955 (7th Cir. 2000) (holding that all of the ATM transactions and bank transactions of a massage parlor that was a front for prostitution can be charged as promotional money laundering: "It is not necessary, as Baker contends, for the government to separate out income from bona fide massages (whatever those were) from income from sexual services.").

Also, I've enclosed some of documents that we discussed during the meeting. This email includes all of the .pdf files that we discussed, which I've combined into a single file. In a few moments, I'll be sending a separate email containing all of the Word docs, Excel sheets, and Powerpoint presentations that we discussed. (Space limitations prevent me from including everything in a single

email.)

Please let me know if you need anything else.  Otherwise, happy holidays and hope to hear from you in January.

-Dom

**From:** Michael Piccarreta [mailto:mlp@pd-law.com]
**Sent:** Monday, December 18, 2017 3:33 PM
**To:** Lanza, Dominic (USAAZ) <DLanza@usa.doj.gov>; Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>
**Subject:** RE: Andrew Padilla

We are on for Thursday 9 am at your office. mlp

Michael L. Piccarreta, Esq.
Piccarreta Davis Keenan Fidel PC | 2 East Congress Street, Suite 1000, Tucson, AZ 85701
t 520.622.6900, ext. 133 | f 520-622-0521 | www.pd-law.com

**From:** Lanza, Dominic (USAAZ) [mailto:Dominic.Lanza@usdoj.gov]
**Sent:** Wednesday, December 13, 2017 10:43 AM
**To:** Michael Piccarreta; Rapp, Kevin (USAAZ)
**Subject:** RE: Andrew Padilla

Yes, that works.  Thanks.  602-514-7651.

**From:** Michael Piccarreta [mailto:mlp@pd-law.com]
**Sent:** Wednesday, December 13, 2017 10:18 AM
**To:** Lanza, Dominic (USAAZ) <DLanza@usa.doj.gov>; Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>
**Subject:** RE: Andrew Padilla

I will call you tomorrow after lunch 2pmish. Does that wok for you?  mlp

Michael L. Piccarreta, Esq.
Piccarreta Davis Keenan Fidel PC | 2 East Congress Street, Suite 1000, Tucson, AZ 85701
t 520.622.6900, ext. 133 | f 520-622-0521 | www.pd-law.com

**From:** Lanza, Dominic (USAAZ) [mailto:Dominic.Lanza@usdoj.gov]
**Sent:** Wednesday, December 13, 2017 9:35 AM
**To:** Rapp, Kevin (USAAZ); Michael Piccarreta
**Subject:** RE: Andrew Padilla

Hi, Mike:

Just wanted to follow up on this.  I'm pretty free this afternoon (other than 2:30 – 3:30) or tomorrow afternoon if you have a few minutes.

**From:** Rapp, Kevin (USAAZ)
**Sent:** Wednesday, December 06, 2017 4:29 PM
**To:** Michael Piccarreta <mlp@pd-law.com>
**Cc:** Lanza, Dominic (USAAZ) <DLanza@usa.doj.gov>
**Subject:** Re: Andrew Padilla

Yes, no problem. We are around next week.

Sent from my iPhone

On Dec 6, 2017, at 4:07 PM, Michael Piccarreta <mlp@pd-law.com> wrote:

> Is next week ok? I am wrapping up a trial but should be back in the office next week.
> Mlp
>
> Sent from my iPad
>
> On Dec 4, 2017, at 10:42 AM, Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov> wrote:
>
>> Mike:
>>
>> We received your letter last week. Let us know if you have a time for a call
>> this week. Thanks.
>>
>> Kevin M. Rapp| Assistant U.S. Attorney
>> Senior Litigation Counsel
>> Financial Crimes and Public Integrity Section
>> U.S. Department of Justice | Office of the United States Attorney
>> 40 N. Central Ave., Ste. 1200, Phoenix, AZ  85004
>> 602.514.7609, kevin.rapp@usdoj.gov
>>
>>
>>
>> Kevin M. Rapp| Assistant U.S. Attorney
>> Senior Litigation Counsel
>> Financial Crimes and Public Integrity Section
>> U.S. Department of Justice | Office of the United States Attorney
>> 40 N. Central Ave., Ste. 1200, Phoenix, AZ  85004
>> 602.514.7609, kevin.rapp@usdoj.gov

# EXHIBIT G

| | |
|---|---|
| **From:** | Bruce Feder |
| **To:** | Jones, Reginald (CRM) |
| **Cc:** | Rapp, Kevin (USAAZ); Feder Law |
| **Subject:** | Re: Indictment-related documents specific to Spear - email 1 |
| **Date:** | Monday, August 27, 2018 2:25:29 PM |

Reggie,

   I received the emails. On 9/6, I'm available anytime in the afternoon.

