MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-422-PHX-SPL (BSB) |
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANTS' JOINT MOTION FOR AN ADJOURNMENT OF THE 5/27/19 DISCOVERY DEADLINE (Doc. 610)** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

**INTRODUCTION AND SUMMARY OF ARGUMENT**

The United States of America, by and through undersigned counsel, submits this response to Defendants' Joint Motion for an Adjournment of the 5/27/19 Discovery

Deadline. (Doc. 610). For several reasons, Defendants' continuing requests to delay the Scheduling Order deadlines previously negotiated and agreed to by the parties is unavailing and should be rejected.

*First,* Defendants' claim that they do not have access to servers that contain millions of ads for prostitution (many of them redundant) posted in Backpage's domestic and international markets has nothing to do with their ability to produce statements from testifying witnesses. Notably, some of the defense witnesses have already been identified as expert witnesses. It is unclear why any of the statements produced for these identified witnesses cannot be disclosed.

*Second*, the United States has provided all Jencks Act statements in the government's possession with the exception of a single witness, Carl Ferrer. It is unclear, however, why this prevents Defendants from providing Rule 26.2 statements that are currently in their possession.

*Third*, the government has provided Defendants with a preliminary exhibit list identifying nearly 1200 exhibits. In many cases, the exhibits have a corresponding Bates number. The government is diligently working to supplement the list with a complete set of Bates-number references. As stated in the government's status memorandum (Doc. 524), the government intends to periodically provide updated exhibit and witness lists to Defendants. Importantly, many of the exhibits (mainly numerous internal Backpage emails) were disclosed to the government *by* Defendants (via grand jury subpoena), and many others are public source documents (*e.g*., article, videos, etc.). The United States has also provided disclosure obtained in parallel civil cases *against* Defendants where the United States was not a party. Indeed, some of the same attorneys representing Defendants in this case were attorneys (primarily from the firm of Davis Wright Tremaine) for Defendants in related criminal and civil cases. In sum, the discovery should be familiar to Defendants. But again, this does not prevent Defendants from producing 26.2 statements in their possession.

Lastly, Defendants' claim that they lack sufficient funds to review the evidence is belied by the fact that they are receiving funds on a monthly basis. (*See* Doc. 476-1 at 31-34 (Decl. of Lyndon Versoza).) Moreover, as noted in other pleadings, Defendants have failed to pursue a *Monsanto* hearing (*see, e.g.*, Doc. 446 at 1-5), and they have advised the Court that they are exploring ways to reduce their costs of reviewing evidence. (*See, e.g.,* Doc. 348, 10/5/18 Hr'g Tr., Vol. II at 115-18.) In any event, this has nothing to do with their ability to simply produce statements that are currently in their possession.

## RELEVANT FACTS

On April 26, 2018, the parties agreed on a scheduling order. (Doc. 121.) The government requested a trial date of October 7, 2019. (*Id.*) Defendants believed a more reasonable date was January 15, 2020. (*Id.* n.4.) On May 5, 2018, the Court accepted the parties' scheduling order but agreed with Defendants' requested trial date and set a trial date for January 15, 2020. (Doc. 131 (Scheduling Order).) The other deadlines were not extended to correspond with the January 15, 2020 trial date. The government has complied with every date set forth in the Scheduling Order. The compliance by the government is set forth in the United States status memorandum. (Doc. 524.) Importantly, the United States has provided Defendants with 85 witness interviews and Jencks Act statements. (*Id.*)

In addition, on April 1, 2019, the government provided Defendants with preliminary witness and exhibit lists. (Doc. 511.) Despite providing numerous witness interviews, a preliminary witness and exhibit list, segregating "hot" documents, and, in some cases, meeting with individual defense attorneys to review evidence, Defendants claim that they have been provided only limited discovery and allege the government has "failed to comply with their obligations." (*See* Doc. 524 at 4-6; *see also* Exhs. A and B.)

On March 14, 2019, Defendants jointly filed an expert disclosure noticing ten expert witness. (Doc. 500.) They identified six experts by name but failed to identify the names of four other experts. Defendants have not provided any 26.2 statements for any of these witnesses.

Finally, on May 21, 2019, Defendants asked for the government's position on their motion requesting an adjournment of their May 27, 2019 deadline to produce Rule 26.2 material. In response, the government sent them an email objecting to the request, and asked that Defendants include the reason for the government's objection in any filing. (*See* Exh. C.) On May 21, 2019, Defendants filed the instant motion without including the specific objections of the United States. (Doc. 610.)

## LAW AND ARGUMENT

Here, the parties agreed that this case should be designated complex. (Doc. 107.) As a result, the parties negotiated and agreed on certain deadlines. One of those deadlines was the early disclosure of witness's statements. As the Court is aware, the Jencks Act requires the government produce statements that have been adopted by a witness *after* the witness testifies. 18 U.S.C. §3500(e)(1); *see also United States v. Jackson,* 978 F.2d 903, 913 (5th Cir.1992) ("To adopt a statement under the Jencks Act. . . a witness must read the entire statement and formally approve the statement."). Despite having no obligation to produce witness statements until *after* the witness testifies, the United States agreed to disclose those statements well in advance of trial and has, to date, disclosed 85 witness statements. Moreover, in the event that Jencks Act statements are produced *after* the deadline, the Scheduling Order requires the government to promptly disclose those statements. (Doc. 131 n.3.)

The government has complied with its obligations under the Scheduling Order, therefore, the Court should reject Defendants' request to delay disclosure of any Rule 26.2 statements in their possession. Except with respect to Defendants' own statements, the requirement for production of witness statements under Rule 26.2 applies equally to the government and the defense. *See United States v. Nobles*, 422 U.S. 225 (1975) (applying witness statement production obligations to the defense in a pre-Rule 26.2 case); *see also United States v. Wallace*, 326 F.3d 881, 885 (7th Cir. 2003) (noting that "*Nobles* was a basis on which Rule 26.2 was added to the Federal Rules of Criminal Procedure").

Defendants argue other reasons why they should not be obligated to comply with their deadline to disclose witness statements. These claims are irrelevant. For example, they argue that the government's exhibit list does not have Bates numbers for some of the exhibits. As a preliminary matter, the exhibits should be well known to Defendants. Many are emails that they authored by received, and many others are documents that Defendants produced (*e.g.*, meeting agendas, power points, letters, etc.).

In addition, a substantial volume of the discovery was disclosed to the defense in other criminal and civil proceedings. And, in many cases the discovery was provided to the government by Defendants in response to grand jury subpoenas. As noted in other pleadings, the government has provided Defendants "hot docs" and, in some cases, even met with counsel to review relevant discovery—steps far exceeding the government's discovery obligations. (*See, e.g*., Doc. 524 at 4-6.) In any event, the grievances asserted by Defendants in their instant motion have nothing to do with providing witness statements that are in Defendants' possession now.

Next, they argue they don't have the funds the review the discovery. Again, none of Defendant have made a *Monsanto* claim despite being invited to do so. (*See* Doc. 446 n.1.) And, Defendants advised the Court they were pursing avenues to reduce the cost of discovery review. (*See* Doc. 348, 10/5/18 Hr'g Tr., Vol. II at 115-18.) Importantly, this is immaterial to their obligation to disclose witness statements.

In sum, the Court should deny Defendants' request to suspend their obligation to produce Rule 26.2 statements on the agreed-upon date.

Respectfully submitted this 24th day of May, 2019.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Kevin Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**Certificate of Service**

I hereby certify that on this date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Paul J. Cambria Jr. Esq. and Erin e. McCambpell, Esq., Lipsitz Green Scime Cambria, LLC, 42 Delaware Ave, Suite 120, Buffalo, NY 14202, **pcambria@lglaw.com** and **emccampbell@lglaw.com**, Thomas H. Bienert, Jr., Esq., Anthony R. Bisconti, Esq., Kenneth M. Miller, Esq., and Whitney Bernstein, Esq., Bienert, Miller & Katzman, PLC, 903 Calle Amanecer, Suite 350, San Clemente, CA 92673, **tbienert@bmkattorneys.com, tbisconti@bmkattorneys.com, kmiller@bmkattorneys.com, wbernstein@bmkattorneys.com**; Jim Grant Esq., Davis Wright Tremaine, LLP, 1201 Third Avenue, Suite 2200, Seattle, WA 98101, **jimgrant@dwt.com**; Michael D. Kimerer, Esq. and Rhonda Elaine Neff, Esq., 1313 E. Osborn Road, Suite 100, Phoenix, AZ 85014, **MDK@kimerer.com** and **rneff@kimerer.com**; Robert Corn-Revere Esq., Davis Wright Tremaine, LLP, 1919 Pennsylvania Avenue N.W., Suite 800, Washington, D.C., 20006, **bbcornrevere@dwt.com**; Bruce Feder, Esq., 2930 East Camelback Road, Suite 160, Phoenix, AZ 85016, **bf@federlawpa.com**; Gary Linenberg, Esq., Ariel Neuman, Esq., Gopi K. Panchapakesan, Esq., Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067, **glincenberg@birdmarella.com, aan@birdmarella.com, gkp@birdmarella.com;** David Eisenberg, David Eisenberg PLC, 3550 N Central Ave., Ste. 1155, Phoenix, AZ, **david@deisenbergplc.com;** Joy M. Bertrand, Joy Bertrand Esq LLC, P.O. Box 2734, Scottsdale, AZ 85252, **joyous@mailbag.com.**

*s/Angela Schuetta*
U.S. Attorney's Office