1  MICHAEL BAILEY
   United States Attorney
2  District of Arizona

3  KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
   MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
4  PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
   ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
5  JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
   Assistant U.S. Attorneys
6  40 N. Central Avenue, Suite 1800
   Phoenix, Arizona 85004-4408
7  Telephone (602) 514-7500

8  BRIAN BENCZKOWSKI
   Assistant Attorney General
9  Criminal Division, U.S. Department of Justice

10 REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
   Senior Trial Attorney, U.S. Department of Justice
11 Child Exploitation and Obscenity Section
   950 Pennsylvania Ave N.W., Room 2116
12 Washington, D.C. 20530
   Telephone (202) 616-2807
13 Attorneys for Plaintiff

14              IN THE UNITED STATES DISTRICT COURT

15                FOR THE DISTRICT OF ARIZONA

16

17  United States of America,                    CR-18-422-PHX-SMB

18                      Plaintiff,      **UNITED STATES' NOTICE
                                        REGARDING STATUS OF
19         v.                           BACKPAGE SERVERS, JENCKS,
                                        AND PROPOSED DATES FOR
20                                      EXTENSION OF EXISTING
    Michael Lacey, et al.,              DEADLINES IN THE SCHEDULING
21                                      ORDER AND PROPOSED ORDER**
                        Defendants.
22

23

24  **I.    Government's Notice Regarding Status of Backpage Servers, *Jencks*, and**

25       **Proposed Dates for Extension of Existing Deadlines in the Scheduling Order**

26       On April 23, 2019, the Court conducted a status conference where, among other

27  things, Status Reports (CR, 524, 527, and 528) were discussed.   During the status

28  conference, the Court denied Defendants oral motion for the Court to reconsider the

disclosure of *Jencks* material as it relates to Carl Ferrer. (*See* Minute Entry for Status Conference on April 23; CR 545). The Court also denied Defendants oral motion to extend the existing deadlines in the Scheduling Order without prejudice. *Id*. Additionally, the Court ordered the government and Defendants to file a notice with the court on the status of the servers, *Jencks*, and proposed dates for extension of existing deadlines in the Scheduling Order. *Id*. [1]

## II.    Status of Servers

On March 6, 2019, the government provided Defendants a detailed summary of how it handled of the Backpage server data. (*See* CR 524; Exhibit H). As articulated in that summary, the government currently has 46 servers in its possession obtained from Amsterdam, Netherlands, Tucson, Arizona, and Dallas, Texas. The government will retrieve the remaining servers from Amsterdam (which will include the Backpage Payment Processing Island) the week of June 10, 2019.

### A.    Backpage.com Website Servers, DesertNet and W.G.

Since the April 23, 2019, status conference, the government has worked diligently with W.G., Chief Technology Officer for DesertNet (a technology consultant company that handled the administration of the Backpage.com website servers since its inception) to provide specific descriptions and roles of the Backpage.com website servers. (*See* Declaration of IRS Special Agent Richard Robinson, Exhibit D and Attachment 1 to the

---

[1] During the April 23, 2019, status conference the government also agreed to provide Bates numbers to the exhibits on its preliminary exhibit list to defense counsel. On May 29, 2019, the government provided defense counsel (including David Eisenberg and Joy Bertrand) with Bates numbers for approximately 90% of exhibits contained on its preliminary exhibit list. (*See* Exhibit A). The government will continue to periodically provide Defendants with updated and revised preliminary exhibit list in the coming weeks, to include adding Bates numbers to the approximately 10% of documents that do not already contain them. *Id*. Additionally, on or about May 20, 2019, the government provided counsel Eisenberg and Bertrand with two DVD's. The first DVD contained "hot docs" specifically related to the allegations in the Superseding Indictment concerning all Defendants as well as the victim ads referenced in Counts 1-51. The second DVD contained "hot docs" specifically tailored to Eisenberg's and Bertrand's individual clients. (*See* Exhibits B and C).

declaration.)  The government imaged the master database servers and on March 8, 2019, provided Defendants copies of that server data (i.e. all of the ads that were on Backpage.com at the time the website was seized and shut-down). (*See* Robinson Declaration, Exhibit D, Attachment 4.)  The government also imaged the image servers and on March 8, 2019, provided defendants copies of that data (i.e. all of the images that were on Backpage.com at the time the website was seized and shutdown). (*See* Robinson Declaration, Exhibit D, Attachment 4.)  The government does not intend to image the replicated database servers and backup server because they are redundant to the master database servers and image servers already imaged and provided to Defendants.  (*See* Robinson declaration, Exhibit D, Attachment 1.)  Additionally, the government does not intend to image the various web servers because they contain no unique data.  In other words, the web servers stored neither website content nor images.  (*See* Robinson declaration, Exhibit D, Attachment 1.)

## B. Payment Processing Island (PPI), Miscellaneous Computer Servers and CK

In addition to working with W.G. to provide specific descriptions and roles of the Backpage.com website servers, the government has also worked with former Backpage.com Chief Technology Officer C.K. to provide specific descriptions and roles of servers used to house the Backpage.com Payment Processing Island (PPI), the system that received and tracked online payments for Backpage.com ads.[2]  (*See* Robinson Declaration, Exhibit D and Attachments 2 and 3 to the declaration.)  As mentioned above, the government will retrieve the remaining servers from Amsterdam—to include the servers that store the PPI system —the week of June 10, 2019.  The government will then image the *MySQL Master Database Server* (contains all of the transaction data in the payment processing island), and the *Internal App Red Hat Web Servers* (contains web

---

[2] A part of C.K.'s duties as Chief Technology Officer included maintaining the servers that housed the PPI.

applications that presented data to internal Backpage employees and related companies) and make imaged copies of this server data available to Defendants on or before July 15, 2019.[3]   The government does not intend to image the *MySQL Slave Database Servers* because they contain duplicate data from the *Master Database Server* and did not hold any unique data.   (*See* Robinson Declaration, Exhibit D, Attachments 2 and 3.)   The government also does not intend to image the *External App Red Hat Web Servers*.

In addition to the two servers seized in Dallas that contain email-related data the government made available to Defendants on March 7, 2019, the government also seized three servers in Dallas that contain backup and storage data.   The government has imaged one of these servers containing various virtual machines.   The other two servers are backup appliances that have not been imaged.  (*See* Robinson declaration, Exhibit D ¶17, and Attachment 2, p.3.)

### III.   *Jencks* Materials

The government has complied with the Scheduling Order and produced *Jencks* material in its possession (except for Carl Ferrer's *Jencks* statements) to Defendants.[4]   In accordance with the Scheduling Order, if the government obtains additional *Jencks* Act material, it will disclose those materials to Defendants as soon as practicable.  (*See* CR 121; p.2, footnote 3.  ("If the government obtains any additional written *Jencks* material after this date [02/25/19], this *Jencks* material shall be produced promptly to the defense as soon as practicable."))

---

[3] This should require imaging approximately three servers.  The government will provide the Court with an update regarding the imaging of this data at the June 24, 2019, status conference.  The government will also notify the Court when this data has been imaged and made available to Defendants.

[4] As per the Court's April 22, 2019, Order (CR 535), the government will disclose any Jencks Act statements of Carl Ferrer on or before June 25, 2019.

## IV. Government's Proposed Dates for Extension of Existing Deadlines in the Scheduling Order

### A. Discovery and Disclosure Deadlines[5]

| | | |
|---|---|---|
| 1. | Government's rebuttal expert disclosures, if any | 09/03/2019 |
| 2. | Defendant's Production of Rule 26.2 material as to intended witnesses, if any | 07/01/2019 |

### B. Filing and Other Court Deadlines

| | | |
|---|---|---|
| 1. | Defense Disclosure of Preliminary Exhibit and Witness List | 07/01/2019[6] |
| 2. | Substantive Motions Deadline | 09/09/2019 |
| 3. | Government's Rebuttal Exhibit and Witness List | 09/09/2019 |
| 4. | Motions in Limine and Court Imposed Plea Offer expiration deadline | 10/14/2019 |
| 5. | Jury Questionnaire and Screening for Length of Trial | 11/04/2019 |
| 6. | Government's Disclosure of Final Exhibit and Witness List | 12/02/2019 |
| 7. | Defendant's Final Exhibit and Witness List | 12/09/2019 |
| 8. | Joint Voir Dire, Joint Statement of the Case, Joint Proposed Jury Instructions, Joint Proposed Verdict Form | 12/16/2019 |
| 9. | Final Pretrial Conference | 01/03/2019 at 9:00 a.m. |
| 10. | Trial | 01/15/2019 at 9:00 a.m. |

### C. Status Conferences

The parties will file a memorandum detailing the status of the case no less than seven days prior to the scheduled status conference.

| | | |
|---|---|---|
| 1. | Fourth Status Conference | 09/23/2019 at 9:00 a.m. |

---

[5] Although the government's initial compliance with Rule 16 discovery has passed, as noted in the existing scheduling order, if additional records are discovered by, or disclosed to the government during pretrial preparation or otherwise, pursuant to Rule 16(c), Fed. R. Crim. P., the government shall promptly disclose any additional documentary evidence or materials to the defense as soon as practicable after such disclosure or discovery occurs.

[6] The government agrees that Defendants should have the ability to supplement both their production of 26.2 materials and exhibit and witness lists after they receive the server data from the government in mid-July, but believe Defendants can make all disclosures now that are unrelated to the forthcoming server data.

1     Respectfully submitted this 31st day of May, 2019.

2
                                    BRIAN BENCZKOWSKI
3                                   Assistant Attorney General
                                    Criminal Division, U.S. Department of Justice
4
                                    *s/Reginald E. Jones*
5                                   REGINALD E. JONES
                                    Senior Trial Attorney
6                                   U.S. Department of Justice, Criminal Division
                                    Child Exploitation and Obscenity Section
7
                                    MICHAEL BAILEY
8                                   United States Attorney
                                    District of Arizona
9
                                    KEVIN M. RAPP
10                                  MARGARET PERLMETER
                                    PETER S. KOZINETS
11                                  ANDREW C. STONE
                                    JOHN J. KUCERA
12                                  Assistant U.S. Attorneys

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, May 31, 2019, I transmitted the foregoing under-seal document for filing to the Clerk of the United States District Court and sent a copy via electronic mail to: Paul J. Cambria Jr. Esq. and Erin e. McCambpell, Esq., Lipsitz Green Scime Cambria, LLC, 42 Deleware Ave, Suite 120, Buffalo, NY 14202, **pcambria@lglaw.com** and **emccampbell@lglaw.com**, Thomas H. Bienert, Jr., Esq., Whitney Bernstein, Esq., Bienart, Miller & Katzman, PLC, 903 Calle Amanecer, Suite 350, San Clemente, CA 92673, **tbisconti@bmkattorneys.com, wbernstein@bmkattorneys.com**; Jessica Ring Amunson, Jenner &block LLP, 1099 New York Ave., NW, Ste. 900, Washington DC., **jamunson@jenner.com**; Jim Grant Esq., Davis Wright Termaine, LLP, 1201 Third Avenue, Suite 2200, Seattle, WA 98101, **jimgrant@dwt.com**; Michael D. Kimerer, Esq. and Rhonda Elaine Neff, Esq., 1313 E. Osborn Road, Suite 100, Phoenix, AZ 85014, **MDK@kimerer.com** and **rneff@kimerer.com**; **david@deisenbergplc.com**, David S. Eisenberg PLC, PC, 3550 N Central Ave.,Ste. 1155,Phoenix, AZ 85012; Robert Corn-Revere Esq., Davis Wright Termaine, LLP, 1919 Pennsylvania Avenue N.W., Suite 800, Washington, D.C., 20006, **bobcornrevere@dwt.com**; Bruce Feder, Esq., 2930 East Camelback Road, Suite 160, Phoenix, AZ 85016, **bf@federlawpa.com**; Gary Linenberg, Esq., Ariel Neuman, Esq., Gopi K. Panchapakesan, Esq., Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C., 1875 Century Park East, 23rd Floor, Los Angeles, CA 90067, **glincenberg@birdmarella.com, aan@birdmarella.com, gkp@birdmarella.com.**

*s/ Angela Schuetta*
Angela Schuetta
U.S. Attorney's Office