# Exhibit C

AO 93 (Rev. 11/13) Search and Seizure Warrant



# UNITED STATES DISTRICT COURT
for the
District of Arizona

| In the Matter of the Search of | ) |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) Case No. 18-9127 MB |
| Servers conducting activity for DesertNet/Backpage.com located at 1855 North 6th Avenue, Tucson, Arizona 85705 | ) |

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of __Arizona__
*(identify the person or describe the property to be searched and give its location)*:

As described in Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

As described in Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before  04-19-2018  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  any Magistrate Judge on criminal duty in the District of Arizona.
                                                *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  4/5/2018 5:05 pm        _____
                                                *Judge's signature*

City and state:    Phoenix, Arizona              U.S. Magistrate Judge Eileen S. Willett
                                                *Printed name and title*

Attachment A

1855 N. 6th Avenue, Tucson, Arizona

The business where Backpage servers are stored and managed.

The location to be searched is described as a business located in Tucson, Arizona. The address is 1855 N. 6th Avenue, Tucson, Arizona 85701. The name of the business is Login LLC.

Attachment B

Items to be seized

The following records, devices and data involved in and/or evidencing violations of 18 U.S.C. § 1952 (Travel Act) during the period from January 2010 to the present:

1. Computers or storage media used as a means to commit the violations described above, including promotion of prostitution and sex trafficking using and interstate facility in violation of 18 U.S.C. § 1952.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a.    evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b.    evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c.    evidence of the lack of such malicious software;

    d.    evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    e.    evidence indicating the computer user's state of mind as it relates to the crime under investigation;

    f.    evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    g.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    h.    evidence of the times the COMPUTER was used;

    i.    passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

   j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

   k.  records of or information about Internet Protocol addresses used by the COMPUTER;

   l.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

   m.  contextual information necessary to understand the evidence described in this attachment.

3. Any Routers, modems and network equipment owned by Backpage.com, Website Technologies, LLC or related business entities or specifically dedicated to connecting the computers described above to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

   The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

   The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

*SEALED*

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Servers conducting activity for DesertNet/Backpage.com located at 1855 North 6th Avenue, Tucson, Arizona 85705

Case No. 18-9127 MB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

As described in Attachment A.

located in the _____ District of ____Arizona____, there is now concealed *(identify the person or describe the property to be seized)*:

As set forth in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. Section 1952 | Travel Act |

The application is based on these facts:

As set forth in Affidavit of FBI Special Agent Amy Fryberger incorporated herein by reference.

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Amy Fryberger, SA FBI
*Printed name and title*

Reviewed by AUSA Margaret Perlmeter

Sworn to before me and signed in my presence.

Date: 4/5/2018

*Judge's signature*

City and state: Phoenix, Arizona

U.S. Magistrate Judge Eileen S. Willett
*Printed name and title*

Attachment A

1855 N. 6th Avenue, Tucson, Arizona

The business where Backpage servers are stored and managed.

The location to be searched is described as a business located in Tucson, Arizona. The address is 1855 N. 6th Avenue, Tucson, Arizona 85701. The name of the business is Login LLC.

Attachment B

Items to be seized

The following records, devices and data involved in and/or evidencing violations of 18 U.S.C. § 1952 (Travel Act) during the period from January 2010 to the present:

1. Computers or storage media used as a means to commit the violations described above, including promotion of prostitution and sex trafficking using and interstate facility in violation of 18 U.S.C. § 1952.

2. For any computer or storage medium whose seizure is otherwise authorized by this warrant, and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):

    a.    evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

    b.    evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c.    evidence of the lack of such malicious software;

    d.    evidence indicating how and when the computer was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;

    e.    evidence indicating the computer user's state of mind as it relates to the crime under investigation;

    f.    evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;

    g.    evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;

    h.    evidence of the times the COMPUTER was used;

    i.    passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;

  j.  documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;

  k.  records of or information about Internet Protocol addresses used by the COMPUTER;

  l.  records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;

  m.  contextual information necessary to understand the evidence described in this attachment.

3. Any Routers, modems and network equipment owned by Backpage.com, Website Technologies, LLC or related business entities or specifically dedicated to connecting the computers described above to the Internet.

As used above, the terms "records" and "information" includes all forms of creation or storage, including any form of computer or electronic storage (such as hard disks or other media that can store data); any handmade form (such as writing); any mechanical form (such as printing or typing); and any photographic form (such as microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, or photocopies).

  The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

  The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

## AFFIDAVIT IN SUPPORT OF SEIZURE WARRANT

I, Amy L. Fryberger, being duly sworn, hereby depose and state as follows:

I. Training and Experience

1. I am currently assigned to the Federal Bureau of Investigation's (FBI) Phoenix, Arizona Field Office. I have been employed by the FBI as a Special Agent for ten years. As part of my responsibilities, I am charged with investigating violations of statutes applying to human trafficking. Prior to working human trafficking cases, I was assigned to work national security, gang, and drug investigations. During the course of my career as a Special Agent with the FBI, I have participated in the execution of numerous search warrants, seizure warrants, and arrests of individuals for violation of federal law.

2. I am familiar with the facts and circumstances described herein. This affidavit is based upon my personal involvement in this investigation, my training and experience, and information obtained from various law enforcement personnel and witnesses, including information that has been reported to me either directly or indirectly, but does not purport to set forth my complete knowledge or understanding of the facts related to this investigation. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

II. The Federal Indictment

1. On March 28, 2018, an Federal Grand Jury in Arizona returned a 93 count indictment charging Backpage.com, LACEY, LARKIN, SPEAR and others for violations of Title 18, United States Code, Section 371 (Conspiracy); Title 18, United States Code, Sections 1952(a)(3)(A) (Travel Act – Facilitating Prostitution); and Title 18 U.S.C. §§ 1956 and 1957, Concealment, International and Transactional Money Laundering and Conspiracy to Commit Money Laundering. A copy of the indictment is attached as Exhibit A.

2. The indictment alleges that LACEY, LARKIN, SPEAR and others conspired to use the internet to commit violations of the Travel Act, specifically, that they knowingly facilitated the commission of prostitution related offenses that are in violation with state or local laws though the internet by operating Backpage.com. The next 50 counts allege individual violations of the Travel Act. Each count relates to a specific advertisement that was posted on Backpage where LACEY, LARKIN, SPEAR and others are alleged to have knowingly attempted to facilitate prostitution crimes by permitting the ads to be posted. The remaining counts in the

indictment allege several types of money laundering as well as a conspiracy to commit money laundering.

III.  Purpose of Application for Seizure Warrant

1. This affidavit is made in support of an application for a search warrant based on probable cause to search the following locations for records and materials believed to have been used to support violations of the above referenced crimes.

    i. Subject Location 1: The business where business servers are located, namely Login, Inc. located at 1855 North 6th Avenue, Tucson, Arizona 85705 (further described in Attachment A).

IV.  Facts in Support of Probable Cause

1. A federal grand jury found LACEY, LARKIN, SPEAR and others were involved in a conspiracy to use the internet to facilitate prostitution. From my involvement in this investigation, I believe the business servers located at DesertNet will contain evidence that LACEY, LARKIN, SPEAR and others violated the Title 18, United States Code Section 1952 (Travel Act).

    i. DesertNet, LLC is an outside web development firm that Backpage has contracted with for years. DesertNet performs many substantial tasks and functions for Backpage, including backing up data, configuring the site's operation, as well as troubleshooting payment and posting issues. DesertNet is a customer of Login, LLC ("Login").

    ii. Login, LLC recently purchased their own property at 1855 N. 6th Avenue, Tucson, Arizona. Login, LLC is listed at 1855 N. 6th Avenue, Tucson, Arizona on Peeringdb.com. The building permits issued for this property are recent and list a "job name" as Login Data Center. Additionally, Login listed this address on a job posting 25 days ago with the blurb "…just completed construction on the finest colocation datacenter in Southern Arizona. The new office and datacenter are conveniently situated minutes from both the University of Arizona and downtown Tucson." A utility check was conducted on April 4, 2018, that revealed the utilities are paid by Login.

    iii. Each advertisement on Backpage promoting the exchange of sex for money is a violation of the Travel Act. In a review of Backpage documents such as Backpage's fixed asset listing, it was discovered that between 2013 – 2015, Backpage purchased several servers described as DesertNet servers. Based on the Internet Protocol ("IP") address, the

servers have been maintained by DesertNet, at a third party facility in Tucson, Arizona from 2013 until present.

        iv.       The servers contain current and historical content of the ads that were posted on Backpage. The servers contain all versions of an advertisement that a user attempts to post on Backpage. If an ad is stripped of certain words or if a photograph is removed, the server will maintain the original form of the ad. The server also maintains user payment information.

        v.       DesertNet programs Backpage's computers and configures the website's operations. For example, when Backpage was in the practice of moderating or editing its ads, DesertNet programmed the computers to automatically strip out certain words that indicated prostitution or child sex trafficking such as "amber alert," "young," and "teen," from ads. When Backpage added or deleted words from its strip out list, DesertNet would program the computers accordingly.

    2.    Computer hardware, software, documentation, passwords and data security devices may be important to a criminal investigation in two distinct important respects: (1) the objects themselves may be instrumentalities, fruits, or evidence of crime(s), and/or (2) the objects may have been used to collect and store information about crimes in the form of electronic data. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search and seize computer hardware, software, documentation, passwords, and data security devices which are (1) instrumentalities, fruits, or evidence of crime; or (2) storage devices for information about a crime.

V.      <u>Search Methodology to be Employed</u>

    1.    As noted within this search warrant, it would be extremely difficult, if not impossible to conduct a thorough on-site review of all of the potential evidence in this case. Given these constraints, the search methodology to be employed is as follows:

        i.       All computers, computer hardware and any form of electronic storage that could contain evidence described in this warrant will be seized for an off-site search for evidence that is described in the attachments of this warrant. It is anticipated that mirror copies or images

of such evidence will be made if the failure to do so could otherwise potentially alter the original evidence.

      ii.      Consistent with the information provided within this affidavit, contextual information necessary to understand the evidence and to establish admissibility of the evidence in subsequent legal proceedings will also be sought by investigative agents.

      iii.      Additional techniques to be employed in analyzing the seized items will include (1) surveying various file directories and the individual files they contain; (2) opening files to determine their contents; (3) scanning storage areas, (4) performing key word searches through all electronic storage areas to determine whether occurrences of language contained in such storage areas exist that are likely to appear in the evidence described in this affidavit and its attachments, and (5) performing any other data analysis techniques that may be necessary to locate and retrieve the evidence described in this affidavit and its attachments.

2. Because it is expected that the computers, computer hardware and any form of electronic storage media may constitute (1) instrumentality of the offense, (2) fruit of criminal activity, (3) contraband, or (4) evidence otherwise unlawfully possessed, it is anticipated that such evidence will not be returned to the owner and that it will be either forfeited or ultimately destroyed in accordance with the law at the conclusion of the case.

      i.      Because of the large storage capacity as well as the possibility of hidden data within the computers, computer hardware and any form of electronic storage media, it is anticipated that there will be no way to ensure that contraband-free evidence could be returned to the user/possessor of the computer, computer hardware or any form of electronic storage media, without first wiping such evidence clean. Wiping the original evidence clean would mean that the original evidence would be destroyed and thus, would be detrimental to the investigation and prosecution of this case.

      ii.      Further, because investigators cannot anticipate all potential defenses to the offenses in this affidavit, and as such, cannot anticipate the significance of the evidence that has been lawfully seized pursuant to this warrant, it is requested that all seized evidence be

retained by law enforcement until the conclusion of legal proceedings or until other order of the court.

    i.    If after careful inspection investigators determine that such computers, computer hardware and electronic storage media do not contain (1) instrumentality of the offense, (2) fruit of criminal activity, (3) contraband, (4) evidence otherwise unlawfully possessed, or (5) evidence of the person who committed the offense and under what circumstances the offense was committed, then such items seized will be returned.

VI.    Conclusion

Based on the facts and circumstances stated above, there is probable cause to believe that items of evidence derived from illicit activity is located in the aforementioned location.

_____
Amy L. Fryberger
FBI Special Agent


Subscribed to and sworn to me
this 5 day of April, 2018

_____
Honorable Eileen S. Willett
United States Magistrate Judge

# EXHIBIT A

Exhibit A of the government's Application is the Indictment, available at Dkt. 3 (filed March 28, 2018), and removed here for purposes of this Exhibit.

SEALED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Search of Servers conducting activity for DesertNet/Backpage.com located at 1855 North 6th Avenue, Tucson, Arizona 85705 | No. 18-9127 MB<br><br>**ORDER TO SEAL**<br><br>**(Under Seal Pursuant to LRCiv. 79.1(g))** |

Based upon the United States of America's Motion to Seal, and good cause appearing,

**IT IS ORDERED** that the United States' application for a search warrant, the affidavit and all attachments in support thereof, the motion to seal, this Order, search warrant, and search warrant return, except for complying with Fed. R. Crim. P. 41(f), be filed under seal for 180 days from the file date of the search warrant unless extensions are granted by the Court.

DATED this \_\_\_5\_\_\_ day of April, 2018.

HONORABLE EILEEN S. WILLETT
United States Magistrate Judge

SEALED

ELIZABETH A. STRNAGE
First Assistant United States Attorney
District of Arizona

MARGARET PERLMETER
Assistant U.S. Attorney
Arizona Bar No. 024805
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: Margaret.Perlmeter@usdoj.gov
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re Search of Servers conducting activity for DesertNet/Backpage.com located at 1855 North 6th Avenue, Tucson, Arizona 85705 | No. 18-9127 MB<br><br>**MOTION TO SEAL**<br><br>**(Under Seal Pursuant to LRCiv. 79.1(g))** |

The United States of America moves this Court for an Order sealing the application for a search warrant, the affidavit and all attachments in support thereof, this motion to seal and resulting order, search warrant, and search warrant return, except for complying with Fed. R. Crim. P. 41(f), for 180 days from the file date of the search warrant unless extensions are granted by the Court. Disclosure would reveal the existence of, and details concerning, an ongoing investigation and may lead to the destruction of evidence and/or flight by the subjects of the investigation.

Respectfully submitted this 4th day of April, 2018.

ELIZABETH A. STRANGE
First Assistant United States Attorney
District of Arizona

_/s/ Margaret Perlmeter_
MARGARET PERLMETER
Assistant U.S. Attorney