Thomas H. Bienert, Jr. (CA State Bar No. 135311, *admitted pro hac vice*)
    tbienert@bmkattorneys.com
Whitney Z. Bernstein (CA State Bar No. 304917, *admitted pro hac vice*)
    wbernstein@bmkattorneys.com
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701

*Attorneys for James Larkin*

Paul J. Cambria, Jr. (NY State Bar No. 1430909, *admitted pro hac vice*)
    pcambria@lglaw.com
Erin E. McCampbell (NY State Bar No. 4480166, *admitted pro hac vice*)
    emccampbell@lglaw.com
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite #120
Buffalo, NY 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580

*Attorneys for Michael Lacey*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>  vs.<br><br>Michael Lacey, *et al.*,<br><br>        Defendants. | CASE NO. 2:18-CR-00422-PHX-SMB<br><br>**MR. LARKIN AND MR. LACEY'S MOTION TO COMPEL COMPLIANCE AND ORDER TO SHOW CAUSE REGARDING THE GOVERNMENT'S VIOLATION OF THE COURT'S SCHEDULING ORDER** |

On May 1, 2018, the Court issued a Scheduling Order requiring the government to produce "Jencks material and witness impeachment material" by February 25, 2019 "if not produced sooner." Doc. No. 131. While the government sought and received an extension to June 25, 2019 as to a key witness (Doc. No. 535), the government has brazenly ignored the Court's deadline to the detriment of Mr. Larkin and Mr. Lacey. The scheduling order

was agreed to and imposed over one year ago to ensure the defense the ability to prepare for trial. The government's disregard of the Court's deadlines deprives Mr. Larkin and Mr. Lacey of their ability to adequately prepare the case and comply with upcoming pretrial and motion deadlines. The government's manufactured reasons for ignoring the Court's order, and deceptive withholding of its intent to further deprive the defense of this crucial discovery while in Court the day before the deadline, is flagrant and unjustified. Therefore, the Court should order immediate production of the *Jencks* materials and also sanction the government appropriately.

## I. THE GOVERNMENT'S REPEATED DISCOVERY VIOLATIONS

The government continues to ignore scheduling dates, most recently yet again refusing to timely provide *Jencks* and impeachment materials of Carl Ferrer, the most significant witness in the case. Among the most crucial aspects of discovery in this case are (1) any information and statements related to Ferrer and (2) the Backpage.com servers and databases in functioning and operational condition as existed at the time of the government's seizure. To date, the government has not provided either. The government's violations of its discovery obligations deprive Mr. Larkin and Mr. Lacey of their ability to adequately prepare this case. Further, Mr. Larkin and Mr. Lacey's Due Process rights continue to be violated by not allowing him the basic items he needs to defend himself.

The latest failure to abide discovery deadlines occurs after failing to meet its Rule 16 deadline. The May 1, 2018 scheduling order required the government's "Initial Compliance with Rule 16 discovery (except initial expert disclosures)" by December 3, 2018. Doc. No. 131 at 1. Yet the government has produced over 136,000 Bates-stamped pages, innumerable additional non-stamped pages contained on various DVDs, and nearly 38 hours of audio and video recordings *after* this deadline in three separate productions. These recording and most, if not all, documents were in the government's possession for at least a year before being produced to the defense well after the deadline. Additionally, the government has still failed to produce the Backpage.com servers, systems, and databases, which Defendants need to receive with the same functionality as when they were seized over a year ago in April 2018.

2

LARKIN AND LACEY'S MOTION TO COMPEL COMPLIANCE AND ORDER TO SHOW CAUSE
REGARDING THE GOVERNMENT'S VIOLATION OF THE COURT'S SCHEDULING ORDER

*See* Doc. No. 643. The government has also indicated that it has various documents from BDO USA Consulting in its possession, which it refuses to make generally available to counsel. *See* Doc. Nos. 627-5 at 22, 639 at 8-9. Though other defense counsel inquired as to the basis for withholding the documents, the government has provided no response. *Id.*

## II. THE GOVERNMENT'S VIOLATION OF THE *JENCKS* MATERIAL AND WITNESS IMPEACHMENT MATERIAL DEADLINE

Carl Ferrer is likely the most significant witness in the case. He was the person at the center of the classified advertising business in question, was the CEO and owner of Backpage.com since 2015, and had given under oath testimony and information on many occasions prior to being charged by the government. This known testimony by Ferrer prior to his plea, the day before Mr. Larkin and Mr. Lacey were indicted, was all **exculpatory** of Mr. Larkin and Mr. Lacey. Consequently, the government's *Jencks* Act materials regarding Ferrer and his apparent about-face in suggesting that Mr. Larkin and Mr. Lacey engaged in intentional wrongdoing is important and necessary to assessing the case and defenses, conducting follow-up investigation, preparing pretrial motions and trial filings, and preparing for trial.

The scheduling order provided for a February 25, 2019 deadline for "Production of Jencks material and witness impeachment material, if not produced sooner." Doc. No. 131 at 2. The corresponding footnotes affirmed that "[i]f the government obtains any additional written *Jencks* materials after this date, this *Jencks* material shall be produced promptly to the defense as soon as practicable." *Id.* at n.3. But three days before its original February 25 disclosure deadline, the government filed an *ex parte in camera* request apparently seeking to withhold Ferrer's *Jencks* and impeachment material. Doc. No. 471. The Court extended the government's deadline an additional four months, to June 25, 2019. Doc. No. 535.

On June 24, 2019, the parties appeared for a status conference. During the hour-long hearing, the parties discussed the progress of discovery in detail. The defense reiterated their anticipation of the production of Ferrer's impeachment materials the following day. The government neither gave notice that it would not meet this deadline nor requested that

3

LARKIN AND LACEY'S MOTION TO COMPEL COMPLIANCE AND ORDER TO SHOW CAUSE REGARDING THE GOVERNMENT'S VIOLATION OF THE COURT'S SCHEDULING ORDER

the Court grant an extension of the June 25, 2019 disclosure deadline.

The government did not produce Ferrer's *Jencks* materials on June 25, nor has it produced the materials to date. Instead, it filed a 12-page motion (*see* Doc. No. 658, "Nondisclosure Motion") making unsubstantiated claims that Mr. Larkin and/or Mr. Lacey provided information to the press in violation of a prior court order. Significantly, the government used this allegation as a reason to unilaterally revise the Court's Scheduling Order and seek to (1) impose a series of procedural hurdles the defense must meet before being allowed to look at the *Jencks* materials and (2) withhold production until one month prior to trial.

Mr. Larkin and Mr. Lacey will more fully address the government's unfounded allegations in their forthcoming opposition to the Nondisclosure Motion. However, it is clear that the government has wrongly overstepped its authority by wresting from the Court its power to control the scheduling of matters before it. Setting aside the fact that the government does not have *any* actual evidence supporting its unfounded hunch that Mr. Larkin and/or Mr. Lacey showed documents to a reporter, an actual showing of that by the government would not excuse the government's obligations to follow the orders of this Court and provide *Jencks* materials by the deadline.[1]

The remedy sought for the purported press disclosure simply bears no relationship to the alleged wrongdoing, and the government is yet again unilaterally ignoring deadlines and discovery obligations in a way that prejudices Defendants' ability to prepare the case. Mr. Larkin and Mr. Lacey have a *right* to Jencks and impeachment materials, the Court set a schedule over a year ago requiring the government to produce them, and this is the second time the government has not provided the materials by the deadline originally set. The

---

[1] Mr. Larkin and Mr. Lacey join in Mr. Brunst's motion to compel (Doc. No. 662) to the extent it argues that the government improperly withheld Ferrer's *Jencks* materials. Mr. Larkin and Mr. Lacey, however, bring this separate motion to confirm that regardless of the government's unsubstantiated and unprovable allegations, the government's unilateral selection and imposition of an unrelated sanction that denies them the right to properly prepare their defense is inexcusable.

4

government's violation of the order to produce Ferrer's *Jencks* and impeachment materials prevents Mr. Larkin and Mr. Lacey from investigating and preparing this case and frustrates their ability to meet Court-ordered reciprocal deadlines.

Neither the Local Rules nor the Federal Rules of Civil Procedure support the government's unilateral disregard of an order of this Court. The government was aware of its manufactured grounds for withholding *Jencks* on June 24 when it spent a full hour at a hearing with both the Court and the Defendants and yet remained silent. Its failure to request relief from compliance with the Court's order despite the opportunity to do so shows not only disregard but also contempt of a court order.

Civil contempt occurs where a party violates "a specific and definite order of the court" and cannot demonstrate a sufficient rationale for its failure to comply. *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). Where, as here, a party violates a court order, the court can and should impose sanctions. *See United States v. Jordan*, No. CV-06-00313-TUC-CKJ, 2014 WL 12839159, at *2 (D. Ariz. Mar. 24, 2014) (noting that civil fines, coercive confinement, and reimbursement of a moving party's fees and costs are appropriate sanctions for violating a court order). The Scheduling Order and subsequent order clearly and unequivocally called for the production of Ferrer's *Jencks* material on June 25, 2019. The government knew that order required production yet willfully ignored it.

**III.   CONCLUSION.**

The Court should issue an (1) order compelling the immediate production of all further *Jencks* and impeachment materials in the government's possession and (2) order to show cause imposing sanctions on the government for its willful violation of this Court's scheduling order.

It is not expected that excludable delay pursuant to 18 U.S.C. section 3161(h) will occur as a result of this motion or from an order based thereon.

/ / /

/ / /

/ / /

5

LARKIN AND LACEY'S MOTION TO COMPEL COMPLIANCE AND ORDER TO SHOW CAUSE
REGARDING THE GOVERNMENT'S VIOLATION OF THE COURT'S SCHEDULING ORDER

Respectfully submitted,

Dated: July 1, 2019 **BIENERT | KATZMAN PC**

*s/ Whitney Z. Bernstein*
Whitney Z. Bernstein
Thomas H. Bienert, Jr.
Attorneys for James Larkin

Dated: July 1, 2019 **LIPSITZ GREEN SCIME CAMBRIA LLP**

*s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Erin E. McCampbell
Attorneys for Michael Lacey

# CERTIFICATE OF SERVICE

I certify that on this 1st day of July 2019, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

/s/ *Whitney Z. Bernstein*
Whitney Z. Bernstein

Anne Michelle Chapman, anne@mscclaw.com
Erin E. McCampbell, emccampbell@lglaw.com
Anthony R. Bisconti, tbisconti@bienertkatzman.com
Ariel A. Neuman, aan@birdmarella.com
Bruce S. Feder, bf@federlawpa.com
James C. Grant, jimgrant@dwt.com
Lee David Stein, lee@mscclaw.com
Paul J. Cambria, pcambria@lglaw.com
Robert Corn-Revere, bobcornever@dwt.com
Ronald Gary London, ronnielondon@dwt.com
Janey Henze Cook, janey@henzecookmurphy.com
John Lewis Littrell, jlittrell@bmkattorneys.com
Seetha Ramachandran, Seetha.Ramachandran@srz.com
Thomas H. Bienert, Jr. tbienert@bienertkatzman.com
Whitney Z. Bernstein, wbernstein@bienertkatzman.com
Gary S. Lincenberg, glincenberg@birdmarella.com
Gopi K. Panchapakesan, gpanchapakesan@birdmarella.com
Michael D. Kimerer, mdk@kimerer.com
Rhonda Elaine Neff, rneff@kimerer.com
David S. Eisenberg, david@deisenbergplc.com
Joy Malby Bertrand, joyous@mailbag.com
John Jacob Kucera, john.kucera@usdoj.gov
Kevin M. Rapp, Kevin.Rapp@usdoj.com
Margaret Wu Perlmeter, Margaret.perlmeter@usdoj.gov
Reginald E. Jones, reginald.jones4@usdoj.gov
Peter Shawn Kozinets, Peter.Kozinets@usdoj.gov
Andrew C. Stone, andrew.stone@usdoj.gov