Nanci L. Clarence (CA State Bar No. 122286, admitted pro hac vice)
Jonathan Baum (CA State Bar No. 303469, admitted pro hac vice)
Shaneeda Jaffer (CA State Bar No. 253449, admitted pro hac vice)
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Tel: (415) 749-1800
Fax: (415) 749-1694
nclarence@clarencedyer.com
jbaum@clarencedyer.com
sjaffer@clarencedyer.com
Attorneys for Movant CARL FERRER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CASE NO. 2:18-cr-00422-SMB |
|---|---|
| Plaintiff, | **DECLARATION OF JONATHAN BAUM IN SUPPORT OF MOTION TO QUASH SUBPOENA SERVED BY DEFENDANT JAMES LARKIN ON CARL FERRER** |
| v. | |
| Michael Lacey, et al. | Hearing Date: October 3, 2019 |
| Defendants. | Hearing Time: 9:00 a.m. |

I, Jonathan Baum, hereby declare as follows:

1. I am an attorney admitted pro hac vice before this Court, and I am counsel of record for subpoenaed party Carl Ferrer in the above-entitled action. I have personal knowledge of the facts set forth below and, if called as a witness, could competently testify thereto.

2. This declaration is submitted in support of Mr. Ferrer's motion to quash the subpoena served by Defendant James Larkin.

3. Attached hereto as Exhibit "A" is a true and correct copy of a letter from Mr. Larkin's counsel, Whitney Z. Bernstein, sent to Nanci Clarence, copying me, on September 17,

1  2019. The letter encloses a subpoena to Mr. Ferrer, but is not accompanied by the required
2  witness-attendance fees or legal mileage allowances under Rule 17(d) of the Federal Rules of
3  Criminal Procedure.
4      4.    On September 18, 2019, the day after receiving the subpoena from Defendant
5  Larkin's counsel, Mr. Ferrer's counsel, Nanci Clarence, wrote to counsel for Mr. Larkin,
6  copying me, informing her that Mr. Ferrer would invoke his privilege against self-incrimination
7  and decline to provide substantive testimony in response to all questions related to his role at
8  Backpage.com.
9      5.    Attached hereto as Exhibit "B" is a true and correct copy of a letter sent from Mr.
10 Ferrer's counsel, Nanci Clarence, to Mr. Larkin's counsel, Whitney Z. Bernstein, on September
11 18, 2019. This letter states that, if required to attend, Mr. Ferrer would invoke his Fifth
12 Amendment privilege against self-incrimination, and asks Ms. Bernstein to reply by September
13 20 to confirm that she would still require Mr. Ferrer to attend the hearing.
14     6.    As of 1:00 p.m. on September 23, 2019, Ms. Bernstein has not responded to Ms.
15 Clarence's letter.
16     7.    I certify that, if called to testify at the hearing on Defendants' motion to compel,
17 Mr. Ferrer will assert his Fifth Amendment right against self-incrimination and decline to
18 provide testimony related to the operation of Backpage.com.
19     I declare under penalty of perjury under the laws of the United States that the
20 foregoing is true and correct. Executed on September 23, 2019, at San Francisco, California.

                                            Jonathan Baum

# EXHIBIT A



September 17, 2019

<u>Via Email and Overnight Mail</u>
Nanci Clarence
Clarence Dyer & Coehn LLP
899 Ellis St.
San Francisco, CA 94109
Tel: 415-749-1800
Fax: 451-749-1694
Email: nclarence@clarencedyer.com

    Re:    Subpoena for Carl Allen Ferrer

Dear Ms. Clarence:

    I hope this letter finds you well.  I am writing to provide a subpoena for your client, Carl Allen Ferrer, to be called as a witness at an upcoming evidentiary hearing in *United States v. Lacey, et al.*, 18-CR-00422-PHX-SMB.  Pursuant to the subpoena, Ferrer must be present at 9:00 a.m. on Thursday, October 3, 2019 in Courtroom 506 at the Sandra Day O'Conner United States Courthouse (located at 401 W. Washington St., Phoenix, AZ 85003).

    A courtesy copy of the subpoena accompanies this letter.  Because you represent Ferrer, we are sending the subpoena to you on his behalf.  Please confirm that you will accept service on Ferrer's behalf, or, alternatively, if you will not accept service for him.

    Very truly yours,

    BIENERT | KATZMAN PC

    *Whitney Bernstein* (signature)

    Whitney Z. Bernstein
    Thomas H. Bienert

Enclosure (1)

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

United States of America )
v. )
Michael Lacey, et al., ) Case No. 2:18-cr-00422-PHX-SMB
_Defendant_ )

## SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE

To: Carl A. Ferrer

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: U.S. Courthouse, 401 W. Washington, Phoenix, AZ 85003 | Courtroom No.: Courtroom 506 |
| --- | --- |
| | Date and Time: October 3, 2019 9:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects _(blank if not applicable)_:

(SEAL)

Date: 9/17/19

CLERK OF COURT

_Signature of Clerk or Deputy Clerk_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_ James Larkin , who requests this subpoena, are:

Thomas H. Bienert, Jr.
Bienert | Katzman PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(949) 369-3700
tbienert@bienertkatzman.com

# EXHIBIT B

**CLARENCE**
**DYER**
**COHEN** LLP

ATTORNEYS AT LAW

Nanci L. Clarence
Kate Dyer
Josh A. Cohen
Shaneeda Jaffer
Adam F. Shearer
Jonathan Baum

September 18, 2019

Ms. Whitney Bernstein
Bienert | Katzman
CalEdison Building
601 W. 5th St., Ste 720
Los Angeles, CA 90071

Re: Subpoena for Carl Allen Ferrer

Dear Ms. Bernstein:

I am in receipt of your letter dated September 17, 2019, and confirm that I will accept service on behalf of Mr. Ferrer.

Please be advised that, if required to testify at the evidentiary hearing regarding Defendant's Motion to Compel Discovery set for October 3, 2019, Mr. Ferrer will assert his Fifth Amendment privilege in response to any question related to his involvement with Backpage.com. Please confirm in writing no later than Friday, Sept. 20, 2019 that you nonetheless assert that Mr. Ferrer's presence is required in Arizona simply to assert his Fifth Amendment privilege and to decline to provide substantive testimony.

In an effort to be helpful, I should also let you know that Mr. Ferrer was not directly involved in establishing or managing Backpage's IT systems, servers, databases and data storage, which appear to be the subject of the upcoming hearing. Mr. Ferrer does not have a technological background—his expertise is in classified sales—and he did not manage Backpage's servers during his time at the company. Mr. Ferrer also has had no involvement in or knowledge of how the government has produced discovery to the defense in this matter.

From its founding, Backpage outsourced management of its advertising data to Desertnet in Tucson, Arizona, which managed and maintained the company's advertising servers. (Backpage outsourced storage of its financial data to Amazon Web Services.) Backpage's point of contact at Desternet, Wil Gerkin, was primarily responsible for managing the company's advertising data. To the extent that Backpage's management team was involved in management of

Desertnet, Backpage's former Chief Technology Officers likely have far more information about the matters relevant to this hearing than would Mr. Ferrer.

I look forward to hearing from you no later than Sept. 20, 2019, so that we can seek relief from the Court if necessary.

Very truly yours,

Nanci L. Clarence