1  Mark A. Castillo
   Texas State Bar No. 24027795
2  **CURTIS | CASTILLO PC**
   901 Main Street, Suite 6515
3  Dallas, Texas 75202
   Telephone: 214.752.2222
4  Facsimile:  214.752.0709
5  Email: mcastillo@curtislaw.net

6                  IN THE UNITED STATES DISTRICT COURT

7                     FOR THE DISTRICT OF ARIZONA

8
   United States of America,              CASE NO. 2:18-cr-00422-SMB
9
                    Plaintiff,            **DECLARATION OF MARK CASTILLO
10                                        IN SUPPORT OF REPLY IN SUPPORT
                                          OF MOTION TO QUASH SUBPOENA
11       v.                               SERVED BY DEFENDANT JAMES
                                          LARKIN ON CARL FERRER**
12
   Michael Lacey, et al.
13                                        Hearing Date: October 3, 2019
                                          Hearing Time: 9:00 a.m.
14                  Defendants.

15

16       I, Mark A. Castillo, hereby declare as follows:

17       1.      I am an attorney admitted in the State of Texas, and I am counsel of record for

18  subpoenaed party Ferrer in several civil cases related to the operation of the Backpage.com

19  website in federal and state courts across the country. I have personal knowledge of the facts set

20  forth below and, if called as a witness, could competently testify thereto.

21       2.      On November 30, 2018, U.S. District Court Judge Leo T. Sorokin in the District

22  of Massachusetts ruled that a civil case brought against Mr. Ferrer and other parties should be

23  stayed, among other reasons, because civil discovery could "interfere with Ferrer's Fifth

24  Amendment protection against self-incrimination." This order was entered over seven months

25  after Mr. Ferrer's plea agreements were entered, and nearly three months after the pleas were

26  submitted to the Massachusetts District Court on August 31, 2018.

27

28

1    3.    Attached as Exhibit A is Judge Sorokin's Order on Motion to Stay in Jane Doe v.

2  Backpage.com, et al., Case No. 1:17-cv-11069-LTS (D. Mass.), Dkt. No. 100.

3    4.    State courts in Illinois and Texas have entered similar rulings upholding Mr.

4  Ferrer's assertion of the Fifth Amendment privilege against self-incrimination.

5    5.    In *XXXXXX (J.M.) v. Medalist Holdings, Inc., et al.*, No. DC-17-00951 (Dal.

6  Dist. Ct. 44th Feb. 18, 2019), a Texas state court judge in Dallas ruled that Mr. Ferrer had a valid

7  right to assert the Fifth Amendment in response to Plaintiff's questions concerning the operation

8  of Backpage.com.

9    6.    In *Ambrose v. Backpage.com LLC, et. al.*, No. 2019 190619-U (IL App (1st) June

10  26, 2019), p.21, 24-2, an Illinois appellate court held that Mr. Ferrer's Fifth Amendment rights

11  remain intact and expanded the trial court's partial civil stay, holding that, "the individual

12  defendants' fifth amendment concerns are significant and not speculative…. Denying individual

13  defendants' requests for a stay, where in this case their fifth amendment rights would be unduly

14  burdened by proceeding with the civil action, would be an abuse of discretion."

15    7.    The *Ambrose* appellate decision was rendered over a year after Mr. Ferrer's plea

16  agreements were entered, and over eight months after the pleas were submitted to the Illinois

17  trial court on October 22, 2018.

18    I declare under penalty of perjury under the laws of the United States that the

19  foregoing is true and correct.  Executed on September 30, 2019, at Dallas, Texas.

20

21    _Mark A. Castillo_

22    Mark A. Castillo

DECLARATION OF MARK CASTILLO IN SUPPORT OF REPLY TO MOTION TO QUASH SUBPOENA

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JANE DOE NO. 1, JANE DOE NO. 2, and )
JANE DOE NO. 3,                     )
                                    )
          Plaintiff,                )
                                    )
v.                                  )   Civil No. 17-11069-LTS
                                    )
BACKPAGE.COM, LLC, CARL             )
FERRER, MICHAEL LACEY, and          )
JAMES LARKIN,                       )
                                    )
          Defendants.               )

ORDER ON MOTION TO STAY (DOC. NO. 95)

November 30, 2018

SOROKIN, J.

On July 10, 2018, defendants Michael Lacey and James Larkin moved to stay this matter with respect to them. Doc. No. 86. Although they had previously shared representation with the other two defendants, counsel had withdrawn as to defendants Backpage.com, LLC ("Backpage") and Carl Ferrer, who were then unrepresented. See id. at 6 n.1, Doc. No. 99 at 1–2. The Court allowed the stay as to Lacey and Larkin. Doc. No. 89. Backpage and Ferrer, who have obtained new representation, Doc. No. 93, now move to stay the matter with respect to them, Doc. No. 95.

The Trafficking Victims Protection Reauthorization Act ("TVPRA") provides that "[a]ny civil action filed under this section shall be stayed during the pendency of any criminal action arising out of the same occurrence in which the claimant is the victim." 15 U.S.C. § 1595(b)(1). It further provides that a "'criminal action' includes investigation and prosecution and is pending

until final adjudication in the trial court." Id. § 1595(b)(2). Because this civil action arises under

the TVPRA, see Doc. No. 64 ¶ 1, Backpage and Ferrer argue that they are entitled to a stay

because "several criminal actions concerning the same occurrences and victims remain pending

against" them, Doc. No. 95 ¶ 10. Ferrer and Backpage have both pled guilty to federal criminal

charges concerning the occurrences and victims at issue in this matter, and both of their cases

remain pending. See United States v. Ferrer, Crim. No. 18-464-SPL (D. Ariz. filed Apr. 5, 2018);

United States v. Backpage.com, LLC, Crim. No. 18-465-SPL (D. Ariz. filed Apr. 5, 2018). Both

defendants also have state criminal charges pending against them. Doc. No. 95 at 1 n.1. The

plaintiffs' opposition does not address 15 U.S.C. § 1595(b) or dispute that it provides for a stay

in these circumstances. See generally Doc. No. 96.

Further, it is within this Court's discretion to grant a stay of civil proceedings where there

are simultaneous criminal proceedings against the civil defendant. Such discretionary power

"should be invoked when the interests of justice counsel in favor of such a course."

Microfinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 78 (1st Cir. 2004). Because

civil discovery in this matter could disrupt the ongoing federal and state criminal prosecutions

and interfere with Ferrer's Fifth Amendment protection against self-incrimination, justice

requires staying this matter during the pendency of those actions.

Given the totality of these circumstances, the Motion to Stay, Doc. No. 95, is

ALLOWED, both under 15 U.S.C. § 1595(b) and under this Court's discretion. Defendants

Backpage and Ferrer shall file a status report within 14 days of the conclusion of the criminal

proceedings in the trial courts. The Clerk shall administratively close this case.


SO ORDERED.


 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge