Exhibit D

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>The electronic devices of Michael Lacey and James Larkin seized on April 6, 2018 | )<br>)<br>) Case No. 18-8365 MB<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ District of ____Arizona____
*(identify the person or describe the property to be searched and give its location):*

As described in Attachments A1 and A2.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

As set forth in Attachment B.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before     __9-14-18__
                                                                    *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.     ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
__on duty in AZ,__
          *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*   ☐ for _____ days *(not to exceed 30).*
                                                              ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  __8-31-18 @ 3:52p__                         _____
                                                                          *Judge's signature*

City and state:  Phoenix, Arizona                         U.S. Magistrate Judge John Z. Boyle
                                                                 *Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
Executing officer's signature

_____
Printed name and title

## Attachment A1

### Devices Seized from Property of Michael Lacey

The digital evidence secured in the Federal Bureau of Investigation's Evidence Control Room, located at 21711 N. 7th Street, Phoenix, Arizona 85024, which were seized from 3300 East Stella Lane, Paradise Valley, Arizona on April 6, 2018.

1. Microsoft Surface Laptop, Serial: 038796281653
2. Dell All in One Computer, Serial: C2KR922
3. Orange Nikon Coolpix, Serial: 31001848
4. HP All in One Computer, Serial: 4CS413096G
5. One (1) DVD disk containing image set and examination report for Apple iPhone 356698088226734 imaged onsite.

The digital evidence secured in the Federal Bureau of Investigation's Evidence Control Room, located at 21711 N. 7th Street, Phoenix, Arizona 85024, which were seized from 10647 North State Route 89A, Sedona, Arizona on April 6, 2018.

1. HP Laptop, Serial: 5CD75064KN
2. HP Pavilion 20 All In One PC, Model: 20-b014, Serial: 3CR323056M

## Attachment A2

### Devices Seized from Residence of James Larkin

The digital evidence secured in the Federal Bureau of Investigation's Evidence Control Room, located at 21711 N. 7th Street, Phoenix, Arizona 85024, which were seized from 5555 North Casa Blanca Drive, Paradise Valley, Arizona on April 6, 2018.

1. (3) DVDs
2. Mac Laptop, Serial: W80087M98PW
3. Apple Computer Monitor, Serial: C02550LEF2GC
4. Apple Laptop Model: A1398, Serial: C02J93XLDKQ4
5. Black My Passport Ultra hard drive, Serial: WXT1EA5AAZJT
6. Seagate hard drive, Serial: NA0QBG56
7. White Apple Time Capsule, Serial: 6F9450KKACD
8. Apple Laptop, Serial: C1MR82XDG942
9. Silver iPad Mini

### Devices Seized from James Larkin

The digital evidence secured in the Federal Bureau of Investigation's Evidence Control Room, located at 21711 N. 7th Street, Phoenix, Arizona 85024, which were seized from James Larkin in Phoenix, Arizona, on April 6, 2018.

1. Apple laptop, Model: A1466, Serial: C1MTD0B1H569
2. iPhone cellular phone Model: A1784, FCC ID: BCG-E3092A

Attachment B

Items To Be Seized

1. All information that constitutes fruits, evidence and instrumentalities of violations of 18 United States Code Section 371 (Conspiracy), 1952 (Travel Act), and/or 1956 and 1957 (Money Laundering) spanning the period of the indicted conspiracies to commit any these offenses from 2004-2018.
   a. Correspondence with, James Larkin, John "Jed" Brunst, Scott Spear, Carl Ferrer, Daniel Hyer, Andrew Padilla, Joye Vaught, or other parties (or other files and data) regarding:
      i. Backpage.com, related companies and websites (including partner sites), their control, finances and operations.
      ii. The sale of Backpage.com and related entities along with payments made and monitoring of Backpage.com and related entities done after that sale.
      iii. Methods of receiving payment from customers (including Bitcoin, other cryptocurrencies and store gift cards), applications for merchant accounts, bank accounts, Visa, MasterCard, American Express or other financial institutions, both domestic and overseas.
      iv. Marketing strategies, aggregation (also called the Dallas Plan), affiliate programs, and/or the investigation by the U.S. Senate Permanent Subcommittee on Investigations.
      v. Moderation of Backpage.com ads, escorts, adult services, prostitution, and child sex trafficking.
      vi. Training and compensation of employees, officers and affiliates, both domestic and overseas.
      vii. The Erotic Review (TER) and similar escort review sites and forums.
   b. Bank statements and financial records for Michael Lacey, James Larkin and/or their family members, and various related trust accounts or for Backpage.com or related business entities, including holding companies covering a period from 2012 through 2018.
   c. Records of purchase and ownership of assets, including receipts, invoices, escrow files, loan or financing applications and documents, records of expenses or taxes paid, photographs and correspondence.
   d. Records of banking transactions from 2012 through April 2018.

2. For any computer or storage medium whose search or seizure is otherwise authorized by this warrant and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):
   a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing

      history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;

b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;
c. evidence of the lack of such malicious software;
d. evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;
e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;
f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;
g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;
h. evidence of the times the COMPUTER was used;
i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;
j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;
k. records of or information about Internet Protocol addresses used by the COMPUTER;
l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;
m. contextual information necessary to understand the evidence described in this attachment.

## Definitions

1. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

2. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

## Search Procedure

1. Once the files and data have been obtained from the devices, the Filter Team will review the information. The Filter Team will review the document for privilege or protection only and will disseminate the non-privileged and non-protected documents to the

Investigative Team. The Investigative Team will determine which documents constitute evidence of unlawful activity. Because the Filter Team will be properly walled off from the Investigative Team, it may review emails and communications between or involving attorneys, to determine if they properly qualify for privilege or protections, in accordance with procedures set forth above. This will eliminate the risk that protected information will reach the Investigative Team.

2. The separation between the Investigative Team from the Filter Team serves two purposes: (1) it allows the Filter Team to review documents for privilege and protection only and insulates the Filter Team from the substantive investigation and prosecution of Michael Lacey and James Larkin and (2) it allows the Investigative Team, which is more familiar with the details and specifics of the investigation, to determine which documents constitute evidence of unlawful activity.

3. Once the Filter Team has identified any potential privileged or protected material, and before the Filter Team submits any materials to the Court *in camera* and moves for their disclosure to the Investigative Team, the Filter Team will confer with counsel for the affected parties, as appropriate, and counsel will have the ability to file objections with the Court.

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The electronic devices of Michael Lacey and James Larkin seized on April 6, 2018

Case No. 18-8365 MB

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

As described in Attachments A1 and A2.

located in the _____ District of ___Arizona___ , there is now concealed *(identify the person or describe the property to be seized)*:

As set forth in Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. Section 371 | Conspiracy |
| 18 U.S.C. Section 1952 | Travel Act (Facilitating Prostitution) |
| 18 U.S.C. Section 1956/1957 | Money Laundering/Conspiracy to Commit Money Laundering |

The application is based on these facts:

See affidavit of Special Agent Richard Robinson, Internal Revenue Service, Criminal Investigation

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by AUSA Margaret Perimeter

*Applicant's signature*

SA Richard Robinson, IRS-CI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8-31-18 @ 3:54p

*Judge's signature*

City and state: Phoenix, Arizona

U.S. Magistrate Judge John Z. Boyle
*Printed name and title*

## Attachment A1

### Devices Seized from Property of Michael Lacey

The digital evidence secured in the Federal Bureau of Investigation's Evidence Control Room, located at 21711 N. 7th Street, Phoenix, Arizona 85024, which were seized from 3300 East Stella Lane, Paradise Valley, Arizona on April 6, 2018.

1. Microsoft Surface Laptop, Serial: 038796281653
2. Dell All in One Computer, Serial: C2KR922
3. Orange Nikon Coolpix, Serial: 31001848
4. HP All in One Computer, Serial: 4CS413096G
5. One (1) DVD disk containing image set and examination report for Apple iPhone 356698088226734 imaged onsite.

The digital evidence secured in the Federal Bureau of Investigation's Evidence Control Room, located at 21711 N. 7th Street, Phoenix, Arizona 85024, which were seized from 10647 North State Route 89A, Sedona, Arizona on April 6, 2018.

1. HP Laptop, Serial: 5CD75064KN
2. HP Pavilion 20 All In One PC, Model: 20-b014, Serial: 3CR323056M

Attachment A2

Devices Seized from Residence of James Larkin

The digital evidence secured in the Federal Bureau of Investigation's Evidence Control Room, located at 21711 N. 7th Street, Phoenix, Arizona 85024, which were seized from 5555 North Casa Blanca Drive, Paradise Valley, Arizona on April 6, 2018.

1. (3) DVDs
2. Mac Laptop, Serial: W80087M98PW
3. Apple Computer Monitor, Serial: C02550LEF2GC
4. Apple Laptop Model: A1398, Serial: C02J93XLDKQ4
5. Black My Passport Ultra hard drive, Serial: WXT1EA5AAZJT
6. Seagate hard drive, Serial: NA0QBG56
7. White Apple Time Capsule, Serial: 6F9450KKACD
8. Apple Laptop, Serial: C1MR82XDG942
9. Silver iPad Mini

Devices Seized from James Larkin

The digital evidence secured in the Federal Bureau of Investigation's Evidence Control Room, located at 21711 N. 7th Street, Phoenix, Arizona 85024, which were seized from James Larkin in Phoenix, Arizona, on April 6, 2018.

1. Apple laptop, Model: A1466, Serial: C1MTD0B1H569
2. iPhone cellular phone Model: A1784, FCC ID: BCG-E3092A

Attachment B

Items To Be Seized

1. All information that constitutes fruits, evidence and instrumentalities of violations of 18 United States Code Section 371 (Conspiracy), 1952 (Travel Act), and/or 1956 and 1957 (Money Laundering) spanning the period of the indicted conspiracies to commit any these offenses from 2004-2018.
    a. Correspondence with, James Larkin, John "Jed" Brunst, Scott Spear, Carl Ferrer, Daniel Hyer, Andrew Padilla, Joye Vaught, or other parties (or other files and data) regarding:
        i. Backpage.com, related companies and websites (including partner sites), their control, finances and operations.
        ii. The sale of Backpage.com and related entities along with payments made and monitoring of Backpage.com and related entities done after that sale.
        iii. Methods of receiving payment from customers (including Bitcoin, other cryptocurrencies and store gift cards), applications for merchant accounts, bank accounts, Visa, MasterCard, American Express or other financial institutions, both domestic and overseas.
        iv. Marketing strategies, aggregation (also called the Dallas Plan), affiliate programs, and/or the investigation by the U.S. Senate Permanent Subcommittee on Investigations.
        v. Moderation of Backpage.com ads, escorts, adult services, prostitution, and child sex trafficking.
        vi. Training and compensation of employees, officers and affiliates, both domestic and overseas.
        vii. The Erotic Review (TER) and similar escort review sites and forums.
    b. Bank statements and financial records for Michael Lacey, James Larkin and/or their family members, and various related trust accounts or for Backpage.com or related business entities, including holding companies covering a period from 2012 through 2018.
    c. Records of purchase and ownership of assets, including receipts, invoices, escrow files, loan or financing applications and documents, records of expenses or taxes paid, photographs and correspondence.
    d. Records of banking transactions from 2012 through April 2018.

2. For any computer or storage medium whose search or seizure is otherwise authorized by this warrant and any computer or storage medium that contains or in which is stored records or information that is otherwise called for by this warrant (hereinafter, "COMPUTER"):
    a. evidence of who used, owned, or controlled the COMPUTER at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing

  history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondence;
b. evidence of software that would allow others to control the COMPUTER, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;
c. evidence of the lack of such malicious software;
d. evidence indicating how and when the COMPUTER was accessed or used to determine the chronological context of computer access, use, and events relating to crime under investigation and to the computer user;
e. evidence indicating the computer user's state of mind as it relates to the crime under investigation;
f. evidence of the attachment to the COMPUTER of other storage devices or similar containers for electronic evidence;
g. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the COMPUTER;
h. evidence of the times the COMPUTER was used;
i. passwords, encryption keys, and other access devices that may be necessary to access the COMPUTER;
j. documentation and manuals that may be necessary to access the COMPUTER or to conduct a forensic examination of the COMPUTER;
k. records of or information about Internet Protocol addresses used by the COMPUTER;
l. records of or information about the COMPUTER's Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses;
m. contextual information necessary to understand the evidence described in this attachment.

## Definitions

1. The term "computer" includes all types of electronic, magnetic, optical, electrochemical, or other high speed data processing devices performing logical, arithmetic, or storage functions, including desktop computers, notebook computers, mobile phones, tablets, server computers, and network hardware.

2. The term "storage medium" includes any physical object upon which computer data can be recorded. Examples include hard disks, RAM, floppy disks, flash memory, CD-ROMs, and other magnetic or optical media.

## Search Procedure

1. Once the files and data have been obtained from the devices, the Filter Team will review the information. The Filter Team will review the document for privilege or protection only and will disseminate the non-privileged and non-protected documents to the

Investigative Team. The Investigative Team will determine which documents constitute evidence of unlawful activity. Because the Filter Team will be properly walled off from the Investigative Team, it may review emails and communications between or involving attorneys, to determine if they properly qualify for privilege or protections, in accordance with procedures set forth above. This will eliminate the risk that protected information will reach the Investigative Team.

2. The separation between the Investigative Team from the Filter Team serves two purposes: (1) it allows the Filter Team to review documents for privilege and protection only and insulates the Filter Team from the substantive investigation and prosecution of Michael Lacey and James Larkin and (2) it allows the Investigative Team, which is more familiar with the details and specifics of the investigation, to determine which documents constitute evidence of unlawful activity.

3. Once the Filter Team has identified any potential privileged or protected material, and before the Filter Team submits any materials to the Court *in camera* and moves for their disclosure to the Investigative Team, the Filter Team will confer with counsel for the affected parties, as appropriate, and counsel will have the ability to file objections with the Court.