# **<u>Exhibit C</u>**



**Ariel A. Neuman**
aneuman@birdmarella.com

1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone (310) 201-2100
Facsimile (310) 201-2110
www.BirdMarella.com

File 4613.2

November 5, 2019

**Via Electronic Mail Only**

Reginald E. Jones
Peter S. Kozinets
Andrew C. Stone
Kevin M. Rapp
Assistant United States Attorneys
E-Mail: reginald.jones4@usdoj.gov
E-Mail: peter.kozinets@usdoj.gov
E-Mail: andrew.stone@usdoj.gov
E-Mail: kevin.rapp@usdoj.gov

    Re:    **U.S. vs. Michael Lacey, et al.**
             **USDC Arizona Case No. 2:18-cr-00422-PHX-SMB**
             **Undisclosed Server with Subpoena Information**

Dear Counsel:

      As you no doubt recall, at the October 25, 2019 hearing in this matter, FBI Information Technology Specialist and Forensic Examiner Matthew Frost testified that he decided not to forensically image and produce to the defense a Backpage server that contains evidence of Backpage's interaction with law enforcement, including "information that Backpage regularly and voluntarily provided in response to law enforcement subpoenas." 10/25/19 Tr. at 297-298. He also testified that he had not "extracted the relational database of that server." *Id.* He further testified that there is no "system" in existence to "go through that information." *Id.* He explained that this was despite the fact that Mr. Frost, who was apparently independently aware that such a server existed, had Wil Gerken identify the server for him. *Id.*

      *First*, this demonstrates that the government repeatedly misled the Court – in its May 31, 2019 Notice Regarding Status of Backpage Servers (Dkt. 626) and elsewhere – when it stated that the additional servers it chose not to image and provide to the defense contain no unique data.

Reginald E. Jones, et al.
November 5, 2019
Page 2

*Second*, this suggests that the government has withheld material and relevant evidence from the defense in violation of Rule 16. As you wrote on June 3, 2019, "at trial, the United States will present evidence of the numerous subpoenas served on Backpage . . . as it is relevant to demonstrate the Defendants' knowledge that they were operating a prostitution website." June 3, 2019 Ltr. From AUSA Rapp, at 5. Although the government has produced some number of subpoenas and subpoena responses, without the server, it is impossible to determine whether the produced material includes all of the relevant evidence. *All* of the Backpage subpoenas and subpoena responses are "material to preparing the defense." The server at issue fits squarely within both Rules 16(a)(1)(E)(i) and 16(a)(1)(E)(ii), and, if the government's allegations are to be believed, also within Rule 16(a)(1)(E)(iii). The government's intentional decision not to produce it is inexplicable.

*Third*, this suggests that the government has failed to comply with its *Brady* obligations. The Superseding Indictment alleges, *inter alia*, that the Defendants "took pains to mislead . . . law enforcement officials." SI ¶ 12. The Superseding Indictment is replete with allegations that Defendants approached their legal obligations in bad faith and with an eye towards concealment and trickery. *All e*vidence demonstrating that Backpage regularly and voluntarily provided information to law enforcement, and did not mislead it in those interactions, is clearly exculpatory. Defendants have repeatedly and continuously requested that the government comply with its obligations under *Brady*. In fact, Defendants have repeatedly asked *specifically* for the information that resides on the undisclosed server. *See* 6/1/2019 status report (Dkt. 627); May 23, 2019 Letter from W. Bernstein; Oct. 26, 2018 from M. Picaretta. The government has continually reassured both Defendants and the Court that it is aware of its obligations and is abiding by them. The government specifically told the Court that it would turn over any *Brady* material within 10 days of discovery, and the Court "implore[d] the Government to" do so to avoid an order to that effect. *See* Order (Dkt. 339) at 5-6. Yet, on October 25, 2019, a government agent and member of the prosecution team testified that he has been aware for at least several months of a server that demonstrates Backpage's regular and voluntary cooperation with law enforcement – information the defense specifically identified as *Brady* material – and he did nothing to secure that data, let alone make it available to the defense. Indeed, Mr. Frost could not even identify the relevant server when asked. Worse still, documents only turned over to the defense as part of an evidentiary proceeding – and not in the course of regular discovery and *Brady* disclosures – suggest Mr. Frost has been aware of this information for more than a year. *See* Evid.Hearing10.3.19_000952 (June 5, 2018 email between Gerken and Frost). Again, while we acknowledge that the government has produced some number of subpoenas and

Reginald E. Jones, et al.
November 5, 2019
Page 3

subpoena responses, without the actual server, it is impossible to determine whether the government's production is complete. Without having imaged the server, even the government cannot be sure.

Please immediately identify the relevant server, determine exactly what is on it, and then, in light of the problems with the production of servers and hard drives to date, advise us so that we can confer with you regarding next steps. Please confirm your intent to do so, and the date by which you will provide the information, via return correspondence by no later than November 8, 2019.

This request does not supplant the pending request for forensically sound images of *all* seized servers, and a fully functional "read only" version of the website as it existed when it was seized by government agents. Indeed, this only demonstrates the appropriateness of Defendants' pending requests. The government's assurances about its decision not to image all servers – a choice it made based on "changing, incomplete, and not definitive" information received from third-party witnesses months after the seizures – are meaningless. The reality is that the government does not know what is on most of the servers it refuses to image, and knows that at least one of those servers contains relevant Rule 16 and *Brady* evidence which very well may not have otherwise been produced.

We may choose to also address this matter with the Court as appropriate.

Sincerely,

Ariel A. Neuman

cc: Thomas H. Bienert, Jr., tbienert@bienertkatzman.com
    Whitney Z. Bernstein, wbernstein@bienartkatzman.com
    Paul J. Cambria, pcambria@lglaw.com
    Erin E. McCampbell, emccampbell@lglaw.com
    Bruce S. Feder, bf@federlawpa.com
    David S. Eisenberg, david@deisenbergplc.com
    Joy M. Bertrand, joyous@mailbag.com

3614332.3