# **Exhibit F**



U.S. Department of Justice

United States Attorney
District of Arizona

Two Renaissance Square          Main:       (602) 514-7500
40 N. Central Ave., Suite 1800   Main Fax:   (602) 514-7693
Phoenix, AZ  85004-4408

May 16, 2019

Ariel A. Neuman, Esq.
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
(Attorneys for Jed Brunst)

VIA EMAIL

      Re:    *Your letter of May 9, 2019*

Dear Mr. Neuman:

      We wish to respond to your May 9, 2019 letter.  *First*, the letter requests the disclosure of certain witness statements. You have provided us a list of witnesses from the government's preliminary witness list but advise that you do not have any Jencks Act statements from these witnesses. On this issue, your understanding is not fully accurate. There are a number of emails involving Culloton, Fitcher, Nigam, Gage, etc.  Also, we are in the process of disclosing the articles written and a video produced by Nicholas Kristof (they are publicly available on the NYT website) and you already have the email exchanges with Kristof and Suskin (these were actually disclosed to us by DWT). In short, I think you are confusing Jencks Act statements as only reports prepared by investigating agents and ignoring that numerous emails between the Defendants (and noticed witnesses) are also Jenks Act material.

      That said, if you do not have a witness statement from any witness on our preliminary witness list than there are no Jencks Act statements available or the witness has yet to adopt a statement provided to an investigating agent. As you know, the Jencks Act requires the government produce statements that have been *adopted* by a witness *after* the witness testifies (we have agreed to produce well before their testimony). *See United States v. Claiborne*, 765 F.2d 784, 801 (9th Cir. 1985) ("[t]he Jencks Act restrictively defines those 'statements' by a witness that are subject to disclosure."); 18 USC §3500(e)(1); *see also United States v. Jackson,* 978 F.2d 903, 913 (5th Cir.1992) ("To adopt a statement under the Jencks Act a witness must read the entire statement and formally approve the statement."); *United States v. Newman,* 849 F.2d 156, 160 (5th Cir. 1988)

May 16, 2019
Page 2

(Witness did not adopt a DEA report when he told the DEA agent that he did not disagree with anything in the report.). In addition, many of our witnesses are out of state and they will likely not have an opportunity to adopt their statement until we meet with them closer to trial and have them review their previous statements.

*Second*, in addition to statements (*e.g.*, depositions, grand jury testimony, etc.) you also request notes of interviews. However, the agent's notes concerning the interview generally are not Jencks statements under § 3500(e)(1). *See Claiborne*, 765 F.2d 784, 801 (9th Cir. 1985) (FBI "302" reports are not statements by interviewee who did not draft or approve their contents); *United States v. Griffin*, 659 F.2d 932, 937 (9th Cir. 1981). If, however, the notes are reviewed by, or read back to and then approved by the witness, they are subject to disclosure under the Jencks Act. *Campbell v. United States*, 373 U.S. 487, 492-93 (1963); *United States v. Boshell*, 952 F.2d 1101, 1105 (9th Cir. 1991). An agent's notes or report also normally are not subject to disclosure under § 3500(e)(2) as a "substantially verbatim" recital of an oral statement made by the interviewee. Summaries of a witness interview contained in notes or a report are not a verbatim summary where they reflect the agent's selection of pertinent information. *See United States v. Augenblick*, 393 U.S. 348, 355 (1969) (notes by agent not "substantially verbatim" statement where they did not cover entire interview); *United States v. Palermo*, 360 U.S. 343, 352-3 (1959) (agent's summary report of interview not "substantially verbatim" statement). The fact that an agent is required by *United States v. Harris*, 543 F.2d 1247 (9th Cir. 1976), to preserve original interview notes made when a potential governmental witness is questioned does not mean that such notes are subject to Jencks disclosure. *See United States v. Spencer*, 618 F.2d 605, 606 (9th Cir. 1980). Finally the government's voluntary disclosure of an agent's investigative reports does not require the government also to produce any notes that may relate to the reports. *United States v. Pisello*, 877 F.2d 762, 768 (9th Cir. 1989).

*Third*, regarding your request for specific witnesses from the credit card companies, we are in the process of meeting with those companies to identify the appropriate person who will testify at trial and will promptly disclose this information once it's known.

*Fourth*, you request various grand jury transcripts. If there is a grand jury transcript that constitutes Jencks Act material it has already been disclosed. For example, you should have in your possession a number of transcripts from the grand jury investigation conducted by the USAO WDWA of witnesses who may testify at trial. You also have in your possession trial transcripts from various victims' civil depositions and/or trial testimony. We are unaware of any other grand jury transcripts that exist of any other *testifying* witnesses, including from any witness that testified in the District of Arizona grand jury.

*Fifth,* your request for "instructions" provided to the Arizona federal grand jury is unclear as you fail to provide a relevant basis for your request. In support, you cite a forty-six year old case that has nothing to do with the facts here. In *United States v. Alter*, the case involved a grand jury witness adjudged in a civil contempt violation. 482 F.2d 1016, 1029 n.21 (9th Cir. 1973). In such a case, the instructions would arguably be relevant to the actual charge of contempt. That is not the case here. Moreover you seem to misunderstand the proposition for which the *Alter* case stands for (and also *United States v. Fuentes*, 2008 WL 2557949, for that matter), namely the

May 16, 2019
Page 3

disclosure of the *court's* instructions and charge to the grand jury.[1] We are struggling to understand how the charge to the grand jury provided by the judge presiding over the subject grand jury (upon empanelment) would be relevant to the instant case. In any event, without more, we are not inclined to produce the transcript.

If, however, you are requesting the transcript where the prosecutor reads both the elements of the offense(s) to the grand jury and the indictment, that request is also denied for similar reasons. Here, the superseding indictment fairly informs the Defendants of the charges against them and is not otherwise deficient so as to raise any inference that the grand jury instructions were incorrect. *See United States v. Smith,* 105 F. Supp. 3d 255, 261 (W.D.N.Y. 2015) ("The absence of detailed allegations regarding Defendant's alleged knowledge of the conspiracy is insufficient to create a particularized need [for the government's legal instructions to the grand jury].").

Lastly, you request certain documents related to your client. As you know, we have provided you (on a couple of occasions) "hot" documents that included emails where Brunst was included and also management agendas that demonstrate he was present during the discussion of certain internal business practices (*i.e.*, The Erotic Review). In short, we have gone beyond our Rule 16 obligations in this regard. Here, you have not articulated any basis or provided any legal authority supporting the government's obligation to provide you discovery specific to your client. In fairness, if you are not satisfied with our response and file some type of motion seeking relief, please include this letter as an attachment so the Court has an understanding of our efforts to resolve this issue without a hearing.

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division
U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney, CEOS
(202) 616-2807
reginald.jones4@usdoj.gov

MICHAEL BAILEY
United States Attorney

---

[1] *See* http://www.ndd.uscourts.gov/jury/jury_handbook_grand_jurors.pdf ("After the grand jurors have been sworn, the presiding judge advises the grand jury of its obligations and how best to perform its duties. This is called the charge to the grand jury. Careful attention must be paid to the charge, for it and any additional instructions that may be given by the court contain the rules and directions the grand jury must follow during its term of service.")

May 16, 2019
Page 4

<u>s/ Kevin M. Rapp</u>
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW STONE
Assistant United States Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney