Thomas H. Bienert, Jr. (CA State Bar No. 135311, *admitted pro hac vice*)
Whitney Z. Bernstein (CA State Bar No. 304917, *admitted pro hac vice*)
BIENERT KATZMAN, PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
Telephone: (949) 369-3700
Facsimile: (949) 369-3701
Email: tbienert@bienertkatzman.com
        wbernstein@bienertkatzman.com
*Attorneys for James Larkin*

Gary S. Lincenberg (CA State Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA State Bar. No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA State Bar No. 279586, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
Email: glincenberg@birdmarella.com
        aneuman@birdmarella.com
        gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Additional counsel listed on following page

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-SMB |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS INDICTMENT BASED ON SECTION 230 OF THE COMMUNICATIONS DECENCY ACT OR, ALTERNATIVELY, AS VOID FOR VAUGNESS** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |

Paul J. Cambria, Jr. (NY State Bar No. 1430909, *admitted pro hac vice*)
Erin E. McCampbell (NY State Bar No. 4480166, *admitted pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite #120
Buffalo, NY 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
Email: pcambria@lglaw.com
       emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Bruce Feder (AZ State Bar No. 004832)
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, AZ 85016
Telephone: (602) 257-0135
Facsimile: (602) 954-8737
Email: bf@federlawpa.com
*Attorneys for Scott Spear*

David Eisenberg (AZ State Bar No. 017218)
DAVID EISENBERG, P.L.C.
3550 N. Central Avenue, Ste. 1550
Phoenix, Arizona 85012
Arizona State Bar No. 017218
Telephone: (602) 237-5076
Email: david@deisenbergplc.com
*Attorneys for Andrew Padilla*

Joy Bertrand (AZ State Bar No. 024181)
JOY BERTRAND, ESQ.
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone: (602) 374-5321
Fax: (480) 361-4694
Email: joyous@mailbag.com
*Attorneys for Joye Vaugh*

---

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS IDICTMENT BASED ON SECTION 230 OF THE COMMUNICATIONS DECENCY ACT, OR ALTERNATIVELY, AS VOID FOR VAUGNESS

Defendants hereby file their reply in support of their motion to dismiss indictment based on section 230 of the Communications Decency Act. This reply is based on the attached memorandum of points and authorities, the previously filed motion to dismiss, the facts, records, and exhibits in this case and any argument that might be heard on this matter.

**Memorandum of Points and Authorities**

I. <u>Dismissal Based on Section 230</u>

The government's Opposition to Defendants' Motion to Dismiss Based on Section 230 ("Opposition") fails to rebut the conclusion that violations of the Travel Act cannot be premised on state offenses precluded by Section 230 of the CDA. The government's Opposition primarily relies on language in the CDA that says Section 230 does not apply to "any other Federal criminal statute." Opposition at 1-5. But making this absolute claim is a bridge too far – the CDA, caselaw and common sense suggest that federal prosecution must be pursuant to a *substantive* federal crime.

The language the government cites does not appear in a vacuum, but as part of a longer paragraph, one that gives examples of what is intended. The pertinent provisions of the CDA at the times referenced in the Indictment read as follows:

> (e) Effect on other laws
>
> (1) No effect on criminal law
>
> Nothing in this Section shall be construed to impair the enforcement of Section 223 or 231 of this title, chapter 71 (relating to obscenity) or 110 (relating to sexual exploitation of children) of title 18, or any other Federal criminal statute.

47 USC § 230(E).

Significantly, each of the statues noted in the CDA exceptions are *substantive* federal crimes, proscribing particular conduct:

> <u>47 USC § 223</u> precludes obscene or harassing phone calls;
>
> <u>47 USC § 231</u> restricts providing access of harmful materials to minors;
>
> <u>18 USC Chapter 71</u> contains the federal statutes criminalizing particular acts related to obscenity (18 USC §§ 1460-1465); and

18 USC Chapter 110 contains the federal statutes criminalizing the sexual exploitation of children (18 USC §§ 1460-1470).

The carve outs noted in Section 230 exemplify the common-sense notion that the exceptions to Section 230 protection are particular *substantive* federal statutes, not statutes like the Travel Act that necessarily depend on other substantive statutes.

The cases cited by the government to suggest that the CDA permits the prosecution in this case are inapposite. Opposition at 4-5.  None of those cases involve any Travel Act allegations, but instead involve *substantive* civil or criminal offenses, like the prosecution for narcotics distribution involved in *Ulbricht*, the only criminal case the government cites for this proposition.  The cases cited by the government simply don't shed any light on the issues at play here, where the Travel Act is the gravamen of the government's indictment.  As noted in Defendants' Motion, cases that do involve the Travel Act demonstrate that the Travel Act is not applicable when the linked substantive offense is a legal impossibility.  See Motion at 8-10. The *Tonry* case referenced in the Motion is particularly instructive because, under the allegations of that case, a crime did occur; but it simply was not one for which the defendant in that Travel Act case could be found guilty.  *Tonry*, 837 F.2d at 1284-85.

Common sense warrants the same conclusion.  The CDA is a federal statute that precludes prosecution of online publishers for purported violations of state laws like those relating to prostitution.  That federal Act would be meaningless if the government could simply link the Travel Act to the very state criminal statues from which publishers are protected. Federal law recognizes other immunities, for example diplomatic immunity. *E.g., Brzak v. United Nations*, 597 F.3d 107, 113 (2d Cir. 2010) ("current diplomatic envoys enjoy absolute immunity from civil and criminal process").  The government could not avoid diplomatic immunity by simply linking an otherwise alleged illegal act by a diplomat with the Travel Act.  Nor can it do the same here to a publisher with immunity from prosecution.

The government also argues that Defendants are ineligible for CDA immunity because they "deliberately created and/or acquired prostitution ads." Opposition at 1.  This issue of avoiding Section 230 immunity by alleging content creation was directly confronted and rejected

in several cases involving Backpage, most notably in the California criminal prosecution against Backpage Defendants.  There, the court dismissed state prostitution charges because they were barred by Section 230.  Like here, the prosecutors in California argued that Section 230 immunity "may be removed if Defendants' conduct went beyond those of a publisher and constituted content creation." *People v. Ferrer*, No. 16FE024013 (Sup. Ct. Sacramento Cty. Aug. 23, 2017) ("Ferrer II"), attached as Ex. A, at p. 13.  The court addressed the issue in detail, and rejected the prosecution's argument that the alleged "content creation" obviated Section 230 immunity because:

> 1) Backpage's alleged moderation and content creation did "not change the user's intent" so did not provide "material contribution to the offensive content," keeping Backpage's actions "within the scope of protected editorial functions" (citing *Doe v. Backpage.com, LLC*, 812 F.3d 12, 20-21 (1st Cir 2016);
>
> 2) "Even if the edits or posting rules allow advertisers to use coded language, this is insufficient to render the website operator a content provider . . . . [I]t is the third party who is responsible for the illegal content of the advertisement" (citing *Jones v. Dirty World Entm't. Recordings, LLC*, 755 F.3d 398, 414 (6th Cir 2014);
>
> 3) "[E]ven if Backpage knew of the unlawfulness of the content of the ads, knowledge is insufficient to render Defendants liable.  This is true regardless of whether Backpage even exercised its editorial discretion and deleted or blocked certain terms from ads" (citing *Doe II v. MySpace, Inc.*, 175 CalApp 4th 561, 571 (2009); *Doe v. Backpage.com,* 812 F.3d at 21); and
>
> 4) "[C]ourts have stated that the motivation behind editorial decisions 'do not alter the fact that the complaint premises liability on the decisions Backpage is making as a publisher with respect to third-party content'" (citing *Doe v. Backpage.com,* 812 F.3d at 21).

Noting all of these points, the court found that "there is no material contribution to the offensive content in the advertisements, and the allegations reference traditional publisher functions." *Id.* at 15.  As such, Section 230 immunized the Backpage defendants, and the court

dismissed the criminal charges against them that were based on alleged promotion of prostitution.

The same law and conclusions that warranted rejection of the "content creation" allegations in the California criminal case and *Doe v. Backpage* warrant rejection of that claim here. Indeed, Judge Brown's conclusion regarding Section 230 in the California criminal case is equally applicable here:

> "[F]ederal law provides broad immunity for internet service providers from both federal and state criminal prosecutions. Indeed, the 9th Circuit federal appellate court has instructed such immunity be applied liberally. The underlying public policy is to permit, and promote, the robust growth of the internet by shielding providers from facing suit over the content created by those posting on their sites. If and until Congress sees fit to amend the immunity law, the broad reach of Section 230 of the Communications Decency Act even applies to those alleged to support the exploitation of others by human trafficking."

*Id.* at 18. Because the instant charges are premised on Defendants' publication of alleged prostitution ads, for which they had Section 230 immunity, the charges must be dismissed.[1]

II. <u>Dismissal As Unconstitutionally Vague</u>

Even if the Court were to find that Section 230 immunity did not apply, the existence of Section 230 immunity renders any attempt to prosecute Defendants under the Travel Act for their publishing activities void as unconstitutionally vague. The government's reference to two plea agreements under the Travel Act, Opposition at 14, is of no avail: they weren't contested matters where any defendant actually challenged the application of the Travel Act. Nor does the alleged "drumbeat of notice" listed by the government, purporting to consist of some law enforcement officers, Congress, news organizations, some financial institutions, some employee concerns, and Google alerts, Opp'n at 14-15, suffice to provide adequate legal notice of criminal exposure. Indeed, the only "legal notice" that occurred prior to the instant Indictment on the issue of whether Backpage defendants could be prosecuted, civilly or legally, for their publishing

---

[1] The government also argues that the Court's October 24, 2019 Order (Dkt. 793) governs the instant Motion. It does not for the simple reason that different issues were presented in that motion than in this Motion.

activities is found in prior rulings of judges in actual lawsuits and prosecutions relating to Backpage. Those prior judicial rulings provide a resounding "no," holding that Backpage and its principals could not be sued or prosecuted. Caselaw and statutes applicable before defendants were indicted in this case were "not sufficiently clear to provide guidance."[2] Motion at 11-13, *Zhi Yong Guo*, 634 F.3d at 1121. The government's attempt to use the Travel Act to prosecute activities exempted under CDA Section 230 is void as unconstitutionally vague.

### III. The Conspiracy and Money Laundering Counts

When the Travel Act counts fail, the conspiracy and money laundering counts based on the same alleged conduct necessarily fail. For example, to support a money laundering conviction based on Travel Act violations, the government is required to prove "that the defendant knew that the underlying acts which provided the sources of the laundered proceeds were illegal." *United States v. Golb*, 69 F.3d 1417, 1428 (9th Cir. 1999).

The government responds by citing two inapposite out-of-circuit cases for the blanket assertion that "[e]ven if Defendants could avoid liability on the Travel Act counts, they may still be prosecuted for money-laundering related crimes…" Opp'n at 16:21-17:5. The defendants in those cases were charged with direct money laundering – their sole alleged function was to hide proceeds provided to them by drug dealers. This is not the same theory used in the instant case, where the government's money laundering charges are premised on allegations that Backpage and its alleged co-conspirators knew they were promoting prostitution (and intended to do so). Here, the government must prove that Defendants' conduct in publishing ads was illegal in order to show that the handling of the funds collected for those ads was illegal. It cannot do so, since Defendants' activity was legally protected under the CDA. Consequently, the money laundering charges attached to the CDA activity similarly fail.

---

[2] Since the time defendants were indicted, Congress enacted a substantive federal criminal statute authorizing prosecution of those who operate interactive computer services with the intent to promote or facilitate the prostitution of another person. 18 USC Section 2421A. Before enactment of Section 2421A, no substantive federal statute existed that would vitiate Section 230 immunity for publishers, and there certainly was insufficient notice that internet publishers could be criminally liable for their publishing activities.

# CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant Defendants' Motion to Dismiss Indictment Based on Section 230 of the Communications Decency Act or, Alternatively, as Void for Vagueness (Doc. 783).

Respectfully submitted,

DATED: December 23, 2019    Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT KATZMAN, PLC

By: */s/ Thomas H. Bienert, Jr.*
Thomas H. Bienert, Jr.
Attorneys for James Larkin

DATED: December 23, 2019    Paul J. Cambria, Jr.
Erin E. McCampbell
LIPSITZ GREEN SCIME CAMBRIA LLP

By: */s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Attorneys for Michael Lacey

DATED: December 23, 2019    Bruce Feder
FEDER LAW OFFICE, P.A.

By: */s/ Bruce Feder*
Bruce Feder
Attorneys for Scott Spear

DATED: December 23, 2019    Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.

By: */s/ Ariel A. Neuman*
Ariel A. Neuman
Attorneys for John Brunst

| | | |
|---|---|---|
| 1 | DATED:  December 23, 2019 | David Eisenberg |
| 2 | | DAVID EISENBERG, P.L.C. |
| 3 | | By: */s/ David Eisenberg* |
| 4 | | David Eisenberg |
| | | Attorneys for Andrew Padilla |
| 6 | DATED:  December 23, 2019 | Joy Bertrand |
| 7 | | JOY BERTRAND, ESQ. |
| 8 | | By: */s/ Joy Bertrand* |
| 9 | | Joy Bertrand |
| | | Attorneys for Joye Vaught |

# CERTIFICATE OF SERVICE

I certify that on this 23rd day of December 2019, I electronically transmitted a PDF version of this document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants listed below.

*/s/ Toni Thomas*
Toni Thomas

Anne Michelle Chapman, anne@mscclaw.com

Erin E. McCampbell, emccampbell@lglaw.com

Anthony R. Bisconti, tbisconti@bienertkatzman.com

Ariel A. Neuman, aan@birdmarella.com

Bruce S. Feder, bf@federlawpa.com

James C. Grant, jimgrant@dwt.com

Lee David Stein, lee@mscclaw.com

Paul J. Cambria, pcambria@lglaw.com

Robert Corn-Revere, bobcornever@dwt.com

Ronald Gary London, ronnielondon@dwt.com

Janey Henze Cook, janey@henzecookmurphy.com

John Lewis Littrell, jlittrell@bmkattorneys.com

Thomas H. Bienert, Jr. tbienert@bienertkatzman.com

Whitney Z. Bernstein, wbernstein@bienertkatzman.com

Gary S. Lincenberg, glincenberg@birdmarella.com

Gopi K. Panchapakesan, gpanchapakesan@birdmarella.com

Michael D. Kimerer, mdk@kimerer.com

Rhonda Elaine Neff, rneff@kimerer.com

David S. Eisenberg, david@deisenbergplc.com

Joy Malby Bertrand, joyous@mailbag.com

John Jacob Kucera, john.kucera@usdoj.gov

Kevin M. Rapp, Kevin.Rapp@usdoj.com

Margaret Wu Perlmeter, Margaret.perlmeter@usdoj.gov

Reginald E. Jones, reginald.jones4@usdoj.gov

Peter Shawn Kozinets, Peter.Kozinets@usdoj.gov

Andrew C. Stone, andrew.stone@usdoj.gov