**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-00422-001-PHX-SMB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Joint Motion to Dismiss Indictment for Grand Jury Abuse or, in the Alternative, for Disclosure of Grand Jury Transcripts. (Doc. 782, "Mot." or "Motion".) The Government responded and Defendants replied. (Doc. 812, "Resp."; Doc. 826, "Repl.".) Defendants requested oral argument, but the Court elects to resolve the Motion without it. *See* LRCiv 7.2(f). Defendants move to dismiss the indictment because the grand jury process was "unconstitutionally tainted," or alternatively, for "the disclosure of the grand jury transcripts so that the Defendants and the Court can examine the government's actions before the grand jury." (Mot. at 8; *see* Repl. at 6.) Having considered the parties' briefings, the superseding indictment, (Doc. 230, "SI"), and pertinent case law, the Court denies Defendants' Motion as explained below.

**I.    BACKGROUND**

The grand jury initially returned a 93-count indictment against Defendants on March

28, 2018. (Doc. 3.) Roughly five months later, it returned a 100-count superseding indictment against them. (Doc. 230, "SI".) The SI charges conspiracy (Count 1), facilitating prostitution under the Travel Act (Counts 2-51), conspiracy to commit money laundering (Count 52), concealment of money laundering (Count 53-62), international promotion of money laundering (Count 63-68), transactional money laundering (Counts 69-99), and international concealment of money laundering (Count 100) against Defendants. (*See generally id.*) Defendants now move to dismiss the SI in its entirety for grand jury abuse, or alternatively, for disclosure of the grand jury's transcripts. (Mot. at 8.)

## II. LEGAL STANDARD

"[T]he grand jury is deeply rooted in Anglo-American history." *United States v. Calandra*, 414 U.S. 338, 342 (1974); *see Costello v. United States*, 350 U.S. 359, 361-62 (1956). It exists to "determin[e] whether there is probable cause to believe a crime has been committed" and to "protect[] . . . citizens against unfounded criminal prosecutions." *Calandra*, 414 U.S. at 343. "The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process." *United States v. Mechanik*, 475 U.S. 66, 75 (1986) (O'CONNOR, J., concurring); *see also Costello*, 350 U.S. at 363 ("An indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more[]"); *see also United States v. R. Enters, Inc.*, 498 U.S. 292, 300 (1991) (noting how "the law presumes, absent a showing to the contrary, that a grand jury acts within the legitimate scope of its authority").

### A. Dismissing Indictment for Error in Grand Jury Proceedings

"[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988). In line with this, Federal Rule of Criminal Procedure 52(a)'s harmless error inquiry requires federal courts disregard errors, defects, irregularities, or variances not affecting substantial rights. *See Mechanik*, 475 U.S. at 70-

72 (finding post-trial refusal to dismiss indictment for Rule 6(d)[1] violation because error rendered harmless after guilty verdict). "[T]here is 'no reason not to apply [Rule 52(a)] to errors, defects, irregularities, or variances occurring before a grand jury[.]'" *Bank of Nova Scotia*, 487 U.S. at 255 (quoting *Mechanik*, 475 U.S. at 71-72).

When "a court is asked to dismiss an indictment prior to the conclusion of the trial, . . . dismissal of the indictment is appropriate *only* 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia*, 487 U.S. at 256 (emphasis added) (quoting *Mechanick*, 475 U.S. at 78 (O'CONNOR, J., concurring)). "[*Bank of Nova Scotia*'s 'grave doubts'] standard does not 'circumvent the harmless-error inquiry prescribed by Federal Rule of Criminal Procedure 52(a),' because it requires the defendant[s] suffer prejudice." *United States v. Navarro*, 608 F.3d at 539. Instead, the "grave doubts" standard merely defines when an error is harmless.[2] *Id.*

In cases of alleged prosecutorial misconduct, "[t]he Court's power to dismiss an indictment on the ground of prosecutorial misconduct is frequently discussed but rarely invoked." *United States v. Samango*, 607 F.2d 877, 881 (9th Cir. 1979). "One challenging an indictment carries a difficult burden. He must demonstrate that the prosecutor engaged in flagrant misconduct that deceived the grand jury or significantly impaired its ability to exercise independent judgment." *United States v. Al Mudarris*, 695 F.2d 1182, 1185 (9th Cir. 1983) (citing *United States v. Wright*, 667 F.2d 793, 796 (9th Cir. 1982)). "Dismissal of an indictment is required only in flagrant cases in which the grand jury has been overreached or deceived in some significant way, as where perjured testimony has knowingly been presented[.]" *Samango*, 607 F.2d at 882 (quoting *United States v. Thompson*, 576 F.2d 784, 786 (9th Cir. 1978)).

---

[1] Rule 6(d) provides who may be present while the grand jury is in session, during deliberations, or voting. Fed. R. Crim. P. 6(d).

[2] In the context of dismissing an indictment for grand jury violations, the Ninth Circuit has explicitly held that "[t]he *Bank of Nova Scotia* 'grave doubt' standard applies to dismissal before the verdict.'" *Navarro*, 608 F.3d at 540.

- 3 -

In evaluating whether to dismiss, a court may not look beyond the indictment to determine if the evidence upon which it was based is sufficient. *See Costello*, 350 U.S. at 363; *see also United States v. Lunstedt*, 997 F.2d 665, 667 (9th Cir. 1993) ("A district court cannot grant a motion to dismiss an indictment if the motion is substantially founded upon and intertwined with evidence concerning the alleged offense" (citations and internal quotations omitted)). A court can only grant "such a dismissal if it is entirely segregable from the evidence to be presented at trial." *Id.* (citations and internal quotations omitted). If this is not the case, "the motion falls within the province of the ultimate finder of fact and must be deferred [to the jury]." *Id.* (citations omitted).

### B. Disclosing Grand Jury Transcripts

The longstanding cornerstone of the grand jury is that "[i]t deliberates in secret and may determine alone the course of its inquiry." *Calandra*, 414 U.S. at 343; *see also United States v. Johnson*, 319 U.S. 503, 513 (1943); *Costello*, 350 U.S. at 362. Not even a judge presides to monitor its proceedings. *Calandra*, 414 U.S. at 343. "This 'indispensable secrecy of grand jury proceedings,' must not be broken except where there is a compelling necessity" that is "shown with particularity." *United States v. Procter & Gamble Co*, 356 U.S. 677, 682 (1958) (internal citation omitted). "To allow the intrusion . . . into the indispensable secrecy of grand jury proceedings—as important for the protection of the innocent as for the pursuit of the guilty—would subvert the functions of federal grand juries by all sorts of devices . . . such as ready resort to inspection of grand jury minutes." *Johnson*, 319 U.S. at 513.

The Supreme Court has acknowledged numerous public policy principles justifying the secrecy of grand jury proceedings:

> (1) To prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free

> and untrammeled disclosures by persons who have information with respect to the commission of crimes; (5) to protect innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

*Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 219 n.10 (1979) (citing *Procter & Gamble Co.*, 356 U.S. at 681-82, n.6 (quoting *United States v. Rose*, 215 F.2d 617, 628-29 (3rd Cir. 1964))).

Nevertheless, Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) permits the Court to authorize disclosure of grand jury transcripts "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." The Supreme Court has articulated a three-part analysis for this disclosure: "[p]arties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. of Cal.*, 441 U.S. at 222. This showing must be made even if the grand jury whose transcripts are sought has "ended its activities." *Id.* And "[m]ere 'unsubstantiated, speculative assertions of improprieties in the proceedings' do not supply the 'particular need' required to outweigh the policy of grand jury secrecy." *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980) (citation omitted).[3]

### III.   ANALYSIS

**A. <u>Dismissing the Superseding Indictment for Vague and Speculative Grand Jury Abuse Based on Evidentiary Disputes is Unwarranted.</u>**

Defendants argue dismissal is appropriate because the SI "reveals three separate ways in which the government abused the grand jury process." (Mot. at 9.) They argue it "[(1)] recklessly, explosively, and irrelevantly accuses Defendants of engaging in child sex

---

[3] Neither party requests the Court preliminarily conduct *in camera* review of the grand jury transcripts or instructions.

- 5 -

trafficking . . . [(2)] materially misrepresents key documentary evidence . . . [and] [(3)] makes clear that the government incorrectly and/or incompletely instructed the grand jury regarding the applicable law." (*Id.*) Because the SI somehow shows these three things, Defendants essentially argue the Government must have abused the grand jury process. (*See id.* ("The totality of these misrepresentations of fact and law leaves no doubt that the government abused the grand jury process [under the 'grave doubts' standard]"); *see also* Repl. at 6.)

As a general matter, the Government claims Defendants have not met their "heavy burden of showing irregularities in the Grand Jury proceedings," (Resp. at 6 ("Defendants "cherry-pick paragraphs from the SI and juxtapose them with reports of interviews in a futile effort to show that the Grand Jury was prejudiced and misled[]")), and that the proper forum for their disagreements about "certain items of evidence" is trial—not on a motion to dismiss, (*see generally id.* at 9-12).[4]

The Court agrees with the Government that Defendants have failed to meet the heavy burden of overcoming the presumption of regularity in grand jury proceedings to foreclose the possibility of a trial on the merits. *See Bank of Nova Scotia,* 487 U.S. at 256; *see also Mechanik*, 475 U.S. at 75. Defendants make no particularized or non-speculative showing of any way in which the grand jury process was abused by the Government that warrants the extraordinary remedy of dismissal. *See Bank of Nova Scotia*, 487 U.S. at 256. Defendants claim the SI's allegations of child sex trafficking are irrelevant, (Mot. at 9-12), is clearly incorrect. Defendants' knowledge relating to child sex trafficking or juvenile prostitution on Backpage is relevant to six charged counts as well as their mens rea.[5] The Government's inclusion of these allegations is also not overly prejudicial to Defendants'

---

[4] The Government also claims Defendants' Motion improperly reargues its other motions to dismiss that are before the Court. (Resp. at 13.) The Court agrees that Defendants' Motion reargues its other motions and finds these arguments do not show grand jury abuse occurred. (*See* Mot. at 16-20.) Further, the Motion *once again* challenges the SI with respect to *mens rea* and the First Amendment. (*Id.*) The Court will not re-engage in that discussion here. (*See* Doc. 793 at 12-20.) Lastly, Defendants again challenge the Government's grand jury instructions pertaining to the Travel Act. (*See* Mot. at 19.) This issue was raised in another Motion to Dismiss, (*see* Doc. 746), and is also not separately addressed here.

[5] Counts 2, 4, 5, 12, 14, and 23 all involve juvenile victims.

- 6 -

opportunity for a fair trial. Without Defendants even identifying an actual violation during grand jury proceedings, there is no reason to believe Defendants were prejudiced. Nevertheless, Defendants ask the Court to speculate on post-hoc interpretations of selected references in the SI and find that the Government must have abused the grand jury process. There is no reasonable inference that this is the case here, and Defendants' arguments are insufficient to simply toss out the historically defined province of a grand jury's probable cause determination. *See Calandra*, 414 U.S. at 342. Again, Defendants highlight no specific conduct during the grand jury proceedings and also do not argue any structural error at grand jury proceeding requires dismissing the indictment. *See Navarro*, 608 F.3d at 538. The Court refuses to find such a strong presumption of regularity in grand jury proceedings to be overcome by such vague and speculative showings.

Additionally, Defendants' disagreements with the Government's representation of evidence in the SI does not warrant preemptively shutting the doors of a possible trial. *See Costello*, 350 U.S. at 363; *see also Lunstedt*, 997 F.2d at 667. Many of Defendants' arguments are necessarily "founded upon and intertwined with evidence concerning the alleged offense[s]." *Lunstedt*, 997 F.2d at 667. For instance, Defendants attach about 120 pages of disputed evidentiary exhibits to their Motion in arguing that they inadequately support the grand jury's decision to indict. (*See* Docs. 782-1, 782-2, and 782-3.) The Court has reviewed these exhibits in light of Defendants' allegations and finds their allegations to be a matter of interpretation reserved for trial. For example, Defendants allege the Government "misrepresented the evidence to the grand jury," (Mot. at 13), regarding "plausible deniability" and what it means, (*id.* at 14). After reviewing the supporting documents in this case, the Court finds a juror could interpret that clause in numerous ways. In any event, this allegation is inappropriately brought under the guise of asserting grand jury abuse. *Lunstedt*, 997 F.2d at 667. In another example, Defendants allege no evidence supports the SI's allegation that "some banks closed accounts that were held by Backpage out of concern the accounts were being used for illegal purposes." (*Id.* at 15.) In truth, a plethora of evidence does supports that statement in the SI. These factual disputes are

properly reserved for trial and fail to support dismissing an indictment. *See Costello*, 350 U.S. at 363 ("If indictments were to be held open to challenge on the ground that there was inadequate or incompetent evidence before the grand jury, the resulting delay would be great indeed. The result of such a rule would be that before trial on the merits a defendant could always insist on a kind of preliminary trial to determine the competency and adequacy of the evidence before the grand jury.") The Court will not engage in such a preliminary trial for Defendants and intrude upon the grand jury's province absent a more particularized showing.

Accordingly, this Court finds Defendants have not established a violation during grand jury proceedings (let alone sufficiently identify one) substantially influenced the grand jury's decision to indict or that there is grave doubt its decision to indict was free from substantial influence of such (unidentified) violation. *See Bank of Nova Scotia*, 487 U.S. at 256. Defendants' factual disputes about evidence are also inappropriately resolved here on a motion to dismiss. Their speculative and attenuated arguments about grand jury abuse without identifying a prejudicial violation are unavailing considering the strong presumption of regularity accorded to grand jury proceedings.

### B. **Disclosing Grand Jury Transcripts and/or Instructions is Inappropriate Because Defendants Have Not Shown a Ground May Exist to Dismiss the Indictment.**

Defendants alternatively argue the Court should disclose the grand jury transcripts and/or instructions under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) so they can "examine . . . and determine what occurred before the grand jury." (Mot. at 22.) They argue disclosure is appropriate because the Government abused the grand jury process, *Jencks*, *Giglio*, and/or *Brady* warrant disclosure, and that the secrecy of the grand jury's proceedings is no longer important here. (*Id.* at 21-22; Repl. at 14-15.) At a minimum, they claim they are "entitled to the legal instructions provided to the grand jury and any colloquy between the grand jurors and the prosecutors regarding the applicable law." (Mot. at 21 n.6.)

The Government claims "Defendants have not met their burden of demonstrating the particularized, specific need for grand jury materials required by *Douglas Oil*." (Resp. at 15.) It claims their request to disclose grand jury transcripts and/or instructions should be denied because it would "enable Defendants to 'engage in a fishing expedition in hopes of uncovering an impropriety or defect in the proceeding where they have no basis to conclude that an impropriety or defect exists." (*Id.*)

As discussed at length above, the Court finds that Defendants' arguments that the grand jury process was abused do not warrant dismissing the superseding indictment. As a result of this finding, the Court cannot authorize disclosure of the grand jury materials because Defendants have not "show[n] a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). In other words, Defendants have identified no compelling reason with any sort of particularity worthy of breaching the secrecy of the grand jury. *See Procter & Gamble Co.*, 356 U.S. at 682; *see also Johnson*, 319 U.S. at 513. Without a showing that a ground may exist to dismiss the indictment for grand jury abuse, disclosure of grand jury transcripts is unavailable by Rule 6(e)'s text. *See* Fed. R. Crim. P. 6(e)(3)(E)(ii).

Furthermore, and contrary to Defendants' assertion that the secrecy of the grand jury is no longer relevant here, the Court finds Rule 6(e)'s considerations and standard for disclosure discussed in *Douglas Oil* informative. *See id.*, 441 U.S. at 219. With these considerations in mind, the Court finds Defendants' bare assertions that the grand jury proceedings "must have been improper" not persuasive enough to establish that the secrecy of the grand jury is less important than the need for disclosure. *See id.* ("parties seeking grand jury transcripts under Rule 6(e) must show . . . that the need for disclosure is greater than the need for continued secrecy[.]") The Court also finds Defendants' request for "disclosure of *all* grand jury transcripts" extraordinarily overbroad. *See id.* ("parties seeking grand jury transcripts under Rule 6(e) must show . . . that their request is structured to cover only material so needed.") Lastly, Defendants do not argue any specific aspect of the grand jury proceedings must be disclosed to avoid a possible injustice. Not only is no

particular aspect identified, as noted, but they also do not identify any potential prejudice.

Lastly, Defendants are not "entitled to the legal instructions provided to the grand jury and any colloquy between the grand jurors and the prosecutors." *See United States v. Stephanyan*, No. CR 15-0234 CRB (JSC), 2016 WL 4398281, at *2 (N.D. Cal. Aug. 28, 2016) ("Defendant's insistence that . . . no 'particularized need' is required for disclosure of the government's instructions to the grand jury is wrong."). Having found no particularized need for disclosing the grand jury transcripts, the Court will not order disclosure of these grand jury items either.

Accordingly, Defendants have failed to show that a ground may exist to dismiss the SI and similarly failed to provide a compelling and particularized need for disclosure of the grand jury transcripts and/or instructions that trumps the secrecy of the grand jury's deliberations.

### IV.     CONCLUSION

The Court finds Defendants have failed to establish that dismissing the superseding indictment for vague and speculative grand jury abuse is warranted under the "grave doubts" standard. Since Defendants have not established a ground for dismissing the superseding indictment for grand jury abuse may exist, or a particularized need for disclosure exists, the Court cannot disclose the grand jury transcripts or instructions. Even assuming a ground for dismissal may exist, Defendants' have not met the threshold established in *Douglas Oil* to warrant disclosure.

Accordingly,

**IT IS ORDERED DENYING** Defendants' Joint Motion to Dismiss Indictment for Grand Jury Abuse or, in the Alternative, for Disclosure of Grand Jury Transcripts, (Doc. 782);

**IT IS FURTHER ORDERED GRANTING** Defendants' Motion to File Under Seal, (Doc. 779), as it relates to sealing Doc. 780.

Dated this 9th day of January, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge