Thomas H. Bienert, Jr. (CA Bar No.135311, *admitted pro hac vice*)
Whitney Z. Bernstein (CA Bar No. 304917, *admitted pro hac vice*)
BIENERT | KATZMAN PC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone: (949) 369-3700
Facsimile: (949)369-3701
tbienert@bienertkatzman.com
wbernstein@bienartkatzman.com
*Attorneys for James Larkin*

Paul J. Cambria, Jr. (NY Bar No. 1430909 *admitted pro hac vice*)
Erin McCampbell (NY Bar. No 4480166 *admitted pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile: (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:18-cr-00422-SMB |
| Plaintiff, | **MOTION TO CONTINUE TRIAL** |
| vs. | |
| Michael Lacey et al., | |
| Defendants. | |

Gary S. Lincenberg (CA Bar No. 123058 *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594 *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856 *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE, P.A.
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

# MOTION

The Defendants, by and through their undersigned attorneys, pursuant to the Fifth and Sixth Amendments to the Constitution, move this Court to continue the current trial date for a period of approximately five (5) months to October 1st or 6th, 2020, with a concomitant extension of related deadlines, for the reasons that such continuance is necessary to ensure adequate preparation for trial, ensure effective assistance of counsel, and facilitate a fair trial. The need for continuance is based on several factors, including the voluminous amount of discovery involved and the need to investigate and prepare the defense of this complex and extensively pleaded case.

This motion is based on the following memorandum of points and authorities, the file in this matter, and such and further argument and evidence as may be presented.

It is expected that excludable delay pursuant to 18 U.S.C. section 3161(h) will occur as a result of this motion or an order based thereon.

The government has informed Defendants that it opposes a continuance of the trial date.

# MEMORANDUM

**I.  Continuance of the Trial Date is Necessary for Several Reasons**

**A.  Scheduling Orders**

The original scheduling order of the Court (Judge Logan) called for a December 2, 2018, discovery cutoff for known Rule 16 materials, a date 13 months before the then-scheduled trial date of January 15, 2020. This Court later amended the scheduling order to, in pertinent part, to move the trial date to May 5, 2020.

The discovery deadlines appropriately factored in necessary time to adequately prepare for the trial, assuming discovery would be provided by deadlines imposed. The deadlines imposed have not been met for a variety of reasons, resulting in defendants being unable timely review and utilize critical discovery.

**B.     The Backpage IT System**

Among other things, central to the allegations in the case is the Backpage server system ("the IT System"), an interactive system that housed, maintained and published the ads referenced in the Superseding Indictment ("SI"), as well as significant information related to Backpage's operations and procedures.[1]  To date, as set forth below, defense counsel, through no fault of their own, have been unable to review the IT System.

The government seized the IT System prior to indictment in April 2018.  Due to complexities in trying to produce it, the government was not able to produce the IT System by the December 2018 Rule 16 discovery deadline.  About a week after the discovery cutoff, on December 10, 2018, the government sent a letter indicating that information would require more time to be produced:

> "[The] raw database files cannot be simply reviewed or loaded into a viewer to reconstruct the data.  We are currently working on a solution to review these database files and correlate the images posed to the image server to the posts from the database files. . . .  Once all servers are imaged, investigators will be able to provide hash verified image copies of all imaged drives.  Due to the capacity of the Backpage servers this will be a time intensive undertaking and the imaged copies will be distributed over hundreds of hard disks."

In or about February 2019, the government informed the defense that some, but not all, portions of the IT System would be available for pickup at the FBI Office in Phoenix, in the form of hard drives.  On March 8 and 11, 2019, counsel for Defendant Spear picked up approximately 56 drives.  Those 56 hard drives contained forensic images of, or data from, some of the over 100 seized servers (with those servers containing an unknown number of hard drives).  Defendants thereafter engaged forensic expert Tami Loehrs to assist in accessing the information on the 56 hard drives.  In April, May and June, Defendants and the government dialogued multiple times about Defendants' expressed inability to access the information on those hard drives, but reached an impasse on how to resolve the issues.

---

[1]     The Court heard extensive evidence regarding the capabilities of the System during hearings in October and December 2019 related to Defendants' Motion to Compel Production of the IT System.

On June 19, 2019, Defendants filed a Motion to Compel Discovery premised on Defendants' position that they were unable to reasonably review the information on the IT System in the manner produced, and seeking an Order that the government produce the IT System to Defendants in the same operable fashion as when seized.  The Court set the motion for hearing on September 13, 2019, and thereafter held related evidentiary hearings on October 3, October 25, and December 2, 2019.  On January 7, 2020, the Court issued its order denying the motion, finding among other things that the IT System was reasonably usable in the form produced by the government, if Defendants retained an expert skilled in SQL and ZFS.  Thereafter, Defendants set out to retain an expert(s) with those skills to attempt to access the information in the IT System, with the benefit of the information provided by the government during the hearings.  Defense counsel has sent the government's IT System production to a qualified expert, and will be working with that expert to try to access and begin review of the IT System.

Separate from Defendants' concerns about the form of the government's production of the IT System, the government acknowledged on November 19, 2019, that three hard drives it provided to defense counsel in March 2019 were physically defective, and it agreed to replace those drives.  The government identified one of the defective drives as containing part of a disk array from the master database server from Amsterdam, which contained all marketplace database MySQL files.  The government identified two of the defective drives as containing part of a disk array from the image server in Amsterdam, which contained all the images from Backpage ads. The government has just made the replacements for the defective hard drives available to Defendants, informing Defendants yesterday, on January 27, 2020, that the drives were ready to be picked up.

The information on the IT System is central to the case and vital to defense preparation.  Among other things:

- The government's allegations in the SI sets forth at least 50 particular ads; the IT System contained information about particular ads and advertisers, as well as relevant potential historical information about those same ads and advertisers.

- The SI makes broad allegations about common practices at Backpage, alleging for example that Backpage utilized reciprocal links to known prostitution sites and agreed to post ads of known pimps and prostitutes; the IT System contained information indicating banner ads and relationships with particular customers.

- The SI alleges Backpage laundered money by using particular forms of payment; the IT System contained information about costs and payment methods in general, as well as for particular ads and advertisers.[2]

Defendants cannot adequately prepare for trial without review of and access to the significant information on the IT System.

C.   **Voluminous Document Production**

In addition to ferreting out the data relevant to the SI from the millions of advertisements and millions of pages of other information on the IT System that would put much of the evidence in perspective, the government has produced millions of pages of discovery, including hundreds of thousands of pages of materials produced since the December 2018, Rule 16 deadline. **Indeed, just last month,** *over a year after the initial discovery cutoff*, **on December 13 and 17, 2019, the government produced another 355,000 pages of documents.**[3]  The December production was password protected, with a password that did not work.  The government provided a corrected password to Defendants on January 3, 2020.  If Defendants correctly understand the genesis of the large productions the government just made, they expect the government to make additional sizeable productions of similar documents in the future.

---

[2]   The portion of the IT System containing payment information was not produced in March 2019 with the ad information.  The government made that information available for pickup by Defendants on July 29, 2019.  And, as far as Defendants have been able to ascertain, the government did not extract the SQL tables from the payment system from the disk images – so the data will not be accessible in the manner set forth by Mr. Frost with the ad data during the recent hearings.  Therefore, Defendants have been unable to access any payment information and do not currently have any estimate of when, or if, they will be able to access that information.

[3]   The government's cover letters for this production lists the page amounts as approximately 158,000 pages. On review, however, the government appears to have only Bates stamped certain pages but not all, resulting in a lower page count. Defendants' preliminary review of the production indicates it consists of over 355,000 pages.

Review of approximately 50 documents an hour by a first-tier reviewer is standard in the legal industry.[4] The 355,000 pages of documents recently produced consist of wide-ranging categories of documents, of varying page lengths. Defendants are in the process of organizing, culling, and reviewing the documents, and are not yet able to assess how long it will take to properly review them all; but they clearly will take significant time to review.

In short, Defendants still require several months to get through the written discovery production, and thereafter make use of it for investigation and defense preparation for trial.

### D. Witness Identification and Preparation

The government provided a witness list on April 1, 2019, that represented it intended to call over 100 witnesses at trial. On January 27, 2020, the government provided a revised list indicating it intends to call over 90 witnesses; 21 of those witnesses are new witnesses who were not on the initial witness list. The deadline for providing *Jencks* and impeachment materials was over four months ago (August 2019), and Defendants are still awaiting production of additional *Jencks*. Among other things, Defendants cannot properly prepare or evaluate witnesses for cross examination and/or consider witnesses to affirmatively present in a defense case without review of the IT System and the information on it relevant to the allegations in the SI, as well as *Jencks* and other materials related to those witnesses. The "who, what, why and where" revealed by those materials as they relate to allegations in the SI will trigger appropriate investigation and will have significant impact on defense counsels' decisions as to witnesses to call at trial.

## II. Conclusion

For all these reasons, Defendants require additional time to adequately prepare for trial. Defendants believe a continuance until at least October 2020 is necessary to provide sufficient time for adequate trial preparation.

Excludable delay pursuant to 18 U.S.C. § 3161(h) will occur as a result of this motion or from an order based thereon.

---

[4] David Degnan, *Accounting for the Cost of Electronic Discovery,* 12 Minn. J. L. Sci. & Tech. 151-190 (2011) (noting that reviewer can cover about 400 documents a day).

RESPECTFULLY SUBMITTED this 28th day of January 2020,

BIENERT | KATZMAN PC
*s/ Thomas H. Bienert, Jr.*
Thomas H. Bienert, Jr.
Whitney Z. Bernstein
Attorneys for James Larkin

LIPSITZ GREEN SCIME CAMBRIA LLP
*s/ Paul J. Cambria, Jr.*
Paul J. Cambria, Jr.
Erin McCampbell Paris
Attorneys for Michael Lacey

BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG AND RHOW
*s/ Ariel A. Neuman*
Ariel A. Neuman
Gary S. Lincenberg
Gopi K. Panchapakesan
Attorneys for John Brunst

FEDER LAW OFFICE, P.A.
*s/ Bruce Feder*
Bruce Feder
Attorneys for Scott Spear

DAVID EISENBERG PLC
*s/ David Eisenberg*
David Eisenberg
Attorneys for Andrew Padilla

JOY BERTRAND ESQ LLC
*s/ Joy Bertrand*
Joy Bertrand
Attorneys for Joye Vaught

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2020, I electronically transmitted the attached document to the Clerk of the Court, using the CM/ECF System, for filing and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants who have entered their appearance as counsel of record.

*/s/ Toni Thomas*
Toni Thomas
