MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>      v.<br><br>Michael Lacey, et al.,<br><br>            Defendants. | No. CR-18-00422-PHX-SMB<br><br>**RESPONSE TO DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE IRRELEVANT AND NON-PERCIPIENT WITNSSES [DOC. 921]** |

## INTRODUCTION

Defendants' motion *in limine* seeking to preclude the United States from presenting witnesses who ostensibly lack percipient, relevant knowledge should be denied. First, the United States intends to present witnesses at trial who can demonstrate Defendants had

- 1 -

notice and knowledge that they were operating a criminal enterprise that facilitated illegal prostitution. The United States expects the entire trial, including the defense case and deliberation, to span up to twelve weeks. The unusual length of the trial and number of relevant witnesses is due to Backpage's having been in existence for nearly 14 years and the large scale nature of the enterprise, which by one estimate netted more than 80% of all revenue from online commercial sex advertising in the United States[1]—and generated $500 million in prostitution-related revenue. (*See* Doc. 230 ¶ 1.) And, of course, the trial involves six defendants. The United States has noticed approximately 100 witnesses but does not expect to call every witness.

To expedite trial, the United States made *Jencks Act* material available well before it ordinarily would have been required to do so, and provided detailed witness and exhibits lists. In addition, the United States recently offered to provide Defendants the specific exhibits the government intends to admit through a particular witness 48 hours in advance of their testimony.

In sum, Defendants will have the opportunity to lodge objections at trial, including relevance, to any witness, including to the witnesses' testimony or exhibits. To exclude—before trial—witnesses because Defendants are unsure of or don't understand their relevance is inappropriate. The motion should be denied.

## **ARGUMENT**

"The purpose of a motion *in limine* is to allow the trial court to rule before trial on the admissibility and relevance of certain forecasted evidence." *United States v. Chan*, 184 F. Supp. 2d 337, 340 (S.D.N.Y. 2002) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). "Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Wechsler v. Hunt Health Sys., Ltd.*, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003). In considering a motion *in limine*, the court may

---

[1] *See* United States Senate's Permanent Subcommittee on Investigations January 2017 report, Backpage.com's Knowing Facilitation of Online Sex Trafficking, at 6, available at https://www.hsgac.senate.gov/imo/media/doc/Backpage%20Report%202017.01.10%20FINAL.pdf ("Senate Report).

1 reserve judgment until trial, so that the motion is placed in the appropriate factual context. *Id. See also Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993) (A motion *in limine* to exclude evidence should be granted only "when evidence is clearly inadmissible on all potential grounds. Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context.").

Defendants have filed a parade of pretrial motions to dismiss asserting numerous defenses (*e.g.*, First Amendment protections, § 230 CDA immunity, deficiencies in Travel Act charges, etc.). The Court rejected each of these defense challenges. (*See* Docs. 793, 840 and 946.) Nevertheless, in light of the Court's rulings, a central issue for the fact-finder to resolve at trial will involve Defendants' intent, including notice and knowledge, concerning their facilitation of prostitution. Any witness who can provide testimony pertinent to Defendants' notice and knowledge is relevant and their testimony should be allowed. Not every witness, however, will necessarily support elements of the offense. Indeed, witness testimony is not limited to the ultimate issues or elements in a case. *Old Chief v. United States*, 519 U.S. 172, 179 (1997) (a fact of consequence can be any step along a path of inference that leads to an "ultimate fact"). And it does not matter, under Fed. R. Evid. 401, that there are multiple "evidentiary route[s]" to an ultimate fact other than the one relied upon by the proponent of the evidence. *Id.* Here, many of the witnesses called by the government will provide a link in the chain of proof against Defendants. *United States v. Causey*, 748 F.3d 310, 316 (7th Cir. 2014) ("To be relevant, evidence need not conclusively decide the issue in the case, nor make the proposition appear more probable, but it must in some degree advance the inquiry.").

Moreover, any witness that undermines Defendants' anticipated defense that they didn't know they were facilitating prostitution would be relevant. "Facts of consequence" also include reasonably-anticipated defenses. "Federal courts repeatedly have held that the government may offer evidence in its case-in-chief in anticipation of an expected aspect of the defense." *United States v. Curtin*, 489 F.3d 935, 940 (9th Cir. 2007) (defendant accused

of soliciting sex from a minor; government may impeach defendant's expected defense that he believed the minor was an adult posing as a young teenager).

Here, the vague nature of Defendants' motion mandates its denial. Defendants cherry pick examples of witnesses they find objectionable because the relevance of the witnesses' testimony is unclear to Defendants, or because Defendants claim the witnesses may provide an "inadmissible negative opinion"; from these premises, Defendants seek a broad order with fuzzy parameters for purposes of trial. *See Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("Orders *in limine* which exclude broad categories of evidence should rarely be employed.").

For example, Defendants attempt to classify Andrea Powell, Brad Lander, Brad Myles, Katherine Henderson and Isaac Luria as "irrelevant," even though these witnesses participated in meetings or correspondence with Defendants (or their agents) concerning the illegal nature of www.Backpage.com (Backpage). These witnesses confronted Defendants about the fact that their website facilitated prostitution, including child sex trafficking. In many cases, it was Defendants who requested these meetings. The United States intends to offer these witnesses based on statements made to them by Defendants that are relevant to Defendants' knowledge that the website was facilitating prostitution.

In addition, Defendants seek to preclude the testimony of noticed experts Dr. Sharon Cooper and Robert Spectre. (*See* Doc. 638) Defendants' concerns about these two experts is more fully addressed is the United States' Response to Defendants' Motion (Doc. 958) to Preclude Experts.

Next, Defendants further challenge the relevancy of numerous law enforcement witnesses, claiming the witnesses lack percipient knowledge. This is incorrect. Many of the law enforcement witnesses will testify that they found the postings of a testifying (or murdered) victim on Backpage, or that they contacted Backpage to preserve evidence for trial and, in some cases, spoke to a Backpage employee. (*See* Doc. 920.) Others will testify about Backpage's role as the number one source of prostitution in their communities and their efforts to put Backpage on notice of this fact. In sum, these witnesses will provide

relevant testimony.

Defendants also challenge the testimony of family members of victims who were murdered after being sold on Backpage. Defendants do not specify which of these witnesses they find objectionable. In any event, the United States expects that these witnesses will provide relevant testimony that includes how they learned their family member were advertised on Backpage, and contacts they had with Backpage representatives concerning the investigations of these murders, among other things.

For example, Chris Garcia, the father of murdered Victim 14, will testify that he contacted Backpage after the murder and requested that they remove the postings of his deceased daughter. (*See* Doc. 920 at 6-7.) As another example, Yvonne Ambrose, the mother of murdered Victim DR, sued Backpage as a result of her daughter's murder that occurred when she was sold via Backpage. (*Id.*) This case received substantial publicity and a Backpage representative was asked to provide a statement. (*Id.*) Both instances (in addition to other murders) reasonably placed Defendants on notice that their website was facilitating prostitution.

Regarding the murders and other investigations of crimes implicating Backpage, Defendants argue that the witnesses cannot testify that the "Defendants even knew the crimes had been committed (unless they happened to read after-the-fact press coverage of a crime)." (Mot. at 7.) This argument misses the point. In fact, evidence at trial will demonstrate that Defendants did read about the murders after the fact. At trial there will be substantial evidence that Defendants were put on notice of numerous murders and law enforcement investigations implicating Backpage, but took no meaningful steps in response and/or simply accepted these incidents as a cost of doing business as the nation's leading online sex-for-hire source.

Surprisingly, Defendants challenge the admission and the relevance of testimony of a representative from the National Association of Attorney General ("NAAG") and David Vigilante ("Vigilante") of CNN. Yet Defendants or their agents engaged in correspondence and/or email exchanges with these witnesses regarding notice and knowledge concerning

1  Backpage's rampant facilitation of prostitution and sex trafficking. The United States
2  intends to call an appropriate representative from NAAG to authenticate correspondence
3  sent to Backpage on behalf of nearly every state attorney general in the country.[2] In the
4  case of Vigilante, correspondence and emails between him and Backpage were disclosed
5  long ago (including as attachments to the Senate Report)[3] and pertinent exhibits are
6  identified in the United States' preliminary exhibit list.[4]

7  Lastly, Defendants claim that they have not received *Jencks Act* material for certain
8  witnesses, including two former Backpage moderators, was addressed recently in
9  correspondence that was sent to all counsel. (*See* Ltr. From K. Rapp to B. Feder, March
10 27, 2020, attached as Ex. A).

---

[2] Ex. 119, DOJ-BP-0000003653-DOJ-BP-0000003659

[3] Correspondence between Vigilante and Backpage can be found at pages 760-766 of the Senate Report Appendix, available at https://www.hsgac.senate.gov/imo/media/doc/Final%20Appendix%202017.01.09.pdf.

[4] Ex. 84, DOJ-BP-6122-6125; Ex. 85, DOJ-BP-338020-338022; Ex.86, DOJ-BP-6133-6135; Ex. 89, DOJ-BP-6571; Ex. 89-a, DOJ-BP-6585.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion *in limine* (Doc. 921) should be denied.

Respectfully submitted this 8th day of May, 2020.

MICHAEL BAILEY
United States Attorney
District of Arizona

*s/ Kevin M. Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

JOHN J. KUCERA
Special Assistant U.S. Attorney

BRIAN BENCZKOWSKI
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

## **CERTIFICATE OF SERVICE**

I hereby certify that on this same date, May 8, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Zachry Stoebe*
Zachry Stoebe
U.S. Attorney's Office