MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>            Plaintiff,<br><br>   v.<br><br>Michael Lacey, et al.,<br><br>            Defendants. | No. CR-18-422-PHX-SMB<br><br>**STIPULATION FOR RESTRAINT OF PROPERTY** |

The United States of America (the "government") and defendants Michael Lacey and James Larkin ("defendants"), by and through their counsel of record, stipulate and request that the Court enter the proposed order lodged contemporaneously herewith, to carry into effect the terms of this stipulation.

The parties stipulate and request as follows:

1. On May 12, 2020, this Court issued an opinion and order granting in part, and denying in part, defendants' motion to suppress evidence (the "Order"). See ECF No. 967. As part of this Order, the Court suppressed certain evidence relating to three categories of evidence enumerated in search warrants executed against certain of defendants' real properties. See Order, at 11-12 (the "Suppressed Evidence").

2. On May 20, 2020, counsel to defendant Larkin wrote to counsel for the government demanding the return of the following Suppressed Evidence:

- $3,000 USD
- Two (2) Mercedes car keys
- Various keys on key ring
- One (1) [illegible] "wine"
- Receipts for jewelry from Paris and bank deposit
- Red jewelry box with jewelry and receipts
- Items of travel to Paris and Mexico
- Red Box Cartier – receipts
- 3 DVDs
- One black watch, two white pearl necklaces (one with white jewel clasp), one white necklace, two blue and white bracelets, one blue stone ring, one circular white ring, four white rings, one yellow ring, one white bracelet
- One white round necklace, one blue ring, one green clip on earing
- Six yellow coins and four white coins
- 2014 Porsche 911 Carrera, AZ Plate: BA6385, VIN #: WPOAB2A92ES121390
- 1972 BMW 3.0CS Coupe, AZ Plate: BMK516, VIN # 2240110

3. On May 20, 2020, counsel to defendant Lacey wrote to counsel for the government, demanding the return of the following Suppressed Evidence:

- All watches, including two Patek Philippe watches and numerous other watches
- All jewelry (other than what was already returned to Jill Anderson)
- All artwork, including paintings, statues, sculptures, photographs and etchings
- All rugs
- A brown clock
- SF Fire Credit Union receipts
- First Federal Savings & Loan debit card
- US dollars of approximately $10,127 in value
- Mexican pesos of an unspecified amount
- Cuban currency of approximately $508 in value
- $280 Canadian dollars
- 2 Nikon Coolpix cameras
- 2014 Jaguar vehicle
- 2010 Dodge vehicle
- Receipts for rugs and art work
- Receipts for jewelry
- Coins

4. The government seeks to return all of the above-identified Suppressed Evidence identified by the defendants (hereinafter, the "Returned Property"), but contends that certain of the Returned Property is subject to forfeiture pursuant to the First Superseding Indictment in this case, including as stated in the bill of particulars filed by the government on December 13, 2019. See ECF No. 820.

5. The parties agree that the following Returned Property (as identified by the defendants) is not subject to forfeiture (the "Excluded Property"):

- Various keys on key ring
- One (1) [illegible] "wine"

- Receipts for jewelry from Paris and bank deposit
- Two (2) Mercedes car keys
- Red Box Cartier – receipts
- 3 DVDs
- $3,000 USD
- A brown clock
- SF Fire Credit Union receipts
- First Federal Savings & Loan debit card
- US dollars of approximately $10,127 in value
- Mexican pesos of an unspecified amount
- Cuban currency of approximately $508 in value
- $280 Canadian dollars
- 2 Nikon Coolpix cameras
- Receipts for rugs and art work
- Receipts for jewelry
- Coins

6. The Parties agree that, prior to the conclusion of the criminal case and any related sentencing and forfeiture hearings, the defendants will not alienate or dispose of any of the Returned Property without first providing 14 days' notice to the government. During this time following any such notice, the government may, but is not obligated to, seek a protective order pursuant to 21 U.S.C. § 853 (e)(1)(A). With the government's consent, or if the government does not seek a protective order within 14 days following notice by the defendant of intent to dispose of any Returned Property, the defendant may alienate or dispose of any such Returned Property. Following the conclusion of the criminal case and any related sentencing and forfeiture hearings, the Parties agree that this stipulation has no legal effect whatsoever.

7. In the avoidance of doubt, the notice requirements stated in paragraph 6 above shall not apply to any Excluded Property, which the defendants may dispose of or alienate without notice to the government.

8. Nothing contained in this stipulation is intended or should be interpreted as an admission of fault, guilt, liability and/or any form of wrongdoing by defendants, or either of them.

9. Defendants, and each of them, release the United States of America, its attorneys, agencies, agents, and officers, including employees and agents of the United States Department of Justice, United States Postal Inspection Service and Internal Revenue Service, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the Returned Property and the commencement of this action as it relates to the Returned Property, including any claim for attorneys' fees or costs which may be asserted on behalf of defendants, or either of them, against the United States. Nothing in this paragraph and Stipulation is intended or shall operate as a release of claims, actions or rights with respect to seizure or retention of any funds or assets other than the Returned Property, and defendants expressly reserve all claims, actions and rights with respect to any such other funds or assets.

Dated: July __, 2020

Respectfully submitted,

MICHAEL BAILEY
United States Attorney

_____
KEVIN M. RAPP
Assistant United States Attorneys
Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: July__, 2020

_____
ERIN MCCAMPBELL PARIS, ESQ.

LIPSITZ GREEN SCIME CAMBRIA LLP

Attorney for defendant
Michael Lacey

Dated: July_6_, 2020

_____
WHITNEY Z. BERNSTEIN, ESQ.

BIENERT KATZMAN PC

Attorney for defendant
James Larkin