MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

JOHN J. KUCERA (Cal. Bar No. 274184, john.kucera@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1200
Los Angeles, CA 90012
Telephone (213) 894-3391

BRIAN C. RABBIT
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-PHX-SMB |
| Plaintiff, | **GOVERNMENT'S MOTION FOR LIMITED DISCLOSURE OF TAX INFORMATION** |
| vs. | -and- |
| Michael Lacey, et al., | **GOVERNMENT'S MOTION FOR PROTECTIVE ORDER** |
| Defendants. | |

The United States moves the Court to authorize disclosure of tax information to Defendants pursuant to 26 U.S.C. § 6103(i)(4). The United States also moves for a protective order pursuant to Rule 16(d)(1) to restrict dissemination of the discovery

material produced in this case.  Undersigned counsel has consulted counsel for Defendants, who do not object to entry of the proposed protective order.

Under 26 U.S.C. § 6103(i)(4)(A), the Court may authorize disclosure of return and tax information for use in a criminal case:

> [A]ny return or taxpayer return information obtained under [6103(i)](1) or (7)(C) may be disclosed in any judicial or administrative proceeding pertaining to enforcement of a specifically designated Federal criminal statute or related civil forfeiture (not involving tax administration) to which the United States or a Federal agency is a party—
>
> (i)   if the court finds that such return or taxpayer return information is probative of a matter in issue relevant in establishing the commission of a crime or the guilt or liability of a party, or
>
> (ii)   to the extent required by order of the court pursuant to section 3500 of title 18, United States Code, or rule 16 of the Federal Rules of Criminal Procedure.

Here, disclosure is warranted.  The United States obtained tax information[1] relating to Defendants, Backpage.com LLC, and related entities during the investigation pursuant to 26 U.S.C. § 6103(i)(1).  Defendants have since been charged with conspiracy, Travel Act violations, and money laundering relating to their operation of Backpage.com.  The government believes that tax information obtained during the investigation will be relevant to show a year-by-year summary of Backpage's revenues, help trace the flow of money between Backpage, the related entities, and Defendants, and help summarize Defendants' Backpage-related compensation, among other reasons.  The government believes that return and return information are therefore "probative of a matter in issue relevant in establishing the commission of a crime." *See* 26 U.S.C. § 6103(i)(4)(A)(i).  Defendants do not agree that the information is relevant to the trial of this matter, but agree the material should be disclosed to Defendants by the government.  In addition, the United States intends to introduce summary exhibits that are premised on these records, so disclosure is required under Federal Rule of Criminal Procedure 16(a)(1)(E).  *See* 26 U.S.C.

---

[1] "Return" and "return information" shall be defined as set forth in 26 U.S.C. § 6103(b).  "Tax information" is defined as including both "return" and "return information."

§ 6103(i)(4)(A)(ii). Defendants continue to object to the introduction of these exhibits.

The United States also seeks a protective order. In addition to the tax information, the discovery material includes private information and personally identifying information ("PII") relating to Defendants, Backpage.com LLC and related entities, and third parties.

Accordingly, the United States requests that this Court authorize the disclosure of tax information to Defendants. The United States also requests that the Court enter a protective order:

1. Permitting the government to provide to defense counsel, without redaction, tax information and PII to the extent that PII is present in discoverable materials;

2. Permitting defense counsel to share materials containing tax information and PII with other members of the defense team, including experts, investigators, and other professionals retained by defense counsel to assist in the preparation of the defense;

3. Ordering all members of the defense team to safeguard and not disclose the tax information and PII provided, other than to the extent necessary to prepare the defense;

4. Permitting defense counsel to share materials containing tax information and PII with Defendants to the extent necessary to prepare the defense;

5. Ordering all Defendants to safeguard and not disclose the tax information and PII provided (except for Defendants' own tax documents and those of entities in which they hold an interest);

6. Permitting defense counsel to review materials containing tax information and PII with potential witnesses to the extent necessary to prepare the defense;

7. Prohibiting potential witnesses from retaining any materials containing tax information or PII during the course of the litigation unless defense counsel ensures that all tax information and PII has been redacted from the copies to be retained; and

8. Ordering the defense team, including Defendants, to destroy, at the conclusion of this matter, all tax information and PII in its possession, except that defense counsel shall be allowed to retain materials containing tax information and PII until the

time expires for all appeals, collateral attacks, other writs or motions challenging the conviction or sentence, and actions for professional malpractice, and Defendants shall be permitted to retain their own tax information and the tax information of entities in which they hold an interest without limitation.

Respectfully submitted this 7th day of August, 2020.

      MICHAEL BAILEY
      United States Attorney
      District of Arizona

      *s/Andrew C. Stone*
      KEVIN M. RAPP
      MARGARET PERLMETER
      PETER S. KOZINETS
      ANDREW C. STONE
      Assistant U.S. Attorneys

      JOHN J. KUCERA
      Special Assistant U.S. Attorney

      BRIAN C. RABBIT
      Acting Assistant Attorney General
      U.S. Department of Justice
      Criminal Division, U.S. Department of Justice

### CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing a copy to the applicable CM/ECF registrants.

*s/Gaynell Smith*
U.S. Attorney's Office