MICHAEL BAILEY
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

BRIAN C. RABBITT
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-422-PHX-SMB |
| Plaintiff, | |
| v. | **UNITED STATES' MOTION TO STRIKE REPLY DECLARATIONS OR, ALTERNATIVELY, MOTION FOR LEAVE TO FILE SUR-REPLY** |
| Michael Lacey, et al., | |
| Defendants. | |

**Preliminary Statement**

In replying to the United States' Response to the Motion for Recusal (Doc. 1067), Defendants hired a retired judge to write a supplemental reply memorandum and submitted a conclusory declaration averring that some of their lawyers didn't fully apprehend the basis for the Motion until last month. For several reasons, these filings—Exhibits A and B to Defendants' Reply (Doc. 1071)—should be stricken or not considered by the Court.

Exhibits A and B consist of two new declarations: a 10-page "Declaration of Vaughn R Walker" that purports to offer a "retained" "opinion" regarding the law of recusal and its application to this case (Doc. 1071-1, Reply, Ex. A at 2 ¶ 7); and a 4-page "Joint Declaration" in which six of the Defendants' 17 counsel of record (but no one else on the defense team, and none of the Defendants themselves) aver they were unaware of or "did not focus on" the widely-available published statements on which the Motion is based until September 2020 (Doc. 1071-2, Reply, Ex. B at 1 ¶¶ 2, 5) (collectively, the Reply Declarations). The Court's Rules do not contemplate the filing of reply declarations. *Cf.* Fed. R. Civ. P. 6(c)(2) ("Any affidavit supporting a motion must be served with the motion."). Here, the United States objects to the Reply Declarations on interrelated grounds covered by both LRCiv 7.2(m)(1) and (2); *see* LRCrim 12.1(a) (LRCiv 7.2 applies to criminal cases). Yet, by waiting until after the United States filed its Response to submit the new declarations, Defendants have deprived the United States of a full and fair opportunity to object in a memorandum authorized by the Rules. *See* LRCiv. 7.2(c) and 7.2(m)(1)-(2). To permit the United States to present its objections consistent with the Rules, and for the following reasons, the United States respectfully requests that the Court entertain its objections in this Motion to Strike, or alternatively, grant the United States leave to file a sur-reply.[1]

---

[1] The United States strongly disagrees with every aspect of Defendants' discussion of the issues raised in their Motion for Recusal, including in their Reply and its exhibits (Docs. 1071.) Rather than re-argue the Motion here, the United States—through this filing—does not waive, but instead expressly incorporates, all facts and arguments in its Response (Doc. 1067).

- 1 -

## Argument

### I. The Walker Declaration Should Be Stricken or Disregarded in Deciding the Motion for Recusal.

    A.    <u>The Law and the Rules Do Not Authorize the New Reply Declarations.</u>

The Ninth Circuit has long recognized that proffering new evidence or information in a reply brief is improper because the opposing party is deprived of an opportunity to respond. *Tovar v. United States Postal Service*, 3 F.3d 1271, 1273 n.3 (9th Cir. 1993). Accordingly, "the Court will not consider affidavits submitted for the first time with [a] reply memorandum." *Rodrigues v. Ryan*, 2017 WL 5068468, at *4 (D. Ariz. Nov. 3, 2017); *American Traffic Solutions, Inc. v. Redflex Traffic Sys. Inc.*, 2009 WL 775104, at *1 (D.Ariz. Mar. 20, 2009) ("The remedy for dealing with new evidence first appearing in a reply is that we will not consider issues or evidence raised for the first time in plaintiff's reply."); *Wallace v. Countrywide Home Loans, Inc.*, 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) ("A district court may refuse to consider new evidence submitted for the first time in a reply if the evidence should have been presented with the opening brief."). The Court's Rules similarly do not contemplate the filing of reply declarations. *See* LRCiv. 7.2(c); *cf.* Fed. R. Civ. P. 6(c)(2).

The Walker Declaration purports to contain an expert opinion proffered for the first time in support of a reply brief. This is improper. *Melendres v. Arpaio*, 2015 WL 13173306, at *9 n.13 (D. Ariz. July 10, 2015) (*Melendres II*) (rejecting expert declaration submitted with reply brief; "the Court will not consider this new declaration because parties may not present new evidence for the first time in their reply briefs") (quoting *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion . . . the district court should not consider the new evidence without giving the [non-]movant and opportunity to respond.")).

/ /

      B.     <u>The Walker Declaration Is Inadmissible Expert Opinion Regarding the Law of Recusal and Its Application to This Case.</u>

In *Melendres II*, now-Chief Judge Snow denied a 28 U.S.C. § 455 recusal motion supported by an expert declaration of Chapman University Law School professor Ronald D. Rotunda, and opposed by an expert declaration of NYU law professor Stephen Gillers. Rejecting both declarations, the Court recognized:

> The law of this and every Circuit is that while an expert may provide an opinion to help the jury or judge understand a particular fact, the expert is not permitted to give an opinion as to his legal conclusion. *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004); *see also* Fed. R. Evid. 702(a) (requiring that expert opinion evidence "help the trier of fact to understand the evidence or to determine a fact in issue"). The question presented on the recusal motion is whether 28 U.S.C. § 455 requires this Court to disqualify itself. This decision is solely a question of law. *See Jefferson Cnty. v. Acker*, 92 F.3d 1561, 1581 (11th Cir. 1996), *vacated on other grounds*, 520 U.S. 1261 (1997) ("Whether a judge is disqualified, that is, must not take part in deciding a case, is a question of law."); *In re City of Houston*, 745 F.2d 925, 927 (5th Cir. 1984) (same). Because both declarations only purport to offer interpretations and analyses of § 455 and express the professors' opinions on whether the Court must withdraw from this case, . . . they are not appropriate for the Court to consider in deciding whether its recusal is appropriate.

2015 WL 13173306, at *9.

Judge Scheindlin reached the same conclusion in *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d 61 (S.D.N.Y. 2001), writing:

> The rule prohibiting experts from providing their legal opinions or conclusions is "so well-established that it is often deemed a basic premise or assumption of evidence law—a kind of axiomatic principle." Thomas Baker, "The Impropriety of Expert Witness Testimony on the Law," 40 *U. Kan. L.Rev.* 325, 352 (1992). In fact, every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law.

174 F. Supp. 2d at 64-65 (citing, *inter alia*, *Aguilar v. Int'l Longshoremen's Union Local #10,* 966 F.2d 443, 447 (9th Cir.1992) ("Here, the reasonableness and foreseeability of the casual workers' reliance were matters of law for the court's determination. As such, they were inappropriate subjects for expert testimony.")). *See also Krause v. County of Mohave*, 2020 WL 2316091, at *3 (D. Ariz. May 8, 2020). The court continued:

> The question presented on the recusal motion is whether 28 U.S.C. § 455 requires this Court to disqualify itself. This decision involves nothing more than interpreting the statute given certain undisputed facts; it is solely a

- 3 -

question of law. [Citations omitted] Given that expert opinion may not address issues of law, it follows that expert opinion on a recusal motion cannot be admitted unless it involves the rare case where a fact is in dispute. As defendants concede, this is not such a case.

*Id.* at 65-66. Here, too, Defendants' Motion for Recusal "involves nothing more than interpreting" 28 U.S.C. § 455 and applying it to the facts. While the United States disputes Defendants' characterizations of facts involving the exhibits to the Motion, and while the issue of timeliness is factually (and legally) disputed, the Walker Declaration is devoted to rendering an opinion on a particular body of facts the declarant appears to take as given. (*See* Reply, Ex. A at 3-4 ¶ 11 ("The facts relevant to my opinion do not appear to be disputed, except with respect to" timeliness.). The declaration does not offer any new or different facts; nor could it—the declarant is not a percipient witness. Instead, Judge Walker states: "I have been retained by the defendants . . . to render an opinion" about recusal under § 455. (Reply, Ex. A at 2 ¶ 7; *see also id*. at 2 ¶ 9 ("In my opinion . . . .").) Such expert opinions are inadmissible. *Melendres II*, 2015 WL 13173306, at *9; *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d at 64-70 (citing cases from every Circuit).

An expert witness may provide opinion testimony "*if* (a) the expert's scientific, technical, or other specialized knowledge will help *the trier of fact* to understand *the evidence* or to determine *a fact issue*; (b) the testimony is based on sufficient facts or data, (c) the testimony is the product of reliable principles and methods, and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702 (emphasis added). As this plain language shows, expert witness opinions are admissible only if they (1) assist the trier of fact in (2) understanding the evidence or determining a disputed fact. *In re Initial Pub. Offering Sec. Litig*., 174 F. Supp. 2d at 68. Here, the Walker Declaration fails this test because it does not purport to assist a trier of fact or resolve any factual disputes. (*See* Reply, Ex. A at 3 ¶ 11.) Rather, it addresses issues of law only.[2]

---

[2] Moreover, the declaration is devoid of foundational facts showing that Judge Walker qualifies as a judicial recusal expert. It does not indicate that he has ever published scholarly articles, taught, or been qualified as an expert on the subject. At most, he co-taught a survey class, "Introduction to American Law," in 2014 and 2015, that "touched on" the topic. (Reply, Ex. A at 1 ¶ 4.)

C. The Walker Declaration Is An Unauthorized Supplemental Reply Brief.

The "declaration" identifies the legal test for recusal under § 455(a) (Reply, Ex. A at 4 ¶ 13), attempts to distinguish caselaw cited in the United States' Response (*id.* at 4-7 ¶¶ 15, 18, 22), provides its own argument on how § 455(a) applies to the facts (*id.* at 4-7 ¶¶13-22), attempts to reply to the United States' points regarding § 455(b) (*id.* at 7-9 ¶¶ 23-28); and offers a legal gloss on untimeliness that is unsupported by any cases (*id.* at 9-10 ¶ 29). In sum, it is nothing more than a work of pure legal advocacy.

The declarant—a lawyer in private practice for nearly a decade—is "free to consult with the moving defendants, sign their brief, or both." *In re Initial Pub. Offering Sec. Litig.*, 174 F. Supp. 2d at 69. However, he cannot provide a second reply brief disguised as an expert opinion. *Id.* ("[i]n our adversarial system, lawyers make arguments, [and] judges [not retained experts] write legal opinions"); *Burkhart v. Washington Metro. Area Trans. Auth.*, 112 F.3d 1207 (D.C. Cir. 1997) ("Each courtroom comes equipped with a 'legal expert,' called a judge."); Carl M. Selinger, *The Problematic Role of the Legal Ethics Expert Witness*, 13 GEORGETOWN JOURNAL OF LEGAL ETHICS 405, 409 (2000).

The Court's Rules limit Defendants to an 11-page reply. LRCiv 7.2(e)(2). The Walker Declaration constitutes an additional, unauthorized, 10-page reply. It should be stricken for that reason alone. LRCiv 7.2(m)(1). *See E.E.O.C. v. Creative Networks, LLC and Res-Care, Inc.*, 2008 WL 5225807, at *3 (D. Ariz. Dec. 15, 2008) (striking separate responses and replies to summary judgment statements of fact that contained further factual and legal arguments in support of the summary judgment motion).

**II. The Conclusory and Self-Serving "Joint Declaration" of Some But Not All of Defendants' Lawyers Should Be Rejected.**

A. The Joint Declaration Is New Evidence Offered for the First Time on Reply, and Should Be Stricken or Disregarded for that Reason.[3]

While Defendants may argue the Joint Declaration is permissible "rebuttal" evidence, it is not responsive to the thrust of the United States' timeliness argument that:

---

[3] *See* Part I.A, *supra* (citing cases).

- 5 -

(a) most of the exhibits supporting Defendants' Motion have been publicly available for years; (b) Defendants themselves have been highly attuned to criticism from all of the country's Attorneys General over the last decade; and (c) the notion that the entire defense team and Defendants were unaware of the National Association of Attorneys General and the Arizona Attorney General's published statements regarding human trafficking conducted via websites (including but not limited to Backpage.com) strains credulity. (Doc. 1067, Resp. at 1-9.)

B. <u>Courts Reject Self-Serving Declarations that State Conclusions and Not Facts that Would Be Admissible Into Evidence.</u>[4]

The Joint Declaration is made and executed by six specific attorneys, Thomas H. Bienert, Jr., Paul Cambria, Jr., Bruce Feder, Gary Lincenberg, David Eisenberg, and Joy Bertrand (defined as "We"). (Reply, Ex. B at 1-4.) The docket reveals 11 other active, non-terminated attorneys of record for Defendants in this case, including three from Davis Wright Tremaine LLP (which has represented Backpage, some Defendants, and other Backpage officers over the last decade in connection with, *inter alia*, disputes with states' attorneys general, *see, e.g.*, *Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262 (W.D. Wash. 2012), and the U.S. Senate, *see, e.g.*, *Senate Permanent Subcommittee v. Ferrer*, 199 F. Supp. 3d 125, 129 (D.D.C. 2016), *vacated as moot*, 856 F.3d 1080 (D.C. Cir. 2017)). Yet none of these other attorneys of record (or other litigation team participants or any Defendants) are named in or have executed the Joint Declaration.

Even as to the signing declarants, the Joint Declaration is carefully and narrowly worded. It does not disclose when or who among the declarants first learned of the statements underlying the Motion. It admits, however, that "[w]hen the case began in April

---

[4] *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497-98 (9th Cir. 2015); *see F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."). *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054 (9th Cir.2002), involved such a situation: The declaration included facts beyond the declarant's personal knowledge and "provide[d] no indication how she knows [these facts] to be true." *Id.* at 1059 & n. 5, 1061.

- 6 -

2018, some (but not all) of us were aware that various Attorneys General had written letters to Backpage.com and to Congress," but those (unidentified) declarants "did not focus on the August 17, 2017 letter" that forms part of the basis for the Motion. (Reply, Ex. B at 1 ¶ 5.) The Joint Declaration provides no admissible facts explaining why others on the defense team, and Defendants, were unaware of or failed to "focus on" these facts.

In these circumstances, the conclusory and narrow Joint Declaration should be disregarded. Alternatively, it should be afforded little weight given that the basis for the Motion has been widely known to the internet-viewing public for years, the limited number of defense team members who signed the declaration, and the constructive and actual notice standards addressed in the Response. (*See* Doc. 1067, Resp. at 8-9 (citing cases).)

**Conclusion**

For the foregoing reasons, the Reply Declarations (Doc. 1071-1 and 1071-2) should be stricken or otherwise disregarded by the Court in deciding the Motion for Recusal (1059). Alternatively, the United States should be granted leave to file a Sur-Reply in opposition to the Motion for Recusal.

Respectfully submitted this 16th day of October, 2020.

> MICHAEL BAILEY
> United States Attorney
> District of Arizona
>
> *s/ Peter S. Kozinets*
>
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER S. KOZINETS
> ANDREW C. STONE
> Assistant U.S. Attorneys
>
> DAN G. BOYLE
> Special Assistant U.S. Attorney
>
> BRIAN C. RABBITT
> Assistant Attorney General
> U.S. Department of Justice, Criminal Division
>
> REGINALD E. JONES
> Senior Trial Attorney
> U.S. Department of Justice, Criminal Division
> Child Exploitation and Obscenity Section

# CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Joy Faraj*
Joy Faraj
U.S. Attorney's Office