1  Thomas H. Bienert, Jr. (CA Bar No.135311, admitted *pro hac vice*)
2  Whitney Z. Bernstein (CA Bar No. 304917, admitted *pro hac vice*)
   BIENERT | KATZMAN PC
3  903 Calle Amanecer, Suite 350
   San Clemente, California 92673
4  Telephone: (949) 369-3700
5  Facsimile: (949) 369-3701
   tbienert@bienertkatzman.com
6  wbernstein@bienartkatzman.com
   *Attorneys for James Larkin*
7
   Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
8  Erin McCampbell (NY Bar No. 4480166, admitted *pro hac vice*)
9  LIPSITZ GREEN SCIME CAMBRIA LLP
   42 Delaware Avenue, Suite 120
10 Buffalo, New York 14202
   Telephone: (716) 849-1333
11 Facsimile: (716) 855-1580
12 pcambria@lglaw.com
   emccampbell@lglaw.com
13 *Attorneys for Michael Lacey*

14 [Additional counsel listed on next page]

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CASE NO. 2:18-cr-00422-PHX-SMB |
| Plaintiff, | **DEFENDANTS' MOTION FOR STAY OF CASE PENDING RESOLUTION OF THE MANDAMUS PETITION** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480) 361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

## I. INTRODUCTION

Defendants Michael Lacey, James Larkin, Scott Spear, John Brunst, Andrew Padilla, and Joye Vaught (collectively, "Defendants") seek a stay of this case pending the Ninth Circuit's resolution of Defendants' Petition for a Writ of Mandamus. *See Michael Lacey, et al v. USDC-AZP* (9th Cir.), case number 20-73408, at Doc. No. 1-3 ("Petition"). In their Petition, Defendants moved for an order vacating this Court's denial of recusal and ordering this Court to recuse from this case. Because Defendants will suffer irreparable harm if this Court continues to preside over matters in this action while the Petition is pending, Defendants respectfully request that this Court enter a stay of this action pending the Ninth Circuit's resolution of the Petition.

## II. BACKGROUND

On September 23, 2020, Defendants filed a motion for recusal ("Recusal Motion"). *See* Doc. No. 1059. In the Recusal Motion, Defendants explained that this Court must recuse itself under 28 U.S.C. §§455(b)(4) and 455(b)(5)(iii), because the Court's spouse has interests that could be significantly affected by the outcome of the Case, and under 28 U.S.C. §455(a), because the spouse's statements and actions could cause reasonable people to question the court's impartiality. *Id.* On October 23, 2020, without any hearing, this Court denied the Recusal Motion. *See* Doc. No. 1075. Defendants then filed their Petition in the Ninth Circuit, which is incorporated herein by reference. In essence, the Petition is an interlocutory appeal seeking an order precluding this Court from presiding over this case. Defendants seek a stay of this case pending resolution of Petition because the determination of the Ninth Circuit on the Petition would be rendered moot if this case continues its progression to trial before the Ninth Circuit has resolved the Petition. Moreover, Defendants will be prejudiced each time a new ruling is issued while the Petition is pending because, as Defendants explained in the Recusal Motion, this Court should no longer preside over this case. Finally, the government's interest in trying Defendants for the alleged criminal offenses is not prejudiced by issuance of a stay and adjudication of the Petition because the government will get its trial regardless of how the Ninth Circuit resolves the Petition.

## III. THE COURT SHOULD STAY THE CASE PENDING RESOLUTION OF THE PETITION

Defendants filed the Petition seeking an order prohibiting this Court from presiding over this case in violation of 28 U.S.C. § 455. *See* Petition. Defendants will suffer irreparable injury if they are forced to proceed before this Court while their Petition to seek relief from proceeding before this Court in violation of 28 U.S.C. § 455 is resolved. This Court should therefore stay the case pending resolution of the Petition.

When deciding whether to issue a stay pending appeal to preserve the status quo, the Ninth Circuit considers the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *California Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 850 (9th Cir. 2009). In this Circuit, a sliding scale approach is applied to the first and third elements. That is, in lieu of showing a "likelihood of success on the merits" and lack of substantial injury to other interested parties, the party is entitled to a stay if the writ raises "serious questions" and "the balance of hardships tips sharply in the [moving party's] favor." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-35 (9th Cir. 2011); *see also Leiva-Perez v. Holder*, 640 F.3d 962, 967-68 (9th Cir. 2011) (defining likelihood of success as a showing of a "fair prospect" of success or "a substantial case for relief on the merits").

This Court should grant a stay pending resolution of the Petition by the Ninth Circuit because Defendants can satisfy both formulations of the standard. Defendants are likely to succeed on the merits of their arguments in the Petition and meet the requirements for a stay to issue applying the alternative "serious questions" standard. The arguments they raise are substantial and warrant deliberate consideration, and the balance of hardships tips sharply in their favor. Further, Defendants will suffer irreparable harm without a stay, and the public interest lies in their favor. The government, by contrast, will not be prejudiced, because it will remain free to proceed to trial on the pending criminal violations once the Petition is adjudicated.

**A.　There are serious questions going to the merits of Defendants' case.**

To receive a stay, Defendants are not required to show "that it is more likely than not that [they] will win on the merits." *Leiva-Perez*, 640 F.3d at 967. Instead, Defendants need only show that the Petition raises "serious questions." *Id.* (quoting *Wild Rockies*, 632 F.3d at 1135). The Ninth Circuit has explained that this minimal standard makes sense in the context of a request for a stay because "[a] more stringent requirement would either . . . put every case in which a stay is requested on an expedited schedule, with the parties required to brief the merits of the case in depth for stay purposes, or would have the court attempting to predict with accuracy the resolution of often-thorny legal issues without adequate briefing and argument." *Leiva-Perez*, 640 F.3d at 967. "Such pre-adjudication adjudication would defeat the purpose of a stay, which is to give the reviewing court the time to 'act responsibly,' rather than doling out 'justice on the fly.'" *Id.* (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)).

Here, there are serious questions pending before the Ninth Circuit, including: (1) whether the Court's spouse's non-economic interest are an "interest" requiring recusal under case law and 28 U.S.C. §§ 455(b)(4) and 455(b)(5)(iii); (2) whether the Court's spouse's interests are significantly affected by the outcome of this case; (3) whether public statements about the people, entities, and issues in this case by the Court's spouse, his partners, and the other advocacy organizations with whom the Court's spouse aligned himself would cause reasonable people to question the Court's impartiality; (4) whether the Recusal Motion can be properly declared untimely, despite the uncontroverted declaration of Defendants' six independent counsel, all saying they learned the facts supporting the Recusal Motion less than two weeks before filing the motion, and in light of the Court's apparent knowledge of the relevant facts warranting recusal upon assignment of the case but never advising the parties of them; and (5) whether this Court's striking the Declaration of Defendants' expert witness (the former chief judge of the Northern District of California) on the grounds that the Recusal Motion presented only a pure question of law and the Declaration was untimely was appropriate. Defendants' Petition has demonstrated that there are serious questions going to whether this Court should preside over this case and satisfies the Ninth Circuit's minimal standard for a stay.

**B. The balance of hardships tips sharply in Defendants' favor and the government would not be prejudiced by issuance of the stay.**

Defendants are prejudiced by this Court continuing to issue substantive rulings while the legitimacy of it presiding over this case remain in question. The appearance of partiality is foundational to the functioning and credibility of our judicial system. *Williams v. Pennsylvania*, 579 U.S. \_\_\_\_, 136 S. Ct. 1899, 1909 (2016) ("An insistence on the appearance of neutrality is not some artificial attempt to mask imperfection in the judicial process, but rather an essential means of ensuring the reality of a fair adjudication. Both the appearance and reality of impartial justice are necessary to the public legitimacy of judicial pronouncements and thus to the rule of law itself."); *Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 167 (3d Cir. 1993) ("impartiality and the appearance of impartiality in a judicial officer are the *sine quo non* of the American legal system" (quotation marks and citation omitted)). Since denying the Recusal Motion, this Court has issued multiple substantive rulings, including granting the government's motion in limine related to Defendants' counsel over Defendants objection (Doc. No. 1078), denying Defendants' motion in limine to preclude irrelevant and non-percipient witnesses (Doc. No. 1079), granting in part and denying in part Defendants' motion in limine to preclude certain reference to witnesses, Defendants, and defense counsel (Doc. No. 1080), granting the government's motion in limine to preclude and limit some of Defendants' expert witnesses (Doc. No. 1081), and denying Defendants' motion for necessary trial subpoenas under Rule 17 (Doc. No. 1084). The Court issued this flurry of substantive orders days after denying the Recusal Motion and on motions that had been pending before this Court for many months. With Defendants' Petition pending, Defendants continue to contest the propriety and legality of this Court presiding over this matter. This Court must stay the case pending the resolution of the Petition to avoid furthering orders tainted by the appearance of bias.

The balance of hardships tips sharply in Defendants' favor. Defendants have no avenue to seek relief other than the mandamus relief they are currently seeking on appeal. A direct appeal following the conclusion of a criminal trial will not allow Defendants to get the relief they seek – the case will have already been tried before a Judge whose recusal was required under 28 U.S.C. § 455. Only a stay of this case pending the Circuit's determination of the Petition can cure the continuing

1 harm that is resulting from this Court presiding over a case when the legitimacy of that act is in
2 question. Proceeding with this case without awaiting the Circuit's determination on the pending
3 Petition would taint any and all substantive rulings and could force re-litigation of issues and motions.

Issuing a stay will not result in any hardship to the government. This is especially so since the trial in this case is not scheduled to commence for many months. The government will be free to proceed to trial in the criminal case after the Circuit resolves Defendants' mandamus petition on appeal. A stay until the appeal is adjudicated would not preclude the government in any way with proceeding to trial or continuing to prosecute its case before the appropriate court.

### C. There is a likelihood of irreparable injury in the absence of a stay.

If the proceedings in this court continue while the legality of this Court presiding over this case remains in dispute, the Defendants will be irreparably harmed in that they will be forced to proceed with motion practice and trial preparation relying on rulings from a court whose ability to preside is in question. Since Defendants filed the underlying motion for recusal, this Court has issued numerous substantive orders and denied Defendants' motion for subpoenas and various motions in limine. *See, e.g.*, Doc. Nos. 1078, 1079, 1080, 1081, 1084. Further, Defendants argued in the Petition that this Court's inappropriate presiding over this case is inadequately addressed on direct appeal, meaning that their right to have a judge who appears impartial can only be vindicated through this process, and a stay is necessary to ensure no further harm to Defendants before the Circuit resolves the pending Petition.

### D. The stay is in the public interest.

There is a compelling and valid public interest that Defendants be given a full and fair opportunity to obtain meaningful judicial review of the Petition. The core question at issue in the Petition is whether Defendants, and the public, are entitled to a Court whose partiality cannot be questioned. Proceeding while the validity of this Court's presiding over this case is in dispute further erodes public confidence in our judicial system, making a stay in the public's best interest while the recusal issue is resolved by the appellate court.

## IV. CONCLUSION

The Court should issue a stay of Defendants' criminal case pending the Circuit's resolution of

the Petition. Defendants are entitled to a stay because serious questions going to the merits were raised. Further, the balance of hardships tips strongly in favor of granting the stay because Defendants will suffer irreparable injury if this Court continues to issue substantive orders while the legality of this Court presiding over the case remains contested and, as Defendants contend, improper. The government is not prejudiced by issuance of a stay, and a stay is in the public interest. Moreover, the Court need not order a lengthy stay. The Court need only stay proceedings long enough for the Circuit to resolve the Petition so that Defendants' and public's confidence in an impartial judiciary need not suffer irreparable injury in the meantime.

Respectfully submitted,

DATED: November 20, 2020

Thomas H. Bienert, Jr.
Whitney Z. Bernstein
BIENERT | KATZMAN PC

By: *s/ Whitney Z. Bernstein*
Whitney Z. Bernstein
Attorneys for James Larkin

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (August 2020) § II(C)(3), Whitney Z. Bernstein hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

DATED: November 20, 2020

Paul J. Cambria, Jr.
Erin McCampbell
LIPSITZ GREEN SCIME CAMBRIA LLP

By: *s/ Paul J. Cambria, Jr.* (with permission)
Paul J. Cambria, Jr.
Attorneys for Michael Lacey

| | | |
|---|---|---|
| DATED: November 20, 2020 | | Gary S. Lincenberg<br>Ariel A. Neuman<br>Gopi K. Panchapakesan<br>BIRD, MARELLA, BOXER, WOLPERT, NESSIM,<br>DROOKS, LINCENBERG & RHOW, P.C. |
| | By: | *s/ Gary S. Lincenberg* (with permission)<br>Gary S. Lincenberg<br>Attorneys for John Brunst |
| DATED: November 20, 2020 | | Bruce Feder<br>FEDER LAW OFFICE, P.A. |
| | By: | *s/ Bruce Feder* (with permission)<br>Bruce Feder<br>Attorneys for Scott Spear |
| DATED: November 20, 2020 | | David Eisenberg<br>DAVID EISENBERG, P.L.C. |
| | By: | *s/ David Eisenberg* (with permission)<br>David Eisenberg<br>Attorneys for Andrew Padilla |
| DATED: November 20, 2020 | | Joy Bertrand<br>JOY BERTRAND, ESQ. |
| | By: | *s/Joy Bertrand* (with permission)<br>Joy Bertrand<br>Attorneys for Joye Vaught |

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants listed below.

*/s/ Toni Thomas*
Toni Thomas
