**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, | |
| Defendant. | |

Pending before this Court is Defendants' Motion for Issuance of Subpoenas. (Doc. 1083.) The Government filed a response to the motion (Doc. 1091), and Defendants replied. (Doc. 1093.) The Court has reviewed the pleadings and issues the following order.

## I. BACKGROUND

Defendants filed this motion requesting to send subpoenas pursuant to Rule 17(c), Fed. R. Crim. P., to the National Center for Missing and Exploited Children ("NCMEC") and the Office of the Attorney General of Arizona ("AZ AG"). Defendants contend "[e]vidence of NCMEC and the AZ AG's communications with the investigators in this case, and with each other, will be relevant to show that NCMEC's and the AZ AG's views of Backpage.com and the Defendants in this case were influenced by political concerns as much if not more than legal concerns…" (Doc. 1083 at 4.) Defendants seek four categories of documents from the AZ AG, including (1) all correspondence or documents referencing Backpage.com, its principles, or employees; (2) all correspondence or documents referencing the operations or activities of Backpage.com; (3) all documents referencing

any analysis of the legality of the activities of Backpage.com or any of its principles or employees; and (4) all correspondence between the AZ AG's Office and NCMEC or any of its employees relating to Backpage.com and any of its principles or employees. (Doc. 1083-1., Ex. A.) Defendants seek three categories of information from NCMEC, including (1) all correspondence or documents referencing the investigation or prosecution of Backpage.com and/or any of its principles and employees; (2) all documents reflecting any analysis of the legality of operations or activities of Backpage.com or any of its principles or employees; and (3) all correspondence or other documents between the AZ AG's Office or any of its employees and NCMEC or any of its employees relating to Backpage.com and any of its principles and employees. (*Id.*)

## II.   LEGAL STANDARD

A proponent of a subpoena under Rule 17(c) must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity. *U.S. v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (citing *U.S. v. Nixon*, 418 U.S. 683, 700 (1974)). Rule 17(c) "'was not intended to provide an additional means of discovery.'" *U.S. v. Hang*, 75 F.3d 1275, 1283 (8th Cir. 1996) (quoting *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951)). If the information sought under Rule 17(c) is sought merely for impeachment purposes, it is generally insufficient to justify the pretrial production of documents. *U.S. v. Fields*, 663 F.2d 880, 881 (9th Cir. 1981) (citing *Nixon*, 418 U.S. at 701.). A Rule 17(c) subpoena cannot be issued on "'mere hope' that the desired documents [will] produce favorable evidence." *Hang*, 75 F.3d at 1283. Indeed, a court may properly deny a Rule 17(c) subpoena that constitutes a mere "'fishing expedition.'" *See id.* at 1283-84. When a proponent of a subpoena merely states why he or she wants to look into materials, but fails to set forth what they contain, a court may properly quash a subpoena for lack of specificity or relevance. *See United States v. Arditti*, 955 F.2d 331, 346 (5th Cir. 1992) ("he has not set forth what the subpoena's materials contain, forcing the court to speculate as to the specific nature of their contents and its relevance."). Additionally, a party seeking production prior to trial must show that the requested evidence is "not otherwise procurable reasonably in advance of trial by the

exercise of due diligence." *U.S. v. Nixon*, 418 U.S. 683, 699 (1974).

## III. ANALYSIS

Once again Defendants argue that the Government lacks standing to object to their proposed subpoenas. However, the Court has already rejected that argument and has ruled that the Government has standing to object to Defendants' Rule 17(c) subpoenas. (Doc. 1084 at 3.) Accordingly, the Court again denies this argument.

### A. AZ AG Subpoena

The Court declines to entertain Defendants' subpoena to the AZ AG because the documents requested are procurable by other means. *See Nixon*, 418 U.S. at 699. In Arizona, public records may be obtained from state agencies under the Arizona Public Records Law. A.R.S. §§ 39-101, *et seq.* Under the Arizona Public Records Law, all officers and public bodies must maintain records that are "reasonably necessary to provide an accurate accounting of their official activities and government-funded activities." A.R.S. § 39-121.01(B). The statute unquestionably includes the AZ AG. *See* A.R.S. § 39-121.01(A)(1)-(2), (B) (defining "Public body" as any public organization or agency supported in whole or in part by monies from this state). Any person may request to examine public records. A.R.S. § 39-121.01(D). Here, the subpoena to the AZ AG is unnecessary because Arizona's Public Records Law provides an avenue for Defendants to obtain the requested documents. Thus, Defendants have not shown that the documents requested from the AZ AG are not procurable in advance of trial by the exercise of due diligence. *Nixon*, 418 U.S. at 699. Accordingly, the Court denies Defendants' requested Rule 17(c) subpoena to the AZ AG.

### B. NCMEC Subpoena

As with Defendants' last proposed subpoena to NCMEC, the Court denies the current proposed subpoena to NCMEC. Simply put, the Defendants again attempt to use the subpoena process as a discovery tool and attempt to embark on a fishing expedition for helpful evidence. *See Hang*, 75 F.3d at 1283-84. Defendants argue that the documents and communications requested are relevant "to show that NCMEC's and the AZ AG's views

- 3 -

of Backpage.com and the Defendants in this case were motivated by political concerns," and that the statements from the organization were not supported by legal analysis. (Doc. 1083 at 4.) The Court sees no other purpose for which the documents can be relevant except to impeach the Government's witnesses, which is insufficient to justify a subpoena under Rule 17(c). *Fields*, 663 F.2d at 881. In addition, Defendants fail to set forth what the requested materials contain. *See Arditti*, 955 F.2d at 346. Defendants have also failed the specificity prong of the *Nixon* analysis. As with Defendants' last proposed subpoena to NCMEC, the current proposed subpoena requests "large swaths" of communications and internal documents regarding Backpage.com, its owners, and employees and is not specifically tailored to uncover any specific evidence. (Doc. 1084 at 5-6.) Accordingly, the Court denies Defendants' request to send its proposed Rule 17(c) subpoena to NCMEC.

### IV. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendants' Motion for Issuance of Subpoenas is denied. (Doc. 1083.)

Dated this 11th day of February, 2021.

Honorable Susan M. Brnovich
United States District Judge