**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Michael Lacey, et al.,<br><br>Defendants. | No. CR-18-00422-001-PHX-SMB<br><br>**ORDER** |

The Court is in receipt of the Government's Motion to Admit Evidence of Murders Implicating Backpage. (Doc. 920.) Defendants Michael Lacey, James Larkin, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught responded. (Doc. 953.) The Government requested oral argument, but the Court declines to hold oral argument, finding that it is unnecessary. The Court has considered the pleadings and applicable law and denies the motion for the reasons explained below.

**I.   BACKGROUND**

On July 25, 2018, a federal grand jury returned a 100-count superseding indictment against several of the Defendants in this case alleging that the Defendants engaged in various crimes related to the operation of the website Backpage.com ("Backpage"), including conspiracy to facilitate prostitution under the Travel Act and money laundering. (Doc. 3.) The Government filed this motion apparently asking the Court for an order finding certain evidence is admissible at trial. The evidence at issue alleges to show that certain persons who engaged in prostitution were murdered by third parties after

advertising on Bakcpage.com. Defendants have opposed the motion, arguing that the evidence is irrelevant and unduly prejudicial and should be excluded under Rules 401 and 403, Fed. R. Evid. (Doc. 953.)

The evidence that the Government seeks to introduce involves the following murders of women, who were all advertised on Backpage.com: (1) Evidence of the murder of four women in Detroit in December 2011 and evidence that Backpage learned of the murders and took steps to limit negative press; (2) a June 22, 2012 murder where a "john" stabbed a victim to death at an apartment complex in Scottsdale, Arizona and Scottsdale police's subsequent communications with Backpage; (3) an October 14, 2014 murder of a victim in Hammond, Indiana and Backpage's subsequent tracking of the story; (4) a June 10, 2015 murder of a victim by Darren Vann who had arranged to meet the victim through an advertisement on Backpage.com and Backpage's subsequent tracking of the news story; (5) a pimp's June 10, 2015 murder of a victim working as a prostitute where Backpage was subsequently subpoenaed by the authorities for the ads; (6) a June 20, 2015 murder of a victim in Dallas for which the Government intends have a detective and the victim's father testify at trial concerning the crime's connection to Backpage.com and the father's request to Backpage that his daughter's ads be taken down; (7) the August 17, 2015 finding a body connected to the quadruple murder in Detroit (see number 1) where the assailant arranged a meeting with the victim on Backpage.com and police subsequently subpoenaing Backpage for the ads; and (8) the December 24, 2016 murder of a 16-year-old victim who was trafficked by a pimp on Backpage.com where the victim's family sued Backpage and the Washington Post published an article. (Doc. 920 at 3-7.)

Details of these murders are highly inflammatory. In the case of the Detroit murders, the victims were found in trunks of burning cars. In another case, the victim was found beaten and with her throat cut. Another 16-year-old victim was stabbed multiple times.

**II.   LEGAL STANDARD**

"Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence." *United States v. Vellejo*, 237 F.3d 1008, 1015 (9th Cir.

2001). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (citing Fed. R. Evid. 401). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When evidence is minimally relevant, it is likely to be minimally probative as well. *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012). Excluding otherwise relevant evidence under Rule 403 is "an extraordinary remedy to be used sparingly." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (quotation marks and citations omitted).

**III.   ANALYSIS**

The Government argues that, in light of Defendants' likely defense that they did not know that Backpage's adult section was used almost exclusively for prostitution, evidence of the murders by third parties should be admitted to show that Defendants had knowledge of the true nature of their website. Further, the Government argues that the evidence "helps demonstrate how the company's business practices facilitated the criminal activities of the prostitutes and pimps who used the website." (Doc. 920 at 2.) In support of its argument, the Government cites cases where courts have allowed prejudicial evidence when its probative value is high. *See, e.g., United States v. LeMay*, 260 F.3d 1018, 1027-29 (9th Cir. 2001) (affirming the district court's decision to allow evidence of defendant's prior molestations that were very similar to the charged crimes to bolster the victims' credibility after defendant suggested they could be fabricating the accusations). The Government alleges that Backpage catalogued these stories internally on a spreadsheet which was shared with public relations firms hired by the company, evidencing their knowledge of the crimes and the purposes for which victims and witnesses were using Backpage.com. Notably, missing from the Government's motion are specific details regarding the scope of the evidence they intend to introduce and how they intend to introduce it.

Defendants argue that the evidence is entirely irrelevant to prove any element of the

charged offenses and that, even if it were, the evidence is highly prejudicial. Defendants contend "even if Defendants learned after the fact that ten people who had ads posted on Backpage were in fact prostitutes, that evidence provides no causal link to the purported purpose for admitting this evidence – to show that Defendants knew that the millions of ads posted to the site were 'exclusively for prostitution.'" (Doc. 953 at 3-4.) Defendants also argue that the scope of the Government's request is unclear. Lastly, Defendants argue that the Government can prove that the Defendants learned of prostitution ads on Backpage.com through less prejudicial means.

Defendants' points are well taken. While evidence showing notice to Defendants that prostitutes were using its website is relevant and the evidence has some probative value, the potential prejudice against Defendants from the introduction of the evidence regarding the murders is quite high. If evidence of the details of the murders were introduced, it is likely to inflame the passions of the jurors against the Defendants or create confusion that Defendants are responsible for the murders. Where the probative value of evidence is low and the potential prejudicial effect of evidence is high, courts should typically exclude evidence. *See United States v. Hitt*, 981 F.2d 422, 424-25 (9th Cir. 1992) (district court erred by not excluding a photograph of guns owned by defendant's roommate where the probative value of the photograph was low). Thus, clearly facts and details regarding the murders themselves should not be admitted.

Further, as Defendants correctly point out, the Government has failed to explain how or through whom it seeks to introduce the evidence or the intended scope of the evidence it seeks admitted. For example, will the Government call the next of kin of the victims to testify regarding their prostitution, use of Backpage.com, and murder? Is the Government simply seeking to admit the internal spreadsheet used by Backpage to track news stories? Without further information concerning what specific evidence the Government intends to introduce and how it intends to introduce it, the Court cannot find that the Government's intended evidence is admissible. Thus, the Court will not make a specific finding on the admissibility or exclusion of the evidence at this time and will wait

1 until trial to rule on specific objections or motions in limine. However, the Court can rule
2 now that the Government will not be allowed to introduce evidence regarding the specific
3 details of the murders themselves.

4     The Court denies the Government's motion for a blanket order approving evidence
5 of third-party murders. However, in refusing to admit the evidence at this time the Court is
6 not finding that all referenced evidence is definitely inadmissible. Some of the evidence, if
7 relevant and properly sanitized, may still be admissible at trial. To the extent that the
8 Government plans to have witnesses testify regarding Defendants' notice that certain
9 victims were advertised on Backpage.com, the testimony will need to be sanitized so that
10 the witnesses do not mention the fact of the murders or details of the murders perpetrated
11 against the victims. For instance, for the June 20, 2015 murder in Dallas, the Court would
12 likely permit the victim's father to testify regarding the fact that he contacted Backpage to
13 remove his daughter's posting from the website, but he would not be permitted to testify
14 regarding the murder or the details of the crime as that evidence's prejudicial value would
15 substantially outweigh any probative value that the evidence might have. Thus, in denying
16 the motion, the Court is not ruling that none of the evidence the Government seeks to
17 proffer will be admissible at trial, but only that it will not rubber-stamp the broad scope of
18 evidence concerning murders perpetrated by third parties and subsequent notice to
19 Backpage. Instead, the Court will rule on specific objections at trial.

20 **IV.   CONCLUSION**

21     For the reasons discussed above,

22     **IT IS ORDERED** denying the Government's Motion to Admit Evidence of
23 Murders Implicating Backpage. (Doc. 920.)

24     Dated this 7th day of May, 2021.

_____
Honorable Susan M. Brnovich
United States District Judge