**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-18-00422-001-PHX-SMB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion in Limine to Preclude Evidence Regarding Backpage.com's Alleged Reputation as a Leading Source of Illegal Sexual Service Advertisements, (Doc. 927), to which the government responded. (Doc. 955.) Defendants requested oral argument, but the Court declines to hold oral argument finding that it is unnecessary. The Court has considered the pleadings and applicable law and issues this order denying Defendants' motion.

**I.   BACKGROUND**

On July 25, 2018, a federal grand jury returned a one hundred count superseding indictment against several of the Defendants in this case alleging that the Defendants engaged in various crimes related to the operation of the website Backpage.com ("Backpage"), including conspiracy to violate the Travel Act, substantive Travel Act violations, conspiracy to commit money laundering, and substantive counts of money laundering. (Doc. 230.) The Travel Act charges related to allegations that Defendants facilitated business enterprises involved in prostitution. Defendants filed this motion

asking the Court for an order precluding evidence or arguments "concerning collective opinions or rumors that: (1) many adult ads on Backpage clearly related to unlawful activities; (2) Backpage had more adult ads related to unlawful activities than did other sites; (3) people seeking to procure unlawful sexual services turned to Backpage adult ads more often than other sites; and (4) Backpage allegedly had a reputation as a leading source of illegal sexual services advertisements." (Doc. 927 at 1-2.)

## II.  LEGAL STANDARD

"Evidence may not be admitted at trial unless it is relevant, as defined by Rule 401 of the Federal Rules of Evidence." *United States v. Vellejo*, 237 F.3d 1008, 1015 (9th Cir. 2001). "Evidence is relevant if it has 'any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'" *Id.* (citing Fed. R. Evid. 401). "Relevance is not a strict test." *United States EEOC v. Placer ARC*, 147 F. Supp. 3d 1053, 1062 (C.D. Cal. 2015) (quoting *United States v. Miranda-Uriarte*, 649 F.2d 1345, 1353 (9th Cir. 1981)). "As the words 'any tendency' suggest, it is typically quite a 'low bar to the admissibility of evidence.'" *Id.* (quoting *Capitol Specialty Ins. Corp. v. Beach Eatery & Surf Bar, LLC*, 36 F. Supp. 3d 1026, 1037 (E.D. Wash. 2014)). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. When evidence is minimally relevant, it is likely to be minimally probative as well. *United States v. Wiggan*, 700 F.3d 1204, 1213 (9th Cir. 2012). Excluding otherwise relevant evidence under Rule 403 is "an extraordinary remedy to be used sparingly." *United States v. Mende*, 43 F.3d 1298, 1302 (9th Cir. 1995) (quotation marks and citations omitted).

"The rule is well established that the government in a conspiracy case may submit proof on the full scope of the conspiracy; it is not limited in its proof to the overt acts alleged in the indictment." *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011).

## III.  ANALYSIS

Defendants advance several arguments as to why the Court should preclude evidence, testimony, and argument of Backpage's alleged reputation as a leading source of illegal sexual services, including: (1) the evidence is irrelevant to the crimes charged; (2) the evidence is hearsay; (3) the evidence should be precluded as impermissible character evidence; (4) the evidence should be excluded as improper opinion testimony; and (5) the evidence should be excluded under Rule 403.

### A. Relevance

Defendants first argue that evidence regarding Backpage's reputation as a leading source of illegal sexual service advertisements should be precluded as irrelevant under Rule 402, Fed. R. Evid. Defendants contend that the reputation of Backpage is irrelevant because Backpage is not a defendant in this case. Further, Defendants contend that the evidence does not address whether Defendants knew of the fact that many of Backpage's ads allegedly related to prostitution or whether they intended to facilitate the unlawful conduct of those who used their site.

In response, the government argues that it is not restricted to proving the charged offenses in a vacuum. *See United States v. Daly*, 974 F.2d 1215, 1217 (9th Cir. 1992) ("A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void—without knowledge of the time, place, and circumstances of the acts which form the basis of the charge." (quoting *United States v. Moore*, 735 F.2d 289, 292 (8th Cir. 1984))). The government contends that since they must prove Defendants' specific intent to promote or facilitate business enterprises involved in prostitution, evidence related to notice provided by third parties to Defendants of Backpage's reputation as the leading place to shop for illegal sexual services is "critical."

The Court agrees with the government that the evidence of Backpage's reputation is relevant to whether Defendants' intended to facilitate an unlawful activity under the Travel Act. If Defendants received notice of third parties' perceptions of their reputation as the leading source of sexually illicit ads, then the lack of action on the part of Defendants to stop prostitution ads from being posted on Backpage.com tends to prove that they

1  intended to facilitate an unlawful activity. Additionally, although Backpage is not a
2  defendant in this case, it is alleged that these Defendants facilitated business enterprises
3  involved in prostitution through Backpage. That was the mechanism used by Defendants
4  and controlled by Defendants. Accordingly, the evidence is relevant to Defendants' intent
5  under the Travel Act.

### B. Hearsay

Defendants argue that "[a]ssertions about Backpage's reputation are inadmissible collective hearsay at best and must therefore be precluded." (Doc. 927 at 2.) Defendants contend that Rule 803(21)'s hearsay exception regarding a person's character is inapplicable because Backpage is neither a person nor a defendant in the case. *See Dick v. Phone Directories Co., Inc.*, 397 F.3d 1256, 1266, n. 5 (10th Cir. 2005) (statements that an office was known as a "lesbian factory" did not fall within Rule 803(21)'s exception "because the statement concerns neither a person nor her character.").

In response, the government argues that the statements are admissible under Rule 803(3) state of mind exception to the rule against hearsay. Further, the government argues that the evidence would be admitted for Defendants' notice of Backpage's reputation with third parties, not for the truth of the assertions. As an example, the government cites to an email chain forwarded by Ferrer that he and Hyer received notifying them that Chase Bank was no longer accepting payments from Backpage due to their involvement in human trafficking. The government contends that the email chain would be offered to prove Defendants' notice of the event which is relevant to Defendants' alleged intent to facilitate illegal activity for the purposes of the Travel Act. The government cites to two more examples where co-conspirators received correspondence from third parties that Backpage.com contained ads for prostitutes and people being trafficked.

The statements may not be admitted to prove that the reputation is true. If offered for this purpose, the statements would constitute hearsay for which no exception applies. Rule 803(21) does not apply because, as Defendants have pointed out, that exception only applies to a *person* and his or her character, and Backpage is not a person. *See Dick*, 397

F.3d at 1266, n. 5. Further, the hearsay exception outlined in Rule 803(3) is inapplicable because that rule requires a statement of the *declarant's* state of mind. However, the Court finds that the evidence the government intends to offer to trial is admissible as non-hearsay. If statements which would otherwise constitute hearsay are offered to show notice, not for their truth, they may be admitted as non-hearsay. *See MacDonald v. Ford Motor Co.*, 142 F. Supp. 3d 884, 898 (N.D. Cal. 2015) (allowing statements to be admitted to show "Ford had knowledge of the events, not that the events were true."). Here, the evidence the government desires to offer may be admitted to show that Defendants' had knowledge of Backpage's reputation with third parties, which is relevant to Defendants' intent to facilitate an unlawful activity under the Travel Act.

### C. Character Evidence

Defendants next argue that evidence related to Backpage's alleged reputation as a leading source of illegal sexual service advertisement should be precluded as impermissible character evidence that will be imputed to Defendants. Specifically, Defendants argue that the evidence is inadmissible under Rule 404, Fed. R. Evid. The government argues that Rule 404 is inapplicable because the evidence the government seeks to introduce is directly related to, or inexplicably intertwined with, the crime charged in the indictment. (Doc. 955 at 5 (citing *United States v. Rizk*, 660 F.3d 1125, 1131 (9th Cir. 2011) (citing *United States v. Lillard*, 354 F.3d 850, 854 (9th Cir. 2003))).

Rule 404 does not bar the use of the evidence in question for two reasons. First, Rule 404(a)(1) will not apply if the evidence of Backpage's reputation is offered only to prove Defendants' knowledge. *See* Rule 404(a)(1) ("Evidence of a person's character or character trait is not admissible to prove that on a particular occasion, the person acted in accordance with the character or trait."). Second, Rule 404(b) likewise does not bar the admission of evidence that shows Defendants' knowledge of Backpage's reputation. "Rule 404(b) is a rule of inclusion allowing proof of prior bad acts of a defendant when the acts are relevant to an issue other than the defendant's character, such as 'motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.'" *United*

*States v. Arthur Andersen*, LLP, 374 F.3d 281, 288–89 (5th Cir. 2004), *rev'd on other grounds*, 544 U.S. 696, 125 S. Ct. 2129, 161 L. Ed. 2d 1008 (2005) (quoting Fed.R.Evid. 404(b)); *see also Hudgins v. Sw. Airlines, Co.*, 221 Ariz. 472, 481, 212 P.3d 810, 819 (Ct. App. 2009) (affirming the trial court's decision to admit a letter from the FAA to Southwest Airlines about a previous bad act to show notice of a problem). The evidence of Backpages' reputation may be admitted to prove knowledge and intent.

### D. Opinion Testimony

Defendants contend that evidence of Backpage's alleged reputation as a leading source of illegal sexual service advertisement should be precluded as improper opinion testimony under Rule 701-704. Defendants argue that if such testimony were presented by a lay person, it would be improper opinion testimony as it would be based on speculation, collective hearsay, and rumors. Defendants argue that the evidence is also inadmissible through expert testimony because the testimony would not require the trier of fact to understand the evidence to determine any fact at issue.

The government argues that Backpage's reputation is admissible through lay opinion testimony. The Court agrees that such evidence is potentially admissible through lay person testimony. Lay opinion testimony must be "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. As long as the witness has enough knowledge of the communications at issue, the Court sees no reason why a lay person could not testify regarding Defendants' notice of Backpage's reputation as perceived by third parties. The opinion of a lay person concerning the reputation of Backpage standing alone will not be admissible as discussed above. However, the reputation evidence used to prove Defendants' intent under the Travel Act may be admissible under Rule 701.

### E. Rule 403

Lastly, Defendants argue that evidence of Backpage's reputation as a leading source of illegal sexual service advertisement should be precluded as unduly prejudicial under

Rule 403. Specifically, Defendants contend that allowing the evidence of Backpage's reputation would cause the jury to assume that "it and its operators were bad actors who knowingly and intentionally advertised illicit sexual services" rather than weighing specific evidence of the crimes charged. As the government points out, the exclusion of otherwise probative evidence under Rule 403 is "'an extraordinary remedy to be used sparingly.'" *United States v. Patterson*, 819 F.2d 1495, 1505 (9th Cir. 1987) (citing *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985)). The government argues that evidence regarding Backpage's reputation as the internet's leading place for illicit sexual services is highly probative to Defendant's notice that the majority of ads on Backpage were for prostitution.

Here, the Court finds that the probative value of the evidence is not substantially outweighed by its potential prejudicial effect. The evidence is probative to show Defendants' knowledge of Backpage's reputation, which is relevant to Defendants' intent to facilitate an unlawful activity under the Travel Act. While the evidence could have a prejudicial effect since it concerns the reputation of the business and website operated by Defendants, the Court finds that this is not a rare case where the probative value is substantially outweighed by the prejudicial effect of the evidence. The Court will reconsider the balancing of the probative value in relation to the prejudice if the reputation evidence becomes overly cumulative at trial. Accordingly, the Court will not exclude the evidence under Rule 403.

## IV. CONCLUSION

The Court denies Defendants' motion. The reputation evidence the government seeks to admit is clearly relevant and admissible to show Defendants' notice and prove Defendants' intent to facilitate an unlawful activity under the Travel Act. Of course, witnesses will not be allowed to offer reputation testimony untethered to communications with Backpage or Defendants as the reputation evidence, standing alone, would not be relevant to the crimes charged and would be hearsay. Accordingly,

**IT IS ORDERED** denying Defendant's Motion in Limine to Preclude Evidence

Regarding Backpage.com's Alleged Reputation as a Leading Source of Illegal Sexual Service Advertisements. (Doc. 927.)

Dated this 2nd day of June, 2021.

Honorable Susan M. Brnovich
United States District Judge