**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

United States of America,

Plaintiff,

vs.

Michael Lacey,
James Larkin,
Scott Spear,
John Brunst,
Andrew Padilla,
Joye Vaught,

Defendants.

No. CR-18-0422-PHX-SMB

Phoenix, Arizona
February 12, 2021
11:34 a.m.

**BEFORE: THE HONORABLE SUSAN M. BRNOVICH, JUDGE**

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

**TELEPHONIC STATUS CONFERENCE**

Official Court Reporter:
Christine M. Coaly, RMR, CRR
Sandra Day O'Connor U.S. Courthouse, Suite 312
401 West Washington Street, Spc 37
Phoenix, Arizona 85003-2151
(602) 322-7248

Proceedings Reported by Stenographic Court Reporter
Transcript Prepared by Computer-Aided Transcription

**A P P E A R A N C E S**

For the Government:

U.S. ATTORNEY'S OFFICE
By: **Mr. Peter S. Kozinets**
**Ms. Margaret Wu Perlmeter**
**Mr. Andrew C. Stone**
40 North Central Avenue, Suite 1200
Phoenix, Arizona 85004

U.S. ATTORNEY'S OFFICE
By: **Mr. Daniel G. Boyle**
312 North Spring Street
Los Angeles, California 90012

U.S. ATTORNEY'S OFFICE
By: **Mr. Reginald E. Jones**
1400 New York Avenue NW, Suite 600
Washington, D.C. 20530

For the Defendant Lacey:

LIPSITZ GREEN SCIME CAMBRIA
By: **Mr. Paul J. Cambria, Jr.**
42 Delaware Avenue, Suite 120
Buffalo, NY 14202

For the Defendant Larkin:

BIENERT KATZMAN
By: **Mr. Thomas H. Bienert, Jr.**
903 Calle Amanecer, Suite 350
San Clemente, CA 92673

For the Defendant Spear:

FEDER LAW OFFICE
By: **Mr. Bruce S. Feder**
2930 East Camelback Road, Suite 160
Phoenix, AZ 85016

For the Defendant Brunst:

BIRD MARELLA BOXER WOLPERT NESSIM DROOKS
LINCENBERG & RHOW
By: **Mr. Gopi K. Panchapakesan**
**Mr. Gary S. Lincenberg**
1875 Century Park E, Suite 2300
Los Angeles, CA 90067

For the Defendant Padilla:

DAVID EISENBERG, PLC
By: **Mr. David S. Eisenberg**
3550 North Central Avenue, Suite 1155
Phoenix, AZ 85012

For the Defendant Vaught:

JOY BERTRAND, LLC
By: **Ms. Joy M. Bertrand**
P.O. Box 2734
Scottsdale, AZ 85252

**P R O C E E D I N G S**

COURTROOM DEPUTY: We are on the record in CR 18-422, United States of America versus Michael Lacey; United States of America versus James Larkin; United States of America versus Scott Spear; United States of America versus John Brunst; United States of America versus Andrew Padilla; and United States of America versus Joye Vaught, before the Court for a motion hearing.

Counsel, please announce for the record.

MR. JONES: Good morning, Your Honor. Reggie Jones, Margaret Perlmeter, Peter Kozinets, Andrew Stone, and Daniel Boyle on behalf of the United States.

MR. CAMBRIA: Good morning, Your Honor. Paul Cambria on behalf of Michael Lacey. And we respectfully waive his appearance.

MR. BIENERT: Good morning, Your Honor. Thomas Bienert for defendant James Larkin, who is listening on the call. And I'm also joined, from her phone, by Antoinette Thomas, paralegal from our firm.

MR. FEDER: Good morning, Your Honor. Bruce Feder on behalf of Scott Spear, who is also on the line.

MR. LINCENBERG: Your Honor, Gary Lincenberg and Gopi Panchapakesan on behalf of Mr. Brunst, who is on the line.

MR. EISENBERG: Good morning, Your Honor. David Eisenberg on behalf of Andrew Padilla. And we would waive his

appearance for this hearing.

MS. BERTRAND: Good morning, Your Honor. Joy Bertrand appearing for Ms. Vaught. We waive her appearance for today's hearing. Thank you.

THE COURT: Okay. So we're set to discuss the motion to continue, which the government has no objection to, but there is a dispute between the date it should be continued to.

I looked at the calendar and considered the two vacations that are currently scheduled, and my preference is to get started in August, otherwise we're looking at going pretty late into December, which I don't really want to do. Although, now that I'm looking at it -- hold on.

Well, either way we're going to have this break in November that involves the wedding and Thanksgiving, so either way that occurs. So I'm inclined to start it on August 23rd, and we can get two full weeks in, break for September 6th through the 17th, and then return for six weeks before the next break, and then finish up after that. Those were the only two breaks that I was told there was a request to work around.

Is there anything else from the government?

MR. JONES: August 23rd does work for the government, Your Honor.

THE COURT: I'm sorry. I couldn't hear you.

MR. JONES: The August 23rd date works for the government.

THE COURT: Okay. Mr. Cambria, any issue with those dates?

MR. CAMBRIA: No. As to me, Your Honor, no. I guess the only thing that we have been attempting to stress, anyway, is the deeper into the year, the better chance of vaccinations and other things, and so that's why we were urging the September date. I understand, you know, December might sound like an issue, but it may be a better choice, respectfully.

I know in my own situation I qualify for every, you know, in every department for the vaccines and can't get scheduled. I know we have a number of people under 65. I just think that the chances of us being in a better place later in the year are greater.

What I'm thinking about, we've had some other cases I'm familiar with where they started and some out of town witness had come in and test positive, and the next thing you know everybody was quarantined. It just seems to me later in the year is better in the year.

But the direct answer to your question, the 23rd, I, obviously, can be available.

THE COURT: Well, quite honestly, that's why I want to start earlier, is if we have to have some break in the trial because someone is showing symptoms, we have some leeway. If we keep pushing it out, it's just not going to work.

And those dates aren't particularly convenient for my

calendar either, but I'm having to move around a lot of things, so this, yeah, this works the best.

Mr. Bienert.

MR. CAMBRIA: I'm sorry, one other thing. I know the government suggested a status also, and, you know, that might help. We might be in a better position if we have a status prior to the trial date to reassess, if necessary.

THE COURT: You mean set a status conference?

MR. CAMBRIA: Yes.

THE COURT: Well, I may still do that, you're right, but I'm not willing to set a status conference without having a trial date.

MR. CAMBRIA: I understand. Thank you.

THE COURT: Unless, you know, something happens and I'm no longer your trial judge.

Mr. Bienert.

MR. BIENERT: Yes, Your Honor. Those dates are fine. The reality is myself and Ms. Bernstein and Ms. Thomas will be available from August through the end of the year, the defendants.

I agree with everything Mr. Cambria said. The only twist I would add to this is I think another thing about potentially going back as far as we can, reasonably, is independent of all the lawyers and the direct participants in the trial hopefully being vaccinated by then, I would think we

would want to give ourselves the best chance of as many categories of people being vaccinated as possible.

And what I specifically have in mind is since most places seem to be doing it based on age, among other things, I could see a scenario where, because none of us are spring chickens, maybe all of us on the team can get vaccinated, but we might not have a big group of the jury pool, namely, younger people, because they haven't gotten to the 20-something and 30-something-year-olds yet. And so I think that extra month, as I understand, at least the news about vaccinations coming out and the timings, I think the difference between an August trial date and September trial date could mean a lot -- all age groups have had the chance to get vaccinated or not.

I'll be honest, Your Honor, I haven't really thought through the issues of what are the defense issues if a big chunk of your voir dire pool is unavailable for something weird like this, they couldn't get vaccines, I think it could be an issue. Obviously, from our standpoint, when we show up for voir dire, we want the panel to be the broad range of people from 18 years old and up who otherwise meet jury requirements. And I think if we can make it less likely that we're missing, say, the 18-year-olds, we should do that.

THE COURT: Okay. Mr. Feder.

MR. FEDER: Yes, Judge. I join in the comments made by both Mr. Cambria and Mr. Bienert. Mr. Spear and I are

available.

But to follow up a little bit on what Mr. Bienert just said, the newspapers this morning indicate that President Biden believes there will be sufficient vaccines available in July, when in July is unclear. If the majority of the vaccines, which I understand they are -- the government is purchasing are the two-shot vaccines, as the Court probably knows, and everyone else knows, you have to take those roughly three to four weeks apart.

THE COURT: Okay. Hold on. Hold on. Somebody is hitting a microphone or a phone.

COURTROOM DEPUTY: Number ending in 2782.

THE COURT: Number ending in 2782. I don't know who that is, but if you could mute it until you're speaking, that would be helpful.

Mr. Feder, go ahead.

MR. FEDER: So just doing the mathematics, for the people that are willing to take the vaccine, if they became available only by July, I mean, we're talking about probably -- and the vaccine's effectiveness occurs, I think, 30 days after the second shot, then, you know, you're looking at September as the time when most people's vaccines will be effective. Which, again, I mean, that was one of the -- one of the points of suggesting the September 20 date, in addition to avoiding one of the breaks that we've anticipated.

THE COURT: Okay. Thank you. Mr. Lincenberg.

MR. LINCENBERG: Yes, Your Honor. Those dates work fine with Mr. Brunst and counsel, with the caveat that I will mention, that as we've been going through the pandemic and all of our trials keep getting continued, I advise each court that I have other trials that are being set that overlap.

So, for example, I have a trial set for November 30th in San Diego before Judge Curiel. In looking at dates in the fall, I advised Judge Curiel that my case in Arizona was likely to be continued to the fall. And he said, well, right now I don't have a trial date set, so I'm going to set this for November, and so I advised the Court that I have conflicting trial dates. I think this is going to be similar with others and we're going to have to try to work through it, and I'm prepared to accept this trial date with the understanding that there could be a battle between judges on this.

THE COURT: Okay. Mr. Eisenberg.

MR. EISENBERG: Thank you, Your Honor. I'm the one that has the extended vacation, and I appreciate the Court's consideration in allowing that break. This was rolled over from last year when I had the same issue thinking that it wouldn't be a problem. So I want to say thank you to the Court for your consideration.

My client and I will be ready to participate in the trial as scheduled, so we're okay there. Thank you.

THE COURT: Okay. Ms. Bertrand.

MS. BERTRAND: Good morning, Your Honor. I have nothing to add that my colleagues haven't already mentioned. I concur with their comments, and think the September 20th date is probably going to give us a better jury panel -- or a broader jury panel. Other than that, I have nothing to add.

If the Court has any questions, I'll be happy to answer them.

THE COURT: Okay. I don't.

Okay. I'm going to set it for those weeks. I know that there was some questions about whether we would be going for five days a week or four days a week. So let me just tell you my plan is I have to have some time to do criminal sentencing cases. What I'm thinking about right now is doing an every other Monday, reserving an every other Monday for sentencings. I can usually do it on a half a day, and if I don't do it every week, I can squeeze it in as a full day.

And then I will set a status conference, let's --

Elaine, can you get me a date like the end of May or the first week of June.

-- and then we can get back on the phone, and if circumstances change, we can push it back a couple weeks.

So everybody should anticipate that if it gets pushed back, you need those extra weeks at the end of the trial when you're calendaring stuff.

June 8th at nine for a telephonic status conference.

Also, there is currently a status conference set for April 22nd -- no, March 22nd, right?

COURTROOM DEPUTY: February 22nd, Your Honor.

THE COURT: February 22nd. Okay.

-- on February 22nd to discuss the questionnaire, which I'm going to vacate and I'll reset at a later time.

Is there anything else from the government?

MR. JONES: Nothing from the government, Your Honor.

THE COURT: Okay. Anything else from any of the defense?

MR. CAMBRIA: No, Your Honor.

MS. BERTRAND: No. Thank you.

THE COURT: All right. I don't hear anything, so we're at recess. Thank you.

MR. CAMBRIA: Thank you.

(Proceedings concluded at 11:51 a.m.)

C E R T I F I C A T E

I, CHRISTINE M. COALY, do hereby certify that I am duly appointed and qualified to act as Official Court Reporter for the United States District Court for the District of Arizona.

I FURTHER CERTIFY that the foregoing pages constitute a full, true, and accurate transcript of all of that portion of the proceedings contained herein, had in the above-entitled cause on the date specified therein, and that said transcript was prepared under my direction and control.

DATED at Phoenix, Arizona, this 21st day of June, 2021.

/s/ Christine M. Coaly
Christine M. Coaly, RMR, CRR