GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>    v.<br><br>Michael Lacey, et al.,<br><br>           Defendants. | No. CR-18-422-PHX-SMB<br><br>**UNITED STATES' MOTION TO PRECLUDE DEFENDANTS' ADVICE OF COUNSEL DEFENSE** |

Defendants should be precluded from soliciting testimony or otherwise suggesting that they relied upon the advice of their attorneys as a defense to the charged offenses. Defendants have not waived any applicable attorney-client privilege. Without such a waiver—and a subsequent opportunity for the United States to review the information Defendants provided to their attorneys to determine whether counsel knew the full scope of Backpage's business practices—black letter law prohibits Defendants from making an advice of counsel defense. This includes any argument that Defendants possessed "good faith" based on the advice they may have received from their attorneys.

**I.    Defendants' Recent Disclosures**

In a recent disclosure, Defendants produced legal memoranda that—on their face— appear to be protected by the attorney-client privilege. (Letter from W. Bernstein dated July 2, 2021, attached as Exhibit A.) These memoranda—authored by various attorneys— include one titled, "Why Village Voice Media's Backpage.com Service Does Not Create Liability for Promoting Prostitution."[1]  This 31-page-memorandum was written by attorneys at a law firm in St. Louis, Missouri.

In response to the government's inquiry regarding whether the disclosure waived Defendants' privilege as to those particular attorneys, defense counsel claimed that there was no waiver because the disclosure tracked the Court's recent Order (Doc. 1169 at 9-11). (Email exchange between A. Stone and W. Bernstein, attached as Exhibit. B.) That Order analyzed Defendants' claims that certain statements made by Carl Ferrer were privileged. In that context, the Court found that "Defendants have not satisfied their burden of establishing an attorney-client relationship and/or attorney-client communications." (Doc. 1169 at 9.) Here, Defendants produced (seemingly) complete legal memoranda prepared by their former attorneys. But when the government inquired as to whether

---

[1] This memorandum includes, among others, the following sections: "Section 230 Immunizes Interactive Computer Service Providers From Liability For Third Party Content;" "Village Voice Cannot Be Liable Under Missouri Law For Promoting Prostitution;" "Backpage.com Is Engaged In Protected Speech;" and "Even If Section 230 And The Scienter And Remoteness Doctrines Of Criminal Law Did Not Apply, The First Amendment Would Prevent Imposition Of Criminal Liability On Village Voice In This Situation."

Defendants were waiving the privilege, Defendants were adamant that they were not. (Ex. B at 1) ("the disclosure . . . is not a waiver of a privilege".) Instead, Defendants claimed that they may use legal memoranda at trial to negate the United States' evidence of criminal intent, by arguing that reliance on their attorneys' advice demonstrates Defendants' "good faith." (Exs. A & B.)

## II.     Advice of Counsel Defense Isn't Available Without a Privilege Waiver

A trier of fact may consider advice of counsel as a partial defense to disprove a *mens rea* element, but "only upon the showing that [a defendant] made a full disclosure of all relevant and material facts to his attorney." *Bisno v. United States*, 299 F.2d 711, 719-20 (9th Cir. 1961). Accordingly, "[t]o qualify for an advice of counsel instruction, the defendant must show that there was full disclosure to his attorney of all material facts, and that he relied in good faith on the specific course of conduct recommended by the attorney." *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987). When the evidence shows that a defendant failed to make a full disclosure of the underlying facts to his attorney, then an advice of counsel defense is not available. *See id.*

Here, Defendants are explicit that they have not waived any attorney-client privilege. (Exs. A & B.) Without doing so, they are precluded from invoking an advice of counsel defense. *See, e.g., Hunt v. Blackburn*, 128 U.S. 464, 470-71 (1888) (when defendant entered into a defense which relied upon what her lawyer told her, she waived her right to object to him giving his own account); *United States v. Bush*, 626 F.3d 527, 539 (9th Cir. 2010) (an advice-of-counsel instruction requires the defendant to show he made a full disclosure of all material facts to his attorney); *United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) (when defendant invoked an advice of counsel defense, he waived his attorney-client privilege as to all advice received concerning the same subject matter); *United States v. Workman*, 138 F.3d 1261, 1263 (8th Cir. 1998) (attorney-client privilege can be implicitly waived by raising an advice of counsel defense). This includes any "good faith" arguments based on attorneys' advice. *Ibarra-Alcarez*, 830 F.2d at 974 (no error when trial court refused to instruct the jury on defendant's good faith reliance on

the advice of counsel, because defendant failed to disclose all the material facts to his attorney).

Accordingly, at trial, Defendants should be precluded from both (a) soliciting testimony suggesting that attorneys made statements to Defendants or that Defendants relied upon such statements in an attempt to negate intent; and (b) a formal advice-of-counsel defense and the associated jury instruction.[2]  Defendants' stated "good faith" defense—based on attorneys' advice—appears an attempt to avoid the affirmative obligations an "advice of counsel" defense places upon them.  Without adhering to these obligations, *i.e.*, waiving the privilege and disclosing all their relevant communications with the attorneys offering advice, Defendants should be precluded from eliciting testimony in this area or making any arguments related to an attorney's advice.

### III. Conclusion

Defendants have not waived any attorney-client privileges.  Without such a waiver, they are precluded from raising either (a) a "good faith" defense based on advice received from attorneys, or (b) a formal advice of counsel defense.

Respectfully submitted this 24th day of August, 2021.

> GLENN B. McCORMICK
> Acting United States Attorney
> District of Arizona
>
> *s/ Andrew C. Stone*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER S. KOZINETS
> ANDREW C. STONE
> Assistant U.S. Attorneys

---

[2] The Ninth Circuit Manual of Model Criminal Jury Instruction 5.10 Advice of Counsel reads:

> One element that the government must prove beyond a reasonable doubt is that the defendant had the unlawful intent to [specify applicable unlawful act]. Evidence that the defendant in good faith followed the advice of counsel would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably followed the attorney's recommended course of conduct or advice in good faith.

DAN G. BOYLE
Special Assistant U.S. Attorney

KENNETH POLITE
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Marjorie Dieckman*
U.S. Attorney's Office