**Joy Bertrand, Esq.**
PO Box 2734
Scottsdale, Arizona 85252-2734
Telephone: 602-374-5321
Fax: 480-361-4694
joyous@mailbag.com
www.joybertrandlaw.com
Arizona State Bar No. 024181

**ATTORNEY FOR: DEFENDANT**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br>     Plaintiff, <br><br> v. <br><br> Joye Vaught, <br>     Defendant. | CR-2018-0422-SMB <br><br> **DEFENDANTS' OBJECTION AND BRIEF IN OPPOSITION TO THE COURT'S PROPOSED USE OF SIMULTANEOUS PEREMPTORY JUROR STRIKES** |

NOW COMES the Defendant through their Counsel, to submit their opposition to the Court's proposed use of simultaneous peremptory juror strikes, often referred to as "blind strikes." As further grounds therefore, the Defendants submit the following:

# INTRODUCTION

A defendant's right to exercise peremptory challenges is "one of the most important of the rights secured to the accused."[1]

Local Rule of Criminal Procedure 24.1 does not mandate blind strikes. Rather, it allows this Court to direct a different form of strikes. The Ninth Circuit has consistently noted that the strike method used in a particular trial rests in the sound discretion of the Court.[2]

The question for this specific case is:

> Both Fed. R. Crim. Pro. 24(b) and local rule 24.1 allow for different strike methods. In this complex matter, with a large venire panel and differing interests of the Parties, would the blind strike method ensure a fair trial for all involved? The answer is "No."

The "Arizona" or "blind strike" method in this case is not in the best interests of either the Government or the Defense. Because it has fewer strikes to use and risks wasting the few it does have, it was shocking to hear the Government oppose alternating strikes. If the Court is not amenable to alternating strikes, then one option may be a method recently used by Judge Collins in Tucson, in which each side conducts a group of strikes at a time. This option will be discussed further, below.

---

[1] *Pointer v. United States*, 151 U.S. 396, 408 (1894).

[2] *United States v. Warren*, 25 F.3d 890, 894 (9th Cir. 1994) (internal cites omitted).

# DISCUSSION

**I.     This Unusual Case is Not Appropriate for Blind Strikes.**

Of all the times in this trial to choose possible time saving over process, jury selection is not it.

The one thing all involved in this can agree upon is that nothing about this case is "normal." Not its novel issues. Not its complexity. Not the number of people involved. Not the times in which this trial will be held – in the midst of the Covid pandemic.

This trial will be lengthy. It will be exhausting for all involved. In conducting this trial in the midst of an uncontrolled spread of the Delta Covid-19 variant, all involved will be asked to put their health and lives in jeopardy to hold this trial.[3] The last thing any of the Parties want to do is add any more inconvenience or time to this event.

---

[3] Kathy Katella, "5 Things to Know About the Delta Variant," *Yale Medicine*, last updated August 18, 2021, available at https://www.yalemedicine.org/news/5-things-to-know-delta-variant-covid (last visited August 25, 2021):

> "Delta will certainly accelerate the pandemic." The first Delta case was identified in December 2020, and the variant soon became the predominant strain of the virus in both India and then Great Britain. By the end of July, Delta was the cause of more than 80% of new U.S. COVID-19 cases, according to CDC estimates.
>
> ….
>
> "In a completely unmitigated environment—where no one is vaccinated or wearing masks—it's estimated that the average person infected with the

To be clear, this trial – like the jury trials that convene every week in this nation – is an event.  The American jury trial – with all of its imperfections – is the cornerstone of our democracy.  As Justice Scalia wrote, the jury trial, "was designed 'to guard against a spirit of oppression and tyranny on the part of rulers,' and 'was from very early times insisted on by our ancestors in the parent country, as the great bulwark of their civil and political liberties."[4]

The logistics of *voir dire* and jury selection in this case are complex.  We anticipate a venire panel of more than 100 people.  Because of Covid social distancing rules, *voir dire* will be done in what appears to be groups of twenty venire persons.  As the Defense understands it, the Parties will exercise their peremptory strikes after all one hundred-or-so people have been examined.  This portion of the proceedings, in itself, is a massive undertaking.

---

original coronavirus strain will infect 2.5 other people," Dr. [F. Perry] Wilson [Yale Medicine epidemiologist] says. "In the same environment, Delta would spread from one person to maybe 3.5 or 4 other people."

"Because of the math, it grows exponentially and more quickly," . . . "So, what seems like a fairly modest rate of infectivity can cause a virus to dominate very quickly."

[4] *United States v. Guadin*, 515 U.S. 605, 510-11 (1996) (quoting J. Story, Commentaries on the Constitution of the United States 540-41 n.2 (4th ed. 1873).

Then the Parties will confer with the Court about strikes for cause. Once those strikes are complete, the Parties will have the opportunity to make their peremptory strikes.

The Defendants share some interests. They are, however, in no way similarly situated. The Government indicted the former owners of a multi-million dollar company, along with the company's former middle-managers and two people, who are, in essence, "street level" employees. The Court has allotted eighteen peremptory strikes for the Defense –three for each Defendant.

With these limits, each strike for each Defendant has much more value than peremptory strikes usually would. Blind strikes create the risk of wasting one, if not all, of a Defendant's three precious strikes.

To what end? Possibly saving twenty minutes in a twelve-week trial?

**II.    Alternating Strikes Make *Batson* Problems Easier to Spot than with Blind Strikes.**

Blind strikes, with such a large venire panel also make protecting against race-based strikes by the Government extremely difficult. As Justice Kavanaugh noted in *Flowers v. Mississippi*, *Batson* now extends beyond striking African-Americans from a jury panel. *Batson* prohibits juror strikes based on any race. Batson also prohibits juror strikes based on gender.[5] The job of enforcing *Batson*

---

[5] ___ U.S. ___, 139 S.Ct. 2228, 2243 (2019).

"rests first and foremost with trial judges . . . America's trial judges operate at the front lines of American justice. In criminal trials, trial judges possess the primary responsibility to enforce *Batson* and prevent racial discrimination from seeping into the jury selection process."[6]

With blind strikes, we only see the first seventee (twelve plus five alternates) people remaining. The pattern of strikes is not shown. As one commentator has noted, "Race-based peremptory strikes are almost always invisible, or at least, as *Batson* has shown, hard to prove. Only when such strikes are added up can they be seen. *Batson* is a reminder that a legal system formally blind to race is just as often blind to racism."[7]

**III.    A Suggested Balance Between Blind Strikes and Alternating Strikes.**

If the Court believes, despite the details above, that efficiency demands blind strikes, then the Defense suggests an alternative recently used in a Tucson federal jury trial: a modified alternate strike system. In this system, the Government would make half of its strikes first, then each Defendant would make one of his or her strikes; the venire list would then be sent back to the

---

[6] *Id*. (internal cites omitted).

[7] Gilad Feldman, "Why is it so Easy for Prosecutors to Strike Black Jurors?" The New Yorker, June 5, 2015, available at https://www.newyorker.com/news/news-desk/why-is-it-so-easy-for-prosecutors-to-strike-black-jurors (last visited August 25, 2021).

Government to make its remaining strikes;  then each Defendant would make the rest of his or her strikes.

This approach was used recently by Judge Collins in Tucson in *United States v. Langford*, 18CR1307.  According to defense counsel in that matter, Tom Higgins, the process went smoothly and kept jury selection moving forward in a timely manner.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully asks this Court to allow back-and-forth peremptory juror strikes, instead of simultaneous strikes. Alternatively, the Defense asks this Court to implement a modified strike method, in which the two sides make their strikes in alternating groups.

DATED:  August 27, 2021         Respectfully submitted,

        Thomas H. Bienert Jr.
        Whitney Z. Bernstein
        Bienert Katzman Littrell Williams LLP

By:     */s/ Thomas H. Bienert, Jr.*
        Thomas H. Bienert Jr.
        Attorneys for Defendant James Larkin

DATED: August 27, 2021          Gary S. Lincenberg
                                Ariel A. Neuman
                                Gopi K. Panchapakesan
                                Bird, Marella, Boxer, Wolpert, Nessim,
                                Drooks, Lincenberg & Rhow, P.C.

                                By:      */s/ Gary S. Lincenberg*
                                            Gary S. Lincenberg
                                       Attorneys for Defendant John Brunst

DATED: August 27, 2021          Paul J. Cambria
                                Erin McCampbell
                                Lipsitz Green Scime Cambria LLP

                                By:      */s/ Paul J. Cambria*
                                            Paul J. Cambria
                                       Attorneys for Defendant Michael Lacey

DATED: August 27, 2021          Feder Law Office, P.A.

                                By:      */s/ Bruce S. Feder*
                                            Bruce S. Feder
                                       Attorney for Defendant Scott Spear

DATED: August 27, 2021          The Law Office of David Eisenberg, PLC

                                By:      */s/ David Eisenberg*
                                            David Eisenberg
                                       Attorney for Defendant Andrew Padilla

DATED: August 27, 2021          Joy Bertrand Esq. LLC

                                By:      */s/ Joy Malby Bertrand*
                                            Joy Malby Bertrand
                                       Attorney for Defendant Joye Vaught

# CERTIFICATE OF SERVICE

On August 26, 2021, I, Joy Bertrand, attorney for the Defendant, Joye Vaught, filed the foregoinng with the Arizona District Court's electronic filing system. Based on my training and experience with electronic filing in the federal courts, it is my understanding that a copy of this request will be electronically served upon opposing counsel and codefendant counsel upon its submission to the Court.

Respectfully submitted this 26th day of August, 2021.

s/Joy Bertrand
Joy Bertrand
Attorney for Defendant Vaught
