GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

REGINALD E. JONES (Miss. Bar No. 102806, reginald.jones4@usdoj.gov)
Senior Trial Attorney, U.S. Department of Justice
Child Exploitation and Obscenity Section
950 Pennsylvania Ave N.W., Room 2116
Washington, D.C. 20530
Telephone (202) 616-2807
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br>          Plaintiff, <br><br>     v. <br><br> Michael Lacey, et al., <br><br>          Defendants. | No. CR-18-422-PHX-SMB <br><br> **UNITED STATES' REPLY IN SUPPORT OF MOTION RE BANK RECORDS AND SUMMARY EXHIBITS** |

Defendants' response narrows the issues before the Court. Defendants agree that the financial records and IRS income tax returns are admissible. (Doc. 1264 ("Resp.") at 3.) The only issues left for this Court to determine are the admissibility of (1) the nine revenue spreadsheets certified by Carl Ferrer, and (2) the admissibility of the nine proposed

- 1 -

summary exhibits. Because the United States has made a prima facie showing of authenticity for the nine revenue spreadsheets, those exhibits should be admitted. Likewise, the summary exhibits should be admitted as summaries to prove content under Rule 1006.

### I. The Nine Revenue Spreadsheets Have Been Authenticated Through Carl Ferrer's Declaration

"The government need only make a prima facie showing of authenticity, as the rule requires only that the court admit evidence if sufficient proof has been introduced so that a reasonable juror could find in favor of authenticity or identification." *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000). "Once this prima facie showing is made the document in question is admitted; however, the jury is then free to, after considering all the evidence offered on the issue, either to rely on or disregard the document." JUDGE JAMES CISSELL, FEDERAL CRIMINAL TRIALS 432 (6th ed. 2003). Carl Ferrer's 902(11) declaration is a prima facie showing of the authenticity for these revenue spreadsheets. (Doc. 1223-10.)

Defendants previously raised concerns about Carl Ferrer authenticating other documents through a 902(11) certification. (Doc. 1139 at 23.) The Court noted Defendants' objection, but found that "[a]s the former CEO of Backpage, Ferrer is clearly qualified to certify screenshots of the Backpage website." (Doc. 1212 at 17-18.) The same reasoning applies with equal force here. Ferrer's 902(11) declaration (Doc. 1223-10) authenticates nine revenue spreadsheets. He certifies that these spreadsheets were (a) made at or near the time of the occurrence, condition or event of the matters set forth by, or from information transmitted by, a person with knowledge of these matters, (b) kept in the course of regularly conducted business activity, and (c) made as a part of the regular practice of the business activity, by personnel of the business. (Doc. 1223-10.) These records clearly meet the prima facie showing of authenticity. As Backpage's CEO, Ferrer would be in a position to know if the business's revenue documents are authentic. Defendants will have an opportunity to cross examine Ferrer. But, as a general matter, the opposing party doesn't

cross examine the witness before the Court determines the admissibility of an exhibit. In addition, any issues Defendants may have with the accuracy of these spreadsheets goes to the weight of the evidence, not the admissibility. *See United States v. Catabran*, 836 F.2d 453, 458 (9th Cir. 1988) ("Any question as to the accuracy of the printouts . . . would have affected only the weight of the printouts, not their admissibility.") These financial spreadsheets are admissible.

**II.     The Summary Exhibits Should Be Admitted**

Likewise, the United States' proposed summary exhibits should be admitted. These exhibits aren't pedagogical devices, rather they help prove the content of voluminous writings that cannot be conveniently examined in Court, *i.e.,* financial records. Fed. R. Evid. 1006.

As an initial matter, Defendants will have an opportunity to cross examine the United States' summary witness, United States Postal Inspection Service Postal Inspector Quoc Thai. He's the witness who prepared these exhibits and will testify about all nine. Again, Defendants won't have an opportunity to cross examine Inspector Thai until after the Court has ruled on the admissibility of these summary exhibits. If the Court waited to admit these summary exhibits until after Defendants finished their cross examination, then most of the prosecution's examination would occur in re-direct. That's not tenable.

Defendants' few specific arguments for why these summary exhibits are inadmissible lack merit. First, they argue that summary exhibit A (Doc. 1223-1) can't be admitted because the United States has "cherry-pick[ed] transactions." (Resp. at 5.) But, again, that's an issue for the jury to resolve. *United States v. Soulard*, 730 F.2d 1292, 1298 (9th Cir. 1984) ("[O]nce adequate foundational showings of authenticity and relevancy have been made, the issue of completeness then bears on the Government's burden of proof and is an issue for the jury to resolve.").

Defendants also complain that because the exhibit is presented as a "compilation of flowcharts" it is a "pedagogical device" and not "literal translations of the underlying documents." (Resp. at 5.) Not so. *United States v. Possick*, 849 F.2d 332, 339 (8th Cir.

1988) (flow charts showing organization of alleged drug conspiracy properly admitted). In a recent Idaho district court case, defendants objected to the admission of a summary exhibit because it used arrows to indicate the flow of money between defendants' business entities. *United States v. Babichenko*, 2021 WL 236459, at *3 (D. Idaho June 9, 2021). They also objected that the arrows were argumentative and rendered the exhibits pedagogical devices rather than summaries. *Id.* The trial court, however, disagreed and found the arrows "a reasonable method of presenting the evidence." *Id.* The same logic applies here. Rather than show the jury the voluminous financial documents,[1] the United States has compiled a flowchart to summarize the relevant financial transactions in a digestible format.

Defendants also object to summary exhibit C (Doc. 1223-3) because it "purports to paint a picture to the jury that Defendants continued to own Backpage after its sale in April 2015." (Resp. at 5.)  First, the exhibit simply reflects the revenue for Website Tech and Ad Tech BV from 2016-18. And other summary exhibits demonstrate that Defendants were still receiving Backpage funds in 2016. (*See* Doc. 1223-7 (payments from Website Tech to Cereus Properties in 2016); Doc. 1223-6 (payments from Cereus Properties to Spear in 2016); Docs. 1223-8 & 1223-9 (payments from Cereus Properties to Lacey and Larkin in 2016).)  Second, Defendant Larkin's opening statement discussed how Carl Ferrer owed Defendants Lacey, Larkin, Brunst, and Spear $300 million as of April 2018 because of the 2015 sale. Clearly, Backpage's revenue remained relevant for these four Defendants post-2015. Finally, any arguments about what these exhibits include or failed to include, go to the weight rather than their admissibility. *United States v. Rizk*, 660 F.3d 1125, 1131 n.2 (9th Cir. 2011) (any argument about what a summary chart did not include goes to the weight rather than their admissibility); *see also United States v. Scholl*, 166 F.2d 964, 978 (9th Cir. 1999) ("Generally, objections that an exhibit may contain inaccuracies, ambiguities, or omissions go to the weight and not the admissibility of the evidence.").

---

[1] (*See* Doc. 1223-11) (production of over 165,000 financial records.)

The United States has complied with Rule 1006.  Defendants and the Court have now had an opportunity to inspect the summary exhibits.  These nine exhibits properly summarize voluminous financial records.  Further, the United States has established (1) the underlying materials that support the summary exhibits are admissible into evidence, and (2) those underlying materials were made available to Defendants.  The nine summary exhibits should be admitted.

Respectfully submitted this 9th day of September, 2021.

GLENN B. McCORMICK
Acting United States Attorney
District of Arizona

*s/ Andrew C. Stone*
KEVIN M. RAPP
MARGARET PERLMETER
PETER S. KOZINETS
ANDREW C. STONE
Assistant U.S. Attorneys

DAN G. BOYLE
Special Assistant U.S. Attorney

KENNETH POLITE
Assistant Attorney General
U.S. Department of Justice
Criminal Division, U.S. Department of Justice

REGINALD E. JONES
Senior Trial Attorney
U.S. Department of Justice, Criminal Division
Child Exploitation and Obscenity Section

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Andrew C. Stone*
U.S. Attorney's Office