1  Thomas H. Bienert, Jr. (CA Bar No.135311, *admitted pro hac vice*)
2  Whitney Z. Bernstein (CA Bar No. 304917, *admitted pro hac vice*)
   BIENERT KATZMAN LITTRELL WILLIAMS LLP
3  903 Calle Amanecer, Suite 350
4  San Clemente, California 92673
   Telephone: (949) 369-3700
5  Facsimile: (949) 369-3701
   tbienert@bklwlaw.com
6  wbernstein@bklwlaw.com
7  *Attorneys for James Larkin*

8  Paul J. Cambria, Jr. (NY Bar No. 1430909, *admitted pro hac vice*)
   Erin McCampbell (NY Bar. No 4480166, *admitted pro hac vice*)
9  LIPSITZ GREEN SCIME CAMBRIA LLP
   42 Delaware Avenue, Suite 120
10 Buffalo, New York 14202
11 Telephone: (716) 849-1333
   Facsimile: (716) 855-1580
12 pcambria@lglaw.com
   emccampbell@lglaw.com
13 *Attorneys for Michael Lacey*

14
   Additional counsel listed on next page
15

16              IN THE UNITED STATES DISTRICT COURT

17                   FOR THE DISTRICT OF ARIZONA

19 | United States of America, | Case No. 2:18-cr-00422-PHX-SMB
20 |              Plaintiff,    | **MOTION TO LIMIT TESTIMONY**
21 | vs.                        | **OF JESSIKA SVENDGARD**
22 | Michael Lacey, *et al.*,   |
23 |              Defendants.   |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Ariel A. Neuman (CA Bar No. 241594, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

1  The Government's case largely is predicated on purported "notice" evidence. The government's charges, including the indictment's conspiracy count, however, require a showing of specific, not general, intent. *See United States v. Kaplan*, 836 F.3d 1199, 1212 (9th Cir. 2016) (to prove a conspiracy charge, the government must prove the "requisite intent for the substantive crime."). The Government must prove that Defendants had the specific intent to violate the Travel Act by facilitating business enterprises involved in prostitution in violation of state law. In connection with the conspiracy count, which, based on the Government's opening, appears to be their sole focus in this case, as its opposition to Defendants' motion for judgment of acquittal or mistrial made clear by essentially conceding the substantive Travel Act counts, the Government also must show an agreement to pursue an illegal objective, here, the violation of the Travel Act. Therefore, the Government cannot be allowed to introduce every piece of inflammatory, irrelevant evidence under a purported "notice" theory, which effectively blurs the line between a general intent and specific intent standard. *See Gibson Specialty Co.*, 507 F.2d 446, 450 (9th Cir. 1974) ("The presumption that one intends the natural and probable consequences of his actions *is insufficient in this context to establish intent to facilitate criminal activity*.") (emphasis added).

Specifically, as to Jessika Svendgard, her anticipated testimony that she was trafficked at the hands of several pimps is not remotely relevant to demonstrate that *these six Defendants* had the requisite specific intent to facilitate particular business enterprises involved in prostitution offenses. There will be no evidence that, *before Svendgard's ads were published*, any of the six Defendants knew of her, knew of her ads, knew of the pimps who posted her ads, or in any way directly aligned themselves with those pimps. *See Gibson*, 507 F.2d at 449 ("the prosecutor must show that the manufacturer *in some significant manner associated himself with the purchaser's criminal venture for the purpose of its advancement*.") (emphasis added). Critically, the government has conceded that the business enterprises at issue in Counts 2 – 51 of the indictment are "*the ongoing prostitution enterprises of Backpage's customers.*" *See* Dkt. 649 at 32 n.17 (emphasis added). None of Ms. Svendgard's anticipated testimony will prove any nexus between Defendants and the pimps who posted Svendgard's ads to the site.

And there is no evidence that Svendgard's ads are at all tied to the "marketing strategies" that the Government continues to assert purportedly form the basis for Defendants' "specific intent" here.

The Court cannot allow this trial to become about every bad act associated with Backpage over a 14-year time period. Allowing the Government to proceed in that manner would violate Defendants' rights to a fair trial and effectively amend the indictment beyond the 50 ads at issue. *See* Doc. No. 946 at 13 (Order denying motion to dismiss) ("[Defendants] were not indicted for facilitating the amorphous notion of 'prostitution.' They were indicted for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups were involved in the business of prostitution.").

RESPECTFULLY SUBMITTED this 10th day of September 2021,

        BIENERT KATZMAN LITTRELL WILLIAMS LLP
        *s/ Whitney Z. Bernstein*
        Thomas H. Bienert, Jr.
        Whitney Z. Bernstein
        Attorneys for James Larkin

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Oct. 2020) § II(C)(3), Whitney Z. Bernstein hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

        LIPSITZ GREEN SCIME CAMBRIA LLP
        *s/ Paul J. Cambria, Jr.*
        Paul J. Cambria, Jr.
        Erin McCampbell Paris
        Attorneys for Michael Lacey

        BIRD MARELLA BOXER WOLPERT NESSIM DROOKS LINCENBERG AND RHOW PC
        *s/ Gary S. Lincenberg*
        Gary S. Lincenberg
        Ariel A. Neuman
        Gopi K. Panchapakesan
        Attorneys for John Brunst

1
2
3

        FEDER LAW OFFICE PA
        *s/ Bruce Feder*
        Bruce Feder
        Attorneys for Scott Spear

4
5
6

        DAVID EISENBERG PLC
        *s/ David Eisenberg*
        David Eisenberg
        Attorneys for Andrew Padilla

7
8
9

        JOY BERTRAND ESQ LLC
        *s/ Joy Bertrand*
        Joy Bertrand
        Attorneys for Joye Vaught

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2021, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*/s/ Toni Thomas*
Toni Thomas