**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00422-001-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

The Parties have filed Proposed Supplemental Questions for the Juror Questionnaire (Docs. 1348 and 1349). This prompted objections by the Government to the Defendants' Notice (Doc. 1360) and Defendant's Response to the Government's Notice. (Doc. 1352). Then, Defendants' filed a Reply in support of their own Notice.  (Doc. 1365).  The Court has considered the same and now provides its ruling.

As an initial matter, the Court has reviewed the previously used juror questionnaire. The Court has *sua sponte*  determined it to be over-lengthy (prompting complaints by the former panel to the district court's Jury Administrator), much of its content to be redundant, irrelevant to the *voir dire* process regarding the parties and subject matters.  The Court has revised the juror questionnaire to address these, and some of the parties suggestions and objections.[1]

/ / / /

---

[1] A track-change juror questionnaire and non-track change juror questionnaire is provided to all parties under seal. The parties may place their positions related to this Order on the record at the conclusion of the hearing set for December 13th.

a. **Defendants' Proposed Supplement/Revised Questions (Doc. 1348)**:

The Court has incorporated, with slight modification, proposed Question 50 (now at No. 42). Proposed Questions 57a, 61, 76a – c, and 77 are irrelevant, calling for legal knowledge, and/or confusing. Potential jurors should not be expected to identify every single internet platform that he/she has ever used. Nor should he/she be expected to understand or comment on the legal complexities involved with third-party platforms or content moderation. Nor should this screening questionnaire attempt to educate them of the same.

Accordingly, the Governments objections to Defendant's proposed Questions 76a – 76b are sustained.

b. **Governments Proposed Supplemental/Revised Questions (Doc. 1349)**

The Court agrees with the Government that the juror questionnaire should be revised to gauge the potential jurors willingness to serve in the current COVID-19 climate. For example, it is irrelevant if a potential juror had flu like symptoms in the last two-weeks of filling out the questionnaire. Accordingly, the Defendants' objections to revised questions 15 – 20 are overruled.

The Defendants' do not object to the Governments' revised questions 38-39 and the Court has incorporated those changes into the revised questionnaire.

The Government's proposed revised question 42 has been considered, along with the Defendants' responses thereto. The Court has *sua sponte* revised the same as reflected in Question No. 36.

The Defendants' objection to Governments proposed revised question 64 is overruled. The revised question appears at Question No. 63. Potential jurors should not be presumed to be aware of the legal distinctions and nuances of escort service or legal or illegal adult entertainment industries. Nor should this screening questionnaire be the vehicle to educate them on the same. The prior question, and subsequent question relating to adult escort services are confusing, and may appear redundant. Accordingly, the Court has modified the question to avoid the same.

1    The Defendants' objection to Government's proposed revised question 79 is
2    sustained in part and overruled in part. The Court has revised the question accordingly at
3    Question No. 76.
4    The Court has incorporated Government's proposed question 82, now at Question
5    No. 78.
6    Dated this 1st day of December, 2021.

_____
Honorable Diane J. Humetewa
United States District Judge

(Attachments cc: AUSA Kevin Rapp, Margaret Perlmeter, Reginald Jones, Andrew Stone,
Peter Kozinets; Counsel for Defendants Lacey, Larkin, Spear, Brunst, Padilla and Vaught)