Nanci L. Clarence (CA State Bar No. 122286, admitted pro hac vice)
Jonathan Baum (CA State Bar No. 303469, admitted pro hac vice)
Shaneeda Jaffer (CA State Bar No. 253449, admitted pro hac vice)
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Tel: (415) 749-1800
Fax: (415) 749-1694
nclarence@clarencedyer.com
jbaum@clarencedyer.com
sjaffer@clarencedyer.com
Attorneys for Movant CARL FERRER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Michael Lacey, et al.<br><br>　　　　Defendants. | CASE NO. 2:18-cr-00422-SMB<br><br>**NOTICE OF MOTION AND MOTION TO QUASH SUBPOENA SERVED BY DEFENDANT JAMES LARKIN ON CARL FERRER**<br><br>Hearing Date: Oct. 3, 2019<br>Hearing Time: 9:00 a.m. |

　　　PLEASE TAKE NOTICE that on Oct. 3, 2019, at 9:00 a.m., or as soon thereafter as counsel may be heard in the above-entitled Court located at 401 West Washington Street, Phoenix, AZ 85003-2151, subpoenaed party Carl Ferrer, by and through his counsel, Clarence Dyer & Cohen, LLP, will move for the Court to quash the subpoena to provide testimony at the evidentiary hearing related to the Defendants' motion to compel served upon him by Defendant James Larkin.

　　　This motion is brought on the grounds that compliance with the subpoena would be unreasonable and/or oppressive, as it would require Mr. Ferrer to travel hundreds of miles, when

he has already communicated to Defendants' counsel that he intends to assert his Fifth Amendment privilege and decline to provide substantive testimony.

In addition, the subpoena should be quashed because it was not accompanied by the required witness-attendance fees or legal mileage allowances under Rule 17(d) of the Federal Rules of Criminal Procedure.

This motion will be based upon this Notice of Motion and motion, the Memorandum of Points and Authorities set forth below, Declaration of Jonathan Baum, Declaration of Chris Kempel, and on all papers and records on file in the above-captioned action, as well as any evidence as may be presented at the hearing of this motion.

Dated: September 23, 2019

Respectfully submitted,

CLARENCE DYER & COHEN LLP

By _____
Nanci L. Clarence
Jonathan Baum
Shaneeda Jaffer
Attorneys for Movant Carl Ferrer

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This subpoena to Carl Ferrer is a transparent attempt by Defendants to use an unrelated discovery dispute between Defendants and the government to obtain a deposition of the government's key witness against them at their upcoming trial.

This subpoena is improper for many reasons. First, while Mr. Ferrer served as the co-founder and CEO of Backpage.com and had numerous interactions with Defendants concerning their joint efforts to promote prostitution and launder Backpage proceeds, Mr. Ferrer has no knowledge or expertise relevant to this hearing. Mr. Ferrer was not involved in the government's decision about how to produce ESI to Defendants and has not reviewed the government's production. Indeed, as is made clear in the enclosed declaration from Backpage's former Chief Information Officer, Chris Kempel, Mr. Ferrer is unable to answer basic technical questions about how the company's data was managed because that function was outsourced to an independent data management vendor (Desertnet).

Second, this subpoena is improper because Mr. Ferrer has communicated to Defendants' counsel that he intends to assert his Fifth Amendment privilege and decline to provide any substantive testimony related to his role at Backpage at this hearing. Defendants' insistence that Mr. Ferrer attend the hearing, knowing that he intends to assert his Fifth Amendment privilege, constitutes nothing more than an attempt to harass Mr. Ferrer for his decision to plead guilty and cooperate with the government against them in this matter.

The burden and expense of flying Mr. Ferrer from Texas, where he is currently under pretrial supervision by both federal and state authorities, only to assert his Fifth Amendment privilege against self-incrimination, far outweighs any benefit that Mr. Ferrer's testimony could provide. Under these circumstances, the subpoena should be quashed under Rule 17 of the Federal Rules of Civil Procedure on the grounds that complying with it would be unreasonable and/or oppressive.

In addition, the subpoena was not accompanied by the required witness-attendance fees or legal mileage allowances under Rule 17(d) of the Federal Rules of Criminal Procedure.

For the foregoing reasons, the subpoena served by Defendant Larkin on Carl Ferrer should be quashed.

## LEGAL STANDARD

A subpoena for testimony may be quashed if compliance with it would be unreasonable or oppressive. *See* Fed. R. Crim. P. 17(c)(2); *United States v. Bergeson*, 425 F.3d 1221, 1225 (9th Cir. 2005) (applying Rule 17(c)(2)'s "unreasonable or oppressive" standard for subpoenas for testimony in addition to subpoenas for documents and objects); *United States v. Berberian*, 767 F.2d 1324 (9th Cir. 1985); *Amsler v. United States*, 381 F.2d 37, 51 (9th Cir. 1967). A decision to quash or modify a subpoena is within the sound discretion of the trial court. *See United States v. Nixon*, 418 U.S. 683, 702 (1974).

"[T]he Sixth Amendment does not by its terms grant to a criminal defendant the right to secure the attendance and testimony of any and all witnesses." *U.S. v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982). "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). Rule 17 subpoenas "are not discovery devices and may not be used to expand the scope of Rule 16." *United States v. Fletcher*, 461 F.Supp.2d 1101, 1102 (D. Ariz. 2006); *see also United States v. Binday*, 908 F.Supp.2d 485, 492 (S.D.N.Y. 2012) ("an impermissible discovery motive is much more likely to underlie a subpoena calling for a return well in advance of trial than one issued for return the date trial is set to begin.").

"[A]ny requested testimony must pass muster under the Federal Rules of Evidence . . . [even] relevant evidence may be excluded 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *United States v. Rosen*, 520 F. Supp.2d 802, 811 (E.D. Va. 2007) (quoting Fed. R. Evid. 403).

Finally, there is no "Sixth Amendment right to conduct an exploratory foray based on mere speculation." *United States v. Rivera*, 412 F.3d 562, 570 (4th Cir. 2005).

# ARGUMENT

1. **The Court Should Quash this Subpoena Because Mr. Ferrer has Indicated his Intention to Assert his Fifth Amendment's Privilege Against Self Incrimination**

This subpoena should be quashed because Mr. Ferrer has unequivocally expressed his intention to invoke his Fifth Amendment privilege against self-incrimination. *See* Baum Decl., para. 4 ("On Sept. 18, 2019, the day after receiving the subpoena from Defendant Larkin's counsel, Mr. Ferrer's counsel, Nanci Clarence, wrote to counsel for Mr. Larkin informing her that Mr. Ferrer would invoke his privilege against self-incrimination and decline to provide substantive testimony in response to all questions related to his role at Backpage.com.").

This assertion, together with Mr. Ferrer's status as a criminal defendant in a related criminal case, *United States v. Ferrer*, Case No. 2:18-cr-00464-SMB, provides good cause for the Court to quash this subpoena. "[A] motion to quash a subpoena is an appropriate and the most effective procedural means of resolving the constitutional confrontation that is created whenever [a party] seeks to compel a witness to give self-incriminating testimony." *United States v. Berberian*, 767 F.2d 1324, 1326 (9th Cir. 1985). In that case, which is analogous to the present matter, the Ninth Circuit upheld the district court's decision to quash a subpoena directed to a co-defendant, whose case had been severed. The Ninth Circuit held that, because it was clear the witness would refuse to testify, "it was not necessary for [him] to wait until he was sworn before asserting his privilege against self-incrimination." *Id.*, at 1326.

The fact that Mr. Ferrer has pled guilty in this Court does not deprive him of his Fifth Amendment rights. It is settled law that, even where a defendant has pled guilty, "[w]here the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony." *Mitchell v. United States*, 526 U.S. 314, 326 (1999), *citing Estelle v. Smith*, 451 U.S. 454, 462 (1981). Indeed, Mr. Ferrer's federal plea agreement specifically acknowledges the possibility that the Court may reject his plea and includes provisions that permit him to withdraw his guilty plea and/or that allow the government to vacate his federal plea agreement should state court judges in Texas or California reject his plea in those independent matters. Case No. 2:18-cr-00464-SMB, Dkt. No. 7-1, para. 3(c).

1. Here, Mr. Ferrer's status as a defendant who has pled guilty but has not been sentenced means that his Fifth Amendment rights are fully intact. *See Mitchell*, *supra*, 526 U.S. at 326 (Fifth Amendment right against self- incrimination applies until a defendant's "sentence has been fixed and the judgment of conviction has become final.").

This is not the only Court where Mr. Ferrer faces criminal exposure. Mr. Ferrer has also pled guilty, but is still awaiting sentencing, in state courts in California and Texas on similar charges related to the operation of Backpage.com. *People v. Ferrer et al.*, Case No. 16FE019224, Cal. Sup. Ct., Sacramento Cnty; *State of Texas v. Ferrer*, Case No. 18FC-1652C. Additionally, there are ongoing criminal or quasi-criminal investigations into Backpage.com in Missouri, Massachusetts, and possibly other jurisdictions. *See, e.g.*, *Backpage.com, LLC v. Hawley*, Case No. 17-cv-1951 (E.D. Mo.) These separate state matters provide an independent basis for Mr. Ferrer's assertion of his Fifth Amendment privilege against self-incrimination. *See Berberian*, *supra*, 767 F.2d at 1326 ("the possibility of state criminal liability convinces us that the district court did not err in permitting the witness to rely on his privilege.").

Lastly, the fact that Mr. Ferrer has discussed his involvement with Backpage with the government is irrelevant to his assertion of the Fifth Amendment privilege in this matter. *See Berberian*, *supra*, 767 F.2d at 1324 (Ninth Circuit quashes on Fifth Amendment grounds subpoena calling for witness to "repeat the incriminating testimony he gave at his own suppression hearing."); *see also United States v. Trejo-Zambrano*, 582 F.2d 460, 464 (9th Cir. 1978) ("A waiver of the Fifth Amendment privilege at one stage of a proceeding is not a waiver of that right for other stages"), citing *Jeffries v. United States*, 215 F.2d 225 (9th Cir. 1954). Mr. Ferrer's Fifth Amendment privilege is fully intact, and he should not be required to attend this hearing simply to assert it.

**2. The Court Should Quash This Subpoena Because it is Unreasonable and Oppressive Given Mr. Ferrer's Lack of Knowledge About the Subject of the Hearing**

This hearing arises out of a discovery dispute between the government and Defendants related to the government's production of "imaged" data from Backpage servers. (Dkt. No. 643, at 10.) Mr. Ferrer had no involvement in or knowledge about the government's decisions about how it would produce discovery to Defendants, and he can shed no light on the matter. Therefore, the subpoena to him for this hearing is inappropriate because his testimony would be irrelevant. *See United States v. Fletcher*, 461 F.Supp.2d 1101, 1103 (D. Ariz. 2006) ("It is fundamental that there must be a proceeding pending before the Court *to which the subpoenaed material relate* before the subpoena may issue." (emphasis added)); *United States v. Charamella*, 294 F.Supp. 280, 286 (D. Del. 1968) (motion for Rule 17 subpoena denied where subpoenaed information would establish "irrelevant fact").

Mr. Ferrer's lack of knowledge related to the highly technical issues at issue in this discovery dispute makes clear that his testimony would not be relevant to this hearing. Defendants' dispute with the government centers on whether the discovery provided allows them to recreate the way that Backpage used "data and images drawn from numerous interrelated databased connected by specific software, systems, and algorithms." (Dkt. No. 643, at 11) But, as Backpage's Chief Information Officer, Chris Kempel, attests, Mr. Ferrer knows little about this subject. *See* Kempel Decl.

Mr. Kempel, who directly managed the data in question in his role at Backpage, explains:

> "Mr. Ferrer's expertise was in classified sales and management. He was not technically versed, and did not have personal knowledge about how [the] company's data servers functioned or how elements were pulled from multiple servers in order to generate an advertisement on Backpage as it would have been displayed to the user." Kempel Decl., para. 3.

The reason that Mr. Ferrer doesn't have particularized knowledge about the functionality of Backpage's servers is because Backpage outsourced management of its advertising servers to a vendor called Desertnet. Kempel Decl., para. 4. This vendor handled every aspect of managing Backpage's servers. *Id.* Indeed, while Mr. Ferrer, along with dozens of other Backpage employees "were able to access the photos, text and banner ads, etc. for

moderation purposes on Desertnet servers," Mr. Ferrer was not "able to access or administrate the underlying technology that the data resided on" and was not "knowledgeable about how it functioned." *Id.*, para. 5. Because Mr. Ferrer is not knowledgeable about the subject of the hearing, it would be oppressive and unduly burdensome to require him to travel to attend the hearing.

### 3. The Court Should Quash the Subpoena for Failure to Comply with Rule 17(d)

Lastly, the subpoena should be quashed because it was not accompanied by the required witness-attendance fees or legal mileage allowances under Rule 17(d) of the Federal Rules of Criminal Procedure.

### CONCLUSION

For all of these reasons, the subpoena served by Defendant Larkin on Carl Ferrer should be quashed.

Dated: September 23, 2019

Respectfully submitted,

CLARENCE DYER & COHEN LLP

By _____
Nanci L. Clarence
Jonathan Baum
Shaneeda Jaffer
Attorneys for Movant Carl Ferrer

Case 2:18-cr-00422-SMB   Document 749   Filed 09/28/19   Page 9 of 20

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>v.<br><br>Michael Lacey, et al.<br><br>        Defendants. | CASE NO. 2:18-cr-00422-SMB<br><br>**DECLARATION OF CHRIS KEMPEL IN SUPPORT OF MOTION TO QUASH SUBPOENA SERVED BY DEFENDANT JAMES LARKIN ON CARL FERRER**<br><br>Hearing Date: October 3, 2019<br>Hearing Time: 9:00 a.m. |

I, Chris Kempel, hereby declare as follows:

1. I was employed at Backpage.com from August 2010 to April 2018. From August 2010 to November 2012, I worked as a System Administrator. From November 2012 to June 2017, I worked as an Information Systems Manager. From June 2017 to April 2018, I worked as the company's Chief Information Officer.

2. During my time at Backpage, my role was to handle the company's IT systems, servers, and databases, among other technical tasks. As part of the company's management team, I worked closely with the company's CEO, Carl Ferrer.

3. Mr. Ferrer's expertise was in classified sales and management. He was not technically versed, and did not have personal knowledge about how company's data servers functioned or how elements were pulled from multiple servers in order to generate an advertisement on Backpage as it would have been displayed to the user.

4. Backpage outsourced the development and management of its advertising data servers to a vendor in Tucson, Arizona, called Desertnet. Desertnet handled the management of all Backpage data that had to do with displaying advertisements,

1     Case No. 2:18-cr-00422-SMB

DECLARATION OF CHRIS KEMPEL IN SUPPORT OF MOTION TO QUASH SUBPOENA

including advertisements, photos, text, banner ads, etc. None of this data resided at Backpage.

5. Backpage staff and management, including Mr. Ferrer, were able to access the photos, text and banner ads, etc for moderation purposes on Desertnet servers. However, none of the aforementioned individuals were able to access or administrate the underlying technology that the data resided on or were knowledgeable about how it functioned.

6. Backpage's financial data, including credit card information for advertisers, was managed offsite by Amazon Web Services. Mr. Ferrer also did not have involvement in managing that data, and would not be knowledgeable about the manner in which it was configured.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 20, 2019, at Dallas, Texas.

_____
Chris Kempel

1  Nanci L. Clarence (CA State Bar No. 122286, admitted pro hac vice)
2  Jonathan Baum (CA State Bar No. 303469, admitted pro hac vice)
   Shaneeda Jaffer (CA State Bar No. 253449, admitted pro hac vice)
3  CLARENCE DYER & COHEN LLP
   899 Ellis Street
4  San Francisco, CA 94109
5  Tel: (415) 749-1800
   Fax: (415) 749-1694
6  nclarence@clarencedyer.com
7  jbaum@clarencedyer.com
   sjaffer@clarencedyer.com
8  Attorneys for Movant CARL FERRER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CASE NO. 2:18-cr-00422-SMB |
|---|---|
| Plaintiff, | **DECLARATION OF JONATHAN BAUM IN SUPPORT OF MOTION TO QUASH SUBPOENA SERVED BY DEFENDANT JAMES LARKIN ON CARL FERRER** |
| v. | |
| Michael Lacey, et al. | Hearing Date: October 3, 2019 |
| Defendants. | Hearing Time: 9:00 a.m. |

I, Jonathan Baum, hereby declare as follows:

1.  I am an attorney admitted pro hac vice before this Court, and I am counsel of record for subpoenaed party Carl Ferrer in the above-entitled action. I have personal knowledge of the facts set forth below and, if called as a witness, could competently testify thereto.

2.  This declaration is submitted in support of Mr. Ferrer's motion to quash the subpoena served by Defendant James Larkin.

3.  Attached hereto as Exhibit "A" is a true and correct copy of a letter from Mr. Larkin's counsel, Whitney Z. Bernstein, sent to Nanci Clarence, copying me, on September 17,

2019. The letter encloses a subpoena to Mr. Ferrer, but is not accompanied by the required witness-attendance fees or legal mileage allowances under Rule 17(d) of the Federal Rules of Criminal Procedure.

4. On September 18, 2019, the day after receiving the subpoena from Defendant Larkin's counsel, Mr. Ferrer's counsel, Nanci Clarence, wrote to counsel for Mr. Larkin, copying me, informing her that Mr. Ferrer would invoke his privilege against self-incrimination and decline to provide substantive testimony in response to all questions related to his role at Backpage.com.

5. Attached hereto as Exhibit "B" is a true and correct copy of a letter sent from Mr. Ferrer's counsel, Nanci Clarence, to Mr. Larkin's counsel, Whitney Z. Bernstein, on September 18, 2019. This letter states that, if required to attend, Mr. Ferrer would invoke his Fifth Amendment privilege against self-incrimination, and asks Ms. Bernstein to reply by September 20 to confirm that she would still require Mr. Ferrer to attend the hearing.

6. As of 1:00 p.m. on September 23, 2019, Ms. Bernstein has not responded to Ms. Clarence's letter.

7. I certify that, if called to testify at the hearing on Defendants' motion to compel, Mr. Ferrer will assert his Fifth Amendment right against self-incrimination and decline to provide testimony related to the operation of Backpage.com.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on September 23, 2019, at San Francisco, California.

_____
Jonathan Baum

# EXHIBIT A



September 17, 2019

Via Email and Overnight Mail
Nanci Clarence
Clarence Dyer & Coehn LLP
899 Ellis St.
San Francisco, CA 94109
Tel: 415-749-1800
Fax: 451-749-1694
Email: nclarence@clarencedyer.com

Re: Subpoena for Carl Allen Ferrer

Dear Ms. Clarence:

I hope this letter finds you well. I am writing to provide a subpoena for your client, Carl Allen Ferrer, to be called as a witness at an upcoming evidentiary hearing in *United States v. Lacey, et al.*, 18-CR-00422-PHX-SMB. Pursuant to the subpoena, Ferrer must be present at 9:00 a.m. on Thursday, October 3, 2019 in Courtroom 506 at the Sandra Day O'Conner United States Courthouse (located at 401 W. Washington St., Phoenix, AZ 85003).

A courtesy copy of the subpoena accompanies this letter. Because you represent Ferrer, we are sending the subpoena to you on his behalf. Please confirm that you will accept service on Ferrer's behalf, or, alternatively, if you will not accept service for him.

Very truly yours,

BIENERT | KATZMAN PC

*Whitney Bernstein*

Whitney Z. Bernstein
Thomas H. Bienert

Enclosure (1)

AO 89 (Rev. 08/09) Subpoena to Testify at a Hearing or Trial in a Criminal Case

# UNITED STATES DISTRICT COURT
for the

United States of America )
v. )
Michael Lacey, et al., ) Case No. 2:18-cr-00422-PHX-SMB
Defendant )

**SUBPOENA TO TESTIFY AT A HEARING OR TRIAL IN A CRIMINAL CASE**

To: Carl A. Ferrer

YOU ARE COMMANDED to appear in the United States district court at the time, date, and place shown below to testify in this criminal case. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place of Appearance: U.S. Courthouse, 401 W. Washington, Phoenix, AZ 85003 | Courtroom No.: Courtroom 506 |
| --- | --- |
| | Date and Time: October 3, 2019 9:00 a.m. |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

(SEAL)

Date: 9/17/19

CLERK OF COURT

_____
Signature of Clerk or Deputy Clerk

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* James Larkin , who requests this subpoena, are:

Thomas H. Bienert, Jr.
Bienert | Katzman PC
903 Calle Amanecer, Suite 350
San Clemente, CA 92673
(949) 369-3700
tbienert@bienertkatzman.com

# EXHIBIT B

Case 2:18-cr-00422-DSM-B Document 1432-2 Filed 12/28/19 Page 16 of 20

**CLARENCE
DYER
COHEN** LLP

ATTORNEYS AT LAW

Nanci L. Clarence
Kate Dyer
Josh A. Cohen
Shaneeda Jaffer
Adam F. Shearer
Jonathan Baum

September 18, 2019

Ms. Whitney Bernstein
Bienert | Katzman
CalEdison Building
601 W. 5th St., Ste 720
Los Angeles, CA 90071

Re: Subpoena for Carl Allen Ferrer

Dear Ms. Bernstein:

I am in receipt of your letter dated September 17, 2019, and confirm that I will accept service on behalf of Mr. Ferrer.

Please be advised that, if required to testify at the evidentiary hearing regarding Defendant's Motion to Compel Discovery set for October 3, 2019, Mr. Ferrer will assert his Fifth Amendment privilege in response to any question related to his involvement with Backpage.com. Please confirm in writing no later than Friday, Sept. 20, 2019 that you nonetheless assert that Mr. Ferrer's presence is required in Arizona simply to assert his Fifth Amendment privilege and to decline to provide substantive testimony.

In an effort to be helpful, I should also let you know that Mr. Ferrer was not directly involved in establishing or managing Backpage's IT systems, servers, databases and data storage, which appear to be the subject of the upcoming hearing. Mr. Ferrer does not have a technological background—his expertise is in classified sales—and he did not manage Backpage's servers during his time at the company. Mr. Ferrer also has had no involvement in or knowledge of how the government has produced discovery to the defense in this matter.

From its founding, Backpage outsourced management of its advertising data to Desertnet in Tucson, Arizona, which managed and maintained the company's advertising servers. (Backpage outsourced storage of its financial data to Amazon Web Services.) Backpage's point of contact at Desternet, Wil Gerkin, was primarily responsible for managing the company's advertising data. To the extent that Backpage's management team was involved in management of

Page 2 of 2

Desertnet, Backpage's former Chief Technology Officers likely have far more information about the matters relevant to this hearing than would Mr. Ferrer.

I look forward to hearing from you no later than Sept. 20, 2019, so that we can seek relief from the Court if necessary.

Very truly yours,

Nanci L. Clarence

Nanci L. Clarence (CA State Bar No. 122286, admitted pro hac vice)
Jonathan Baum (CA State Bar No. 303469, admitted pro hac vice)
Shaneeda Jaffer (CA State Bar No. 253449, admitted pro hac vice)
CLARENCE DYER & COHEN LLP
899 Ellis Street
San Francisco, CA 94109
Tel: (415) 749-1800
Fax: (415) 749-1694
nclarence@clarencedyer.com
jbaum@clarencedyer.com
sjaffer@clarencedyer.com
Attorneys for Movant CARL FERRER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>              Plaintiff,<br><br>   v.<br><br>Michael Lacey, et al.<br><br>             Defendants. | CASE NO. 2:18-cr-00422-SMB<br><br>**[PROPOSED] ORDER GRANTING MOTION TO QUASH SUBPOENA SERVED BY DEFENDANT JAMES LARKIN ON CARL FERRER** |

      The motion of subpoenaed party Carl Ferrer to quash the subpoena to provide testimony at the evidentiary hearing related to the Defendants' motion to compel served upon him by Defendant James Larkin came on regularly for hearing on October 3, 2019, and counsel for the parties were present.

      After considering the papers submitted in suppot of and in opposition to the motion, the authorities cited by the parties, as well as oral argument of counsel, IT IS HEREBY ORDERED THAT the motion to quash the subpoena is GRANTED.

//

1 **IT IS SO ORDERED.**

3 DATED: _____ _____

Honorable Susan M. Brnovich
United States District Judge