FILED

SEP 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-10000 |
| Plaintiff-Appellee, | D.C. Nos.<br>2:18-cr-00422-DJH-1 |
| v. | 2:18-cr-00422-DJH-2<br>2:18-cr-00422-SMB-3 |
| MICHAEL LACEY; JAMES LARKIN; SCOTT SPEAR; JOHN BRUNST; ANDREW PADILLA; JOYE VAUGHT, | 2:18-cr-00422-SMB-4<br>2:18-cr-00422-SMB-6<br>2:18-cr-00422-SMB-7<br>2:18-cr-00422-SMB |
| Defendants-Appellants. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Argued and Submitted September 2, 2022
San Francisco, California

Before: W. FLETCHER, BYBEE, and VANDYKE, Circuit Judges.

The parties are familiar with the facts and proceedings, which will not be recited here except as necessary to explain our decision.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

This is an interlocutory appeal of the district court's denial of Defendants' motion to dismiss under the Double Jeopardy Clause. Defendants appeal the denial of the motion to dismiss and the motion judge's denial of an evidentiary hearing. We have jurisdiction under 28 U.S.C. § 1291. *See Abney v. United States*, 431 U.S. 651, 662 (1977) (for the purposes of appellate review, denial of a motion to dismiss on double jeopardy grounds constitutes a final decision). We affirm.

We review the denial of a motion to dismiss on double jeopardy grounds de novo. *United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir. 2005). However, "factual findings, including those on which [the] denial may be based" are reviewed for clear error. *United States v. Lopez-Avila*, 678 F.3d 955, 961 (9th Cir. 2012) (quoting *United States v. Ziskin*, 360 F.3d 934, 943 (9th Cir. 2003)). We afford such deference to the district court's findings of fact even when they are based on deductions and inferences from a written record. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985). We review the denial of a motion for an evidentiary hearing for abuse of discretion. *United States v. Hagege*, 437 F.3d 943, 951 (9th Cir. 2006).

A defendant who moves for mistrial may only "raise the bar of double jeopardy to a second trial" if the mistrial was instigated by prosecutorial conduct

that was "intended to 'goad' the defendant into moving for a mistrial." *Oregon v. Kennedy*, 456 U.S. 667, 676 (1982). "The only relevant intent is intent to terminate the trial, not intent to prevail at this trial by impermissible means." *United States v. Lopez-Uvula*, 678 F.3d 955, 962 (9th Cir. 2012) (quoting *United States v. Perlaza*, 439 F.3d 1149, 1173 (9th Cir. 2006)).

Defendants argue that the government sought a mistrial in order to regroup and reorganize its case in light of (1) Defendants' compelling arguments regarding specific intent and the First Amendment, (2) the trial judge's pretrial ruling that escort services are legal, and (3) the government's poor showing at trial up to that point. We address each reason in turn.

1. Defendants' arguments regarding specific intent and the First Amendment were of no surprise to the government; Defendants briefed these issues extensively throughout the motion-to-dismiss stage. In response to these arguments, the trial judge had held that the indictment alleged facts that, "taken as true, establish [D]efendants had the specific intent to promote prostitution in violation of the Travel Act." *United States v. Lacey*, 423 F. Supp. 3d 748, 764 (D. Ariz. 2019). Defendants have failed to show that their arguments in support of jury instructions on these issues were so convincing as to require the government to rethink its case.

2. The trial judge's pretrial ruling that escort services are legal would not reasonably deter the government from trying its case. The indictment recognizes that escort services are lawful, but goes on to allege that the vast majority of advertisements for escort services on Backpage were thinly-veiled prostitution ads.

3. As to Defendants' argument that the government sought mistrial because the trial had been going poorly, the government's case-in-chief was still in its infancy. Of seventy-six government witnesses, only four had testified. At minimum, the government still had a clear path to prevailing at trial.

Accordingly, the record supports the motion judge's conclusion that the government had no reason to sabotage its own trial.

We also conclude that the government's misconduct was not so egregious as to compel a finding of an intent to goad. Though the record shows that the government did elicit prejudicial evidence in violation of pretrial rulings, the record also shows that the government generally had good-faith reasons to believe its questions were within the contours of the trial judge's rulings. On several occasions, the government asked questions within the parameters set by the trial judge, and a witness provided prejudicial testimony that went beyond the scope of the question. In the few instances where the government asked a question that clearly violated a pretrial ruling, the government had a cogent reason for doing so.

Lastly, we note that the government vigorously opposed Defendants' motions for mistrial. Though the government's opposition is "not conclusive," it does "support[] the district court's finding of a lack of intent." *United States v. Fowlkes*, 804 F.3d 954, 972 (9th Cir. 2015).

For the foregoing reasons, we find that the motion judge did not clearly err by finding the government did not intend to goad Defendants into moving for a mistrial. We therefore affirm the motion judge's denial of the motion to dismiss.

Additionally, we find that the motion judge did not abuse her discretion by declining to hold an evidentiary hearing on Defendants' motion to dismiss. Defendants claim that the motion judge should have held an evidentiary hearing to force the government to explain under oath its "repeated and brazen rule breaking at trial." However, the record supports the motion judge's finding that the government did not act with an intent to goad a mistrial. The motion judge did not abuse her discretion by refusing to make counsel for the government explain as much in an evidentiary hearing.

**AFFIRMED.**