1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona  85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*
Additional counsel on following page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America,<br><br>                    Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.,*<br><br>                    Defendants. | Case No. 2:18-cr-00422-PHX-DJH<br><br>**DEFENDANTS' MOTION IN LIMINE TO PRECLUDE IRRELEVANT AND PREJUDICIAL TESTIMONY[1]**<br><br>(Oral Argument Requested) |

---

[1] Undersigned counsel certifies that they have conferred with the government in an effort to resolve the disputed evidentiary issues that are the subject of these motions.

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
emccampbell@lglaw.com

*Attorneys for Michael Lacey*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Suite 160
Phoenix, Arizona  85016
(602) 257-0135
bf@federlawpa.com

Eric Walter Kessler
KESSLER LAW OFFICE
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona  85253
(480) 644-0093
Eric.kesslerlaw@gmail.com

*Attorneys for Defendant Scott Spear*

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW P.C.
1875 Century Park E., Suite 2300
Los Angeles, California 90067
(310) 201-2100
glincenberg@birdmarella.com
gpanchapakesan.@birdmarella.com
aneuman@birdmarella.com

*Attorneys for John Brunst*

David S. Eisenberg
DAVID EISENBERG PLC
3550 N. Central Ave., Ste. 1155
Phoenix, Arizona  85012
(602) 237-5076
david@eisenbergplc.com

*Attorneys for Andrew Padilla*

2

Joy Malby Bertrand
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona  85252
(480) 656-3919
joyous@mailbag.com

*Attorneys for Defendant Joye Vaught*

Defendants move to preclude irrelevant and unfairly prejudicial witness testimony about the experiences of persons engaging in prostitution (including as a victim of sex trafficking) and crimes committed by or against such persons.

**Proposed Order**: Evidence about a person engaging in prostitution or being trafficked is precluded, unless (1) the evidence relates to one or more of the fifty charged ads and (2) one or more defendants *knew* that the person who was the subject of a charged ad was engaged in prostitution or was being trafficked at the time the charged ad was posted or while it was published on the website.

**Background.** Although the Court previously considered a related MIL (Docs. 911, 1156), this motion is brought due to new facts: namely, the mistrial resulting from the government repeatedly eliciting irrelevant and prejudicial trial testimony.  Before the first trial, the Court ruled admissible evidence that "people were trafficked using Backpage.com," including testimony about "how ads were created, drafted, edited, and paid for" as long the government did not "linger on the details of the abuse sex trafficking victims suffered."  Doc. 1156 at 4, 5.  This instruction proved insufficient to prevent the government from repeatedly eliciting irrelevant, inflammatory testimony regarding crimes (including sex trafficking) the defendants did not know about and are not charged with.  A mistrial resulted when, beginning "in the opening, and with every witness thereafter . . . the government [] abused th[e] leeway" given to elicit testimony to show defendants were on notice that some people posted adult ads on Backpage.com that were associated with illegal activities.  Moreover, despite the Court's order to the contrary, the testimony was "not tethered to any communication with the defendants."  Doc. 1347 at 4-5.

The government intends at retrial to press the same case, listing most of the same witnesses, and recently saying its case will essentially be a repeat, including the "witnesses who are trafficking victims who are going to be testifying to their postings" and "talking about how they were involved in a business enterprise."  Doc. 1576, 3/20/23 Tr. at 20. The government still lists 15 witnesses who allegedly engaged (or had family members who allegedly engaged) in prostitution or were trafficked, as well as multiple law enforcement

witnesses who investigated cases related to the charged ads, but also unrelated ads.[2]

**Argument.** Defendants are "not indicted for facilitating the amorphous notion of 'prostitution'" but "for facilitating (via publishing ads) on fifty distinct occasions where prostitutes, prostitution-related business, or other groups were involved in the business of prostitution." Doc. 946 at 13. "[T]his case is not about Backpage . . . [t]his case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity." Doc. 1099 at 38. Moreover, "one cannot intend to promote/facilitate a business enterprise one does not know exists." Doc. 946 at 15-16. Accordingly, the government must prove, among other things, that defendants knew of and intended to facilitate the individual "prostitutes [or] prostitution-related businesses" related to the fifty charged ads. A witness's testimony about a person engaging in prostitution or being trafficked could not make the defendants' intent related to a charged ad "more or less probable," Fed. R. Evid. 401, unless that person's experience is (1) related to a charged ad and (2) defendants *knew* that person was engaged in prostitution or was being trafficked at the time that ad was posted or while it was published on the website. Otherwise, the testimony has no bearing on any fact "of consequence in determining the action," *id.*

For example, Jessika Svendgard testified at trial to running away from home, watching a friend performing acts of prostitution, performing acts of prostitution herself, her relationship with her pimps, and her role in one pimp's eventual prosecution. *See* Doc. 1334, Trial Tr. Day 6 (A.M.) at 69-89; Doc. 1335, Trial Tr. Day 6 (P.M.) at 11. None of this testimony related to any of the fifty charged ads, to whether any defendant had contemporaneous knowledge of the facts to which she testified, or to any defendant's knowledge or intent with respect to any of the charged ads. Moreover, the government

---

[2] The 15 witnesses are Anya Beck, Sara Beck, Astrid Cervantes, Naomi Figueroa, Shaniqua Fraizer, Breahannah Leary Hodges, Megan Lundstrom, Destinee Ortiz, and Jordan Thurman (each of whom purportedly has some connection to a charged ad) and Andrea Benson, Priscilla Harrison, Kubiiki Pride, Arshana Sanders, Jessika Svendgard, and Nacole Svendgard (each of whom has no connection to a charged ad).

elicited through Ms. Svendgard precisely what the Court had prohibited: "testimony from people engaged in prostitution regarding the details of their lifestyles *except as it relates to their use of Backpage.com.*"  Doc. 1156 at 6 (emphasis added).

Put simply, this kind of testimony has no relevance to the elements of the Travel Act charges (or the related conspiracy charge) and serves only to provoke the jury's sympathy, inflaming it against defendants for having been associated with the online classified ad web platform on which a pimp placed ads.  *See* Doc. 1156 at 5 (holding that "[t]estimony from people involved in prostitution is only relevant as it relates to their use of Backpage.com and notice to defendants that prostitutes were using their website. Testimony concerning the lifestyle and impact that prostitution had on witnesses' lives is irrelevant to the crimes charged").

Lacking relevance, such testimony is "unfairly prejudicial" because it tends "to suggest or encourage a decision on an improper basis, commonly . . . an emotional one." *U.S. v. Ellis*, 147 F.3d 1131, 1135 (9th Cir. 1998).  Therefore, to avoid unfair prejudice, the government should be precluded from presenting testimony from or about persons who were engaged in prostitution if those acts of prostitution had no connection to the fifty charged ads.  Even with respect to evidence that might relate to one of the charged ads, the Court should not permit the testimony unless the government establishes one or more defendants' contemporaneous knowledge that the subject of a charged ad was engaged in prostitution or was being trafficked.  In addition, the Court has already held that such testimony must exclude all "day in the life" testimony and is limited to the use of Backpage.com (how ads were created, drafted, edited, and paid for), the association of a charged ad to an act or acts of prostitution, and any defendant's knowledge or intent with respect to any such ad(s).  *See* Doc. 1156 at 5.

The inadequate constraints on the government during the first trial, and the resulting prejudice to defendants, ultimately required a mistrial.  Doc. 1347 at 4-5.  The order proposed in this Motion will ensure relevant evidence is admitted, while mitigating the risk of the repeat of the same prejudice.

DATED this 8th day of June, 2023.

**OSBORN MALEDON, P.A.**

By      s/ Joseph N. Roth
        Timothy J. Eckstein
        Joseph N. Roth
        Sarah P. Lawson
        2929 North Central, 20th Floor
        Phoenix, Arizona  85012-2794

*Attorneys for James Larkin*

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By      s/ Paul J. Cambria, Jr. (w/permission)
        Paul J. Cambria, Jr. (*pro hac vice*)
        Erin E. McCampbell (*pro hac vice*)
        42 Delaware Avenue, Suite 120
        Buffalo, New York 14202

*Attorneys for Michael Lacey*

**FEDER LAW OFFICE PA**

By      s/ Bruce S. Feder (w/permission)
        Bruce S. Feder
        2930 E. Camelback Road, Suite 160
        Phoenix, Arizona  85016

**KESSLER LAW OFFICE**

By      s/ Eric W. Kessler (w/permission)
        Eric W. Kessler
        6720 N. Scottsdale Rd., Suite 210
        Scottsdale, Arizona  85253

*Attorneys for Scott Spear*

1

2

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

3

4

5

6

7

By      s/ Gary S. Lincenberg (w/permission)
         Gary S. Lincenberg
         Gopi K. Panchapakesan
         Ariel A. Neuman
         1875 Century Park E., Suite 2300
         Los Angeles, California  90067

8

*Attorneys for John Brunst*

9

**DAVID EISENBERG PLC**

10

11

12

By      s/ David S. Eisenberg (w/permission)
         David S. Eisenberg
         3550 N. Central Ave., Ste. 1155
         Phoenix, Arizona  85012

13

*Attorneys for Andrew Padilla*

14

15

**JOY BERTRAND LAW**

16

17

18

By      s/ Joy M. Bertrand (w/permission)
         Joy M. Bertrand
         P.O. Box 2734
         Scottsdale, Arizona  85252

19

*Attorneys for Joye Vaught*

20

21

22

23

24

25

26

27

28

8