GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | |
| v. | **UNITED STATES' MOTION IN LIMINE TO PRECLUDE REFERENCES TO FIRST AMENDMENT AND FREE SPEECH** |
| Michael Lacey, et al., | |
| Defendants. | |

The United States moves *in limine* to preclude defense counsel, Defendants, and their witnesses from referencing the First Amendment and "free speech" at any time in the presence of the jury.[1] In their September 8, 2021 opening statements, defense counsel repeatedly framed this case as "about free speech and the limits on the government to prosecute those who provide a location, a platform for other people to place legal speech." (Doc. 1342 at 18:9-11). Other examples include:

- "This whole case is about the First Amendment." (Doc. 1342 at 76:10-11.)

- "They've done nothing wrong except maintain our First Amendment[.]" (Doc. 1342 at 77-:10.)

- "It's also my privilege to be a part of this group to represent all of these folks in the defense of their First Amendment rights." (Doc. 1342 at 78:2-3.)

- "The danger of not having a clear standard . . . is what undermines our First Amendment. A slippery slope. Once we go past an illegal ad, sex for money, to anything other than that, kiss it good-bye." (Doc. 1342 at 85:20-24.)

- "[T]his is [a] prosecution against a First Amendment provider." (Doc. 1342 at 94:8-9.)

- "[Defendants] believe in the First Amendment and the proof will show that they're the real deal." (Doc. 1343 at 28:8-10.)

Counsel trumpeted the First Amendment or free speech over 50 times in their openings.[2]

Yet, before opening statements began, this Court had already ruled that the allegations in the Superseding Indictment (SI, Doc. 230), if proven at trial, show that the First Amendment has no application to this case. Defendants are charged with conspiracy,

---

[1] **Certification**: On June 5, 2023, counsel for the United States met and conferred in good faith with Defendants' counsel regarding the relief requested in this motion, and the parties could not reach agreement. The Court has not previously considered or ruled on the motion.

[2] *See also* Doc. 1342 at 19:8, 24:12, 24:20, 26:17, 26:20, 30:3, 34:10, 41:3, 41:8, 41:12, 50:6, 51:25, 54:6, 54:21, 56:13, 56:20, 57:3, 58:15, 58:16, 58:18, 59:3, 60:7, 60:24-25, 61:19, 62:11, 62:15, 62:19, 66:2, 70:6, 73:7, 73:12, 73:16, 75:21, 76:2, 76:11, 76:22, 77:10, 78:4, 80:5, 81:15, 81:19, 85:9, 85:22, 86:1, 86:3, 86:8, 86:9, 89:18, 94:9; Doc. 1343 at 16:25, 28:7-10, 28:21, 33:19, 34:1, 36:1, 39:24, 41:15.

- 1 -

1    Travel Act violations, and money laundering offenses arising from their oversight or

2    operation of Backpage.com, LLC. (*See generally* SI.) This Court ruled that "taking the

3    allegations in the SI as true, as the Court must, the Government has met its burden of

4    showing the fifty ads in the SI are for prostitution." *United States v. Lacey*, 423 F. Supp.

5    3d 748, 757 (D. Ariz. 2019). Such solicitations are "categorically excluded" from First

6    Amendment or "free speech" protection. *United States v. Williams*, 553 U.S. 285, 297

7    (2008). Moreover, this Court found that Defendants' conduct, as charged in the SI, falls

8    outside "traditional, editorial functions" protected by the First Amendment. *Lacey*, 423 F.

9    Supp. 3d. at 760 (finding the SI alleges conduct "qualitatively different" from the protected

10   activities in the cases Defendants cited). The Court also ruled that the SI's Travel Act

11   charges, as applied here, do not violate the First Amendment. *Id*. at 764-66.

12   Moreover, the Court had considered, and rejected, Defendants' request for

13   preliminary jury instructions on the First Amendment. Ruling from the bench, just before

14   the opening statements, the Court announced that it had emailed the parties "a corrected

15   draft of the preliminary jury instructions" that "on purpose doesn't include a First

16   Amendment instruction." (Doc. 1340 at 25:10-12.) The parties had briefed this issue (*see,*

17   *e.g.*, Doc. 1216-3 at 164; Doc. 1236; Doc.1242), and argued it. (Doc. 1432 at 36:14-66:12).

18   The Court stated "I have done the research, considered the arguments that were previously

19   presented, the new information [defense counsel] presented, and have declined to include

20   that in the preliminary jury instructions." (Doc. 1340 at 25:14-17.)[3]

21   Notwithstanding these rulings, defense counsel repeatedly portrayed the First

22   Amendment as an absolute defense in their opening statements. (*See supra* at 1.) But the

23   Court instructs on the law, not attorneys. *United States v. Brodie*, 858 F.2d 492, 496 (9th

24   Cir. 1988) ("[r]esolving doubtful questions of law is the distinct and exclusive province of

25

26   _____

27   [3] The Court's ruling was supported by ample authority recognizing that the time to consider
     whether any First Amendment instructions should be given is at the close of the evidence.
     (*See* Doc. 1242 at 2-4 (citing *United States v. Freeman*, 761 F.2d 549, 552, 552 (9th Cir.

28   1985; *United States v. Rowlee*, 899 F.2d 1275, 1280 (2d Cir. 1990); *United States v. White*,
     610 F.3d 956, 962 (7th Cir. 2010).)

the trial judge," and "the judge, not counsel, instructs the jury on the law"), *overruled on other grounds by United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997). For this reason alone, Defendants should be precluded from citing the First Amendment or arguing constitutional law before the jury. *See, e.g.*, *United States v. Zielie*, 734 F.2d 1447, 1455 (11th Cir. 1984) (judge did not abuse discretion by preventing defendant from making disputed legal arguments during opening statement), *abrogated on other grounds by United States. v. Chestang,* 849 F.2d 528, 531 (11th Cir. 1988)). Defendants should not be allowed to circumvent the Court's rulings—and confuse the issues, mislead the jury, and waste time—by making inapplicable legal arguments. *See* Fed. R. Evid. 401-403.

Further, if Defendants make arguments to the jury about what the First Amendment means and how it should apply here, they would essentially be arguing for nullification—which is not allowed. *United States v. Lewis*, 2023 WL 1990544, at *2 (9th Cir. Feb. 14, 2023) ("[T]rial courts have the duty to forestall or prevent [jury nullification], including by firm instruction or admonition.") (internal quotations and citation omitted). Jury nullification arguments ask the jury to violate its oath to return a verdict based solely on the evidence and the court's instructions, and instead acquit the defendants for improper reasons such as sympathy, bias, prejudice, or disagreement with the law. Because defense counsel made such arguments in the prior trial, this Court should affirmatively preclude them from doing so again.[4]

### Conclusion

The Court should preclude counsel, Defendants, and their witnesses from referencing the First Amendment and "free speech" in front of the jury.

---

[4] *See United States v. Blixt*, 548 F.3d 882, 890 (9th Cir. 2008) (citing *United States v. Sturgis,* 578 F.2d 1296, 1300 (9th Cir. 1978) (the court should "interfere with an attorney's closing argument when it is 'legally wrong'" or "unduly inflammatory")); *United States v. Khan*, No. 11-20331-CR, 2012 WL 4168820, at *1 (S.D. Fla. Sept. 19, 2012) (granting government's motion to preclude argument that defendants' unlawful conduct is protected by the First Amendment); *United States v. Mohamud*, 941 F. Supp. 2d 1303, 1321 (D. Or. 2013) (denying motion for new trial and holding that First Amendment arguments were properly excluded because they were irrelevant and confusing to the jury).

1

2      Respectfully submitted this 8th day of June, 2023.

3

4                                              GARY M. RESTAINO
                                               United States Attorney
5                                              District of Arizona

6                                              KENNETH POLITE
                                               Assistant Attorney General
7                                              Criminal Division, U.S. Department of Justice

8                                               s/Kevin M. Rapp
                                               KEVIN M. RAPP
9                                              MARGARET PERLMETER
                                               PETER KOZINETS
10                                             ANDREW STONE
                                               DANIEL BOYLE
11                                             Assistant U.S. Attorneys

12                                             AUSTIN M. BERRY
                                               Trial Attorney
13

14

15                        **CERTIFICATE OF SERVICE**

16

17          I hereby certify that on June 8, 2023, I electronically transmitted the attached

18   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

19   Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance

20   as counsel of record.

21   _s/ Daniel Parke_
     Daniel Parke
22   U.S. Attorney's Office

23

24

25

26

27

28

- 4 -