GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Michael Lacey, et al.,<br><br>    Defendants. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' MOTION IN LIMINE TO PRECLUDE DEFENSE FROM ARGUING LEGALITY OF ADS** |

The United States moves *in limine* to preclude the Defendants, their counsel, or witnesses from declaring legal judgments about the legality or illegality of any advertisement, either charged or uncharged. Fed. R. Evid. 403.[1]

In opening statements in the first trial, defense counsel repeatedly proclaimed to the jury that ads were "legal." For example, one attorney stated: "They're all, every ad he [the prosecutor] showed you, they're all legal escort ads." (Doc. 1342 at 20:15-16.) Counsel made scores of similar statements about the legality of Backpage's ads, including:

- "[The prosecutor] talked for two hours, he never showed you a single ad that was an illegal ad on its face." (Doc. 1342 at 30:23-24.)
- "If an ad said $50 for intercourse, oral sex, manipulating your privates, that's an illegal ad, but you're not going to see that. When the ad doesn't say that, it's not illegal." (*Id*. at 43:9-12.)
- "And things that fall short of this . . . are not illegal ads." (*Id*. at 44:21-22.)
- "But the ad itself . . . is a legal ad. All of them are." (*Id*. at 47:16-18.)
- "It's a legal ad." (*Id*. at 48:9.)
- "[Y]ou're not seeing illegal ads because Backpage monitored for them." (*Id*. at 48:10-11.)
- "These I'm putting up because these actually are ads in the indictment. . . . This is a legal ad. Nothing illegal here." (*Id*. at 69:5-9.)
- "This is another ad, perfectly legal. It has that GFE term in it. . . . [A]s the case law said to you, these terms mean nothing. It's a legal ad." (*Id*. at 69:16-19.)
- "Same thing here. They showed you this one. It's another legal ad." (*Id*. at 69:20-21.)
- "You can look at the ads. . . . They're legal ads. There is nothing illegal about the ads on their face." (*Id*. at 70:11-13.)

---

[1] Certification: On June 5, 2023, counsel for the United States met and conferred in good faith with Defendants' counsel regarding the relief requested in this motion, and the parties could not reach agreement. The Court has not previously considered or ruled on the motion.

- "[E]very ad you saw put up by the government was a legal ad." (*Id*. at 85:12-13.)
- "First of all, they were legal ads[.]" (*Id*. at 90:9.)

Such arguments are improper in an opening statement precisely because they are arguments, not previews of the evidence anticipated to be introduced to the jury. *United States v. Dinitz,* 424 U.S. 600, 612 (1976) (Burger, C.J., concurring) ("An opening statement has a narrow purpose and scope. It is to state what evidence will be presented, to make it easier for the jurors to understand what is to follow, and to relate parts of the evidence and testimony to the whole; it is not an occasion for argument."). But they are also improper because they are conclusory statements about the law, which is the province of the Court, not the attorneys. *United States v. Brodie*, 858 F.2d 492, 496 (9th Cir. 1988), *overruled on other grounds by United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997). Defense counsel might permissibly tell jurors that he or she anticipates the Court will instruct them that the law says "X"—but they cannot proclaim that an ad is legal or illegal.

Moreover, proclamations of legality about specific ads also mislead the jury into thinking this case is about whether an advertisement, in and of itself, is "legal" or "illegal." But that is not the question for this jury. Instead, the jury will be tasked with determining, inter alia, whether Defendants used the mail or any facility in interstate commerce with *intent* to promote, or facilitate the promotion of, business enterprises involving prostitution offenses, and then *performed or attempted to perform an act* that did promote, or facilitate the promotion of, any such enterprises. (*See* Doc. 1340 at 48:11-24.) That is, the jury will not be asked to determine whether 50 specific ads are "legal" or "illegal," but instead whether the *Defendants* did an *act* with the requisite *intent*. In other words, allowing defense counsel to pontificate on whether a particular ad is "legal," rather than Defendants' intent and actions, will confuse the issues, mislead the jury, and waste time. Accordingly, such comments and arguments should be precluded by this Court. *See* Fed. R. Evid. 403.

In addition to making conclusory arguments in opening statement about the legality of ads, defense counsel presented uncharged ads having nothing to do with Backpage. For example, counsel discussed an ad for a billiards parlor offer to get two beers and play all

the pool you want for $20. (*See* Doc. 1342 at 85:14-19.) And counsel, discussing an ad for a gun store, declared that the ad itself was not illegal simply because of the store's logo displayed "illegal" "machine guns." (Doc. 1342 at 86:12-18; *see* Doc. 1343 at 40:17-22.) [2]

Yet, defense counsel cannot declare the legality of an advertisement for a completely different business, such as billiards or firearms. Indeed, it might very well be that such ads for other business are indicative of illegal activity, but that is not for counsel in this case to opine or declare in this matter. Such declarations of legality by counsel carries the imprimatur of authority for the jury because they come from a lawyer who has been permitted by the judge to say such to the jury, and they also risk confusing the issues, wasting time, and misleading the jury. They are irrelevant and misleading, and should be precluded under Fed. R. Evid. 401-403.

## Conclusion

This Court should preclude the defense from making any argument in the presence of the jury that specific ads, either related to Backpage or otherwise, are legal or illegal.

Respectfully submitted this 8th day of June, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> KENNETH POLITE
> Assistant Attorney General
> Criminal Division, U.S. Department of Justice
>
>  *s/Kevin M. Rapp*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER KOZINETS
> ANDREW STONE
> DANIEL BOYLE

---

[2] Another problem with defense counsel's attempt to argue by comparison is the vernacular used. Machine gun has a specific legal definition. 26 U.S.C. § 5845(b). And it is impossible to determine from a photograph, much less business logo, whether a firearm qualifies as a machine gun or a semi-automatic firearm. Such careless comparisons invoking conclusory statements such as legal or illegal will require the United States to spend time educating the jury on nuances defense counsel conveniently ignores.

Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office