1  Timothy J. Eckstein, 018321
2  Joseph N. Roth, 025725
   Sarah P. Lawson, 036436
3  OSBORN MALEDON, P.A.
   2929 North Central Avenue, 20th Floor
4  Phoenix, Arizona  85012-2793
   (602) 640-9000
5  teckstein@omlaw.com
6  jroth@omlaw.com
   slawson@omlaw.com
7
8  *Attorneys for James Larkin*
   Additional counsel on following page
9

10                IN THE UNITED STATES DISTRICT COURT

11                   FOR THE DISTRICT OF ARIZONA

12
   United States of America,              Case No. 2:18-cr-00422-PHX-DJH
13
                          Plaintiff,      **DEFENDANTS' MOTION IN**
14                                        **LIMINE TO PRECLUDE**
                                          **IRRELEVANT AND**
15  vs.                                   **INADMISSIBLE EVIDENCE RE**
                                          **MERSEY AND ELMS**[1]
16  Michael Lacey, *et al.,*
17                                        (Oral Argument Requested)
                          Defendants.
18

19

20

21

22

23

24

25

26

27
   _____
28  [1] Undersigned counsel certifies that they have conferred with the government in an effort
   to resolve the disputed evidentiary issues that are the subject of this motion.

1   Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
    Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
2   LIPSITZ GREEN SCIME CAMBRIA LLP
    42 Delaware Avenue, Suite 120
3   Buffalo, New York 14202
    (716) 849-1333
4   pcambria@lglaw.com
    emccampbell@lglaw.com
5
    *Attorneys for Michael Lacey*
6
    Bruce S. Feder (AZ 004832)
7   FEDER LAW OFFICE PA
    2930 E. Camelback Rd., Suite 160
8   Phoenix, Arizona  85016
    (602) 257-0135
9   bf@federlawpa.com

10  Eric Walter Kessler
    KESSLER LAW OFFICE
11  6720 N. Scottsdale Rd., Suite 210
    Scottsdale, Arizona  85253
12  (480) 644-0093
    Eric.kesslerlaw@gmail.com
13
    *Attorneys for Defendant Scott Spear*
14
    Gary S. Lincenberg
15  Ariel A. Neuman
    Gopi K. Panchapakesan
16  BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
    DROOKS, LINCENBERG & RHOW P.C.
17  1875 Century Park E., Suite 2300
    Los Angeles, California 90067
18  (310) 201-2100
    glincenberg@birdmarella.com
19  gpanchapakesan.@birdmarella.com
    aneuman@birdmarella.com
20
    *Attorneys for John Brunst*
21
    David S. Eisenberg
22  DAVID EISENBERG PLC
    3550 N. Central Ave., Ste. 1155
23  Phoenix, Arizona  85012
    (602) 237-5076
24  david@eisenbergplc.com

25  *Attorneys for Andrew Padilla*

26

27

28

Joy Malby Bertrand
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona  85252
(480) 656-3919
joyous@mailbag.com

*Attorneys for Defendant Joye Vaught*

3

1    Defendants move in limine for an order precluding testimony, statements, or

2 evidence related to William "Dollar Bill" Mersey and David Elms.

3    **Proposed Order.**  Evidence relating to Mersey and Elms is precluded as not

4 relevant to any of the fifty charged ads in the indictment.  Even if it had some relevance,

5 it would be substantially outweighed by the danger of unfair prejudice.  Further, statements

6 from Mersey and Elms are not admissible as statements of co-conspirators under Rule

7 801(d)(2)(E).

8    **Background.**  Defendants are charged in Count 1 with participating in a conspiracy

9 to violate the Travel Act by facilitating prostitution. As the Court previously ruled,

10 Defendants are not charged with a "boundless conspiracy to facilitate prostitution in

11 general," but "for facilitating (via publishing ads) **on fifty distinct occasions** where

12 prostitutes, prostitution-related businesses, or other groups were involved in the business

13 of prostitution."  Doc. 946 at 13 (emphasis added).  As such, evidence may be relevant if

14 it tends to make more likely Defendants' intentional facilitation of "fifty distinct" state law

15 prostitution offenses or a conspiracy to facilitate those fifty offenses.  Evidence

16 disconnected from those "fifty distinct occasions" is relevant neither to the Travel Act

17 counts, nor can it be admitted under the co-conspirator hearsay exception.  Rule

18 801(d)(2)(E).

19    David Elms, the founder of the Erotic Review ("TER"), oversaw TER's reciprocal

20 link business relationship with Backpage in 2008 and 2009.  Gov't Trial Ex. 568, Gov't

21 Trial Ex. 577.  Elms pled guilty to conspiracy to commit aggravated assault in 2010 and

22 was sentenced to 4.5 years in prison.  Gov't Trial Ex. 591, attached as Ex. A.  William

23 Mersey placed a large number of advertisements on Backpage.com from 2008 until 2012,

24 when Backpage.com terminated Mersey's account.  Gov't Trial Ex. 555; Gov't Trial Ex.

25 739, attached as Ex. B.  Four years later, in 2016, the government charged Mersey with

26 three counts of willfully filing a false tax return under 26 U.S.C. § 7206(1); Mersey pled

27 guilty later that year to one of the tax fraud counts.  Gov't Trial Ex. 786.

28

4

1    Before trial, the government moved in limine to admit statements of Elms and

2  Mersey under the co-conspirator hearsay exception, Rule 801(d)(2)(E). Doc. 929. Lacking

3  "the content of the specific statements" the Court rejected the government's request,

4  deferring until trial whether any individual statement was subject to the co-conspirator

5  exception. Doc. 1162 at 3. Defendants now move to preclude the admission of any

6  statements or evidence connected with Elms or Mersey, as (1) neither Elms nor Mersey

7  have any connection to the fifty charged ads, (2) there is no evidence of any conspiracy

8  involving Elms, Mersey, and Defendants relating to the fifty charged ads, and (3) the unfair

9  prejudice to Defendants would outweigh whatever minimal relevance there could be to

10  the admission of any evidence concerning Elms or Mersey.

11    **There is no Relevance to Any Evidence Concerning Mersey or Elms.** No

12  evidence ties Elms or Mersey to any of the fifty charged ads charged or to a conspiracy

13  related to the publication of those ads. Indeed, Backpage terminated its relationship with

14  Elms in 2009 and Mersey in 2012, while the earliest charged ad was posted in September

15  2013. (SI ¶ 201, Count 2.) Any statement from or evidence relating to Elms or Mersey

16  would be of no "consequence in determining the action," nor would it make any fact

17  relating to the fifty charged ads (or a related conspiracy) "more or less probable." Fed. R.

18  Evid. 401.

19    **There is no Evidence of Conspiracy Between Mersey, Elms, and**

20  **Defendants.** To admit the statements of co-conspirators, the government must establish

21  preliminarily that the accused knew of and participated in a conspiracy "with the putative

22  co-conspirator." *U.S. v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994). The conspiracy

23  alleged in the indictment relates to the publication of the fifty charged ads and the

24  indictment has no allegations of any conspiracy involving Mersey, Elms, and Defendants.

25    The Court correctly held that the conspiracy alleged is bound by the charged ads—

26  "fifty distinct occasions where prostitutes, prostitution-related businesses, or other groups

27  were involved in the business of prostitution," lest it be a "boundless conspiracy to

28  facilitate prostitution in general . . . ." Doc. 946 at 13. Were the conspiracy not so limited,

1   it would be boundless, running from 2004 to 2018, and including every Backpage

2   employee, most every person who posted an adult ad, and the third parties with whom

3   Backpage did business over that time, given the government's claim that it was "general

4   knowledge" that most adult ads were associated with prostitution.  The indictment does

5   not allege such a conspiracy, nor could it without violating basic principles of due process

6   and the Double Jeopardy clause.[2]

7       **The Minimal Probative Value is Substantially Outweighed by Unfair**

8   **Prejudice.**  The only seeming probative value of evidence or statements related to Elms

9   or Mersey is that of notice that third parties alleged that Elms and Mersey were involved

10  in prostitution.  As noted above, that is not relevant to the single conspiracy charged.

11  Moreover, the government presumably has other witnesses and evidence through which it

12  will attempt to prove notice as it related to the charged ads (as Elms and Mersey are

13  strangers to those ads), rendering evidence about notice as to Elms and Mersey cumulative.

14  Fed. R. Evid. 403.   Further, the admission of evidence or statements about business

15  relationships that Backpage terminated well before the publication of the first charged ad

16  or about criminal convictions long after Backpage terminated its relationships with Elms

17  and Mersey and unrelated to ads on Backpage would be highly prejudicial, inviting the jury

18  to make its decision on "an improper basis, [namely] an emotional one."  *U.S. v. Ellis*, 147

19  F.3d 1131, 1135 (9th Cir. 1998); Fed. R. Evid. 403.

20

21

22

---

23  [2] Such a boundless conspiracy also would be a classic hub and spoke conspiracy lacking a
    rim, which the Supreme Court held impermissible in *Kotteakos v. United States*, 328 U.S. 750,
24  754–55 (1946) ("the pattern was 'that of separate spokes meeting at a common center,'
    though we may add without the rim of the wheel to enclose the spokes").  *Dickson v.*
25  *Microsoft Corp.*, 309 F.3d 193, 203 (4th Cir. 2002) ("A rimless wheel conspiracy is one in
    which various defendants enter into separate agreements with a common defendant, but
26  where the defendants have no connection with one another, other than the common
    defendant's involvement in each transaction….In *Kotteakos*, the Supreme Court made clear
27  that a rimless wheel conspiracy is not a single, general conspiracy but instead amounts to
28  multiple conspiracies between the common defendant and each of the other defendants.").

1    **Conclusion.**  The Court should exclude as irrelevant, improper hearsay, and unduly

2    prejudicial any evidence related to, or statements made by, Elms or Mersey.  Doc. 946 at

3    13.

4          DATED this 8ᵗʰ day of June, 2023.

5                                              **OSBORN MALEDON, P.A.**

6
                                               By     s/ Joseph N. Roth
7                                                     Timothy J. Eckstein
                                                      Joseph N. Roth
8                                                     Sarah P. Lawson
                                                      2929 North Central, 20th Floor
9                                                     Phoenix, Arizona  85012-2794

10
                                               *Attorneys for James Larkin*
11

12                                             **LIPSITZ GREEN SCIME CAMBRIA LLP**

13
                                               By     s/ Paul J. Cambria, Jr. (w/permission)
14                                                    Paul J. Cambria, Jr. (*pro hac vice*)
                                                      Erin E. McCampbell (*pro hac vice*)
15                                                    42 Delaware Avenue, Suite 120
                                                      Buffalo, New York 14202
16

17                                             *Attorneys for Michael Lacey*

18                                             **FEDER LAW OFFICE PA**

19
                                               By     s/ Bruce S. Feder (w/permission)
20                                                    Bruce S. Feder
                                                      2930 E. Camelback Road, Suite 160
21                                                    Phoenix, Arizona  85016

22                                             **KESSLER LAW OFFICE**

23
                                               By     s/ Eric W. Kessler (w/permission)
24                                                    Eric W. Kessler
                                                      6720 N. Scottsdale Rd., Suite 210
25                                                    Scottsdale, Arizona  85253

26
                                               *Attorneys for Scott Spear*
27

28

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By     s/ Gary S. Lincenberg (w/permission)
   Gary S. Lincenberg
   Gopi K. Panchapakesan
   Ariel A. Neuman
   1875 Century Park E., Suite 2300
   Los Angeles, California  90067

*Attorneys for John Brunst*

**DAVID EISENBERG PLC**

By     s/ David S. Eisenberg (w/permission)
   David S. Eisenberg
   3550 N. Central Ave., Ste. 1155
   Phoenix, Arizona  85012

*Attorneys for Andrew Padilla*

**JOY BERTRAND LAW**

By     s/ Joy M. Bertrand (w/permission)
   Joy M. Bertrand
   P.O. Box 2734
   Scottsdale, Arizona  85252

*Attorneys for Joye Vaught*