GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Michael Lacey, et al.,<br><br>　　　　　Defendants. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' MOTION IN LIMINE TO PRECLUDE REFERENCES TO CERTAIN OTHER LITIGATION** |

The United States moves *in limine* to preclude Defendants, counsel, and witnesses from making reference in the presence of the jury to any of the following: (1) any reference to the previous trial in this matter; and (2) any prior case or legal decision not involving Backpage. These references should be excluded under Fed. R. Evid. 401-403 and 802.[1]

References to the September 2021 trial are irrelevant because they would not tend to make the existence of any fact that is of consequence more or less probable. *See* Fed. R. Evid. 401. Trial ended after only a few days of witness testimony, while "the Government's case-in-chief was in its infancy." *United States v. Lacey*, 2021 WL 6197907, at *5 (D. Ariz. Dec. 29, 2021). "Of [76] government witnesses, only four had testified. At minimum, the government still had a clear path to prevailing at trial." *United States v. Lacey*, 2022 WL 4363818, at *2 (9th Cir. Sept. 21, 2022).

The earlier, foreshortened trial is not probative of Defendants' guilt or innocence, and discussion of that trial or how it ended is not relevant here. *See United States v. Miller*, 2022 WL 17464479, at *1 (E.D. Ky. Dec. 6, 2022) (evidence of the defendant's previous trial "is not probative of the defendant's guilt or innocence and so is irrelevant"); *United States v. Arrington*, 2022 WL 4077685, at *3 (W.D.N.Y. Sept. 6, 2022) ("the Court cannot fathom how mentioning the prior trial or its result would be relevant in the retrial"). *Cf. United States v. De La Rosa*, 171 F.3d 215, 219 (5th Cir. 1999) ("a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior prosecution failed to meet its burden") (cleaned up).

Alternatively, the Court should preclude discussion of the prior trial under Rule 403. *Arrington*, 2022 WL 4077685, at *3 ("[A]side from relevancy, remarking on the prior trial or its outcome would certainly confuse and mislead the new jury, and unfairly prejudice the Government"). Any reference to the prior trial would create an undue risk of confusing the issues, wasting time, and misleading the jury. If the defense were permitted to reference

---

[1] **Certification**: On June 5, 2023, counsel for the United States met and conferred in good faith with Defendants' counsel regarding the relief requested in this motion, and the parties could not reach agreement. The Court has not previously considered or ruled on the motion.

- 1 -

the mistrial, the United States would have to explain to the jury the Court's reasoning in granting the mistrial. It may then need to explain how Defendants unsuccessfully sought an interlocutory appeal, which further delayed retrial. Again, such discussions would only take more time, and risk confusing the issues and misleading the jury.

Moreover, the prior trial and the mistrial order are hearsay not admissible under any exception. *See* Fed. R. Evid. 802. Because Defendants' "first trial did not end in a conviction, the hearsay exception related to prior trials is inapplicable here." *United States v. Thomas*, 214 F. Supp. 3d 187, 194 (E.D.N.Y. 2016) (citing Fed. R. Evid. 803(22)).

The United States recognizes that the parties may impeach witnesses with their testimony from the first trial, but requests an order that the parties not be allowed to refer to the testimony as coming from a "first trial," "prior trial," "earlier trial," or "mistrial," or otherwise reference that trial. In referencing testimony from the first trial, the parties should refer to the testimony as being taken at a prior "proceeding" or "hearing," without identifying that proceeding as an earlier trial in this case. *See Arrington*, 2022 WL 4077685, at *3 (approving similar language); *United States v. Hicks*, 2018 WL 1789932, at *2 (W.D.N.Y. Apr. 16, 2018) (same); *Jelinek v. Am. Natl. Prop. and Cas. Co.*, 2019 WL 5425254, at *4 (W.D. Wash. Oct. 23, 2019) ("there is little probative value to referring to a prior trial given the potential for unfair prejudice"; approving similar language).

During opening statements in the first trial, defense counsel made multiple, oblique references to various obscenity cases, and proceeded to explain to the jury the supposed difference between the "Playboy standard" the "Penthouse standard" and the "Hustler standard." Counsel concluded "there were a lot of people that thought they [the magazines] were doing something illegal, let's stop them. But the First Amendment protected all of them just like it protects the internet sites." (Doc. 1342 at 84:20-85:10); *see also id.* at 87:5-11 ("to assert their taste standards . . . to see if it passed muster under the Backpage rule of no illegality, and Playboy versus Hustler Magazine standard.").

It is black letter law that the court instructs on the law, not attorneys. *United States v. Brodie*, 858 F.2d 492, 496 (9th Cir. 1988) ("[r]esolving doubtful questions of law is the

distinct and exclusive province of the trial judge," and "the judge, not counsel, instructs the jury on the law"), *overruled on other grounds by United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997). For this reason alone, Defendants should be precluded from citing legal authority at any stage of the trial. *See, e.g.*, *United States v. Zielie*, 734 F.2d 1447, 1455 (11th Cir. 1984) (trial judge did not abuse discretion by preventing defendant from making disputed legal arguments during opening statement), *abrogated on other grounds by United States. v. Chestang,* 849 F.2d 528, 531 (11th Cir. 1988)); *Davis v. Maggio*, 706 F.2d 568, 571 (5th Cir. 1983) (no error in preventing defendant from making legal arguments in opening statements).

References to these other cases should be precluded because they have no relevance to this prosecution, Fed. R. Evid. 401-402, and such discussion would serve only to confuse the issues, mislead the jury, and waste time, Fed. R. Evid. 403. If Defendants are permitted to discuss the history of obscenity case law in this country through conclusory statements about magazines like Playboy, Penthouse, and Hustler, the United States will need to spend time explaining to the jury how those cases involved different statutes and very different issues from this case such that any notion of inconsistency is reconciled for the jury. This would risk devolving the trial into a serious of mini trials about these issues—all of which are far afield from the conspiracy, Travel Act, and money laundering charges at issue here.

## Conclusion

This Court should preclude counsel, defendants, and their witnesses from referencing other litigation in front of the jury, including but not limited to the following:

1. Any reference to the previous trial in this matter, including but not limited to the references to the fact that the trial ended in a mistrial; provided, however, that witness testimony used to impeach can be described as having been taken at a "prior proceeding" or "prior hearing"—without identifying that proceeding as an earlier trial or mistrial in this case; and

2. Any prior case or legal decision not involving Backpage, including, but not limited to Playboy, Penthouse, Hustler, etc.

Respectfully submitted this 8th day of June, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

*s/Kevin M. Rapp*
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on June 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office