Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin McCampbell Paris (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-DJH |
| Plaintiff, | **DEFENDANTS' OPPOSITION TO THE GOVERNMENT'S MOTION IN LIMINE FOR AN ORDER CENSORING THE DEFENSE BY BANNING USE OF THE WORDS "FIRST AMENDMENT" AND "FREE SPEECH" AT TRIAL** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | (Oral argument requested) |

The government's request for the Court to censor defense counsel, Defendants, and all defense witnesses by banning the words "First Amendment" and "free speech" at a trial where the purported criminal conduct was publishers "publish[ing] ad[s]" posted by third parties is an absurd, and unprecedented, assault on the First Amendment. The Court should summarily deny the Motion. First, the government complains about the past use of those words at trial, but it rarely objected and, when it did, the Court overruled its objections. *E.g.*, Doc. 1342 at 42. Those evidentiary rulings plainly were correct—and are the law of the case. Moreover, the First Amendment and free speech are highly relevant to Defendants' state of mind. Contrary to the government's theory, the evidence will show Defendants intended to facilitate the First Amendment rights of Backpage.com and its users—not criminal offenses.

Second, the government asserts the publication of the fifty charged ads was unprotected by the First Amendment, asks the Court to presume it will prove that assertion at trial, and then, based on its hypothetical victory, asks the Court to bar the defense from presenting the arguments the government presumes to defeat. But that just invites clear error:

> The Government's argument takes as its premise the conclusion to be proved: The expressions and associational relationships in issue are not protected by the First Amendment….The Government has it backwards. All speech, press, and associational relationships are presumptively protected by the First Amendment; the burden rests on the Government to establish that the particular expressions or relationships are outside its reach.

*Bursey v. United States*, 466 F.2d 1059, 1082 (9th Cir. 1972). The earlier rulings concerning the sufficiency of the untested allegations in the indictment do not support the Motion, as they say *nothing* about what the government ultimately will prove at trial. Doc. 793 at 8, 11 (holding "[t]he government carries the burden to show that the speech is unprotected" and it "may eventually fail to prove the facts alleged in the SI," including whether the charged ads actually "were for prostitution" and whether Defendants "knew the ads were for prostitution"). The earlier order deferring, until after the close of evidence, the decision on whether to provide First Amendment instructions is likewise of no relevance. Doc. 1432 at 66 ("it's more appropriate to leave more specific instructions until the final instructions").

Third, the government will have the burden to prove that each Defendant specifically

intended to facilitate the allegedly unlawful business enterprise associated with each charged ad. Defendants therefore must be permitted to present evidence tending to negate intent, including by their good faith belief that Backpage.com users had a First Amendment right to post facially lawful adult ads and Backpage.com had a First Amendment right to publish them, based, in part, on federal court opinions (some of which involved Backpage.com) and the opinions of experts. The Court will instruct the jury on the law, but does not mean Defendants can be barred from presenting evidence about *their contemporaneous understanding* of the First Amendment's application to Backpage's activities. Indeed, Carl Ferrer told the government during his interviews that attorneys repeatedly advised Backpage that its publishing activities and practices were protected by the First Amendment.

Fourth, this case is nothing like the *Khan* and *Mohamud* decisions, where the defendants were charged with criminal *conduct* plainly outside the scope of the First Amendment—in *Mohamud* attempting to explode a weapon of mass destruction and in *Khan* providing financial support for terrorist organizations. That a court can prohibit mention of the First Amendment at trial, if it determines as a matter of law that the criminal conduct alleged is unprotected, has no bearing on this case, where the government's burden at trial will be to prove that core First Amendment speech—publishing–was outside the protection of the First Amendment.

Fifth, and fundamentally, the First Amendment and fundamental principles of free speech are central to this case. Each Travel Act count is premised on Backpage.com *publishing* a dating, massage, or escort ad—all unquestionably lawful activities. Forty-nine of those fifty ads proposed facially lawful transactions (or, at a minimum, not necessarily unlawful transactions). Although *Pittsburgh Press Co. v. Pittsburgh Comm'n on Hum. Rels.*, 413 US 376, 389 (1973), established that the First Amendment does not protect advertising "when the commercial activity itself is illegal," it has been narrowly construed to apply only when the goods or services advertised are illegal or when the speech itself proposes an illegal transaction, *not* when an advertisement for a lawful service might be *associated with* unlawful activity. *E.g.*, *IMDB.com Inc. v. Bacerra*, 962 F3d 1111, 1123 (9th Cir 2020) ("*Pittsburgh Press* implicates only those instances when the state restricts *speech that itself proposes an illegal transaction*.") (emphasis

added).[1]  Moreover, even though a website user who posts an ad he knows to be associated with illegal conduct may be unprotected by the First Amendment, the website's publication of the third-party ad remains protected by the First Amendment.  *Backpage.com, LLC v. McKenna*, 881 F. Supp. 2d 1262, 1280-81 (W.D. Wash. 2012) ("SB 6251 does not fall within the exception for offers to engage in illegal activity because [it] prohibits not only 'offers' to engage in commercial sex acts, but also the direct and indirect publication…of such offers.  The third-party publication of offers to engage in illegal transactions does not fall within 'well-defined and narrowly limited classes of speech' that fall outside of First Amendment protection.").[2]

Finally, the government claims "defense counsel repeatedly portrayed the First Amendment as an absolute defense," "essentially [] arguing for nullification," but the government identifies no such statements and is wrong on the law.[3]  Additionally, even if some statement about the First Amendment or free speech was objectionable, the Motion should have identified the objectionable statement and moved to constrain the statement—not to ban all references to the First Amendment or free speech.  The government, however, identified no such statements and proposed no limiting order.

---

[1] *Accord Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, 868 F.3d 104, 114 (2d Cir. 2017) ("[T]he First Amendment offers no protection to speech that proposes a commercial transaction if consummation of that transaction would *necessarily* constitute an illegal act.  However, if, as here, there are plausible ways to complete a proposed transaction lawfully, speech proposing that transaction 'concerns lawful activity' and is therefore protected [] speech.") (emphasis in original)

[2] The First Amendment's protections for publishers of third-party speech have always been different from those for the actual speakers.  "Printing, publishing, or distributing the [speech] is not criminal unless the persons who did these acts had the *specific intent required by the statutes*…The act of printing, publishing, or distributing the speech [] supplies no basis for an inference that the act was done with the proscribed intent."  *Bursey*, 466 F.2d at 1087 (emphasis added).  The Court's prior ruling that "[t]his case is about these individual defendants and whether they had specific knowledge of these ads as facilitating illegal activity" (Doc. 1099 at 38 (emphasis added)) is in accord, but Defendants had no knowledge of the fifty charged ads, the persons who posted those ads, or the activities of those persons.

[3] Of course, if the government fails to prove the publishing of each charged ad was unprotected, the First Amendment *will* be an absolute defense to charges based on those ads.

RESPECTFULLY SUBMITTED this 15th day of June, 2023,

Paul J. Cambria, Jr.
Erin McCampbell Paris
LIPSITZ GREEN SCIME CAMBRIA LLP

By: /s/ Paul J. Cambria, Jr.
Paul J. Cambria, Jr.
Attorneys for Michael Lacey

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (May 2018) § II (C) (3), Paul J. Cambria, Jr. hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*

**OSBORN MALEDON, P.A.**

By  s/ Joseph N. Roth
Timothy J. Eckstein
Joseph N. Roth
Sarah P. Lawson
2929 North Central, 20th Floor
Phoenix, Arizona 85012-2794

*Attorneys for James Larkin*

**FEDER LAW OFFICE PA**

By  s/ Bruce S. Feder (w/permission)
Bruce S. Feder
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016

**KESSLER LAW OFFICE**

By  s/ Eric W. Kessler (w/permission)
Eric W. Kessler
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona 85253

*Attorneys for Scott Spear*

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By     s/ Gary S. Lincenberg (w/permission)
       Gary S. Lincenberg
       Gopi K. Panchapakesan
       Ariel A. Neuman
       1875 Century Park E., Suite 2300
       Los Angeles, California  90067

*Attorneys for John Brunst*


**DAVID EISENBERG PLC**

By     s/ David S. Eisenberg (w/permission)
       David S. Eisenberg
       3550 N. Central Ave., Ste. 1155
       Phoenix, Arizona  85012

*Attorneys for Andrew Padilla*

**JOY BERTRAND LAW**

By     s/ Joy M. Bertrand (w/permission)
       Joy M. Bertrand
       P.O. Box 2734
       Scottsdale, Arizona  85252

*Attorneys for Joye Vaught*

| | |
|---|---|
| 1 | On June 15, 2023, a PDF version |
| 2 | of this document was filed with |
| 3 | Clerk of the Court using the CM/ECF |
|   | System for filing and for Transmittal |
| 4 | Of a Notice of Electronic Filing to the |
| 5 | Following CM/ECF registrants: |
| 6 | |
|   | Kevin Rapp, kevin.rapp@usdoj.gov |
| 7 | Peter Kozinets, peter.kozinets@usdoj.gov |
| 8 | Margaret Perlmeter, margaret.perlmeter@usdoj.gov |
|   | Andrew Stone, andrew.stone@usdoj.gov |
| 9 | Daniel Boyle, Daniel.boyle2@usdoj.gov |
| 10 | Austin Berry, austin.berry2@usdoj.gov |