Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*
Additional counsel on following page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael Lacey, *et al.*,<br><br>    Defendants. | Case No. 2:18-cr-00422-PHX-DJH<br><br>**DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE DEFENSE FROM REFERENCING THE PREVIOUS TRIAL AND PRIOR CASES NOT INVOLVING BACKPAGE (DOC. 1595)**<br><br>(Oral Argument Requested) |

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
emccampbell@lglaw.com

*Attorneys for Michael Lacey*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Suite 160
Phoenix, Arizona 85016
(602) 257-0135
bf@federlawpa.com

Eric Walter Kessler
KESSLER LAW OFFICE
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona 85253
(480) 644-0093
Eric.kesslerlaw@gmail.com

*Attorneys for Scott Spear*

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW P.C.
1875 Century Park E., Suite 2300
Los Angeles, California 90067
(310) 201-2100
glincenberg@birdmarella.com
gpanchapakesan.@birdmarella.com
aneuman@birdmarella.com

*Attorneys for John Brunst*

David S. Eisenberg
DAVID EISENBERG PLC
3550 N. Central Ave., Ste. 1155
Phoenix, Arizona 85012
(602) 237-5076
david@eisenbergplc.com

*Attorneys for Andrew Padilla*

Joy Malby Bertrand
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona  85252
(480) 656-3919
joyous@mailbag.com

*Attorneys for Joye Vaught*

During opening statements at the first trial, counsel for Defendants referenced Playboy, Penthouse, and Hustler magazines to show the sliding scale of nudity in other pop culture mediums. Doc. 1342 at 84:22-85:10 ("Playboy was . . . tame, although they had nude printouts in it. . . . Same thing with the next step up, which was Penthouse, which was a little more risqué . . . And then we got to Hustler Magazine, which was very risqué . . . ."). The government did not object, nor did it have a basis for doing so. The government now argues for (1) a broad rule against references to "other cases" not involving Backpage, and (2) restrictions on references to the fact that the first trial ended in a mistrial. Doc. 1595 at 3. The Court should deny the government's motion for the following reasons.

**First**, the government's motion misunderstands counsel's references to Playboy, Penthouse, and Hustler, which were not "multiple, oblique references to various obscenity cases." Doc. 1595 at 2. The government does not cite, nor can it, to any statements in the first trial's opening where counsel was describing a court case in which Playboy, Penthouse, or Hustler was a party, or any court rule stemming from such a case. As is evident from the transcript, counsel's references to the Playboy, Penthouse, and Hustler previewed evidence about the content moderation rules applied to images on Backpage.com; that they wanted the equivalent of R-rated content, not NC-17 or XXX graphic content. The government's assertion that the "court instructs on the law, not attorneys," has no applicability to these factual issues.

**Second**, the government asserts that references to "these cases" should be precluded as irrelevant. Even if it were true that the Defendants intended to mention cases involving Playboy, Penthouse, and Hustler, any attempt to preclude such references is premature and overbroad. The government concludes that any references to these or other unspecified cases "have no relevance to this prosecution." Doc. 1595 at 4. Where the Court lacks context to analyze the admissibility of such statements, the court must deny the motion. *See* Doc. 1162 at 2 (denying the government's motion in limine because it lacked "the specific circumstances and content" surrounding the evidence). The

4

government's motion seeking to preclude evidence on relevance grounds without any context or background should be denied. *Matsuura v. E.I. du Pont DeNemours & Co.*, No. 00-00328 SOM-LEK, 2006 WL 5249743, at *2 (D. Haw. July 10, 2006) ("[R]elevance cannot be determined in a vacuum but is dictated by the issues and circumstances in each particular case."); Jack B. Weinstein & Margaret A. Berger, Weinstein's Evidence Manual § 6.01[1] (2006) ("Relevancy, as the Advisory Committee notes, is not an inherent characteristic of any item of evidence but exists only as a relationship between an item of evidence and a matter properly provable in the case.") (internal citations omitted). If defense counsel or a witness refers to a legal case to which Backpage was not a party, the government may object at that time, and the Court may decide on the objection with the benefit of the context in which the statement is made. The request for a blanket rule precluding, generally, references to "other cases" is unjustified, premature, and must be denied.

**Third**, the government seeks to preclude any references to the prior mistrial. Defendants agree that references to testimony or other matters at the first trial can be made without informing the jury that the trial ended in a mistrial. Accordingly, a specific order from the Court is not needed. If using testimony from the mistrial as impeachment, for example, Defendants intend to appropriately refer to it as prior testimony given under oath. To the extent that the government finds that characterization is objectionable, it can object in the course of trial. The Court should deny this portion of the motion as moot.

**Conclusion.**

The government's motion at Doc. 1595 should be denied.

DATED this 15th day of June, 2023.

**OSBORN MALEDON, P.A.**

By    <u>s/ Joseph N. Roth</u>
       Timothy J. Eckstein
       Joseph N. Roth
       Sarah P. Lawson
       2929 North Central, 20th Floor
       Phoenix, Arizona 85012-2794

*Attorneys for James Larkin*

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By    <u>s/ Paul J. Cambria, Jr. (w/permission)</u>
       Paul J. Cambria, Jr. (*pro hac vice*)
       Erin E. McCampbell (*pro hac vice*)
       42 Delaware Avenue, Suite 120
       Buffalo, New York 14202

*Attorneys for Michael Lacey*

**FEDER LAW OFFICE PA**

By    <u>s/ Bruce S. Feder (w/permission)</u>
       Bruce S. Feder
       2930 E. Camelback Road, Suite 160
       Phoenix, Arizona 85016

**KESSLER LAW OFFICE**

By    <u>s/ Eric W. Kessler (w/permission)</u>
       Eric W. Kessler
       6720 N. Scottsdale Rd., Suite 210
       Scottsdale, Arizona 85253

*Attorneys for Scott Spear*

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By   <u>s/ Gary S. Lincenberg (w/permission)</u>
      Gary S. Lincenberg
      Gopi K. Panchapakesan
      Ariel A. Neuman
      1875 Century Park E., Suite 2300
      Los Angeles, California 90067

*Attorneys for John Brunst*

**DAVID EISENBERG PLC**

By   <u>s/ David S. Eisenberg (w/permission)</u>
      David S. Eisenberg
      3550 N. Central Ave., Ste. 1155
      Phoenix, Arizona 85012

*Attorneys for Andrew Padilla*

**JOY BERTRAND LAW**

By   <u>s/ Joy M. Bertrand (w/permission)</u>
      Joy M. Bertrand
      P.O. Box 2734
      Scottsdale, Arizona 85252

*Attorneys for Joye Vaught*