Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona  85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*
Additional counsel on following page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:18-cr-00422-PHX-DJH |
|---|---|
| Plaintiff, | **DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION TO PRECLUDE DEFENSE FROM REFERENCING CRAIGSLIST MEETINGS WITH ATTORNEYS GENERAL** |
| vs. | **(DOC. 1600)** |
| Michael Lacey, *et al.,* | |
| Defendants. | (Oral Argument Requested) |

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
emccampbell@lglaw.com

*Attorneys for Michael Lacey*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Suite 160
Phoenix, Arizona 85016
(602) 257-0135
bf@federlawpa.com

Eric Walter Kessler
KESSLER LAW OFFICE
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona 85253
(480) 644-0093
Eric.kesslerlaw@gmail.com

*Attorneys for Scott Spear*

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW P.C.
1875 Century Park E., Suite 2300
Los Angeles, California 90067
(310) 201-2100
glincenberg@birdmarella.com
gpanchapakesan.@birdmarella.com
aneuman@birdmarella.com

*Attorneys for John Brunst*

David S. Eisenberg
DAVID EISENBERG PLC
3550 N. Central Ave., Ste. 1155
Phoenix, Arizona 85012
(602) 237-5076
david@eisenbergplc.com

*Attorneys for Andrew Padilla*

Joy Malby Bertrand
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona  85252
(480) 656-3919
joyous@mailbag.com

*Attorneys for Joye Vaught*

During opening statements at the first trial, counsel stated that state Attorneys General "met with [and asked] Craigslist" to charge for its adult ads to "create a paper trail" for law enforcement, "and so that's what Craigslist did." Doc. 1343 at 43:21-44:6. The government did not object, nor did it have a basis for doing so, as the statement was based on "facts which [defendants] intend[] or in good faith expect[] to prove." *Leonard v. United States*, 277 F.2d 834, 841 (9th Cir. 1960). The government now argues that any similar reference should be precluded during the retrial's opening statement as it is based on irrelevant, inadmissible hearsay. Doc. 1600 at 2. The court should deny the motion for the following reasons.

**First**, the statement refers to relevant information that helps explain why Backpage.com charged for adult ads. Backpage.com was an online classified ad site that competed with Craigslist. Like Backpage, for many years, Craigslist allowed users to post ads for adult-oriented services. Like Backpage, Craigslist faced pressure from various groups about the content of some of these adult ads. In 2008, Craigslist, multiple state Attorneys General, and the National Center for Missing and Exploited Children jointly announced various changes to Craigslist's business, including that it would charge fees for ads in its "erotic services" category. *See* Def. Trial Ex. 5054, attached as Exhibit A. This change and others were among "new safeguards for craigslist and new ways of working together with law enforcement." *Id.* The joint announcement followed "a series of discussions and in person meetings between" Craigslist, NCMEC, and a state attorney general. *Id.* The announcement was widely publicized, including by the Arizona Attorney General, whose website still publicizes it. *See* Press Release, Arizona Attorney General, Terry Goddard Announces Multi-State Agreement with Craigslist (Nov. 6, 2008), https://www.azag.gov/press-release/terry-goddard-announces-multi-state-agreement-craigslist; https://www.azag.gov/sites/default/files/2018-10/craigslistfinalstatement.pdf.

Backpage, including the government's star witness Carl Ferrer, were following these developments. *See, e.g.,* Gov't Trial Ex. 17, attached as Exhibit B (11/21/2008 email chain with Carl Ferrer and others, noting that "Craigslist has begun charging for adult postings

in conjunction with a settlement reached with 40 state attorney generals"). Backpage personnel thought this was "validation of our adult business model," including that charging a fee can provide "financial data for law enforcement." *Id.* at 2.

This evidence is relevant to explain the rationale for Backpage's business practices and Defendants' intent in charging for ads. In addition, this evidence impeaches the government's assertion that Defendants' "greed" motivated them to publish ads the government says are for prostitution. Indeed, the government has made this a major theme of its case, mentioning "greed" eleven times during its opening statement at the first trial. Doc. 1341 at 6:9; 12:18; 28:8; 31:8; 37:24; 40:4, 24; 42:10; 45:23; 46:20; 50:19.

**Second**, evidence related to what Backpage employees knew about Craigslist's interactions with attorneys general is not hearsay; it is relevant to show what Backpage employees and Defendants understood about what happened, not to prove the truth of what occurred between Craigslist and government officials. Fed. R. Evid. 801(c)(2) (evidence is potentially hearsay if it is "offer[ed] . . . to prove the truth of the matter asserted"); *see Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1456 (9th Cir. 1983) (testimony that management received complaints about plaintiff from third parties is not hearsay because it was relevant to defendant's intent, not to prove the truth of the complaints).

**Third**, the motion is speculative and premature. Defendants understand that the opening statements should not include information counsel does not expect, in good faith, to be adduced at trial. The Court should not attempt to rule ahead of time on which statements from the 2021 trial's opening statement could or could not be repeated. If the defense makes a statement during opening that the government believes is not proper, it can object at that time, and the Court may rule based on the actual statement made.

**Conclusion.**

The government's motion at Doc. 1600 should be denied.

DATED this 15th day of June, 2023.

**OSBORN MALEDON, P.A.**

By    <u>s/ Joseph N. Roth</u>
        Timothy J. Eckstein
        Joseph N. Roth
        Sarah P. Lawson
        2929 North Central, 20th Floor
        Phoenix, Arizona  85012-2794

*Attorneys for James Larkin*

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By    <u>s/ Paul J. Cambria, Jr. (w/permission)</u>
        Paul J. Cambria, Jr. (*pro hac vice*)
        Erin E. McCampbell (*pro hac vice*)
        42 Delaware Avenue, Suite 120
        Buffalo, New York 14202

*Attorneys for Michael Lacey*

**FEDER LAW OFFICE PA**

By    <u>s/ Bruce S. Feder (w/permission)</u>
        Bruce S. Feder
        2930 E. Camelback Road, Suite 160
        Phoenix, Arizona  85016

**KESSLER LAW OFFICE**

By    <u>s/ Eric W. Kessler (w/permission)</u>
        Eric W. Kessler
        6720 N. Scottsdale Rd., Suite 210
        Scottsdale, Arizona  85253

*Attorneys for Scott Spear*

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By    <u>s/ Gary S. Lincenberg (w/permission)</u>
        Gary S. Lincenberg
        Gopi K. Panchapakesan
        Ariel A. Neuman
        1875 Century Park E., Suite 2300
        Los Angeles, California  90067

*Attorneys for John Brunst*

**DAVID EISENBERG PLC**

By    <u>s/ David S. Eisenberg (w/permission)</u>
        David S. Eisenberg
        3550 N. Central Ave., Ste. 1155
        Phoenix, Arizona  85012

*Attorneys for Andrew Padilla*

**JOY BERTRAND LAW**

By    <u>s/ Joy M. Bertrand (w/permission)</u>
        Joy M. Bertrand
        P.O. Box 2734
        Scottsdale, Arizona  85252

*Attorneys for Joye Vaught*