Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*
Additional counsel on following page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | Case No. 2:18-cr-00422-PHX-DJH |
|---|---|
| Plaintiff, | **DEFENDANTS' RESPONSE TO GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE REFERENCES TO SECTION 230 OF THE COMMUNICATIONS DECENCY ACT** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | (Oral Argument Requested) |

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
emccampbell@lglaw.com

*Attorneys for Michael Lacey*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Suite 160
Phoenix, Arizona 85016
(602) 257-0135
bf@federlawpa.com

Eric Walter Kessler
KESSLER LAW OFFICE
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona 85253
(480) 644-0093
Eric.kesslerlaw@gmail.com

*Attorneys for Scott Spear*

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW P.C.
1875 Century Park E., Suite 2300
Los Angeles, California 90067
(310) 201-2100
glincenberg@birdmarella.com
gpanchapakesan.@birdmarella.com
aneuman@birdmarella.com

*Attorneys for John Brunst*

David S. Eisenberg
DAVID EISENBERG PLC
3550 N. Central Ave., Ste. 1155
Phoenix, Arizona 85012
(602) 237-5076
david@eisenbergplc.com

*Attorneys for Andrew Padilla*

1  Joy Malby Bertrand
   JOY BERTRAND ESQ LLC
2  P.O. Box 2734
   Scottsdale, Arizona  85252
3  (480) 656-3919
   joyous@mailbag.com
4
   *Attorneys for Joye Vaught*
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Section 230 of the CDA "immunizes providers of interactive computer services against liability arising from content created by third parties." *Gonzalez v. Google LLC*, 2 F.4th 871, 886 (9th Cir. 2021), vacated and remanded on other grounds, 598 U.S. ___, 143 S.Ct. 1191 (2023).

> At the time Congress enacted § 230 [it] did not differentiate dangerous, criminal, or obscene content from innocuous content when it drafted § 230(c)(1). Instead, it broadly mandated that '[n]o provider ... of an interactive computer service shall be treated as the publisher or speaker of *any information* provided by another information content provider. 47 U.S.C. § 230(c)(1).

*Id.* at 896 (emphasis in original). Driven by "First Amendment values," "Congress did not sound an uncertain trumpet when it enacted the CDA, and it chose to grant broad protections to internet publishers." *Jane Doe No. 1 v. Backpage.com, LLC*, 817 F.3d 12, 29 (1st Cir. 2016); *see also Batzel v. Smith*, 333 F.3d 1018, 1028 (9th Cir. 2003) ("there is little doubt that [Congress] sought to further First Amendment and e-commerce interests on the Internet").

The government primarily argues (Doc. 1594 at 3) that any reference to Section 230 is not relevant because it does not provide immunity from federal criminal liability. True, Section 230 does not preclude federal prosecution, but that hardly means that it is irrelevant to this prosecution.

The government contends that Backpage's content moderation decisions and its content aggregation efforts (offering free adult ads on Backpage.com to, primarily, users of its main business rival, craigslist.com) evidence an intent to facilitate crime. But Backpage.com's moderation and aggregation practices were driven largely by the incentives and the immunities provided in Section 230, as recognized in numerous court decisions, including several involving Backpage.com.

Defendants must be permitted to present evidence tending to negate unlawful intent, including by showing that Backpage.com's moderation and aggregation processes were driven by factors other than facilitating crime. Although the Court will instruct the jury on the law, it cannot bar Defendants from presenting evidence about their contemporaneous understanding of Section 230 and the First Amendment values and interests it advanced and how that motivated Backpage's moderation and aggregation

4

practices. To preclude this evidence would violate Defendants' Fifth and Sixth Amendment rights to due process and a fair trial by interfering with their ability to cross-examine the government's witnesses, to elicit direct testimony from their own witnesses, and to present a complete defense that they did not possess the requisite specific intent and knowledge to violate the law.

Indeed, many of the government's witnesses -- Carl Ferrer, Dan Hyer, former moderators, NCMEC representatives, etc. -- were interviewed by law enforcement or communicated with Defendants about Section 230. The *Jencks* materials disclosed by the government for these witnesses are replete with mentions of Section 230. Defendants are entitled to cross-examine these witnesses on their understanding of this law, its impact on Backpage practices, and other matters. For example, Section 230's safe harbor immunity provision influenced how Backpage created and enforced moderation practices and other policies. To explain what motivated Defendants' conduct, the jury must be told about the information Defendants received regarding Section 230, including the articles, correspondence and other publications communicated to Defendants.

Furthermore, the government's motion failed to disclose that it previously moved to preclude the testimony of defense expert, Eric Goldman, about Section 230, Doc. 905, or that the Court, while granting that motion in part, ruled that Professor Goldman will be allowed to testify about Section 230: "Testimony that Section 230 was meant to incentivize Internet providers to engage in moderation practices will be allowed." Doc. 1081 at 20. That ruling implicitly recognizes that discussion of Section 230 is relevant, including as to Backpage's moderation practices. This is law of the case. Having failed to notice its own Section 230 expert and having failed to block the testimony of the defense expert, the government cannot remedy its own lack of an expert witness through an end-run around the Court's earlier ruling regarding the defense's Section 230 expert.

Given the central role Section 230 plays in influencing internet moderation practices generally and Backpage's moderation practices specifically, the government is simply wrong to argue (at 3-4) that reference to Section 230 would "mislead[]", "confus[e] the issues," or "wast[e] time." The government wants the jury to conclude that Backpage's moderation practices are evidence of an intent to facilitate criminal activity. Evidence

regarding Section 230 and its influence on Backpage's moderation policies directly rebut that argument. It is essential that the jury hear and understand this testimony. To preclude it would not confuse or waste time – it would keep the jury in the dark about critical evidence necessary to decide Defendants' state of mind.

Finally, the assertion (at 4) that Section 230 could only be relevant to jury-nullification is as wrongheaded as it is revealing. The evidence related to Section 230 severely undercuts key pillars of the government's case because it shows Defendants' non-criminal, good-faith desire to follow the law. That the jury may find such evidence persuasive is not "nullification." Though the government plainly wants the jury kept ignorant of Section 230, the jury cannot understand the facts of this case without it. The Court must deny this motion.

DATED this 15th day of June, 2023.

**OSBORN MALEDON, P.A.**

By    s/ Joseph N. Roth
Timothy J. Eckstein
Joseph N. Roth
Sarah P. Lawson
2929 North Central, 20th Floor
Phoenix, Arizona 85012-2794

*Attorneys for James Larkin*

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By    s/ Paul J. Cambria, Jr. (w/permission)
Paul J. Cambria, Jr. (*pro hac vice*)
Erin E. McCampbell (*pro hac vice*)
42 Delaware Avenue, Suite 120
Buffalo, New York 14202

*Attorneys for Michael Lacey*

**FEDER LAW OFFICE PA**

By    s/ Bruce S. Feder (w/permission)
Bruce S. Feder

2930 E. Camelback Road, Suite 160
Phoenix, Arizona  85016

**KESSLER LAW OFFICE**

By    <u>s/ Eric W. Kessler (w/permission)</u>
       Eric W. Kessler
       6720 N. Scottsdale Rd., Suite 210
       Scottsdale, Arizona  85253

*Attorneys for Scott Spear*

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By    <u>s/ Gary S. Lincenberg (w/permission)</u>
       Gary S. Lincenberg
       Gopi K. Panchapakesan
       Ariel A. Neuman
       1875 Century Park E., Suite 2300
       Los Angeles, California  90067

*Attorneys for John Brunst*

**DAVID EISENBERG PLC**

By    <u>s/ David S. Eisenberg (w/permission)</u>
       David S. Eisenberg
       3550 N. Central Ave., Ste. 1155
       Phoenix, Arizona  85012

*Attorneys for Andrew Padilla*

**JOY BERTRAND LAW**

By    <u>s/ Joy M. Bertrand (w/permission)</u>
       Joy M. Bertrand
       P.O. Box 2734
       Scottsdale, Arizona  85252

*Attorneys for Joye Vaught*