GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| United States of America, | CR-18-422-PHX-DJH |
|---|---|
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANTS' MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO DISMISS SUPERSEDING INDICTMENT [Doc. 1622]** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

**Preliminary Statement**

In denying Defendants' last four motions challenging the sufficiency of the Superseding Indictment (SI, Doc. 230), the Court correctly determined that the SI properly alleges the essential elements of the Travel Act offenses. *See* Docs. 793, 840, 946, 1587. Now, in what is essentially Defendants' fifth challenge to the SI, Defendants claim that *United States v. Hansen*, --- S.Ct. ---, 2023 WL 4138994 (June 23, 2023), requires that the SI expressly allege the generic elements of aiding and abetting. Mot. at 4-6. For several reasons, Defendants' motion should be denied.

Defendants overread *Hansen* in at least two ways. First, on their view, *Hansen* has upended decades of Supreme Court and Ninth Circuit precedent regarding standards that govern the sufficiency of indictments. Yet *Hansen* is not a sufficiency-of-the-pleadings case; it contains no discussion of pleading standards and says nothing about the sufficiency of indictments. Second, Defendants assert that *Hansen* has reduced the entirety of the Travel Act to a crime of aiding and abetting. But *Hansen* involves an entirely different immigration statute, and it does not analyze the Travel Act's unique text and structure. It provides no support for the claim that a Travel Act indictment must allege aiding and abetting to survive a motion to dismiss.

And even if it did, the notion that the SI is deficient for not alleging aiding and abetting is a non-starter because—as this Court has already recognized—such elements are read into every federal indictment as a matter of law. Doc. 1587 at 15.

Moreover, even if the SI were required, as Defendants claim, to identify specific state crimes and Defendants' intent to aid their commission, the SI does precisely that. The Court has found the SI alleges that the ads in the SI were for prostitution, and advertising prostitution is illegal throughout the United States. The SI alleges Defendants intended to and did promote their customers' prostitution ventures by publishing these unlawful ads. Nothing more is required.

*Hansen* is not an intervening change in controlling law on the essential elements that must be pled in a Travel Act indictment. The motion should be denied.

**Background**

The SI's factual allegations must be taken as true at this stage. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002). The Court has summarized them multiple times. Doc. 793 at 1-7, 9-11, 19-20; Doc. 840 at 1-3; Doc. 946 at 1-4; *see also* Doc. 1577 at 3-5. Pertinent allegations are discussed below.

**Argument**

**I.   Correctly Applying Ninth Circuit Law, the Court Has Repeatedly Ruled that the SI Sufficiently Alleges the Essential Elements of a Travel Act Offense.**

Defendants contend the SI's Travel Act counts "must allege that each Defendant had the specific intent to commit each element of each of the underlying prostitution offenses and that the prostitution offenses . . . were actually committed." (Mot. at 6.) Defendants have made these arguments—and the Court has rejected them—several times.

First, in its October 24, 2019 Order denying Defendants' Motion to Dismiss, the Court rejected Defendants' claims that the SI was deficiently pled under the First Amendment and the Travel Act. Doc. 793. The Court correctly stated that, as the Ninth Circuit has made clear, a Travel Act indictment must allege three essential elements: "(1) interstate commerce or use of an interstate facility; (2) with the intent to 'promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity'; and (3) a subsequent overt act in furtherance of that unlawful activity." Doc. 793 at 20-21 (citing 18 U.S.C. § 1952(a) and *United States v. Tavelman*, 650 F.2d 1133, 1138 (9th Cir. 1981)). The Court found the SI "contains the elements of the offense charged," "gives Defendants enough facts and circumstances to inform the accused of the charged offenses," and "contains sufficient factual allegations to implicate all Defendants." Doc. 793 at 19, 22. The Court also found, "[a]dditionally, when there is a 'continuous conspiracy,' the 'overt act[s] of one partner may be the act of all without any new agreement specifically directed to that act.'" Doc. 793 at 19 (citation omitted).

Second, in its January 8, 2020 Order denying Defendants' Motion to Dismiss Based on Section 230 of the Communications Decency Act or, Alternatively, as Void for

Vagueness, the Court again recognized that *Tavelman* sets forth the essential elements for pleading a Travel Act offense, and found that "[t]he [SI] clears each hurdle. It alleges Defendants, with intent to promote or facilitate state law prostitution offenses, performed overt acts in furtherance of that unlawful activity." Doc. 840 at 10-11.

Third, in its May 4, 2020 Order denying Defendants' Motion to Dismiss Indictment on Failure to Allege the Necessary Elements of the Travel Act, the Court recognized, again, that "[t]he Travel Act's text clearly outlines the requisite elements [of stating an offense]." Doc. 946 at 8. The Court rejected Defendants' assertions "that the SI does not allege any specific 'unlawful activity' or 'business enterprise(s) involving prostitution offenses." Doc. 946 at 8-9. Rather, the SI alleges "unlawful activity" for each Travel Act count "with adequate specificity to inform Defendants of their charges" by alleging "fifty instances where Defendants posted ads on Backpage.com to facilitate specific individual prostitutes or pimps involved in the business of prostitution," and by using language that "almost identically mirrors the Travel Act's text." Doc. 946 at 12. Moreover, the Court "[found] previously that the SI alleged each Defendant had the requisite specific intent to promote an unlawful activity in violation of the Travel Act on fifty occasions"; whether they "in fact intended to facilitate prostitution by publishing the ads is a matter for the fact-finder, not the Court right now." Doc. 946 at 15-16.

Fourth, in its June 1, 2023 Order denying Defendants' Motion to Dismiss Superseding Indictment, the Court rejected Defendants' claim that the SI had to expressly state the elements of aiding and abetting, and again found that the SI alleges the essential elements of the Travel Act. Doc. 1587 at 6. The Court quoted the Ninth Circuit's established caselaw identifying the three essential elements of a Travel Act indictment:

> [T]he Ninth Circuit requires that "[a]n indictment under the Travel Act [allege] each of the three elements of the crime: (1) interstate commerce or use of an interstate facility (2) with intent to promote an unlawful activity and (3) a subsequent overt act in furtherance of that unlawful activity." *United States v. Tavelman*, 650 F.2d 1133, 1138 (9th Cir. 1981). *See also United States v. Gordon*, 641 F.2d 1281, 1284 (9th Cir. 1981) (stating "it is clear that the statutory language embodies all of the essential elements [of a Travel Act indictment] and that reference to state law is necessary only to identify the type of unlawful activity involved") (cleaned up).

Doc. 1587 at 6. The Court then recognized that the Ninth Circuit has also established that the Travel Act does not require the commission of a predicate offense:

> The Ninth Circuit has clarified that "[t]he Travel Act does not require the commission of the predicate offense; rather, only an 'attempt[ ] to promote' the unlawful activity, 18 U.S.C. § 1952(a), with 'a subsequent overt act in furtherance of that unlawful activity.'" *United States v. Stafford*, 831 F.2d 1479, 1482 (9th Cir. 1987) (*citing Tavelman*, 650 F.2d at 1138).

Doc. 1587 at 6. The Court also recognized that the Ninth Circuit has already answered the question of what intent is required to secure a Travel Act conviction:

> The intent required under the Travel Act is the "specific intent to facilitate an activity which the accused knew to be unlawful under state law." *United States v. Polizzi*, 500 F.2d 856, 876–77 (9th Cir. 1974). *See also United States v. Gibson Specialty Co.*, 507 F.2d 446, 449 (9th Cir. 1974) (to obtain a conviction under the Travel Act, the Government must show Defendants had "specific intent to promote, manage, establish, carry on or facilitate one of the prohibited activities"). The Travel Act does not contain the words "aid or abet."

Doc. 1587 at 6.

The Court then found that there was no cause to reconsider its prior rulings regarding the sufficiency of the SI. Doc. 1587 at 7. The Court first squarely rejected the notion that an essential element of a Travel Act charge requires proof of "commission of an offense by someone":

> The Ninth Circuit does not require that an indictment allege someone committed the predicate offense to put Defendants on notice that they have been charged with facilitating or promoting state law prostitution offense under Section 1952(a)(3). *See Stafford*, 831 F.2d at 1482 ("[t]he Travel Act does not require the commission of the predicate offense; rather, only an 'attempt[ ] to promote' the unlawful activity, 18 U.S.C. § 1952(a), with 'a subsequent overt act in furtherance of that unlawful activity.'") (*citing Tavelman*, 650 F.2d at 1138). *Accord McIntosh v. United States*, 385 F.2d 274, 277 (8th Cir. 1967) ("accomplishment of the State substantive offense is not a prerequisite to Travel Act conviction.") (citations omitted); *United States v. Palfrey*, 499 F.Supp.2d 34 (D.C. Cir. 2007) (rejecting insufficiency of indictment for failure to alleged the elements of the predicate state offense: "The Indictment must allege the *essential* elements of the offense with which Defendant is charged, namely, violations of the Travel Act . . . The elements of the predicate state offenses are not essential elements of the Travel Act violations.") (internal citation omitted); *United States v. Welch*, 327 F.3d 1081, 1092 (10th Cir. 2003) ("An actual violation of [the Utah Commercial Bribery Statute] is not an element of the alleged Travel Act violations in this case and need not have occurred to support the Government's § 1952 prosecution"); *United States v. Montague*, 29 F.3d 317, 322 (7th Cir. 1994) ("Section 1952 does not require that the state crime ever be completed.").

Doc. 1587 at 8-9.

The Court found that "[a]s *Stafford* and *Tavelman* make clear, the Travel Act requires only that the indictment allege the essential element of 'a subsequent overt act in furtherance of that unlawful activity,' not that someone committed the underlying offense. *Tavelman*, 650 F.2d at 1138. And as this Court has already held, "the SI here clears that hurdle." Doc. 1587 at 9.

The Court also rejected Defendants' assertion that the SI has to allege that, with respect to each charged ad, Defendants "'intended to facilitate the commission of *that* specific [prostitution] offense.'" Doc. 1587 (quoting Doc. 1557 at 10). The Court wrote that it "previously rejected" Defendants' assertion that the SI did not sufficiently link Defendants' knowledge and intent to the charged ads, and noted that it had "identified the many specific facts tethering Defendants' actions to their knowledge that posting the fifty ads would facilitate the business of prostitution." Doc. 1587 at 12.

The Court rejected Defendants' contention that an SI alleging Travel Act charges must plead all the traditional elements of aiding and abetting. Doc. 1587 at 15. The Court noted that Defendants had cited no cases holding that a Travel Act indictment must be dismissed if it does not contain such language, and found that "[n]either the text of the Travel Act nor Ninth Circuit case law require as much." Doc. 1587 at 15. Moreover, as the United States pointed out "and Defendants concede (Doc. 1585 at 7), even if a Travel Act charge could be considered an aiding and abetting offense, an aiding and abetting charge is implied in every federal indictment for a substantive offense and would also resolve any pleading deficiency in that regard." Doc. 1587 at 15.

**II.    *Hansen* Does Not Require a Different Result.**

The crux of Defendants' current motion is the assertion that *Hansen* has changed the pleading standards for Travel Act indictments. Defendants assert that "[u]nder *Hansen*'s binding precedent," "the indictment must allege that each Defendant had the specific intent to commit each element of each of the underlying prostitution offenses and that the prostitution offenses Defendants are alleged to have facilitated actually were

committed." Doc. 1622 at 6. Defendants also assert the SI must allege that each Defendant had "full and advance knowledge" that the prostitution offense would be committed. Doc. 1622 at 6.

Defendants' latest attack on the SI should be rejected for several reasons.

### A.  *Hansen* Doesn't Upend the Standards Used to Assess Indictments.

The Supreme Court has long recognized that an indictment is sufficient if it meets two constitutional requirements: first, it contains the elements of the offense charged in sufficient detail to fairly inform the defendant of the crime against which he or she must defend; and second, it safeguards the defendant from a subsequent prosecution for the same offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). An indictment that tracks the language of the charged statute "is often sufficient." *Id.* at 109. If more is required, the indictment need only "contain a few basic factual allegations [to] accord[ ] defendants adequate notice of the charges." *United States v. Cecil*, 608 F.2d 1294, 1296-97 (9th Cir. 1979). "While detailed allegations might well have been required under common-law pleading rules . . . they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *Resendiz-Ponce*, 549 U.S. at 108.

An indictment "should be read in its entirety, construed according to common sense, and interpreted to include facts which are necessarily implied." *United States. v. O'Donnell*, 608 F.3d 546, 555 (9th Cir. 2010). "The Government need not allege its theory of the case or supporting evidence, but only the essential facts necessary to apprise a defendant of the crime charged." *United States v. Buckley*, 689 F.2d 893, 897 (9th Cir. 1982). *See id*. at 895 ("a minimally adequate description of the charge" suffices).

*Hansen* contains no discussion of pleading standards—it isn't a sufficiency-of-the-pleadings decision. *Hansen* considered whether 8 U.S.C. § 1324(a)(1)(A)(iv)—which prohibits "encourag[ing]" or "induc[ing]" a non-citizen to enter or remain in the United States—is facially overbroad under the First Amendment for criminalizing immigration advocacy and other protected speech. *United States v. Hansen*, --- S.Ct. ---, 2023 WL

4138994, at *3-4 (June 23, 2023). That issue is absent in this case, which involves prostitution solicitations—offers categorically excluded from First Amendment protection. Doc. 793 at 14 ("Prostitution ads are ads for illegal transactions. . . . The First Amendment does not protect 'offers to engage in illegal transactions.'") (citations omitted).

In holding that 8 U.S.C. § 1324(a)(1)(A)(iv) is not facially overbroad, the Supreme Court said nothing about what essential elements must be alleged in indictment charging a defendant with violating that statute's encourage-or-induce provision. The Court construed the statute's terms "encourage" or "induce" as synonymous with generic concepts of "criminal solicitation" and "facilitation." *Id*. at *6-10. So construed, the statute was not unconstitutionally overbroad. *Id*. at *11-12. The Court explained that solicitation "is the intentional encouragement of an unlawful act," but "[f]acilitation—also called aiding and abetting—is the provision of assistance to a wrongdoer with the intent to further an offense's commission." *Id*. at *6.

*Hansen* is not "binding precedent" on the issue of what elements must be alleged in an indictment for violating 8 U.S.C. § 1324(a)(1)(A)(iv)—or any other federal statute, including the Travel Act—to survive a motion to dismiss under Rule 7(c)(1). In *Hansen*, the Supreme Court did not discuss or consider whether Hansen's indictment alleged, sufficiently or otherwise, the elements of the crimes of solicitation or facilitation. The opinion contains no discussion about the indictment's sufficiency. It does not hold that, for Hansen's conviction to stand, the indictment must have alleged all evidentiary elements that must typically be proven to sustain a conviction for either solicitation or aiding and abetting. It contains no language altering the notice pleading standards that apply to indictments like the SI in this case.

As this Court has repeatedly found, the SI tracks the statutory language of the Travel Act *and* provides detailed statements of the facts and circumstances to inform Defendants of the charged offenses. For this reason alone, it far surpasses the minimal requirements of notice pleading—a result that remains the same under *Hansen*.

### B. *Hansen* Doesn't Abrogate Circuit Law Identifying the Three Essential Elements of Travel Act Indictments.

Scores of cases—from the Ninth Circuit and other Circuits—define the essential elements of a Travel Act offense. In the Ninth Circuit, "[a]n indictment under the Travel Act requires allegations of each of the three elements of the crime: (1) interstate commerce or use of an interstate facility (2) with intent to promote an unlawful activity and (3) a subsequent overt act in furtherance of that unlawful activity." *Tavelman*, 650 F.2d at 1138. The statutory language of § 1952 "embodies all of the essential elements" of that offense. *United States v. Gordon*, 641 F.2d 1281, 1284 (9th Cir. 1981); *United States v. Winslow*, 962 F.2d 845, 852 (9th Cir. 1992); *United States v. Stafford*, 831 F.2d 1479, 1482 (9th Cir. 1987). At least five Circuits share this view. *See United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2003); *United States v. Childress*, 58 F.3d 693, 719 (D.C. Cir. 1995); *United States v. Monu*, 782 F.2d 1209, 1211 (4th Cir. 1986); *United States v. Muskovsky*, 863 F.2d 1319, 1326 (7th Cir. 1988); *United States v. Palfrey*, 499 F. Supp. 2d 34, 43 (D.D.C. 2007) (the Fifth, Seventh, Eighth, Ninth, and D.C. Circuits have upheld Travel Act convictions "based on virtually identical indictments").

And as the United States explained in Doc. 1577 at 9, the SI contains precisely such "statute-tracking language" in SI¶201. *Palfrey*, 499 F. Supp. 2d at 43. Counts 2-51 allege Defendants and others "used . . . any facility in interstate . . . commerce with intent to otherwise promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of an unlawful activity, to wit: prostitution offenses in violation of the laws of the State in which they are committed and of the United States, including but not limited to [Ariz. Rev. Stat.] Section 13-3214, and thereafter performed and attempted to perform an act that did promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of the unlawful activity" by publishing the 50 ads identified in Counts 2-51. SI¶201. *See* 18 U.S. § 1952(a)(3), (b)(i)(1).

If that were not enough, the SI contains pages and pages of allegations describing how Defendants built Backpage into the internet's leading online marketplace for

prostitution, conspired together to violate the Travel Act, and committed substantive Travel Act violations by publishing prostitution solicitations enumerated in Counts 2-51. SI¶¶1-201. Particularly when viewed through notice pleading standards, the SI's allegations are more than enough to inform Defendants of the charges—as this Court has repeatedly held.

*Hansen* didn't suddenly overrule decades of Ninth Circuit precedent (and the law of several other Circuits) prescribing the essential elements that must be alleged to state a Travel Act offense in a notice pleading. *Tavelman*, *Gordon*, *Stafford*, and other authorities discussed above remain good law. They apply the well-settled principles that indictments that track the language of the charged statute are generally sufficient to put a defendant on notice of the crimes charged, and that if more details are needed, the indictment need only contain a minimally adequate statement of the nature and circumstances of the charged offenses. *Hansen* says nothing about any of these longstanding principles, and it cannot be read to upend the cavalcade of precedent that supports the Court's four prior orders finding the SI sufficient. *Hansen* is not "clearly irreconcilable" with those decisions. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (a Supreme Court opinion "must have undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable").

### C. Defendants Are Charged as Principals.

Aiding and abetting is merely an alternative theory of liability for a substantive crime. *United States v. Garcia*, 400 F.3d 816, 820 (9th Cir. 2005); Doc. 1587 at 16. The substantive crime in Counts 2-51 of the SI isn't state prostitution offenses. Counts 2-51 charge violations of the Travel Act, a federal offense. SI¶ 201. *See Gordon*, 641 F.2d at 1284 and n.6 ("the gravamen of a charge under 18 U.S.C. § 1952 is the violation of federal law"; "reference to state law is only necessary to identify the type of illegal activity") (cleaned up).

Defendants' aid-and-abet theory assumes that Defendants were charged as non-principals of others' crimes. But the SI alleges that Defendants themselves violated the Travel Act in each of the 50 substantive Travel Act counts. SI¶201, Counts 2-51. The SI

focuses on Defendants' conduct as the operators and managers of Backpage, and alleges that they intended to promote unlawful activity by designing and operating the internet's leading source of prostitution ads. SI¶¶1, 9-11, 34. The SI alleges Defendants used several strategies to corner the online market for prostitution ads, including: (1) aggregation, or creating free ads for—and enlisting business from—prostitutes who advertised on other websites, SI¶¶9, 34-44; (2) reciprocal link partnerships, which involved inserting links or allowing references to websites like The Erotic Review that published reviews of the sexual services and prices offered by prostitutes advertising on Backpage, SI¶¶10, 34, 45-58; (3) affiliate relationships through which Backpage paid fees to secure bulk prostitution advertising, SI¶¶59-67; and (4) moderation, or "sanitizing" customers' ads by removing the most overt references to prostitution without blocking the ad itself, SI¶¶11, 34, 68-152.

Pursuant to these practices, which Defendants developed, oversaw, and executed, the SI describes several examples of Backpage employees coaching or assisting customers regarding ads that promoted or facilitated the customers' prostitution ventures. For example, in February 2011, the Backpage customer "Licks Alot" emailed to complain that all the pictures in one of her ads had been deleted. SI¶91. Backpage's CEO, Carl Ferrer, responded by explaining that one of her photos had been removed because "[o]ur crazy internet safety experts do not want any genitalia showing up around the thong." SI¶91. He apologized, allowed her prostitution ad to remain on the website and offered a free upgrade. SI¶91. Between September 2010 and October 2012, Ferrer became aware that Backpage customer P.R. was posting prostitution ads. SI¶132. He repeatedly restored her posting privileges and gave her advice on how to conform to Backpage's publication standards. SI¶132. Defendants Padilla and Vaught were also aware of P.R.'s ads. SI¶132. In 2010 and 2011, Ferrer and Padilla worked on restoring prostitution ads placed by Dollar Bill, and Ferrer advised Dollar Bill "on how to wordsmith ads so they wouldn't be rejected by Backpage's moderators." SI¶¶59-67. Other Backpage employees coached pimps or victims about the ads or edited them. *E.g.*, SI¶¶160, 163-64, 166, 170, 172.

Defendants' efforts to develop Backpage into the internet's leading source of

prostitution ads were successful: Backpage ultimately "derived the overwhelming majority of its revenue"—some $500 million—from prostitution ads. SI¶¶1, 15, 177. As Defendants admitted, Backpage's "adult" section became a hub for prostitution ads. *See, e.g.* SI¶1, 9, ¶11 (Defendants "admitted—in internal company documents and during private meetings—that, despite [moderation], they knew the overwhelming majority of the website's ads still involved prostitution"); ¶11 (Lacey "bragged about the company's contributions to the prostitution industry").

These allegations support the SI's charges against Defendants as principal violators of the Travel Act. To be sure, along with the SI alleging sufficient facts to support the Travel Act counts against each Defendant, Defendants are also accountable under *Pinkerton v. United States*, 328 U.S. 640 (1946). *Pinkerton* liability applies because the publication of the ads was reasonably foreseeable given the policies Defendants implemented as part of the conspiracy charged in Count 1. 9th Cir. Model Crim. J. Instr. 11.6; Doc. 793 at 19 (discussing *Pinkerton* doctrine). And because aid-and-abet is read into every federal charge as a matter of law, Defendants could be liable under that alternative theory. But these theories of alternative liability are a matter for trial, not the pleadings.

The bottom line is that the SI charges Defendants as principal violators of the Travel Act in Counts 2-51. Because Defendants are charged as principals, any discussion of aiding and abetting is beside the point.

But even if the Defendants are liable under the "facilitate the promotion of" clause of the Travel Act, Defendants would—under their own theory—be subject to criminal liability as aiders and abettors of someone else's *promotion* of unlawful activity under the Travel Act, a federal crime. They would not be subject to liability as aiders and abettors of a state law crime.

**D.    Aid and Abet Is Read Into the SI as a Matter of Law.**

Defendants' insistence that *Hansen* requires the United States to allege the elements of aiding and abetting falter for an independent reason. "Aiding and abetting is implied in every federal indictment for a substantive offense"; it need not be separately charged or

spelled-out in a federal criminal indictment. *United States v. Armstrong*, 909 F.2d 1238, 1241 (9th Cir. 1990). Even if the elements of aiding and abetting are required, the SI can be read as including them—as this Court has already found. Doc. 1587 at 15 ("[E]ven if a Travel Act charge could be considered an aiding and abetting offense, an aiding and abetting charge is implied in every federal indictment for a substantive offense and would also resolve any pleading deficiency in that regard.") (citing *Armstrong* and *United States v. Vaandering*, 50 F.3d 696, 702 (9th Cir. 1995)).

In Doc. 1587, the Court rejected Defendants' argument that this rule applies only when a defendant is indicted as a principal of a substantive federal offense. Doc. 1587 at 15 (discussing Doc. 1585 at 7). Defendants, the Court observed, cited no relevant case law supporting this proposition, and also did not explain why the rule would not apply to other participants. Doc. 1587 at 16. Defendants identify no intervening change in law or other grounds that could warrant reconsideration of this ruling, and they wisely do not seek reconsideration of that ruling here. *See* LRCiv. 7.2(g)(1) (a motion for reconsideration must "point out with specificity the matters that the movant believes were overlooked or misapprehended by the Court . . . and any specific modifications being sought in the Court's Order"); LRCrim. 12.1(a).

    **E.**    ***Hansen* Does Not Superimpose on the Travel Act the Requirement of Pleading a Completed Underlying State Offense.**

Whether the underlying unlawful activity that a defendant is charged with promoting, or facilitating the promotion of, is ever accomplished is irrelevant under the statute. *Stafford*, 831 F.2d at 1482 ("The Travel Act does not require the commission of the predicate offense; rather, only an '[intent] to promote' the unlawful activity, 18 U.S.C. § 1952(a), with 'a subsequent overt act in furtherance of that unlawful activity.'" (quoting *Tavelman*, 650 F.2d at 1138). The SI need not even cite the particular state statute on which the "unlawful activity" is based. *Gordon*, 641 F.2d at 1284-85 and n.6. *See also Welch*, 327 F.3d at 1092 ("The Travel Act proscribes not the unlawful activity per se, but the use of interstate facilities with the requisite intent to promote such unlawful activity. An actual

violation of [state law] is not an element . . . and need not have occurred[.]"); *United States v. Montague*, 29 F.3d 317, 322 (7th Cir. 1994) ("Section 1952 does not require that the state crime ever be completed."); *Palfrey*, 499 F. Supp. 2d at 43 ("To the extent Defendant is arguing that the Government must prove each element of the predicate state offenses, it is well-settled that the Government bears no such burden. [The Act] requires only that a defendant 'inten[ded] to . . . promote . . . any unlawful activity[.]'").

Defendants nevertheless assert that because *Hansen* associates "facilitate" with "aid-and-abet," a Travel Act indictment must plead all traditional elements of aiding and abetting—including the completion of an underlying state crime. Mot. at 5-6. But this reading of *Hansen* ignores the plain language of the Travel Act, which *Hansen* never considered. The Travel Act makes it a felony to use a facility of interstate commerce "with intent to . . . promote, . . . *or* facilitate the promotion of" unlawful activity, and thereafter "perform[ ] or *attempt*[ ] to perform an act" that promotes *or* facilitates the promotion of such activity. 18 U.S.C. § 1952(a)(3) (emphasis added).[1] The statute's language shows that a defendant may violate the Travel Act in alternative ways, including by promoting, *or* facilitating the promotion, of unlawful activity. Defendants' reading ignores the word "promote"—"a result we typically try to avoid." *N.L.R.B. v. SW Gen., Inc.*, 137 S. Ct. 929, 941 (2017). *See also Williams v. Taylor*, 529 U.S. 362, 404 (2000) ("[W]e must give effect, if possible, to every clause and word of a statute."). Defendants' reading also ignores the statute's attempt language.

But the statutory text confirms that Travel Act offenses do not require proof of the completion of another proposed offense. *Hansen* contains no discussion of the federal criminal law meaning of "promote." Other sources show that "promote"—when used in the context of prostitution—is often associated with the act or offense of solicitation. *See, e.g.*, PANDERING, Black's Law Dictionary (11th ed. 2019) (associating pandering with

---

[1] "Unlawful activity" is defined, as pertinent here, as "any business enterprise involving . . . prostitution offenses in violation of the laws of the State in which they are committed or of the United States." 18 U.S.C. § 1952(b)(i)(1).

soliciting and "promoting prostitution"). "Promote" is also a central part of the definition of "advertising." ADVERTISING, Black's Law Dictionary (11th ed. 2019) (advertising is "[t]he action of drawing the public's attention to something to *promote* its sale") (emphasis added). *See also United States v. Williams*, 553 U.S. 285, 294-95 (2008) (discussing "promote" as meaning "[t]o attempt to sell or popularize by advertising or publicity") (quoting American Heritage Dictionary 1403 (4th ed.2000) (def. 4:)).

Soliciting and advertising are inchoate acts—they promote outcomes that need never be completed. *Hansen* recognizes that, unlike aiding and abetting, solicitation does not require that a separate crime ever occur. *Hansen*, 2023 WL 4138994, at *6. *Williams* similarly recognizes that promoting, solicitation, and pandering are "inchoate crimes." *Williams*, 553 U.S. at 300. Liability for inchoate crimes does not rely on the completion of a separate crime; rather, these crimes are unlawful whether or not the proposed illegal conduct ensues. *Id. United States v. Castillo*, 69 F.4th 648, 652 (9th Cir. 2023) ("[B]y definition, inchoate crimes do not require completion of the criminal objective[.]") (cleaned up). *See also* 18 U.S.C. § 1952(a)(3) (discussing the Travel Act's attempt language).

Simply put, if a defendant is charged with "promoting" unlawful activity under the Act, the underlying unlawful activity (here, business enterprises involving state law prostitution offenses) need never be accomplished. *E.g.*, *Gordon*, 641 F.2d at 1284-85 and n.6; *Welch*, 327 F.3d at 1092; *Montague*, 29 F.3d at 322; *Palfrey*, 499 F. Supp. 2d at 43. And if a defendant is charged with "facilitating [another person's] promotion of" such unlawful activity, the connection between the defendant's conduct and the underlying unlawful activity is even more attenuated. The defendant would be liable if they facilitated another person's crime of promoting unlawful activity, and not if they facilitated a completed underlying state law crime.

*Hansen* does not compel a contrary conclusion. *Hansen* discusses generic criminal law concepts of "facilitation" and "aid and abet," but it doesn't analyze the Travel Act. *See Hansen*, 2023 WL 4138994, at *6. In the Travel Act, Congress used language that is much more specific than the generic offense of aiding and abetting. *Compare* 18 U.S.C. § 1952

*with* § 2. Under the Act, for example, a defendant must intend to promote, or facilitate the promotion of, any business enterprise involved in prostitution offenses; the Act's text doesn't require that a specific, completed state law prostitution offense must occur. Congress sought to criminalize not the underlying criminal activity, but intentional efforts to use channels of interstate commerce to promote (or facilitate the promotion of) businesses involved in such activity. *See* Doc. 946 at 7-14. For all these reasons, Ninth Circuit precedent holding that the Travel Act does not require proof of the commission of an underlying state crime are not "clearly irreconcilable" with *Hansen*. *See Miller*, 335 F.3d at 900.

If a completed act of promotion is required, the SI identifies by date and description the 50 ads associated with the 50 substantive Travel Act counts. SI¶201. Each ad is proof of a completed act of promotion. And SI's allegations, taken as true, show each ad was for prostitution. Doc. 793 at 9. *See id*. at 11 ("The Court is convinced the factual allegations in the SI are sufficient to show the ads were for prostitution.").

### F. *Hansen* Doesn't Change the Intent that Must Be Alleged.

*Hansen* also doesn't alter the way that intent needs to be alleged. Criminal intent is always "a question of fact which must be submitted to the jury." *Morissette v. United States*, 342 U.S. 246, 274 (1952); *see Takahashi v. United States*, 143 F.2d 118, 122 (9th Cir. 1944) ("knowledge and intent are always questions of fact for the jury"). This rule applies to Travel Act cases. *United States v. Graham*, 581 F.2d 789, 790 (9th Cir. 1978).

Because intent is a trial-based determination, the requirements for pleading intent at the motion to dismiss stage are light. As the Ninth Circuit has recognized, "[a]n indictment under the Travel Act requires allegations of each of the three elements of the crime," including "intent to promote an unlawful activity." *Tavelman*, 650 F.2d at 1138. *Tavelman* found sufficient a Travel Act indictment that alleged: "[O]n July 20, 1979: (1) the defendants traveled interstate…(2) with the intent to promote a violation of 21 U.S.C. § 841(a)…and (3) thereafter knowingly performed acts facilitating that unlawful activity." 650 F.2d at 1138. The court held these allegations "are sufficient to state violations of 18

U.S.C. § 1952(a)(3)." *Id*. Accordingly, alleging an "intent to promote an unlawful activity" is sufficient. *Id*. This is what the SI alleges. SI¶201. No more is required. *Hansen* (which doesn't address pleading requirements) does not hold to the contrary.

At least five other Circuits share the Ninth Circuit's view. *See Welch*, 327 F.3d at 1090; *Childress*, 58 F.3d at 719; *Muskovsky*, 863 F.2d at 1326; *Palfrey*, 499 F. Supp. at 43 (citing Fifth, Seventh, Eighth, Ninth, and D.C. Circuits). In *Welch*, for example, a case involving alleged bribery regarding the selection of Salt Lake City for the 2002 Winter Olympics, the indictment alleged defendants violated the Travel Act by making monetary transfers with the "intent to…promote...or facilitate the promotion" of the crime of bribery under Utah law. *Welch*, 327 F.3d at 1097. Reversing dismissal, the Tenth Circuit found these allegations sufficient. The court noted: "At trial, Defendants will be free to argue before the jury that they facilitated these transfers . . . absent the requisite intent to promote bribery. . . . That argument, however, is premature because at this stage we accept the indictment's allegations as true." *Id*.

So too here: Counts 2-51 allege that each Defendant violated the Travel Act by publishing the 50 identified ads with the intent to promote, or facilitate the promotion of, unlawful prostitution. SI¶201. The SI teems with allegations that Defendants knew the vast majority of their "adult" ads were for prostitution and took steps to intentionally facilitate that activity. Doc. 946 at 15; *see also* Doc. 793 at 19-20. At trial, Defendants can argue to the jury that they ran a $500 million prostitution solicitation website without intending to promote or facilitate their customers' prostitution services. But allowing them to "improperly wander beyond the four corners of the indictment to argue their case" at the sufficiency-of-the-pleading stage is prohibited. *Welch*, 327 F.3d at 1097.

*United States v. Gibson Specialty Co.*, 507 F.2d 446 (9th Cir. 1974), does not support Defendants. *Cf.* Mot. at 6-7. There, the parties stipulated to the facts, so the court treated the motion to dismiss as a challenge to the sufficiency of the evidence, not the pleadings. 507 F.2d at 449 n.5. *Gibson* nowhere states that a Travel Act indictment must plead aiding and abetting to survive dismissal. And it predates *Tavelman*, *Gordon*, *Stafford*,

and other cases holding that § 1952's language states the essential elements of a Travel Act offense.

### G. The SI Alleges State Law Offenses and Defendants' Intent.

Alternatively, if the SI needs to allege (1) the actual (or attempted) commission of a state law violation and (2) intent to accomplish that violation, it does so—as the Court has already found. *See* Doc. 1577 at 11-13; *see* Doc. 946 at 9-14 ("Specific Instances of 'Unlawful Activity' Are Alleged"); Doc. 946 at 14-16 ("Intent is Adequately Alleged for Each Travel Act Count"); Doc. 793 at 14-20.

### Conclusion

Defendants' Motion for Reconsideration (Doc. 1622) should be denied.

Respectfully submitted this 3rd day of July, 2023.

>    GARY M. RESTAINO
>    United States Attorney
>    District of Arizona
>
>    KENNETH POLITE
>    Assistant Attorney General
>    Criminal Division, U.S. Department of Justice
>
>    *s/Peter S. Kozinets*
>    KEVIN M. RAPP
>    MARGARET PERLMETER
>    PETER KOZINETS
>    ANDREW STONE
>    DANIEL BOYLE
>    Assistant U.S. Attorneys
>
>    AUSTIN M. BERRY
>    Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Tammie Holm*
Tammie Holm
Paralegal Specialist
U.S. Attorney's Office