Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona  85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*
Additional counsel on following pages

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:18-cr-00422-PHX-DJH |
| Plaintiff, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |

Paul J. Cambria, Jr. (NY 15873, admitted *pro hac vice*)
Erin E. McCampbell (NY 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
(716) 849-1333
pcambria@lglaw.com
emccampbell@lglaw.com

*Attorneys for Michael Lacey*

Bruce S. Feder (AZ 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Rd., Suite 160
Phoenix, Arizona 85016
(602) 257-0135
bf@federlawpa.com

Eric Walter Kessler
KESSLER LAW OFFICE
6720 N. Scottsdale Rd., Suite 210
Scottsdale, Arizona 85253
(480) 644-0093
Eric.kesslerlaw@gmail.com

*Attorneys for Scott Spear*

Gary S. Lincenberg
Ariel A. Neuman
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW P.C.
1875 Century Park E., Suite 2300
Los Angeles, California 90067
(310) 201-2100
glincenberg@birdmarella.com
gpanchapakesan.@birdmarella.com
aneuman@birdmarella.com

*Attorneys for John Brunst*

2

David S. Eisenberg
DAVID EISENBERG PLC
3550 N. Central Ave., Ste. 1155
Phoenix, Arizona  85012
(602) 237-5076
david@eisenbergplc.com

*Attorneys for Andrew Padilla*

Joy Malby Bertrand
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona  85252
(480) 656-3919
joyous@mailbag.com

*Attorneys for Joye Vaught*

3

Defendants' motion to dismiss (Doc. 1557) hinged on the argument that the crime of "promoting" or "facilitating" someone else's business enterprise involving prostitution offenses under the Travel Act is an aiding and abetting offense. Rejecting that view, the Court ruled that the Superseding Indictment (SI) need not allege the elements of aiding and abetting to state an offense under the Travel Act. Doc. 1587. Defendants moved for reconsideration based on the Supreme Court's subsequent opinion in *United States v. Hansen*, 599 U.S. __, 2023 WL 4138994 (2023), which provides a basis for the Court to revisit its conclusions that a charge of "promoting" or "facilitating" the prostitution offenses of third parties need not allege the essential elements of aiding and abetting, including that defendants intended "the specific and entire" underlying offense and that "the underlying offense has been committed," even if defendants were not principals in the underlying crime.

The government argues that *Hansen* has no bearing on the Travel Act, as the decision does not discuss the Travel Act directly or its pleading requirements. That assertion is belied by the government's position in the *Woodhull* appeal, where it promptly alerted the D.C. Circuit to *Hansen*, arguing that the terms "promote" and "facilitate" in FOSTA "are used in accord with their specialized criminal-law meanings for the same reasons discussed by the Court in *Hansen*." *See* Exhibit A. Of course, as defendants' motion to dismiss discussed, the government also has argued in *Woodhull* that the terms "promote" or "facilitate" under the Travel Act are "equivalent to" aiding and abetting and that the terms "promote" or "facilitate" in FOSTA should be construed as they are in the Travel Act.

The government cannot contend in *Hansen* and *Woodhull* that criminal-law terms used in federal criminal statutes must be construed in accordance with their specialized criminal-law meanings, which constrain the scope of liability under those statutes, but here argue that those same criminal-law terms should be construed in accordance with their ordinary (and much broader) meanings. Regardless, *Hansen* confirms that the

4

government's position in *Woodhull* is correct: "whatever meaning 'promote' or 'facilitate' might have in everyday speech, their meaning as terms of art in criminal statutes, invoking traditional principles of accomplice liability, is established." Doc. 1557-1 at 46.

The Court should reconsider its decision because *Hansen* confirms that "facilitating" is the same as "aiding and abetting," and the SI fails to include allegations sufficient to establish that each defendant specifically intended to aid and abet the purportedly unlawful business enterprises involving prostitution offenses that supposedly were facilitated by the publication of the fifty ads that are the basis of the Travel Act charges. *See* SI ¶¶ 196a, 200 (describing offense as "Travel Act – Facilitate Prostitution"). For the reasons set forth in the Motion to Dismiss and the Reply, the SI does not allege the essential elements of those offenses, or the related conspiracy charge, in violation of defendants' Fifth Amendment rights.

**A. After *Hansen*, the government cannot credibly argue that "promote" and "facilitate" mean something other than "aid and abet" under the Travel Act.**

The government argues that *Hansen* is irrelevant to the Travel Act because the opinion does not directly discuss that statute or the word "promote." The government goes on to argue that "promote" and "facilitate" under the Travel Act would allow for punishment of a wide array of offenses based on the common, non-legal dictionary definitions of "promote" and "facilitation of promotion." *See* Doc. 1628 at 14-15 (arguing, based on dictionary definitions, that a mere "advertisement" of allegedly unlawful activity can violate the Travel Act even if there never is any actual underlying unlawful activity).

The Court should give no weight to this self-serving doublespeak. In *Hansen*, the government successfully argued that when Congress uses certain words (such as encourage, induce, solicit, or facilitate) in federal criminal statutes, those words carry with them specialized criminal law meanings. The Supreme Court agreed, holding that the relevant statute used such terms in their "specialized, criminal-law sense," not their "ordinary," everyday meanings. 2023 WL 4138994, at *7. As the Court explained, "when

5

Congress borrows terms of art in which are accumulated the legal tradition and meaning of centuries of practice, it presumably knows and adopts the cluster of ideas that were attached to each borrowed word." *Id.* (internal quotation marks and citation omitted).

In *Woodhull*, the government is pressing the same argument to the D.C. Circuit about FOSTA and the Travel Act. *See* Doc. 1557 at 4; Doc. 1557-1 at 41-46. As the government puts it in that appeal: "The phrase 'promote or facilitate' as used in criminal statutes is equivalent to 'aid or abet.'" Doc. 1557-1 at 41.

The government's lawyers here not only are making arguments directly contrary to those they have pressed in other cases, but the Supreme Court now has adopted the government's position, holding that, when used in federal criminal statutes, terms like "facilitate" must be construed using their specialized criminal-law meanings, not their usual dictionary definitions.

Notably, while the government argued to the D.C. Circuit that the terms "promote" and "facilitate" must mean aiding and abetting, *see* Doc. 1557-1 at 41-46, here the government just proposed jury instructions saying "[i]n the context of the Travel Act, the term 'facilitate' means 'to make easy or less difficult,'" arguing the term must be "given its 'ordinary meaning: to make easy or less difficult,'" Doc. 1626-3 at 135. The SI also informed the grand jury that defendants "are charged in this superseding indictment with the crimes of facilitating prostitution . . . ." Doc. 230 ¶ 17. Using the government's "ordinary" definition plainly would have allowed the grand jury to indict for conduct falling far short of aiding and abetting the specific crimes of specific business enterprises.

This Court should reject the government's contrary position here.

6

**B. The government cites no cases addressing the essential elements that must be alleged to indict a non-principal under the Travel Act for facilitating the crimes of others.**

The government's primary argument (at 6-8)[1] is that *Hansen* should be disregarded because it does not change Ninth Circuit law outlining the pleading standards for a Travel Act violation and that, in general, all the government must do is recite the text of the statute. This argument fails because *Hansen* tells us that the word "facilitate," when used in a federal criminal statute, has a meaning unique to criminal law—not its ordinary meaning—and the statutory language of the Travel Act would not have conveyed to the grand jury all the necessary elements when a non-principal is alleged to have violated the act by facilitating the crimes of others.

An indictment relying on the words of the statute to set forth the offense is only sufficient if those words "fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *Russell v. United States*, 369 U.S. 749, 765 (1962). Otherwise, "a defendant could then be convicted on the basis of facts not found by, and perhaps not even presented to, the grand jury which indicted him" in violation of the Fifth Amendment. *Id. See also United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979) (reversing conviction where indictment tracked the language of statute but nonetheless omitted two essential elements because "an indictment is inadequate when it fails to allege an essential element of the offense even when it tracks the language of the statute."); *United States v. Outler*, 659 F.2d 1306, 1310-11 (5th Cir. 1981) ("We recognize that an element is not always an 'essential element' simply because the prosecution carries the burden of proof; however, here the element embodies the culpability of the offense. Without behavior beyond professional practice, there is no crime. We believe, therefore, that the lack of a legitimate medical reason is as essential to the offense charged against Dr. Outler as the requisite mens rea . . . Unless every element

---

[1] Citations to the government's opposition at Doc. 1628 are to the ECF-generated page number.

of an offense appears in the indictment, it is impossible to assure the defendant that a grand jury properly determined probable cause of the offense.").

Although numerous courts have held that a charge under the Travel Act that a defendant "facilitated" (or "promoted" or "facilitated the promotion" of) his *own* criminal conduct through interstate travel or the use of the facilities in interstate commerce may be adequately set forth using the statutory language alone, that is not the case when, as here, the government seeks to charge a defendant with facilitating the criminal conduct of others. The Travel Act's text does **not** "fully, directly, and expressly, without any uncertainty or ambiguity set forth all the elements," *Russell*, 369 U.S. at 765, required for an aiding and abetting offense against a defendant who was not a principal in the underlying offense.

The government is wrong when it claims defendants' interpretation of *Hansen* would "upend[] decades of Travel Act precedent" regarding the sufficiency of a Travel Act indictment. The government cites to no authority involving the sufficiency of an indictment under the Travel Act where the defendant was charged with facilitating (aiding and abetting) a crime in which he was not a principal. The sole exception is *United States v. Gibson Specialty Co.*, 507 F.2d 446 (9th Cir. 1974), where the court affirmed the dismissal of the indictment.[2]

Rather, **every** decision the government cites involved a defendant who was charged under the Travel Act with facilitating a crime in which the defendant was a principal. Consider the government's oft-cited *United States v. Tavelman*, 650 F.2d 1133 (9th Cir. 1981). There, the defendants traveled from California to Nevada to buy ten pounds of cocaine, were busted in a sting operation, and were charged with conspiracy to possess cocaine with intent to distribute and a Travel Act violation. The defendants moved to dismiss the indictment for failing to allege specific overt acts. The district court denied the motion

---

[2] The government often charges defendants, under 18 U.S.C. § 2, with aiding and abetting the Travel Act offenses of others, but those indictments necessarily must satisfy the pleading requirements for aiding and abetting.

8

and the Ninth Circuit affirmed, noting that an indictment was sufficient if it "fully, directly, and expressly set forth all the elements necessary to constitute the offense intended to be proved." *Id.* at 1137. The Ninth Circuit said "[a]n indictment under the Travel Act requires allegations of each of the three elements of the crime: (1) . . . use of interstate facility (2) with intent to promote an unlawful activity and (3) a subsequent overt act in furtherance of that unlawful activity." *Id.* at 1138. The Ninth Circuit's holding that the indictment in sufficiently alleged the "intent to promote an unlawful activity" where the defendants' interstate travel promoted *their own drug-trafficking crime*, *id.* at 1136, says nothing about whether the indictment would have sufficiently alleged intent had the defendants been alleged to have promoted or facilitated the drug crimes of others.

The defendants in *Tavelman* necessarily "participate[d] in a criminal venture with full knowledge of the circumstances constituting the charged offense," *Rosemond v. United States*, 572 U.S. 65, 77 (2014), as the underlying offense was *their own offense*. When a non-principal is charged with facilitating someone else's unlawful activity, however, to "fully, directly, and expressly set forth all the elements necessary to constitute the offense intended to be proved" the indictment must include allegations sufficient to establish the defendants' specific intent to "aid and abet" the third party's crime. As *Hansen* clarified, the words of the statute must be "filtered through the elements of solicitation or facilitation," including, "importantly, the requirement . . . that a defendant intend to bring about a specific result," 2023 WL 4138994, at *11 (citing *Rosemond*, 572 U.S. at 76). "What matters for purposes of gauging intent . . . is that the defendant has chosen, with full knowledge, to participate in the illegal scheme." *Rosemond*, 572 U.S. at 79.

In other words, contrary to the government's argument, defendants do not contend that *Hansen* swept away decades of precedent or even altered the elements of a Travel Act offense. Rather, if the government seeks to indict a defendant under the Travel Act for promoting or facilitating the prostitution offenses of a business enterprise, and the defendant was not a principal in the unlawful business enterprise, then to establish the

9

requisite intent the indictment also must allege the essential elements of aiding and abetting liability to state a valid offense. That is, as *Hansen* directs, the elements in *Tavelman* must be read as if the word "promote" or "facilitate" was "aid and abet" and the indictment's allegations must be sufficient to establish aiding and abetting.

The numerous cases the government cites involving defendants who were principals in the underlying crimes are not contrary and have no relevance to the question of the sufficiency of an indictment charging a purported accomplice to the state law offenses committed by others:

- *United States v. Childress*, 58 F.3d 693, 719 (D.C. Cir. 1995) (rejecting post-conviction challenge to the sufficiency of Travel Act charges by defendants who were direct and active participants in a major drug trafficking ring and who argued the indictment was deficient for failing to allege specific subsequent overt acts)

- *United States v. Gordon*, 641 F.2d 1281 (9th Cir. 1981) (affirming conviction under 18 U.S.C. § 371 for conspiracy to violate the Travel Act, and holding that trial court properly denied motion for acquittal arguing the indictment was deficient for failing to cite the statute comprising the predicate "unlawful activity," where defendants were charged with conspiracy based on placing interstate phone calls and engaging in interstate travel to bribe Nevada Gaming Commissioners)

- *McIntosh v. United States*, 385 F.2d 274 (8th Cir. 1967) (affirming convictions and holding trial court properly denied motion to quash the indictment arguing that defendants' unsuccessful extortion attempt could not serve as the underlying offense for a Travel Act conviction, where one defendant "brutally assaulted" the victim and the other then unsuccessfully sought to extort money from the victim's brother through an interstate telephone call)

- *United States v. Montague*, 29 F.3d 317 (7th Cir. 1994) (rejecting post-conviction challenge to the sufficiency of the evidence supporting conviction for conspiracy to violate 18 U.S.C. § 1956(a)(1)(A)(i) (money laundering), where defendant operated several escort businesses engaged in prostitution and also personally engaged in prostitution)

- *United States v. Monu*, 782 F.2d 1209 (4th Cir. 1986) (affirming Travel Act conviction and holding that trial court properly denied motion for acquittal challenging the sufficiency of the evidence, where defendant received five packages of heroin and marijuana via international mail)

- *United States v. Muskovsky*, 863 F.2d 1319 (7th Cir. 1988) (rejecting post-conviction challenge to the sufficiency of the evidence supporting Travel Act convictions and

- to the indictment's failure to allege specific subsequent overt acts, where defendants owned and managed a nude dancing establishment that also offered prostitution services)

- *United States v. Palfrey*, 499 F.Supp.2d 34 (D.C. Cir. 2007) (denying motion to dismiss Travel Act counts, where defendant owned and operated a multi-state escort business that also offered prostitution services)

- *United States v. Polizzi*, 500 F.2d 856 (9th Cir. 1974) (affirming Travel Act convictions and rejecting challenge to related jury instructions, which were imprecise but sufficient, where defendants had been charged with violating the Travel Act by owning, operating, and receiving profits from a Las Vegas, Nevada, casino by persons who were not licensed by, and whose interest in the casino had been concealed from, agencies of the State of Nevada, in violation of Nevada law)

- *United States v. Stafford*, 831 F.2d 1479 (9th Cir. 1987) (affirming imposition of separate, consecutive sentences for convictions under 18 U.S.C. §§ 1510 and 1952, where defendant endeavored to bribe a witness to prevent him "from informing the FBI" of federal crimes and traveled interstate to do so)

- *United States v. Tavelman*, 650 F.2d 1133 (9th Cir. 1981) (affirming convictions and holding that trial court properly denied motion to dismiss indictment for failing to allege specific subsequent overt acts, where defendants travelled interstate intending to purchase ten pounds of cocaine)

- *United States v. Welch*, 327 F.3d 1081 (10th Cir. 2003) (reversing dismissal of indictment for failing to state a claim where defendants were alleged to have misappropriated funds and then paid $1,000,000 in bribes to International Olympic Committee officials)

- *United States v. Winslow*, 962 F.2d 845 (9th Cir. 1992) (affirming sufficiency of the evidence to support Travel Act convictions, where defendants "traveled from Hayden Lake, Idaho to Seattle, Washington for the purpose of exploding a bomb in a gay bar" (*i.e.* arson)).

Indeed, the **only** Travel Act case either party cites where the defendants were not directly involved in the underlying unlawful activity is *Gibson*, 507 F.2d at 446, where, despite its unusual procedural posture, the Ninth Circuit affirmed the dismissal of the indictment "because neither the defendants' intention to facilitate nor the defendants' actual facilitation . . . were shown." *Id.* at 449.

It is the government that seeks to stretch the Travel Act to cover new ground. But, as *Hansen* makes clear, the crime of "facilitation" cannot be stretched so far. That term has

11

longstanding meaning when used in federal criminal statutes and, without allegations establishing aiding and abetting, there is no criminal facilitation. For the reasons stated in defendants' Motion to Dismiss, the SI fails to allege the crime of facilitating of "unlawful activity" under the Travel Act and, therefore, the related conspiracy charge also fails.

### C. Given *Hansen*, the government's indictment for "facilitation" is insufficient because it does not include the essential elements of aiding and abetting.

The government contends that *Hansen* should not cause the Court to change its earlier conclusion that the government need not allege either that each defendant had the specific intent that the particular offense be committed or the commission of an underlying offense, but this argument simply fights with the natural consequence of the Supreme Court's reasoning in *Hansen*. If "facilitation" equals aiding and abetting, then the indictment necessarily must include the essential components of aiding and abetting—"the provision of assistance to a wrongdoer with the intent to further an offense's commission," including the "intent to bring about a particular unlawful act," *Hansen*, 2023 WL 4138994, at *6—for it is those elements that distinguish the lawful from the unlawful. This simple logic cannot be squared with the Court's conclusion, for example, that the Travel Act does not require an "intent element go to the specific and entire crime charged, as it must in an aiding and abetting charge." Doc. 1587 at 13 (internal quotation marks and citation omitted). *Hansen*'s definition of facilitation (incorporating aiding and abetting elements) and this Court's rejection of the need for those aiding and abetting elements cannot both be right.

Indeed, contrary to its self-serving position here, the government acknowledged as much in its summary judgment briefing in *Woodhull*: "§ 2421A, like the Travel Act, is structured as an aiding and abetting offense, which also requires specific intent . . . The requisite scienter is akin to that required for aiding and abetting under 18 U.S.C. § 2 . . . ." *Woodhull*, Case No. CV 18-1552, Opp. to Pl. Mot. for Summary Judgment (D.D.C., Doc. 37 at 37). Given *Hansen's* reasoning that federal criminal statutes using criminal-law words

12

carry their specialized criminal-law meanings, this Court cannot interpret the Travel Act to require a watered-down version of "facilitation" for non-principals nor accept an indictment that falls far short of alleging aiding and abetting.

**D. The government's other arguments do not change that the SI does not allege the essential elements of aiding and abetting.**

The government repeats its argument that nothing more is needed because aiding and abetting is implied in every federal criminal offense. But the government's argument confuses the issues. Defendants do not dispute that the government could convict for aiding and abetting another person's Travel Act offense under the SI, if the SI properly alleged such a substantive offense. But that does not mean that the government has properly alleged the substantive offense here **when the substantive Travel Act offense itself is an aiding and abetting offense**. The Court's original order repeated the government's circular logic, but that conclusion should be revisited considering *Hansen's* clarity about the meaning of "facilitation." When the substantive offense alleged is itself an aiding and abetting offense, as it must be to "facilitate" another's business enterprise state law offenses, the essential elements of aiding and abetting must be alleged in the indictment otherwise the grand jury has not authorized an indictment of the crime.

The government also tries to avoid *Hansen* by arguing that defendants are charged as principals under the Travel Act. That misses the fundamental point: the substantive charges allege that defendants facilitated the state law prostitution offenses of third parties or, in other words, aided and abetted those business enterprises' state law prostitution offenses. Defendants are not alleged to have been principals in those state law offenses. Indeed, the government contends it does not even have to prove that defendants knew anything about the specific offenses or the related "business enterprise[s] involving . . . prostitution offenses." 18 U.S.C. § 1952(a)(3), (b)(1). And that is the crux of the problem with the SI—defendants are charged with aiding and abetting business enterprises involved in state law prostitution offenses, but the SI has no allegations to support aiding and

13

abetting.

Similarly, the government contends that promotion or advertisement is a completed offense. This is exactly the kind of result that *Hansen* rejects, and that the Government argued against in *Woodhull*. Indeed, if the words "promote" or "facilitate the promotion" are as broad as the government says, the government could subject large swaths of protected speech to prosecution based on the mere allegation that an advertisement—though legal on its face—was associated with prostitution.

To avoid such overreach, the elements of "aiding and abetting" must be "essential elements" because the existence of those elements differentiates between protected speech from unprotected speech and legal conduct from illegal conduct. *Hess v. Indiana*, 414 U.S. 105, 107 (1973) ("It hardly needs repeating that '(t)he constitutional guarantees of freedom of speech forbid the States to punish the use of words or language not within 'narrowly limited classes of speech.''"); *Gooding v. Wilson*, 405 U.S. 518, 521–22 (1972) ("The constitutional guarantees of freedom of speech forbid the States to punish the use of words or language not within 'narrowly limited classes of speech' . . . [T]he statute must be…authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression.").

**E.  Conclusion**

The Court's prior order denying defendants' motion to dismiss is incompatible with the Supreme Court's new decision in *Hansen*. The Court should reconsider and grant the motion.

DATED this 28th day of June, 2023.

**OSBORN MALEDON, P.A.**

By   s/ Joseph N. Roth
     Timothy J. Eckstein
     Joseph N. Roth
     Sarah P. Lawson
     2929 North Central, 20th Floor
     Phoenix, Arizona 85012-2794
     *Attorneys for James Larkin*

14

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By   s/ Paul J. Cambria, Jr. (w/permission)
     Paul J. Cambria, Jr. (*pro hac vice*)
     Erin E. McCampbell (*pro hac vice*)
     42 Delaware Avenue, Suite 120
     Buffalo, New York 14202

*Attorneys for Michael Lacey*

**FEDER LAW OFFICE PA**

By   s/ Bruce S. Feder (w/permission)
     Bruce S. Feder
     2930 E. Camelback Road, Suite 160
     Phoenix, Arizona 85016

**KESSLER LAW OFFICE**

By   s/ Eric W. Kessler (w/permission)
     Eric W. Kessler
     6720 N. Scottsdale Rd., Suite 210
     Scottsdale, Arizona 85253

*Attorneys for Scott Spear*

**BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW P.C.**

By   s/ Gary S. Lincenberg (w/permission)
     Gary S. Lincenberg
     Gopi K. Panchapakesan
     Ariel A. Neuman
     1875 Century Park E., Suite 2300
     Los Angeles, California 90067

*Attorneys for John Brunst*

**DAVID EISENBERG PLC**

By    s/ David S. Eisenberg (w/permission)
       David S. Eisenberg
       3550 N. Central Ave., Ste. 1155
       Phoenix, Arizona  85012

*Attorneys for Andrew Padilla*

**JOY BERTRAND LAW**

By    s/ Joy M. Bertrand (w/permission)
       Joy M. Bertrand
       P.O. Box 2734
       Scottsdale, Arizona  85252

*Attorneys for Joye Vaught*