Timothy J. Eckstein, 018321
Joseph N. Roth, 025725
Sarah P. Lawson, 036436
OSBORN MALEDON, P.A.
2929 North Central Avenue, 20th Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
teckstein@omlaw.com
jroth@omlaw.com
slawson@omlaw.com

*Attorneys for James Larkin*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | Case No. 2:18-cr-00422-PHX-DJH |
| Plaintiff, | **DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |

Defendant James Larkin submits this notice to inform the Court of the D.C. Circuit's decision in *Woodhull Freedom Foundation v. United States*, __ F.4th __, No. 22-5105, 2023 WL 4376244 (D.C. Cir. July 7, 2023). *See* Ex. A.

In *Woodhull*, the D.C. Circuit held that, as the "Government . . . contends," "'promote or facilitate' should be read to mean aid or abet." Slip. op. at 18. Like the Supreme Court's recent decision in *United States v. Hansen*, 599 U.S. __ (2023)—the opinion prompting defendants' motion for reconsideration, Doc. 1622—*Woodhull* strongly supports defendants' contention that the terms "promote" and "facilitate" in the Travel Act, 18 U.S.C. § 1952(a)(3), must be construed in a "traditional criminal law context" to mean aid and abet. Slip op. at 19. Indeed, in explaining its reasoning, the D.C. Circuit cites as support the Travel Act's use of "promote" and "facilitate," and references a First Circuit case for the proposition that the "conduct underlying promotion of unlawful activity [under the Travel Act] was tantamount to aiding and abetting." *Woodhull*, slip op. at 21-22 (citing *Urena-Ramirez v. Ashcroft*, 341 F.3d 51, 54 (1st Cir. 2003)). After *Hansen* and *Woodhull*, there is no room to argue that the terms "promote" and "facilitate" in the Travel Act mean something different than "aid and abet."

Finally, as with *Hansen*, given that the D.C. Circuit has now adopted the government's argument as to the meaning of "promote" and "facilitate," the doctrine of judicial estoppel should bar the government from advancing contrary interpretations in this case. *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001). The government "should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Id.* (quoting 18B Fed. Prac. & Proc. Juris. § 4477). The government successfully pressed in *Hansen* and *Woodhull* for narrow "aiding-and-abetting" interpretations of "promote" and "facilitate." The government should not be allowed to "play[] fast and loose" with inconsistent interpretations of the same words in this case just because it suits a preferred outcome. *Id.* (internal quotation marks and citation omitted).

DATED this 7th day of July, 2023.

**OSBORN MALEDON, P.A.**

By    <u>s/ Joseph N. Roth</u>
      Timothy J. Eckstein
      Joseph N. Roth
      Sarah P. Lawson
      2929 North Central, 20th Floor
      Phoenix, Arizona 85012-2794

*Attorneys for James Larkin*

3