GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | **UNITED STATES' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY** |
| v. | **[Doc. 1632]** |
| Michael Lacey, et al., | |
| Defendants. | |

Defendants' Notice of Supplemental Authority does not support reconsideration of the June 1, 2023 Order (Doc. 1587) for several reasons:

1. *Woodhull Freedom Found. v. United States*, --- F.4th ---, 2023 WL 4376244 (D.C. Cir. July 7, 2023), involved a pre-enforcement, facial overbreadth challenge to 18 U.S.C. § 2421A(a), a provision of the Allow States and Victims to Fight Online Sex Trafficking Act (FOSTA) that makes it a felony to [1] own, manage, or operate an online platform [2] "with the intent to promote or facilitate the prostitution of another person." The parties did not litigate—and the D.C. Circuit did not address—what a FOSTA indictment must allege to survive a motion to dismiss at the pleading stage. The court did not address the essential elements of a Travel Act indictment—and the D.C. Circuit did not (and could not) overrule Ninth Circuit precedent on that point. *E.g.*, *United States v. Tavelman*, 650 F.2d 1133, 1138 (9th Cir. 1981).

2. *Woodhull* focused on the narrow question of whether the second prong of § 2421A(a)—the *mens rea* requirement—reaches general advocacy and health and safety information. 2023 WL 4376244, at *6-7. The court considered traditional criminal law meanings and the context of the statute, which has "a very specific criminal object"—"the prostitution of another person"—and held "that Section 2421A(a)'s mental state requirement" "reaches a person's intent to aid or abet the prostitution of another person." *Id*. at *7-10. But the court did not hold, and the United States never argued, that FOSTA requires proof of all elements of a traditional claim of aiding and abetting. *See id*. at *10; Doc. 1577 at 15-16. For example, the opinion nowhere holds that FOSTA requires a completed, underlying act of prostitution. Judge Katsas made the same point in an earlier appeal, as the United States emphasized. *Woodhull Freedom Found. v. United States*, 948 F.3d 363, 375 (D.C. Cir. 2020) (Katsas, J., concurring); Doc. 1577 at 15-16.

3. *Woodhull* referred to the Travel Act in passing, but did not analyze it. 2023 WL 4376244, at *9. At most, the panel noted that the Act contains an intent requirement that uses the terms "promote . . . or facilitate the promotion of," and followed that observation with a "*cf*." citation to *Urena-Ramirez v. Ashcroft*, 341 F.3d 51, 54 (1st Cir.

2003). *Id*. at *9. *Urena-Ramirez*, in turn, concerned whether a Travel Act conviction was sufficiently related to "a controlled substance offense" to support a non-citizen's removal under 8 U.S.C. § 1227(a)(2)(B)(i); it nowhere discusses the Travel Act's pleading or proof requirements.

4. If anything, *Woodhull* reflects how the Travel Act's *mens rea* element operates differently than FOSTA's. FOSTA criminalizes operating an online platform with "intent to promote or facilitate the prostitution of *another person*"; in contrast, the Travel Act prohibits using any facility of interstate commerce with intent to promote, or facilitate the promotion of, an "unlawful activity"—here, "*any business enterprise* involving prostitution offenses in violation of the laws of the State in which they are committed or of the United States[.]" *Compare* 18 U.S.C. § 2421A(a) (emphasis added) *with* 18 U.S.C. § 1952(a)(3), (b)(i)(1) (emphasis added). The Travel Act's focus on unlawful business enterprises, rather than the prostitution of any individual person, shows that the statutes' intent requirements have different "criminal object[s]." *Woodhull*, 2023 WL 4376244, at *10. *Woodhull* also emphasizes the importance of reading a statute's terms in context, with each word drawing meaning from the other words of the statute, viewing each word "in light of its context and placement in the statutory scheme." *Id*. at *6-7.

5. Defendants' judicial estoppel argument misses the mark, because the United States did not argue in *Woodhull*—and the D.C. Circuit did not hold—that the use of words "promote or facilitate" in FOSTA's mental state requirement requires the government to plead, let alone prove, all elements of a traditional aiding and abetting charge to convict a defendant of violating 18 U.S.C. § 2421. *See* Doc. 1577 at 16-17. And, of course, *Woodhull* contains no similar holdings about the Travel Act—a statute that was *not* at issue.

Respectfully submitted this 12th day of July, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

KENNETH POLITE
Assistant Attorney General
Criminal Division, U.S. Department of Justice

*s/Peter S. Kozinets*
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Tammie Holm*
Tammie Holm
Paralegal Specialist
U.S. Attorney's Office