GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | **UNITED STATES' SUPPLEMENTAL TRIAL MEMORANDUM REGARDING CRIMINAL FORFEITURE** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

To assist the Court and expedite any forfeiture phase of trial in the event of any defendant's conviction, the United States respectfully submits this supplemental brief regarding forfeiture procedures to address procedural, legal, and evidentiary issues regarding forfeiture that the United States anticipates may arise in the event of a guilty verdict.

## INTRODUCTION

In addition to setting forth criminal charges, the Superseding Indictment ("SI") in this action contains forfeiture allegations. See ECF No. 230, at 63-92. This supplemental memorandum sets forth the procedures that would apply at the criminal forfeiture phase of trial, in the event that any of the defendants are found guilty of one or more charges associated with a forfeiture allegation. Pursuant to these procedures, the Court or jury would then determine whether such a defendant's interest in the associated property identified in the forfeiture allegations of the SI should be forfeited.

## FORFEITURE PROCEDURES

**1. Overview of Criminal Forfeiture**

Criminal forfeiture is imposed on a convicted defendant as part of sentencing. It is not an element of the underlying substantive offense. See Libretti v. United States, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); United States v. Feldman, 853 F.2d 648, 662 (9th Cir. 1988) (holding that "trial courts should bifurcate forfeiture proceedings from ascertainment of guilt, requiring separate jury deliberations"). Criminal forfeiture is an important sentencing tool, carrying into effect Congressional intent to deprive criminals and criminal organizations of the instrumentalities and profits of their illegal conduct. See Kaley v. United States, 571 U.S. 320, 323 (2014) (forfeiture serves to punish the wrong-doer, deter future illegality, lessen the economic power of criminal enterprises, compensate victims, improve conditions in crime-damaged communities, and support law enforcement activities such as police training).

Criminal forfeiture is an *in personam* remedy, in that it may be imposed only after a criminal conviction, and applies only to the property of the convicted defendant. See United States v. Lazarenko, 476 F.3d 642, 647 (9th Cir. 2007); United States v. Louthian, 756 F.3d 295, 307 n.12 (4th Cir. 2014) (criminal and civil forfeiture are "distinct law enforcement tools" – the former an *in personam* and requires a conviction, and the latter is an *in rem* action against the property itself); United States v. Vampire Nation, 451 F.3d 189, 202 (3d Cir. 2006) (distinguishing civil and criminal forfeiture).

Finally, the extent of any criminal forfeiture is determined by the associated counts of conviction. The forfeiture must correspond in nature and scope to the underlying criminal conduct for which the defendant was convicted. See United States v. Messino, 382 F.3d 704, 714 (7th Cir. 2004).

**2. The Property Sought for Forfeiture Will Depend on Any Counts of Conviction**

In the event of the conviction of one or more defendants on an associated count in the SI, the United States intends to seek forfeiture of some or all of the specific property set forth in the SI. While the forfeiture allegations in the SI identify a range of property that may be subject to forfeiture, the specific property that the United States may seek to forfeit will necessarily be determined by the scope of any conviction – in other words, the specific counts of conviction will determine the scope of any forfeiture phase of trial. Accordingly, in the event of conviction of one or more defendants on one or more offenses alleged in the SI, the United States will file a Trial Bill Of Particulars ("TBOP") setting forth the specific property identified in the SI which will be the subject of any forfeiture phase of trial. The TBOP will thus help to define the scope of any forfeiture phase[1] and assist the Court and, if applicable, the jury in determining the nexus between any counts of conviction and each specific identified item of property for which forfeiture is sought. The

---

[1] As a practical matter, the United States expects that any TBOP will be narrower than the list of specific property alleged in the SI, as certain assets have either been returned, settled by agreement of the parties, or may be more appropriately addressed in the parallel civil proceedings.

government is not obligated to seek forfeiture of all property identified in the SI, and may elect to seek civil forfeiture rather than criminal forfeiture, and can even pursue civil forfeiture of specific property identified in the SI in the event of a criminal acquittal on any associated count. See United States v. Liquidators of Eur. Fed. Credit Bank, 630 F.3d 1139, 1150 (9th Cir. 2011) ("The government may pursue civil forfeiture even after a failed criminal prosecution").[2]

Similarly, because the forfeiture allegations in the SI are merely for notice purposes, the death and subsequent dismissal of defendant James Larkin has no bearing on the assets alleged to be subject to forfeiture. As detailed herein, criminal forfeiture is an *in personam* remedy, and while the United States cannot forfeit the interests of a nonparty (such as Larkin), the United States may elect to seek to forfeit any interest that any convicted defendant may have in any property alleged in the SI, including any property owned in part by Larkin or his estate.[3]

**3. Relevant Statutes Permitting Criminal Forfeiture**

    a. Forfeiture Authority Based On Travel Act Violations – 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)

Section 981(a)(1)(C) of Title 18 of the United States Code[4] and section 2461(c) of Title 28 of the United States Code authorize the criminal forfeiture of any property, real or

---

[2] As identified in prior filings in this actions, some, but not all, of the specific property identified in the forfeiture allegations of the SI is also the subject of a consolidated civil forfeiture action pending in the Central District of California. See C.D.Cal Case No. 18-cv-8420-RGK.

[3] For example, the United States may forfeit any conditional or contractual interests that a convicted defendant may have in another's property involved in a crime. See Stefan Cassela, Asset Forfeiture Law in the United States, § 15-3(f) ("It is often said that because forfeiture is part of the defendant's sentence in a criminal case, only property belonging to the defendant can be forfeited. That is not exactly true. There are many cases where the defendant has no interest in the property at all, yet it is subject to forfeiture nonetheless… a money launderer has no interest in money that he launders for a third party; but in all of these instances, the applicable statute authorizes the forfeiture of the property.").

[4] Section 981(a)(1)(C) incorporates the offenses identified in 18 U.S.C. § 1957(c)(7), which itself incorporates the offenses identified in 18 U.S.C. § 1961(1).

personal, which constitutes or is derived from proceeds obtained directly or indirectly as a result of certain violations, including violations of 18 U.S.C. § 1952.

        b. <u>Forfeiture Authority Based On Money Laundering Offenses – 18 U.S.C. § 982(a)(1)</u>

Section 982(a)(1) of Title 18 of the United States Code authorizes the criminal forfeiture of any property, real or personal, that was involved in violations of 18 U.S.C. § 1956 (Concealment Money Laundering) and 18 U.S.C. § 1957 (Knowingly Engaging or Attempting to Engage In Monetary Transaction in Property Derived from Specified Unlawful Activity), or any property traceable to such property.

**4. Criminal Forfeiture Procedures**

        a. <u>Forfeitability of Property Sought for Forfeiture</u>

The United States is required to provide notice of its intent to seek forfeiture in the indictment or information. <u>See</u> Fed. R. Crim. P. 32.2(a) ("A court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the United States will seek forfeiture of property as part of any sentence in accordance with the applicable statute."). The SI has provided such notice (<u>see</u> ECF No. 230, at 63-92), and any TBOP will provide further clarity as to which specific items of property alleged in the SI the United States will seek to forfeit in the event of conviction. Rule 32.2(b)(1)(A) further provides that:

> As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.

This determination may be based upon evidence already in the record, as well as any additional evidence or information submitted by the parties during the forfeiture phase and accepted by the Court as relevant and reliable. <u>See</u> Fed. R. Crim. P. 32(b)(1)(B) ("[T]he court's determination may be based on evidence already in the record…and on any

additional evidence or information submitted by the parties and accepted by the court as relevant and reliable"); United States v. Capoccia, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase).  To the extent that the United States offers new evidence during the forfeiture phase, reliable hearsay evidence is admissible, as the forfeiture phase of the trial is merely a part of the sentencing process. See United States v. Ali, 619 F.3d 713, 720 (7th Cir. 2010) (because forfeiture is part of sentencing, less stringent evidentiary standards apply in the forfeiture phase of the trial; the evidence need only be "reliable"); Capoccia, 503 F.3d at 109 (Rule 32.2(b)(1) allows the court to consider "evidence or information," making it clear that the court may consider hearsay; this is consistent with forfeiture being part of the sentencing process where hearsay is admissible); United States v. Creighton, 52 Fed. Appx. 31, 35-36 (9th Cir. 2002) (hearsay is admissible at sentencing and therefore may be considered in the forfeiture phase).

Pursuant to Rule 32.2, forfeitability of property sought for forfeiture is determined either by the Court or the jury, depending on the election of either party. See Fed. R. Crim. P. 32.2(b)(5)(A) ("In any case tried before a jury, if the indictment or information states that the government is seeking forfeiture, the court must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict."). At present, defendants have not indicated whether they wish to retain the jury for forfeiture purposes if so convicted. While the United States presently intends to defer to defendants on this question, it reserves the right to seek to retain the jury for any forfeiture phase in accordance with Rule 32.2.

In the event that either party "timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant."  Fed.

R. Crim. P. 32(b)(5)(B).[5]

      b. <u>Procedural Rules for the Forfeiture Phase and Entry of a Preliminary Order of Forfeiture</u>

Rule 32.2(b)(1)(A) requires that, upon conviction, any determination as to what property is subject to forfeiture under the applicable statute(s) be determined "[a]s soon as practical after a verdict or finding of guilty."

The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence. <u>See</u> Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 (2000 Adoption) ("In the second part of the bifurcated proceeding, the jury is instructed that the government must establish the forfeitability of the property by a preponderance of the evidence."); <u>see also</u> <u>United States v. Garcia-Guizar</u>, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); <u>United States v. Hernandez-Escarsega</u>, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the forfeiture statute applicable to most criminal forfeiture proceedings).

At the forfeiture stage, a defendant is not permitted to relitigate the legality of his or her conduct or otherwise attempt to undermine the jury's finding of guilt. <u>United States v. Warshak</u>, 631 F.3d 266, 331 (6th Cir. 2010) (affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase the only question is the nexus between the conduct and the offense). The only question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite

---

[5] The United States has submitted proposed forfeiture phase jury instructions concurrent with this filing. Because the scope of any special verdict form will be determined largely by the counts of conviction, the United States intends to submit any proposed special verdict form following any jury verdict during the guilt phase.

- 7 -

nexus[6] between the underlying crime(s) of conviction and the property sought to be forfeited by the government.[7]

If the jury finds that there is such a nexus, the Court must promptly enter a preliminary order of forfeiture ("preliminary order"). See Fed. R. Crim. P. 32.2(b)(2)(A) ("If the [finder of fact] finds that the property is subject to forfeiture, [the court] must promptly enter a preliminary order of forfeiture ... directing the forfeiture of specific property."); United States v. Monsanto, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); United States v. Newman, 659 F.3d 1235, 1240 (9th Cir. 2011) ("When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); id. ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture").

While the preliminary order forfeits the defendant's interest in the property, it does not include a determination of who is the owner of the property subject to forfeiture. That determination is deferred to the ancillary proceedings that follow the entry of the preliminary order, in which any third party interests in the property are considered and resolved by the Court alone. See Advisory Committee Notes to Federal Rule of Criminal Procedure 32.2 (2000 Adoption) ("Under [the statutory forfeiture scheme first enacted in

---

[6] This "nexus" is defined by statute as to each offense for which forfeiture is authorized. See e.g., Capoccia, 503 F.3d at 115 ("The 'requisite nexus' for a violation of 18 U.S.C. § 2314 is set forth in 18 U.S.C. § 981(a)(1)(C), which subjects to civil forfeiture '[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of [various sections of Title 18] or any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.'")

[7] "[F]or example, if the Government is seeking to forfeit the vessel that the defendant used to smuggle drugs, either party may request that the jury be retained to determine whether the Government has established the factual nexus between the vessel and the particular offense on which the defendant was found guilty. In other words, the jury would have to determine whether the vessel was 'used to commit or to facilitate the commission" of the defendant's offense.'" Stefan Cassela, Asset Forfeiture Law in the United States, § 18-4(a).

1984,] the court orders the forfeiture of the defendant's interest in the property - whatever that interest may be -- in the criminal case. At that point, the court conducts a separate proceeding in which all potential third party claimants are given an opportunity to challenge the forfeiture by asserting a superior interest in the property. This proceeding does not involve re-litigation of the forfeitability of the property; its only purpose is to determine whether any third party has a legal interest in the forfeited property."); United States v. Nava, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"); United States v. 101 Houseco, LLC, 22 F.4th 843, 845 (9th Cir.) ("[A] third party in a criminal forfeiture proceeding may not relitigate the antecedent forfeitability question, but is instead restricted to the two avenues for relief that [the statute] confers").[8]

//
//

---

[8] Because the determination of whether a third party has a legal interest in the forfeited property is made at a separate proceeding, a defendant also cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005); United States v. Nicolo, 597 F. Supp. 2d 342, 346 (W.D.N.Y. 2009) (in the forfeiture phase of the trial, the court "is not to consider potentially thorny issues concerning third party ownership of property sought to be forfeited"; if the government establishes the required nexus to the offense, the property must be forfeited).

# CONCLUSION

The United States requests that the Court follow the above-described procedures in the event that any defendant is found guilty of one or more offenses in the SI. Should any defendant be so convicted, the United States will propose a corresponding special verdict form.

Respectfully submitted this 18th day of August, 2023.

GARY M. RESTAINO
United States Attorney
District of Arizona

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

/s/Daniel Boyle
KEVIN M. RAPP
MARGARET PERLMETER
PETER KOZINETS
ANDREW STONE
DANIEL BOYLE
Assistant U.S. Attorneys

AUSTIN M. BERRY
Trial Attorney

# CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office