GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | **PROPOSED FORFIETURE JURY INSTRUCTIONS** |
| v. | |
| Michael Lacey, et al., | |
| Defendants. | |

The United States, by and through undersigned counsel, hereby submits the following proposed forfeiture jury instructions.

///

1

2

3     Respectfully submitted this 18th day of August, 2023.

4

5                                    GARY M. RESTAINO
                                     United States Attorney
6                                    District of Arizona

7                                    NICOLE M. ARGENTIERI
                                     Acting Assistant Attorney General
8                                    Criminal Division, U.S. Department of Justice

9                                     /s/Daniel Boyle
                                     KEVIN M. RAPP
10                                   MARGARET PERLMETER
                                     PETER KOZINETS
11                                   ANDREW STONE
                                     DANIEL BOYLE
12                                   Assistant U.S. Attorneys

13                                   AUSTIN M. BERRY
                                     Trial Attorney
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4

## CERTIFICATE OF SERVICE

5
6
7
8

I hereby certify that on August 18, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

9
10
11

*s/ Daniel Parke*
Daniel Parke
U.S. Attorney's Office

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO.  1]**

**[Forfeiture Proceeding Follows Guilty Verdict]**

[This Instruction and all following instructions to be read before the jury begins its deliberations on forfeiture]

While deliberating concerning the issue of forfeiture you must not reexamine your previous determination regarding the defendants' guilt.  However, all the instructions previously given to you concerning duties of the jury, your consideration of the evidence, what is and is not evidence, the credibility of the witnesses, expert testimony, your duty to deliberate together, your duty to base your verdict solely on the evidence without prejudice, bias, or sympathy, and the necessity of a unanimous verdict, will continue to apply during these supplemental deliberations.

---

Source: Eleventh Circuit Model Jury Instructions, T6 (2017 ed.) (adapted); Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981; *United States v. Warshak*, 631 F.3d 266, 331 (6th Cir. 2010) (defendant is not permitted to relitigate the legality of his conduct or otherwise attempt to undermine the jury's finding of guilt during the forfeiture phase; affirming district court's refusal to let defendant introduce evidence tending to show his conduct was not illegal, and holding that in the forfeiture phase, the legality of the conduct is "no longer a live issue;" the only question is the nexus between the conduct and the offense).

1

2

3

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO.  2]**

**[Forfeiture – Scope of Jury's Determination]**

4

5

6

Your duty at this phase of the proceeding is solely to determine whether the government has proven the required connection between the property sought for forfeiture and the offense(s) for which you have found the defendant(s) guilty.

7

8

9

10

11

You should not consider what might happen to the property in determining whether the property is subject to forfeiture; the disposition of any property that is declared forfeited is exclusively a matter for the Court to decide.  Similarly, if any property has been transferred to a third party, the Court will later determine the rights of that third party to the property.

12

13

14

15

16

Some of the property which the government claims is subject to forfeiture may be in the name of one or more defendants and persons or business entities other than the defendants.  However, any interest that any person other than a defendant may claim to such property will be taken into account by the Court in a separate proceeding.  Interests of persons or entities other than any of the defendants are not for your consideration.

17

18

Your sole task is to decide whether the defendants' interest in the property, whatever that interest may be, is subject to forfeiture under the applicable law.

19

20

21

22

23

24

25

26

27

28

Source: Fed. R. Crim. P. 32.2(b)(2)(A) (only question during forfeiture phase is whether evidence establishes requisite nexus between underlying crimes of conviction and property sought to be forfeited); *United States v. Nava*, 404 F.3d 1119, 1132 (9th Cir. 2005) (district court properly instructed jury that questions of ownership "were not before them"); *United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005) (explaining that the primary purpose of Rule 32.2(b)(2) was to preserve the resources of the court and third parties by deferring the ownership issue to the ancillary proceeding, thus avoiding duplicative litigation); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (once forfeitability is determined, the court does not – "and indeed may not" -- determine ownership, as that issue is deferred to the ancillary proceeding).

1
2
3
4

**COURT'S FORFEITURE INSTRUCTION NO. ____**
**[PROPOSED FORFEITURE INSTRUCTION NO. 3]**
**[Standard of Proof]**

5
6
7
8

With two important exceptions, all previous instructions will continue to apply to your deliberations. The first exception is that during this phase, the government's burden is no longer proof beyond a reasonable doubt, but instead, is simply proof by a preponderance of the evidence, which I will define for you.

9
10
11
12
13

The second exception is that during this phase, you will consider a component of the potential punishment to be imposed on the defendant(s), but your sole task is to determine whether the government has established, by a preponderance of the evidence, the required connection between the crimes of which the defendants have been convicted and the property sought for forfeiture.

14
15
16
17
18
19
20
21
22
23
24

_____

25
26
27
28

Source: *Libretti v. United States*, 516 U.S. 29, 39 (1995) ("Our precedents have likewise characterized criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense."); *United States v. Lazarenko,* 476 F.3d 642, 647 (9th Cir. 2007) (criminal forfeiture operates *in personam* against a defendant; it is part of punishment following conviction); *United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt).

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 4]**

**[Definition - Preponderance of the Evidence]**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

---

Source: Ninth Circuit Model Jury Instructions, Civil, No 1.6 (2017 ed.) [Preponderance of the Evidence].

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  5]**

**[Reliance on Evidence Presented During Guilt Phase]**

In making the forfeiture determination, you should consider all of the evidence presented during the trial as well as the evidence presented during these post-verdict forfeiture proceedings, regardless of who offered it.  You should evaluate the evidence and its credibility according to the instructions given to you earlier.

---

Source: Federal Rule of Criminal Procedure 32.2 ((b)(1)(B) (whether made by the Court or the jury, the nexus determination may be based upon "evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."); *United States v. Capoccia*, 503 F.3d 103, 109 (2d Cir. 2007) (finder of fact may rely on evidence from the guilt phase; it is not necessary for the government to reintroduce that evidence in the forfeiture phase).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  6]**

**[Forfeiture Allegations Not Evidence]**

The forfeiture allegations set forth in the Superseding Indictment are not evidence and do not create any inference that the property is subject to forfeiture.  The defendants have denied that the property is subject to forfeiture.

---

Source: Fed. Crim. Jury Instr. 7th Cir. (2012 ed.) [Forfeiture Allegations Instruction]; cf. Ninth Circuit Model Jury Instructions, Civil, No. 6.2 (2022 ed.) [Charge Against Defendant Not Evidence—Presumption of Innocence—Burden of Proof].

1    **COURT'S FORFEITURE INSTRUCTION NO. _____**

2    **[PROPOSED FORFEITURE INSTRUCTION NO.  7]**

3    **[Forfeiture – Multiple Bases]**

4           I will soon describe the specific property the government seeks to forfeit and

5    what the government must prove to forfeit such property.  You will be asked to consider

6    whether such property is subject to forfeiture, including on multiple grounds.  You need

7    not be concerned with "double-counting" of monetary amounts or "overlapping" of

8    properties.

9           Even if you find that a particular property is subject to forfeiture for more than one

10   reason, that does not mean the government will receive the property twice.  However, it is

11   important that you indicate on the special verdict form all bases on which you find any

12   given property is subject to forfeiture.

13          Any issues of "double-counting" or "overlapping" will be considered by the Court

14   when imposing sentence.

15

16

17

18

19

20

21

22

23

24

25

26

27

_____
28   Source: Fed. R. Crim. P. 32.2(b); 18 U.S.C. § 982.

**COURT'S FORFEITURE INSTRUCTION NO. _____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 8]**

**[Property Subject to Forfeiture for Travel Act Conviction or Conspiracy to Commit Such Offense]**

Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Section 1952, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense.

---

Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO. 9]**

**[Proceeds Defined]**

Property subject to forfeiture as proceeds of a scheme to defraud includes any money obtained as a result of the scheme, and any property obtained with that money.

Proceeds remain proceeds regardless of how many times the property may change form. For example, the proceeds of a crime may start out as money in one bank account, be moved to a second bank account, be converted to a check, and then used to buy a car. In that case, each of the items would be considered the proceeds of the offense, or property derived from such proceeds.

In a case, like this one, involving a scheme to defraud, property is subject to forfeiture if it is derived from or traceable to the scheme as a whole; it is not necessary for the Government to trace the property to a particular execution of the scheme, such as a particular wire transfer.

---

Source:  *United States v. Swanson*, 394 F.3d 520, 529 n.4 (7th Cir. 2005) (a change in the form of the proceeds does not prevent forfeiture; property traceable to the forfeitable property is forfeitable as well); *United States v. Lo*, 839 F.3d 777, 793 (9th Cir. 2016) ("[T]he proceeds of the crime of conviction consist of the funds involved in that fraudulent scheme, including additional executions of the scheme that were not specifically charged or on which the defendant was acquitted."); *United States v. Venturella*, 585 F.3d 1013, 1015, 1016-17 (7th Cir. 2009) (forfeiture in a mail fraud case "is not limited to the amount of the particular mailing but extends to the entire scheme"); 18 U.S.C. § 981(a)(2)(A); *United States v. Boesen*, 473 F.Supp.2d 932, 952-953 (S.D. Iowa 2007) (forfeiting the gross proceeds of a large health care fraud scheme, not just the proceeds of the 82 executions of the scheme); *see also United States v. Capoccia*, 503 F.3d 103, 117-18 (2d Cir. 2007) (distinguishing scheme offenses such as in <u>Boesen</u> from discrete offenses, for purposes of determining forfeitable proceeds).

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 10]**

**[Forfeiture of Fungible Property]**

The Government is not required to identify specific cash, precious metals, or bank funds involved in an offense that is the basis for the forfeiture, because it is not a defense that the cash, precious metals, or bank funds involved in such an offense were removed and replaced by identical property. Any identical cash, precious metals, or bank funds found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture.

---

Source:  18 U.S.C. § 984; 28 U.S.C. § 2461(c)

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 11]**

**[Forfeiture based on Travel Act Offenses Under 18 U.S.C. § 981(a)(1)(C)]**

The government seeks to forfeit the following property pursuant to the findings of guilt on each of Counts [**TO BE ADDED UPON CONVICTION**]:

1. [**TO BE ADDED UPON CONVICTION**]

The government contends that the property described above constitutes or is derived from proceeds obtained, directly or indirectly, as a result of the violation(s) of which one or more defendant was found guilty, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C).

If you conclude that the government has proved by a preponderance of the evidence that the property listed above constitutes or is derived from proceeds one or more of the defendants obtained, directly or indirectly, as a result of the violation(s) of which one or more defendant has been found guilty, you must find that such property is forfeitable to the United States.

---

Source: 18 U.S.C. § 981(a)(1)(C); Federal Rule of Criminal Procedure 32.2(b)(2)(A) (The only question to be determined during the forfeiture phase is whether the evidence submitted during the guilt phase, together with any additional evidence received during the forfeiture phase, establishes by a preponderance of the evidence that there is the requisite nexus between the underlying crime(s) of conviction and the property sought to be forfeited by the government. "If the court finds that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property . . . ."); *United States v. Lazarenko*, 504 F. Supp. 2d 791, 796-97 (N.D. Cal. 2007) (Rule 32.2(a) requires only that the indictment give notice of the forfeiture in generic terms; that the Government did not itemize all of the property subject to forfeiture until much later was of no moment; older cases holding that property had to be listed in the indictment are no longer good law); *United States v. Monsanto*, 491 U.S. 600, 607 (1989) ("Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applied."); *United States v. Newman*, 659 F.3d 1235, 1240 (9th Cir. 2011) (following *Monsanto*: "When the Government has met the requirements for criminal forfeiture, the district court must impose criminal forfeiture, subject only to statutory and constitutional limits"); *id.* ("[T]he district court has no discretion to reduce or eliminate mandatory criminal forfeiture"); *Lazarenko*, 476 F.3d at 648 ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard

to a third party's interests in the property"); *United States v. Yeje-Cabrera*, 430 F.3d 1, 15 (1st Cir. 2005) (explaining that the primary purpose of Rule 32.2(b)(2) was to preserve the resources of the court and third parties by deferring the ownership issue to the ancillary proceeding, thus avoiding duplicative litigation); *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir. 2008) (once forfeitability is determined, the court does not – "and indeed may not" -- determine ownership; that issue is deferred to the ancillary proceeding); *United States v. Christensen,* 828 F.3d 763 (9th Cir. 2015) (The standard of proof regarding the criminal forfeitability of property is preponderance of the evidence*); United States v. Garcia-Guizar*, 160 F.3d 511, 518 (9th Cir. 1998) (preponderance standard is constitutional because criminal forfeiture is not a separate offense, but only an additional penalty for an offense that was established beyond a reasonable doubt); *United States v. Hernandez-Escarsega*, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting identical language in 21 U.S.C. § 853, the forfeiture statute applicable to most criminal forfeiture proceedings).

**COURT'S FORFEITURE INSTRUCTION NO. \_\_\_\_**

**[PROPOSED FORFEITURE INSTRUCTION NO. 12]**

**[Property Subject to Forfeiture for Money Laundering Conviction]**

Under federal law, any defendant convicted of one or more violations of Title 18, United States Code, Section 1956, or a conspiracy to commit the same, shall forfeit to the government all of the defendant's right, title and interest in any and all property, real or personal, involved in such offense, or any property traceable to such property.

Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1).

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  13]**

**[Scope of 18 U.S.C. § 982(a)(1)]**

Property subject to forfeiture as property involved in a violation of Section 1956 of Title 18 of the United States Code includes:

1.     Money or other property that was the subject of the financial transaction that constituted the money laundering violation;

2.     Any property used to facilitate such a money laundering violation; and

3.     Any fees or commissions paid to the money launderer.

Property may be the subject of the financial transaction in a number of ways.  For example, the property may be the proceeds of the underlying specified unlawful activity which were used to conduct the transaction; it may be property that was commingled with those proceeds at the time the financial transaction took place; or it may be property that was obtained as part of an exchange or purchase that constitutes the violation for which a defendant has been found guilty.

Property that was used to facilitate the money laundering transaction may include property that was not part of the transaction itself, but was used to make the money laundering offense easier to commit or harder to detect.

Property that is traceable to the property described in

(1) through (3) above in this instruction is also subject to forfeiture.  The phrase "any property traceable to" such property includes any property which was exchanged for, derived from, or obtained with any of the property involved in the underlying money laundering crime.  For example, property involved in a money laundering violation may be used to acquire, improve, or maintain real or personal property in a transaction that is not a money laundering violation, but that real or personal property is forfeitable because it can be traced to property that was involved in the money laundering violation.  Property is forfeitable as traceable to property that was involved in a money laundering even if some untainted funds were also used to purchase, improve or maintain the property.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Source: 18 U.S.C. § 982(a)(1); United States v. Cherry, 330 F.3d 658, 669 n.17 (4th Cir. 2003) (court properly instructed jury that it had to find that property "fairly represents the property which was involved in, or is traceable to property involved in" the money laundering counts); United States v. Huber, 404 F.3d 1047, 1058 (8th Cir. 2005) (SUA proceeds involved in a financial transaction, as well as any clean money commingled with it, constitute the corpus of the money laundering transaction; both are subject to forfeiture); United States v. Stewart, 185 F.3d 112, 129-30 (3d Cir. 1999) (tainted funds traced into account which held untainted funds were forfeitable as "involved in" and "traceable to" money laundering); United States v. Hawkins, 148 F.3d 920, 927-28 (8th Cir. 1998) (property "traceable to" the laundering violation and any appreciation in value is forfeitable; entire motor home forfeitable even if untainted funds added to value of it); Lazarenko, 564 F.3d at 1035 ("[I]n a money laundering charge, the commingling of tainted money with clean money taints the entire account. The money transferred from a commingled account does not need to be traceable to fraud, theft, or any wrongdoing at all. It is enough that the money, even if innocently obtained, was commingled in an account with money that was obtained illegally."); see also United States v. Garcia, 37 F.3d 1359, 1365 (9th Cir. 1994) ("We conclude that under the money laundering statutes, due to the fungibility of money, it is sufficient to prove that the funds in question came from an account in which tainted proceeds were commingled with other funds.") (called into question on other grounds, see United States v. Jackson, 167 F.3d 1280, 1284 (9th Cir. 1999)).

COURT'S FORFEITURE INSTRUCTION NO. _____

[PROPOSED FORFEITURE INSTRUCTION NO.  14]

**[Forfeiture based on Money Laundering Offenses Under 18 U.S.C. § 982(a)(1)]**

The government seeks to forfeit the following property pursuant to the findings of guilt on Counts [**TO BE ADDED UPON CONVICTION**]:

    1.  [**TO BE ADDED UPON CONVICTION**]

The government contends that the property described above was involved in or traceable to the money laundering violations for which one or more defendants were found guilty, and is therefore subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(1).

If you conclude that the government has proved by a preponderance of the evidence that the property listed above was involved in such offense, or traceable to the violation(s) of which one or more defendant has been found guilty, you must find that such property is forfeitable to the United States.

---

Source: Federal Rule of Criminal Procedure 32.2; 18 U.S.C. § 982(a)(1)

**COURT'S FORFEITURE INSTRUCTION NO. ____**

**[PROPOSED FORFEITURE INSTRUCTION NO.  15]**

**[Special Verdict Form]**

A Special Verdict Form has been prepared for your use.  With respect to the property listed or described, you are asked to decide whether it is subject to forfeiture to the government based on the reasons I have explained to you.   Your decision must be unanimous.  Indicate on the verdict form whether you find that the property listed is subject to forfeiture, and then the foreperson should sign and date the form.

---

Source: Federal Rule of Criminal Procedure 32.2(b)(1); 18 U.S.C. § 981; *Libretti v. United States*, 516 U.S. 29, 133 L. Ed. 2d. 271, 116 S. Ct. 356, 365 (1995).