Joy Malby Bertrand (AZ Bar No. 024181)
JOY BERTRAND ESQ LLC
P.O. Box 2734
Scottsdale, Arizona 85252
Telephone: (602)374-5321
Facsimile: (480)361-4694
joy.bertrand@gmail.com
*Attorney for Joye Vaught*

Paul J. Cambria, Jr. (NY Bar No.1430909, admitted *pro hac vice*)
Erin E. McCampbell (NY Bar No. 4480166, admitted *pro hac vice*)
LIPSITZ GREEN SCIME CAMBRIA LLP
42 Delaware Avenue, Suite 120
Buffalo, New York 14202
Telephone: (716) 849-1333
Facsimile:   (716) 855-1580
pcambria@lglaw.com
emccampbell@lglaw.com
*Attorneys for Michael Lacey*

Additional counsel listed on next page

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | NO. CR-18-00422-PHX-SMB |
| Plaintiff, | **DEFENDANTS' OBJECTION TO THE GOVERNMENT'S PROPOSED "LIMITING INSTRUCTION"** |
| vs. | |
| Michael Lacey, *et al.*, | |
| Defendants. | |

Gary S. Lincenberg (CA Bar No. 123058, *admitted pro hac vice*)
Gopi K. Panchapakesan (CA Bar No. 279856, *admitted pro hac vice*)
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW PC
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110
glincenberg@birdmarella.com
aneuman@birdmarella.com
gpanchapakesan@birdmarella.com
*Attorneys for John Brunst*

Bruce Feder (AZ Bar No. 004832)
FEDER LAW OFFICE PA
2930 E. Camelback Road, Suite 160
Phoenix, Arizona 85016
Telephone: (602) 257-0135
bf@federlawpa.com
*Attorney for Scott Spear*

Eric Kessler
KESSLER LAW GROUP
6720 N. Scottsdale Rd., Suite 210
Scottsdale, AZ  85253
Telephone: (480) 644-0093
eric@kesslerlawgroup.com
*Attorney for Scott Spear*

David Eisenberg (AZ Bar No. 017218)
DAVID EISENBERG PLC
3550 N. Central Ave., Suite 1155
Phoenix, Arizona 85012
Telephone: (602) 237-5076
Facsimile: (602) 314-6273
david@deisenbergplc.com
*Attorney for Andrew Padilla*

## **OBJECTION**

Defendants Michael Lacey, John Brunst, Scott Spear, Andrew Padilla, and Joye Vaught ("Defendants"), by and through their undersigned attorneys, object to the proposed "limiting instruction." The Defendants further submit the following:

In accordance with the Court's direction at the August 18, 2023, status hearing, Defendants object to the government's proposed "limiting" instruction relating to human trafficking, sex trafficking, or child sex trafficking. Rather than *distinguishing* the misdemeanor state law prostitution offenses that Defendants allegedly facilitated from the felony offenses of human trafficking, sex trafficking, and child sex trafficking, to limit the prejudice that will result from references to the latter offenses, the government's proposed instruction invites the jury to *equate* the two sets of offenses. The government's proposed instruction would instead *magnify* the prejudice of the evidence the government seeks to introduce.

The government could have premised at least some of its Travel Act charges on trafficking offenses, but has chosen not to do so, thereby avoiding the substantially higher evidentiary burdens attendant to proving specific intent to facilitate each element of a trafficking offense. With its proposed instruction equating trafficking offenses and common prostitution offenses, the government improperly seeks to have its cake and eat it, too. The government asks this Court's permission to freely tar Defendants with the trafficking brush, while avoiding the specific intent burdens that otherwise would accompany Travel Act charges premised on trafficking offenses.

If the Court provides a limiting instruction to attempt to reduce what the Court has recognized will be highly prejudicial testimony and evidence relating to trafficking, the instruction -- at a minimum -- must draw a clear line between misdemeanor state law prostitution offenses and felony trafficking offenses. Any instruction on this issue must clearly state that Defendants are not charged with the latter. Moreover, given that the government expressly said in its trial brief not only that it seeks to introduce dozens of exhibits related to sex trafficking, but also that most of those exhibits will not be offered for the truth of the matter asserted, the limiting instruction should instruct the jury about the nature of such evidence and inform the jury that the Court will provide

further instruction each time such evidence may be admitted. Defendants' proposed instruction would be:

> Defendants are charged with violating the Travel Act by facilitating misdemeanor, state-law prostitution offenses, conspiracy to violate the Travel Act, and money laundering. Although some testimony and evidence at the trial occasionally may refer to "human trafficking," "sex trafficking," or "child sex trafficking," Defendants are *not* charged with crimes relating to "human trafficking," "sex trafficking," or "child sex trafficking" or with facilitating such crimes.
>
> The jury should not conclude from any use of the terms "human trafficking," "sex trafficking," or "child sex trafficking" during the trial that any Defendant has been charged with, or may be guilty of, a trafficking crime or facilitating a trafficking crime.
>
> Moreover, when the government proposes to present evidence containing the terms "human trafficking," "sex trafficking," or "child sex trafficking," that testimony or evidence often will be presented for a purpose other than for the truth of the matters asserted in the evidence. That means that the jury must not presume that *any* statements in that evidence are true—including any statements relating to "human trafficking," "sex trafficking," or "child sex trafficking." Each time the government proposes to offer evidence for a purpose other than for the truth of the matter asserted, I will instruct you on the narrow purpose for which you may consider that evidence and also will instruct you that you *must not* consider the evidence for the truth of the matters asserted in that evidence.

To be clear, Defendants maintain that the Court should preclude the government from introducing evidence relating to trafficking offenses, for the reasons they previously have stated in their various filings (including Docs. 908, 1589, and 1648) and during related argument. Even accepting, for argument's sake, the government's claim that trafficking offenses are prostitution offenses, the government does not intend to prove that Defendants violated the Travel Act by facilitating trafficking offenses, allowing the government to once again make this trial about trafficking just invites another mistrial.[1]

Moreover, by proposing an alternative limiting instruction, Defendants do not suggest that the Court's providing of such a limiting instruction will negate or even materially offset the prejudice that will result from the government's plan to repeatedly interject highly prejudicial evidence relating to child sex trafficking into the trial. It won't. The responses to the juror

---

[1] Following the government's logic, it could charge a defendant under the Travel Act with facilitating the sale of a marijuana cigarette, but then spend much of the trial putting on evidence relating to facilitating the importation of large quantities of fentanyl, because the sale of a joint and the importation of large quantities of fentanyl both are offenses involving "narcotics or controlled substances." 18 U.S.C. § 1952(b)(i)(1).

2
DEFENDANTS' OBJECTION TO GOVERNMENT'S PROPOSED "LIMITING INSTRUCTION"

questionnaires demonstrate that child sex trafficking is incendiary. If the Court allows the government to repeatedly ring the child sex trafficking bell and present evidence that numerous people claimed Backpage.com facilitated child sex trafficking -- whether offered for the truth of the matter asserted or not -- any instruction from the Court that Defendants are not charged with facilitating child sex trafficking will land on ears completely deafened by the child sex trafficking bell. No instruction will unring that bell.

    RESPECTFULLY SUBMITTED this 24th day of August, 2023,


By:   /s/ Joy Bertrand
Joy Bertrand
Attorney for Joye Vaught

*Pursuant to the District's Electronic Case Filing Administrative Policies and Procedures Manual (Jan. 2020) § II (C) (3), Joy Bertrand hereby attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized its filing.*


Paul Cambria
LIPSITZ GREEN SCIME CAMBRIA LLP

By:   /s/Paul Cambria
Paul Cambria
Attorney for Michael Lacey


Gary S. Lincenberg
Gopi K. Panchapakesan
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.

By:   /s/ Gary Lincenberg
Gary Lincenberg
Attorneys for John Brunst


Bruce Feder
FEDER LAW OFFICE, P.A.

|        |                                                    |
|--------|----------------------------------------------------|
| By:    | /s/ Bruce Feder                                    |
|        | Bruce Feder                                        |
|        | Attorneys for Scott Spear                          |

David Eisenberg
DAVID EISENBERG, P.L.C.

|        |                                                    |
|--------|----------------------------------------------------|
| By:    | /s/ David Eisenberg                                |
|        | David Eisenberg                                    |
|        | Attorneys for Andrew Padilla                       |

Joy Bertrand
JOY BERTRAND, ESQ.

|        |                                                    |
|--------|----------------------------------------------------|
| By:    | /s/ Joy Bertrand                                   |
|        | Joy Bertrand                                       |
|        | Attorneys for Joye Vaught                          |

On August 24, 2023, a PDF version of this document was filed with Clerk of the Court using the CM/ECF System for filing and for Transmittal Of a Notice of Electronic Filing to the Following CM/ECF registrants:

Kevin Rapp, kevin.rapp@usdoj.gov
Peter Kozinets, peter.kozinets@usdoj.gov
Margaret Perlmeter, margaret.perlmeter@usdoj.gov
Andrew Stone, andrew.stone@usdoj.gov
Daniel Boyle, daniel.boyle2@usdoj.gov