GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Michael Lacey, et al.,<br><br>　　　　　Defendants. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' OBJECTIONS TO EXHIBITS OFFERED THROUGH CARL FERRER**<br>**(Doc. 1758)** |

The Court should overrule Defendants' objections to the exhibits the United States intends to offer for admission through Carl Ferrer. First, the Court has already ruled that a witness need not have personally sent or received an email to satisfy the requirements of Rule 901. (Doc. 1212 at 4.) Second, the United States has redacted certain exhibits in an effort to comply with the Court's Orders and eliminate inadmissible evidence.

## I.  Ferrer May Authenticate Emails

The Court has already resolved this issue. In Doc. 1212, the Court noted that it would permit the United States to admit emails through witnesses "who neither sent nor received the emails." (Doc. 1212 at 4.) Specifically, the Court found, "that the emails satisfy the requirements of Rule 901 and the issue at trial will be if the emails are admissible under a hearsay exception." (Doc. 1212 at 4.)

In that same Order, the Court specifically analyzed Exhibit 1—"a six-page document produced by Defendant Lacey's counsel to the government in compliance with [a] Grand Jury Subpoena." (Doc. 1212 at 18.) The Court held:

> Defendants do not challenge the authenticity of these documents. Thus, authenticity does not appear to be at issue, especially because the documents were produced directly by Defendant Lacey's counsel in response to the Court's order. The email at issue from Defendant Lacey may properly be admitted as a statement of a party opponent pursuant to Rule 801(2)(A). . . . Accordingly, the Court will allow the government to admit the documents.

(Doc. 1212 at 18-19.)

Ferrer will testify he's familiar with the email addresses used by Defendant Lacey in Exhibits 1911(b) and 1. Similarly, the United States anticipates Ferrer will testify he's familiar with the email addresses used by Defendant Brunst in Exhibits 500, 1047, 2038, 2040, 2042, and 2043 (along with James Larkin's email address used in Exhibit 1047). Ferrer will testify that he has exchanged emails with each Defendant at the email addresses listed on the exhibits. Ferrer's knowledge satisfies any authenticity concerns under Rule 901.

It does not matter whether Carl Ferrer was copied on an email for him to be able to authenticate it for purposes of 901(b)(4). Indeed, in other cases, such email evidence is often admitted through a case agent, who clearly would not be expected to be a recipient of such email, but who can nevertheless testify that in the course of her investigation, she learned that "Defendant X" utilized email address "Y," and often used a unique email signature. Carl Ferrer is even better positioned to authenticate these emails because he was a contemporary of every Defendant on trial, and had personal communications with each of the Defendants using these email addresses over the course of many years.

**II.     Redacted Exhibits Are Admissible**

Rule 801(d)(2) provides that a statement is not hearsay, and is therefore admissible, if the statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity, or (B) a statement of which the party has manifested an adoption or belief in its truth. Statements made by a Defendant are quintessential statements by a party-opponent when offered by the United States. Those very same statements, however, are inadmissible hearsay when offered by a Defendant. *United States v. Ortega*, 203 F.3d 675, 682 (9th Cir. 2000) ("The self-inculpatory statements, when offered by the government, are admissions by a party-opponent and are therefore not hearsay, *see* Fed.R.Evid. 801(d)(2), but the non-self-inculpatory statements are inadmissible hearsay.") (citing *Williamson v. United States*, 512 U.S. 594, 599 (1994) (finding that "[t]he fact that a person is making a broadly self-inculpatory confession does not make more credible the confession's non-self-inculpatory parts [which are hearsay]").)

To ensure fairness, Rule 106 provides an avenue by which a party-opponent may admit his own out-of-court statements at trial, which would otherwise be inadmissible hearsay. Defendants, however, are not permitted to introduce numerous self-serving exculpatory statements made during the same email or related document in which he or she makes an inculpatory statement. *United States v. Collicott*, 92 F.3d 973, 983 (9th Cir. 1996) ("Rule 106 does not compel admission of otherwise inadmissible hearsay evidence."). Rule 106 does not "require the introduction of *any* unedited writing or statement merely

because an adverse party has introduced an edited version." *United States v. Vallejos*, 742 F.3d 902, 905 (9th Cir. 2014) (emphasis in original).  Rather, "it is often perfectly proper to admit segments of prior testimony without including everything, and adverse parties are not entitled to offer additional segments just because they are there and the proponent has not offered them." *Id.* (citing *Collicott*, 92 F.3d at 983).

Rule 106 requires that the portion sought to be admitted must be relevant to the issues and only the parts which qualify or explain the subject matter of the portion offered by the opponent need be admitted. *United States v. Crosby*, 713 F.2d 1066, 1074 (5th Cir. 1983). The courts of appeals have "consistently held that the rule permits introduction only of additional material that is relevant and is necessary to qualify, explain, or place into context the portion already introduced." *United States v. Pendas-Martinez*, 845 F.2d 938, 944 (11th Cir. 1988); *see also United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996) ("Although different circuits have elaborated Rule 106's fairness standard in different ways, common to all is the requirement that the omitted portion be relevant and necessary to qualify, explain, or place into context the portion already introduced.") (quoting *Pendas-Martinez*, 845 F.2d at 944).

To the extent any Defendant contends the statements offered against him or her are taken out of context, the burden is now on the Defendant to provide an explanation as to what additional statements should be offered so as to "qualify, explain, or place into context the portion already introduced." *Branch*, 91 F.3d at 728.  Failure by Defendants to identify any specific statements they want admitted should result in this Court's denial of their request to introduce additional portions of emails on the grounds that they have failed to carry their burden of demonstrating how the additional statements would "qualify, explain, or place into context" any specific statement offered by the United States.

Defendants raise specific objections to four exhibits based on Rule 106.  The United States responds to these arguments in turn.

**A. Exhibit 140a (January 5, 2011 letter from Auburn Theological Seminary)**

The United States redacted the following language from the first two pages of the

letter:

> We are coming at this from a different perspective – not as lawyers, government officials, or NGOs, but as moral and religious leaders who have a calling and responsibility to protect our children.
>
> For us, fighting child sex trafficking is a moral imperative. As a Christian, for me personally, my commitment to this issue has a Biblical basis. I believe we are meant to care for the most vulnerable in our society and to protect all people's human dignity. This view is shared by our broad based clergy coalition, which is comprised of Christians, Muslims, Jews, Buddhists, Sikhs and Humanists.
>
> Child sex trafficking is not just an "issue" for us, but a matter of basic justice. We feel we need to give a voice to the voiceless, and we are taking action on behalf of human beings - our children. Our commitment is rooted in the belief that all children are our children, that the person that appears in a Backpage ad could be any one of our daughters or sons.
>
> Interestingly, the text of the week of our meeting was from the Prophet Isaiah. It forecasts the coming of a Messiah who would be sent to "bring good news to the oppressed, to bind up the brokenhearted, to proclaim liberty to the captives, and release to the prisoners...For I the Lord love justice, and I hate robbery and wrongdoing."

(*Compare* Ex. 140 *with* Ex. 140a.)

The United States redacted the letter in accordance with the Court's Order (Doc. 1159 at 3 ("The Court agrees that the letter from Auburn Seminary is highly prejudicial as is, however, it could be redacted to take out the inflammatory language about the clergy's motivation and moral opinion about Backpage.com.").)  If Defendants now want to eliminate the redactions—after previously arguing the opposite point (Doc. 907 at 4-5)—the United States does not object.

Defendants' more generalized argument that the Court should preclude admission of Exhibit 140 or 140a is a rehash of an issue previously resolved by the Court.  (Mot. at 6.)  Judge Brnovich ruled that "letters from third parties to Backpage informing them of the large number of prostitution ads to their website are relevant to Defendants' notice and thus proving Defendants' intent to facilitate prostitution under the Travel Act." (Doc. 1212 at 10.)  The Court made clear that "while the letters may not be admitted to prove that the

accusations in the letters are true, they may be admitted for the non-hearsay purpose of showing Defendants' notice of third parties' perceptions of unlawful activity occurring on their website." (Doc. 1212 at 10.) The letter should be admitted.

### B. Exhibit 616a (November 12, 2010 email from Scott Spear)

Defendants argue that Exhibit 616a needs to include the email sent by James Larkin that appears at the bottom of the unredacted version (Ex. 616). The United States redacted this portion because (a) it introduces topics, including the Communications Decency Act, that the Court has ruled aren't admissible, and (b) it contains inadmissible self-serving hearsay. (*See* Doc. 1643 at 10 ("To date, no party has provided the Court with case precedent holding that the CDA immunizes criminal activity like that alleged here. It follows that a jury should not be told that the CDA does. To do so is a misstatement of law and will lead to jury confusion.").)

Defendants cannot introduce self-serving statements made by former-Defendant Larkin, including misstatements. For example, Larkin wrote: "As you know we are clearly lawful in our operations here and this is a political dance." (Ex. 616.) That's a self-serving hearsay statement to which no exception applies, and is therefore inadmissible. Fed. R. Evid. 801-802. Rule 106 does not change that fact. *Collicott*, 92 F.3d at 983 ("Rule 106 does not compel admission of otherwise inadmissible hearsay evidence."). Defendants aren't permitted to use the rule of completeness to introduce inadmissible evidence. The Court should reject their attempt.

### C. Exhibit 1827a (January 31, 2012 email from Michael Lacey)

The United States redacted parts of Defendant Lacey's email chain with Scott Tobias for three primary reasons: (1) to eliminate any reference to the murders in Detroit where the murderer found his victims through Backpage ads; (2) to eliminate references to child sex trafficking that was occurring on Backpage; and (3) to remove the inadmissible self-serving hearsay in Scott Tobias's email. With respect to the latter point, Tobias's email covers many of the themes counsel for Defendant Lacey discussed in his opening statement. (Ex. 1827.) For example, "Village Voice Media is a first responder, we work

hand in hand with local law enforcement, the FBI and the National Center for Exploited and Missing Children [sic] (NCMEC)." (*Id.*)  And, "[Backpage is] on the right side of this issue . . . . If Backpage were to exit this business it will only get worse." (*Id.*)  Those statements aren't admissible and should not be shown to the jury.

### D. Exhibit 933a (September 22, 2010 email from Scott Spear)

Exhibit 933a is an email drafted by Carl Ferrer.  The United States agrees to use an unredacted version of the email, should it seek to admit the email at trial.

### III. Conclusion

The United States respectfully requests that this Court overrule any objections related to (a) authentication of email addresses known and used by Carl Ferrer, and (b) exhibits that the United States has redacted to remove inadmissible evidence. Going forward, if Defendants believe the United States has omitted some part of an email or document, it is incumbent on Defendants to provide the Court and the United States an explanation as to what additional portions would explain, qualify, or place into context the evidence the United States is seeking to admit.  Blanket objections under Rule 106, without specific articulation, should be overruled.

Respectfully submitted this 8th day of September, 2023.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> NICOLE M. ARGENTIERI
> Acting Assistant Attorney General
> Criminal Division, U.S. Department of Justice
>
> *s/Andrew C. Stone*
> KEVIN M. RAPP
> MARGARET PERLMETER
> PETER KOZINETS
> ANDREW STONE
> DANIEL BOYLE
> Assistant U.S. Attorneys
>
> AUSTIN M. BERRY
> Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Andrew C. Stone*
Andrew C. Stone
Assistant U.S. Attorney