GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>  v.<br><br>Michael Lacey, et al.,<br><br>  Defendants. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' RESPONSE TO DEFENDANTS' MOTION TO DISMISS COUNT 1**<br>**(Doc. 1744)** |

Defendants' motion to dismiss Count 1 should be denied. (Doc. 1744.) Defendants' argument does not square with governing case law, the Model Criminal Jury Instructions, or the law of the case.

**I.    Case Law And The Model Criminal Jury Instructions Support Count 1**

As discussed in the United States' Objections to the Preliminary Jury Instructions and Limiting Instruction (Doc. 1743), the object of a criminal conspiracy need not be illegal. Indeed, under Ninth Circuit law a "conspiracy is defined as a combination of two or more persons to accomplish some unlawful purpose, or some lawful purpose by unlawful means." *United States v. Caplan*, 633 F.2d 534, 542 (9th Cir. 1980). This principle is further supported by the Ninth Circuit Model Criminal Jury Instructions. Model Criminal Jury Instruction 11.1 (the word "illegal" is not part of the conspiracy jury instructions).

Defendants' attempt to distinguish *Caplan* is ineffectual. Defendants argue that *United States v. Johnson*, 44 F. App'x 752, 754 (9th Cir. 2002) overrules *Caplan*. Defendants are wrong. First, *Johnson* holds no precedential value. It's an unpublished decision from 2002. Under the Ninth Circuit Rules, any unpublished decision issued before January 1, 2007, may not be cited to the Court unless certain exceptions apply that aren't present here. Ninth Circuit Rule 36-3. Second, the *Johnson* Court couldn't determine which "object" of the conspiracy the jury relied on in reaching its guilty verdict, because there were four separates "objects" charged. Here, there's only one. (Doc. 230 at ¶ 197.) Further, in *Johnson* one of the four objects was not a federal offense, which again differs from the case at hand. Defendants are charged with conspiracy to violate the Travel Act and the United States listed the specific manner and means along with the overt acts committed by Defendants in furtherance of the conspiracy. (Doc. 230 at ¶¶ 1-194.) There's no ambiguity that Defendants are charged with a criminal conspiracy to violate the Travel Act in order to obtain money. Even if *Johnson* had precedential value, it has no application

to the case before this Court.[1]  *Caplan* remains good law.

## II.   Law Of The Case Bars Defendants' Motion

This is Defendants' eleventh motion to dismiss. (Docs. 456, 561, 746, 782, 783, 940, 1239, 1250, 1355, 1421, 1557.)  Four challenged the Superseding Indictment's (SI's) sufficiency. (Docs. 561, 746, 783, 1557.)  In denying those motions, the Court repeatedly determined that the SI properly alleges the essential elements of an indictment for Travel Act offenses. (Docs. 793, 840, 946, 1587.)  The Court has continually ruled correctly—it correctly applied Ninth Circuit law to the detailed 92-page SI, which amply put Defendants on notice of the charges against them—including the conspiracy alleged in Count 1.

## III.   Conclusion

The SI has alleged that Defendants violated a federal offense in Count 1—conspiracy to violate the Travel Act.  Defendants' motion to dismiss should be denied.

Respectfully submitted this 14th day of September, 2023.

                                      GARY M. RESTAINO
                                    United States Attorney
                                    District of Arizona

                                    NICOLE M. ARGENTIERI
                                    Acting Assistant Attorney General
                                    Criminal Division, U.S. Department of Justice

                                     *s/Andrew C. Stone*
                                    KEVIN M. RAPP
                                    MARGARET PERLMETER
                                    PETER KOZINETS
                                    ANDREW STONE
                                    DANIEL BOYLE
                                    Assistant U.S. Attorneys

                                    AUSTIN M. BERRY
                                    Trial Attorney

---

[1] Defendants' citation to *United States v. Manarite*, 44 F.3d 1407 (9th Cir. 1995), is also unpersuasive. (Mot. at 3.)  The *Manarite* Court found that the evidence at trial couldn't support a conviction for either mail or wire fraud as a matter of law. *Id.* at 1411.  The Court then found that defendants could not be found guilty of conspiring to commit either mail or wire fraud.  *Id.*  And, because the jury used a general verdict form, it was impossible to determine what crime supported the conspiracy conviction so the Court reversed.  *Id.*  The same issue is not present here—Count 1 only pertains to alleged Travel Act violations committed by Defendants.

## CERTIFICATE OF SERVICE

I hereby certify that on September 14, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Andrew C. Stone*
Andrew C. Stone
Assistant U.S. Attorney

- 4 -