GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Michael Lacey, et al.,<br><br>　　　　Defendants. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' MOTION TO PRECLUDE TESTIMONY OF AUSAs STONE AND BOYLE**<br><br>(*Expedited Consideration Requested*)<br><br>[Hearing:  2:30 p.m., Nov. 14, 2023] |

## INTRODUCTION

The United States respectfully moves to preclude Defendants from calling as witnesses Assistant United States Attorneys (AUSAs) Andrew C. Stone and Dan G. Boyle at the evidentiary hearing set for 2:30 p.m. today, November 14, 2023. (See Doc. 1969, Order Setting Evidentiary Hearing.) At 8:20 p.m. yesterday evening, November 13, 2023, Defendants emailed a "Joint Witness List for Evidentiary Hearing on 11.14.23" that listed five witnesses whom Defendants indicated that they intend to call at today's hearing. (See Exhibit A (11/13/23 email from Mali Evans and attached Joint Witness List.) The list includes AUSAs Stone and Boyle. Both attorneys have long been a part of the prosecution team and have actively litigated numerous aspects of this case and related proceedings. Calling these prosecutors as witnesses is unreasonable, oppressive, and unnecessary—and the Court should preclude Defendants from calling them here. The United States also respectfully requests an expedited ruling at the outset of the hearing, as the AUSAs cannot both be witnesses and counsel in the same hearing.

## ARGUMENT

### I. Defendants Have Failed to Comply with the Applicable *Touhy* Regulations

Defendants should be precluded from calling AUSAs Stone and Boyle for numerous reasons, including that the AUSAs have never before appeared on a witness list in this matter, Defendants have never subpoenaed the AUSAs to testify, and Defendants have never satisfied—or even attempted to satisfy—the U.S. Department of Justice regulations that govern, among other things, when an employee of the Department may be compelled to provide information or testimony. These regulations can be found at 28 C.F.R. §§ 16.21-16.29 and are commonly referred to as *Touhy* regulations. *See United States ex. rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

The *Touhy* regulations are a mandatory prerequisite to obtaining testimony or other information from a Department employee, and the regulations must be complied with before the Department can respond to any such demand. *See United States v. Bizzard*, 674 F.2d 1382 (11th Cir.), *cert. denied*, 459 U.S. 973 (1982); *United States v. Allen*, 554 F.2d

398 (10th Cir.), *cert. denied*, 434 U.S. 836 (1977); *United States v. Wallace*, 32 F.3d 921 (5th Cir. 1994); *Smith v. Cromer*, 159 F.3d 875, 879-80 (4th Cir. 1998). *See also* 28 C.F.R. § 16.23(c) (discussing required procedures) and *United States v. Carey*, No. 11CR671 WQH, 2018 WL 3303287, at *3 (S.D. Cal. July 5, 2018) (quashing subpoena for AUSA's testimony).

Defendants have made no attempt to comply with the Touhy requirements here—and they should be precluded from calling AUSAs Stone and Boyle at today's hearing for this reason alone.

## II. Defendants' Have Failed to Demonstrate Any Compelling and Legitimate Need for the AUSAs' Testimony.

Even if Defendants could otherwise satisfy the foregoing requirements, it is well established that a defendant may not call the opposing party's lawyer as a witness without first "demonstrat[ing] a compelling and legitimate need to do so." *United States v. Wallach*, 788 F. Supp. 739, 743 (S.D.N.Y.). This "compelling need" standard is exacting. "[T]o determine whether there is such a compelling need, courts look to two factors: (1) whether the prosecutor possesses information vital to the defense, and (2) whether all other sources of possible testimony have been exhausted." *United States v. Wells*, No. CRIM. 94-0191-R, 1994 WL 421471, at *7 (S.D. Cal. July 5, 1994) (collecting cases).

On this latter point, the Ninth Circuit has been clear that "a United States Attorney who participates in prosecuting a case should not be called as a witness unless all other sources of possible testimony have been exhausted" or the AUSA "play[s] no other role" in the case, besides being a witness. *United States v. West*, 680 F.2d 652, 654 (9th Cir. 1982) (quotations omitted). *See also United States v. Tubbs*, No. CR05-5828FDB, 2007 WL 2712977, at *1 (W.D. Wash. Sept. 14, 2007) ("A defendant has an obligation to exhaust other available sources of evidence before a court should sustain a defendant's efforts to call a participating prosecutor as a witness.") (internal quotation omitted).

"Where witnesses other than the prosecutor can testify to the same matters in question, no compelling need exists." *United States v. Regan*, 897 F. Supp. 748, 758

- 3 -

(S.D.N.Y. 1995). "A court may only permit a prosecutor to testify if the offering party has exhausted all other available sources for that testimony." *United States v. Bin Laden*, 91 F. Supp. 2d 600, 622–23 (S.D.N.Y. 2000). *See also, e.g.*, *United States v. Dupuy*, 760 F.2d 1492, 1498 (9th Cir. 1985) (no compelling need to call prosecutor to impeach witness where other witnesses and other avenues of impeachment were available); *Wallach*, 788 F. Supp. at 744 (no compelling need to call prosecutor because agents could testify to statements made in prosecutor's presence). Here, no compelling need, or any need, exists that would allow Defendants to effectively disqualify any AUSAs on the prosecution team and render them unable to present the government's arguments and examine witnesses at the upcoming hearing. The AUSAs can only know matters about the discovery materials by virtue of having been provided that information by agents or other witnesses. There is no need, much less a compelling need, to render the opposing party's lawyer a witness.

Moreover, allowing Defendants to compel the other side's lawyer would substantially prejudice the United States. As may be Defendants' intention, it is not at all clear that an AUSA could continue in his role as counsel at the hearing in any capacity if he was also a witness. Certainly the AUSA would be unable to act as counsel during his own examination and to make arguments about his own testimony. For this very reason, allowing one side to make the other side's lawyer a witness is inconsistent with the Rules of Professional Conduct, which generally prohibit a lawyer from acting as both an advocate and a witness. Ariz. R. Prof'l Resp. 3.7. This "Advocate-Witness Rule" is longstanding and serves to avoid prejudice to both the tribunal and the parties. *See id.* cmt 1. *See McLain v. Calderon*, No. CV 89-3061 JGD, 1995 WL 769176, at *34 (C.D. Cal. Aug. 22, 1995) ("Recognizing the possibility for abuse, the Ninth Circuit has erected a high threshold before criminal defendants will be permitted to force the disqualification of a participating prosecutor by designating them as witnesses.") (internal quotation omitted).

There is a particularly acute possibility for abuse in allowing one side's lawyer to be examined in the middle of active litigation—as is the case here. The United States has strong interests in maintaining work product and other privileges in the mental impressions

of its counsel. *See generally Merritt v. Arizona*, No. CV-17-04540-PHX-DGC, 2018 WL 3729757, at *4 (D. Ariz. Aug. 6, 2018) ("As the Ninth Circuit explained in *Holmgren v. State Farm Mutual Automobile Insurance Co.*, 976 F.2d 573 (9th Cir. 1992), opinion work product, including the mental impressions, conclusions, opinions, or legal theories of an attorney, is entitled to nearly absolute protection."). Those interests would almost certainly be invaded if a lawyer was made a testifying witness in his own case.

To be clear, if the Court has questions for either prosecutor, the AUSAs will certainly answer them. As an officer of the Court, "honest response of the government to direct judicial inquiry is a prosecutor's professional obligation," *United States v. Allen*, 434 F.3d 1166, 1175 (9th Cir. 2006), and that more than suffices to ensure that any questions the Court has for the AUSAs are answered. But permitting the defense to render the prosecutor a witness and thereby to interfere with the prosecutor's ability to represent the United States as counsel is far outside the norm and should not be allowed, particularly where law enforcement agents are available to be examined on the discovery here.

**CONCLUSION**

For the foregoing reasons, Defendants should be precluded from calling AUSAs Stone and Boyle as witnesses at the November 14, 2023 evidentiary hearing.

Respectfully submitted this 14th day of November, 2023.

        GARY M. RESTAINO
        United States Attorney
        District of Arizona

        NICOLE M. ARGENTIERI
        Acting Assistant Attorney General
        Criminal Division, U.S. Department of Justice

        *s/Peter S. Kozinets*
        KEVIN M. RAPP
        MARGARET PERLMETER
        PETER KOZINETS
        ANDREW STONE
        DANIEL BOYLE
        Assistant U.S. Attorneys

        AUSTIN M. BERRY
        Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 14, 2023, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Brian Wolfe*