Bruce Feder

2930 East Camelback Road, Suite 160

Phoenix, Arizona 85016

(602) 257-0135

bf@federlawpa.com

Confidentiality Notice

This email or fax, including attachments, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 1510 *et seq.* The information contained in this electronic mail or fax transmission, including any accompanying attachment, is intended solely for its authorized recipient, and may be confidential and/or legally privileged. If you are not an intended recipient, or responsible for delivering some or all of this transmission to an intended recipient, you have received this transmission in error and are hereby notified that you are strictly prohibited from reading, copying, printing, distributing, or disclosing any of the information contained in it. In that event, please contact me immediately by telephone at (602) 257-0135 or by electronic email at bf@federlawpa.com and delete the original and all copies of this transmission, including any attachments, without reading or saving them in any manner.

---

**From:** Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>

**Sent:** Sunday, August 26, 2018 6:14 PM

**To:** Bruce Feder

**Cc:** Rapp, Kevin (USAAZ)

**Subject:** Indictment-related documents specific to Spear - email 1

Bruce,

As a follow up to your request for indictment specific documents related to Spear, please find attached more than 50 hot docs specifically relating to Spear. I'll send the attachments in several emails. Please confirm that you have received all emails and attachments.

Additionally, I know we had originally set Tuesday at 1:30pm PT/4:30 ET to discuss these documents and your client's exposure, but I recently learned that I'll be out of the office most of this week. Could we please move our call to **Thursday September 6th**? I'm available anytime that day so let me know what time works best for your schedule.

Thanks,

Reggie

**Reginald E. Jones**
**U.S. Department of Justice, Criminal Division**
T: 202.616.2807 | reginald.jones4@usdoj.gov

# EXHIBIT H

| From: | Jones, Reginald (CRM) |
|---|---|
| To: | Michael Kimerer |
| Cc: | Rapp, Kevin (USAAZ); glincenberg@birdmarella.com; Ariel A. Neuman (aneuman@birdmarella.com); gpanchapakesan@birdmarella.com |
| Subject: | RE: Jed Brunst-"hot documents" - EMAIL 1 |
| Date: | Wednesday, October 3, 2018 10:15:00 AM |
| Attachments: | Brunst - website technology.pdf |
| | Brunst - signature card.pdf |
| | Brunst - Cereus properties.pdf |
| | I, paragraph 141 part 2.pdf |
| | I, Paragraph 142.pdf |
| | I, paragraph 119 part 2.pdf |
| | SSI, Paragraph 57 attachment.xlsx |

A few additional "hot docs" pertaining to Brunst attached.

**From:** Michael Kimerer [mailto:mdk@kimerer.com]
**Sent:** Tuesday, October 2, 2018 3:25 PM
**To:** Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>
**Cc:** Rapp, Kevin (USAAZ) <Kevin.Rapp@usdoj.gov>; glincenberg@birdmarella.com; Ariel A. Neuman (aneuman@birdmarella.com) <aneuman@birdmarella.com>; gpanchapakesan@birdmarella.com
**Subject:** RE: Jed Brunst-"hot documents" - EMAIL 1

Reggie-

Thank you for responding so quickly to my request for the "Hot Docs" that relate to our client Jed Brunst. I have forwarded them to Gary Lincenberg's firm who are also counsel of record for Jed. It would be helpful if you could include those attorneys in any future communications. Their email addresses are above.

When we've had a chance to review the "hot docs" we may well have some questions for you. Thanks again.

Best-

Mike

## Michael D. Kimerer, Esq.



**KIMERER & DERRICK, P.C.**
THE BEST IN CRIMINAL DEFENSE

**Telephone:** (602) 279.5900
**Email:** mdk@kimerer.com

1313 E. Osborn Road, Phoenix, AZ 85014
www.kimerer.com

| | |
|---|---|
| **From:** | Jones, Reginald (CRM) |
| **To:** | Michael Kimerer |
| **Cc:** | Rapp, Kevin (USAAZ) |
| **Subject:** | RE: Jed Brunst-"hot documents" - EMAIL 1 |
| **Date:** | Tuesday, October 2, 2018 10:36:00 AM |
| **Attachments:** | I, Paragraph 26.pdf |
| | I, Paragraph 28-30.pdf |
| | I, Paragraph 97.pdf |
| | I, Paragraph 100.pdf |
| | I, Paragraph 117 part 1.pdf |
| | I, Paragraph 117 part 2.pdf |
| | I, Paragraph 119.pdf |
| | I, Paragraph 140.pdf |
| | I, Paragraph 141, part 1.pdf |
| | I, Paragraph 143.pdf |

Mike,

Per your request, we have segregated approximately 35 "hot docs" that pertain to the allegations against Brunst. I will send these documents to you in several emails.
Once you have reviewed these documents, let us know if you would like to schedule a call to discuss the significance of these documents and the allegations against Mr. Brunst in further detail.

Best,
Reggie

**Reginald E. Jones**
**U.S. Department of Justice, Criminal Division**
T: 202.616.2807 | reginald.jones4@usdoj.gov

**From:** Rapp, Kevin (USAAZ) [mailto:Kevin.Rapp@usdoj.gov]
**Sent:** Monday, October 1, 2018 5:32 PM
**To:** Michael Kimerer <mdk@kimerer.com>
**Cc:** Jones, Reginald (CRM) <Reginald.Jones@CRM.USDOJ.GOV>
**Subject:** RE: Jed Brunst-"hot documents"

Mike,

Reggie advises that we should have the hot docs to you by Wednesday. Thanks.

Kevin

**From:** Michael Kimerer <mdk@kimerer.com>
**Sent:** Monday, September 24, 2018 2:11 PM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman
(aneuman@birdmarella.com) <aneuman@birdmarella.com>; gpanchapakesan@birdmarella.com;

Jones, Reginald (CRM) <Reginald.Jones4@usdoj.gov>; Kozinets, Peter (USAAZ)
<PKozinets@usa.doj.gov>; Stone, Andrew (USAAZ) <AStone1@usa.doj.gov>
**Subject:** RE: Jed Brunst-"hot documents"

Kevin-

It would be great and much appreciated if you could segregate the "hot documents" relating to Jed
and get them to us next week.

Mike


## Michael D. Kimerer, Esq.



## KIMERER & DERRICK, P.C.
### THE BEST IN CRIMINAL DEFENSE

**Telephone:** (602) 279.5900
**Email:** mdk@kimerer.com

1313 E. Osborn Road, Phoenix, AZ 85014
www.kimerer.com


**From:** Rapp, Kevin (USAAZ) [mailto:Kevin.Rapp@usdoj.gov]
**Sent:** Monday, September 24, 2018 2:02 PM
**To:** Michael Kimerer
**Cc:** Gary S. Lincenberg; Ariel A. Neuman (aneuman@birdmarella.com);
gpanchapakesan@birdmarella.com; Jones, Reginald (CRM); Kozinets, Peter (USAAZ); Stone, Andrew
(USAAZ)
**Subject:** RE: Jed Brunst-"hot documents"

Mike,

The "hot docs" are documents related specifically to the allegations contained in the superseding
indictment.  These docs are going out day. They are not segregated by defendant  but we could
segregate them for Brunst and send them next week if you would like.  We are always willing to
discuss the significance of the documents. Just let us know.

Best,


**Kevin M. Rapp| Assistant U.S. Attorney**
**Senior Litigation Counsel**
**Financial Crimes and Public Integrity Section**

**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ  85004**
602.514.7609, kevin.rapp@usdoj.gov

**From:** Michael Kimerer <mdk@kimerer.com>
**Sent:** Monday, September 24, 2018 1:41 PM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>
**Cc:** Gary S. Lincenberg <glincenberg@birdmarella.com>; Ariel A. Neuman
(aneuman@birdmarella.com) <aneuman@birdmarella.com>; gpanchapakesan@birdmarella.com
**Subject:** RE: Jed Brunst-"hot documents"

Kevin-

Thanks for getting back to me about the "hot documents" pertaining to Jed Brunst. Will the "hot documents" that we will be receiving regarding Jed's allegations be segregated as to him or included with a "generic" group of "hot documents" for all defendants? It would be helpful if you could segregate them. Also we've all been talking about "hot documents", but I'm not sure exactly what that means. Other than testimony, are these the documents that provide the most incriminating evidence against each defendant?

After we have had a chance to review all the "hot documents" pertaining to Jed, we may want to accept your invitation to sit down and discuss them.

Best regards-

Mike


**Michael D. Kimerer, Esq.**



**KIMERER & DERRICK, P.C.**
THE BEST IN CRIMINAL DEFENSE

**Telephone:** (602) 279.5900
**Email:** mdk@kimerer.com

1313 E. Osborn Road, Phoenix, AZ 85014
www.kimerer.com

**From:** Rapp, Kevin (USAAZ) [mailto:Kevin.Rapp@usdoj.gov]
**Sent:** Wednesday, September 19, 2018 3:54 PM
**To:** Michael Kimerer
**Subject:** RE: Jed Brunst-"hot documents"

Mike,

You should be receiving hot docs through discovery this week or next. After you have an opportunity to review let me know if you want to discuss.

Best,


**Kevin M. Rapp| Assistant U.S. Attorney**
**Senior Litigation Counsel**
**Financial Crimes and Public Integrity Section**
**U.S. Department of Justice | Office of the United States Attorney**
**40 N. Central Ave., Ste. 1800, Phoenix, AZ  85004**
**602.514.7609, kevin.rapp@usdoj.gov**




**From:** Michael Kimerer <mdk@kimerer.com>
**Sent:** Thursday, September 13, 2018 1:27 PM
**To:** Rapp, Kevin (USAAZ) <KRapp@usa.doj.gov>
**Subject:** Jed Brunst-"hot documents"


Kevin-

Several weeks ago, before the Superseding Indictment was filed, you shared with me some of the "hot documents" that pertained to the allegations against Jed Brunst. You indicated there may be others but gave me what was readily available. Would you check and see if there are any other "hot documents" pertaining to Jed and share copies with me so we have a complete set of what you think are the "hot documents" that support the Brunst allegations.

Hope all is well.

Mike

# Michael D. Kimerer, Esq.

# EXHIBIT I

## Jones, Reginald (CRM)

| | |
|---|---|
| **From:** | Jones, Reginald (CRM) |
| **Sent:** | Wednesday, January 9, 2019 3:17 PM |
| **To:** | 'sweiss@karpweiss.com'; 'cmcgarvey@karpweiss.com'; 'vvitolo@karpweiss.com' |
| **Cc:** | Rapp, Kevin (USAAZ) |
| **Subject:** | Joyce Vaught  - "hot docs" |
| **Attachments:** | SSI, paragraph 139.pdf; SSI, paragraph 145.pdf; SSI, paragraph 148.pdf; SSI, paragraph 149.pdf; SSI, paragraph 157, part 1.pdf; SSI, paragraph 157, part 2.pdf; SSI, paragraph 185.pdf; SSI, paragraph 129.pdf; SSI, paragraph 133.pdf; SSI, paragraph 137.pdf |

Good afternoon, Steve:

As you are aware, we have provided defense counsel with "hot docs" related to allegations contained in the indictment and superseding indictment in this case.  We also want to provide you with approximately 25 "hot docs" that pertain specifically to the allegations against Defendant Joye Vaught.  I will send these documents to you in several emails. When you have reviewed these documents, let us know if you would like to schedule a call to discuss their significance and the allegations against Vaught in detail.

Best,
Reggie

**Reginald E. Jones**
**U.S. Department of Justice, Criminal Division**
T: 202.616.2807 | reginald.jones4@usdoj.gov

# EXHIBIT J



**U.S. Department of Justice**

United States Attorney
District of Arizona

The Two Renaissance Square        Main:    (602) 514-7500
40 N. Central Ave., Suite 1800      Main Fax:  (602) 514-7693
Phoenix, AZ  85004-4408

December 10, 2018

Paul J. Cambria Jr.
Attorney at Law
Lipsitz Green Scime Cambria
42 Delaware Ave | Suite 120
Buffalo, NY 14202
(attorney for Michael Lacey)

Jim Grant
Davis Wright Tremaine LLP
1201 Third Avenue, Suite 2200,
Seattle, WA 98101
(attorney for Lacey and Larkin)

Robert Corn-Revere
Davis Wright Tremaine LLP
1919 Pennsylvania Avenue NW,
Suite 800
Washington, DC 20006
(attorney for Lacey and Larkin)

Thomas H. Bienart, Jr., Esq.
Beinart, Miller & Katzman,
PLC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(attorney for James Larkin)

Michael D. Kimerer, Esq.
1313 E. Osborn Road
Phoenix, AZ 85014
(attorney for Jed Brunst)

Bruce Feder, Esq.
2930 East Camelback Road, Suite
160
Phoenix, Arizona 85016
(attorney for Scott Spear)

Gary Lincenberg,Esq.
Ariel A. Neuman, Esq.
Bird, Marella, Boxer, Wolpert,
Nessim, Drooks, Lincenberg &
Rhow, P.C.
1875 Century Park East, 23rd
Floor
Los Angeles, California
90067-2561
(attorney for Jed Brunst)

Mike Piccarreta, Esq.
Piccarreta Davis Keenan Fidel PC
2 East Congress Street, Suite 1000
Tucson, AZ  85701
(attorney for Andrew Padilla)

Steve Weiss
Attorney at Law
Karp & Weiss, P.C.
3060 North Swan Rd.
Tucson, Arizona 85712
(attorney for Joye Vaught)

      Re:   <u>U.S. v. Michael Lacey, et al.</u>
             CR-18-00422-PHX-SPL (BSB)

Dear Counsel:

      This letter is meant to address the content on a number of servers that were seized and how we intend to comply with our Rule 16 obligations. As background, the United States seized 32 servers and three hard drives located in Tucson at an Internet service provider known as Desert Net. Desert Net was the primary domestic (Internet) host for Backpage.  The servers have varying

December 10, 2018
Page 2

amounts of storage: some have 14.4 Terabyte (TB), another 7.2 TB, others 19.2 TB while others have 120 TB of storage. We have not gone through every server to determine the capacity. In the last subpoena we wrote, we estimated the capacity at approximately 500 TB or ½ petabyte (PB). Five additional servers were seized from Dallas, TX; one from Backpage Headquarters, and four additional servers from a datacenter in Dallas. Investigating agents also located 40 servers at a datacenter in Amsterdam, the Netherlands. Agents took possession of nine of the 40 servers in Amsterdam pursuant to an MLAT request and brought those servers to the Pocatello FBI office for examination. To date, two of the servers seized from the Tucson, AZ datacenter have been imaged, and the examination is ongoing. Also, four of the servers from the Amsterdam datacenter have been imaged.

All seized servers are being prioritized to be added to the queue to be imaged and prepared for review. One of the domestic servers contain literally millions of images that were uploaded for postings. The second server has over 100 separate databases which were used by Backpage to house, organize, and store data for the Backpage websites. The server's databases were named based on geographic regions. Some databases correlate with airport codes and others are a three-letter code that represent a yet undetermined geographic region. From this server we have access to the raw database files and are working to reconstruct the .ibd and .frm database files. These raw database files cannot be simply reviewed or loaded into a viewer to reconstruct the data. We are currently working on a solution to review these database files and correlate the images posed to the image server to the posts from the database files. Investigators were informed by the DesertNet administrators that the 31 servers remaining in Amsterdam did not contain pertinent data, but were utilized for frontend websites associated with Backpage. Once all servers are imaged, investigators will be able to provide hash verified image copies of all imaged drives. Due to the capacity of the Backpage servers this will be a time intensive undertaking and the imaged copies will be distributed over hundreds of hard disk drives.

In the final analysis, these servers contain millions of postings, both domestic and international, that are typical of the ads that are referenced in the PSI report, the Superseding Indictment, and provided discovery. As you know, the international postings contain considerably more explicit text and photos indicative of prostitution because they were not subject to moderation and in some of the countries, unlike the United States, prostitution is legal. A random sampling demonstrates that the domestic postings are typical of all too familiar ads that contain coded text and photos indicative of prostitution. It is unclear how a review of each posting would lend itself to the stated defense that they are protected by the First Amendment. In any event, we intend to provide defendants a single copy of the hard drives for review. If you disagree with this process please advise so that we may promptly raise this issue with the Court.

December 10, 2018
Page 3

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

ELIZABETH A. STRANGE
First Assistant U.S. Attorney


s/ Kevin M. Rapp
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
Assistant United States Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney