GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America, | CR-18-422-PHX-DJH |
| Plaintiff, | **UNITED STATES' NOTICE OF RETRIAL PURSUANT TO COURT ORDER (Doc. 2025)** |
| v. | |
| Michael Lacey, et al., | |
| Defendant. | |


**I.     United States' Intent to Retry Defendant Michael Lacey**

The United States files this notice of intent to retry Defendant Michael Lacey on the 84 counts for which the jury was unable to reach a verdict and requests that the Court set the case for retrial. On November 16, 2023, the jury found Defendant Lacey guilty of Count 100 and not guilty of Count 63. For the remaining 84 charges (Counts 1-62, 64-70, 81, 83-84, 86, 88-92, and 94-99), the jury reached no verdict, and the Court declared a mistrial. (Docs. 1977, 1978, 1992.)

**II.    Speedy Trial Act**

   **a.    Standard**

Under the Speedy Trial Act, "[i]f the defendant is to be tried again following a declaration by the trial judge of a mistrial . . . the trial shall commence within seventy days from the date the action occasioning the retrial becomes final." 18 U.S.C. § 3161(e). Seventy days from the date the Court declared the mistrial (November 16, 2023) is January 25, 2024. The Speedy Trial Act, however, has delineated a number of circumstances where "periods of delay shall be excluded in computing the time . . . within which the trial of any such offense must commence." 18 U.S.C. § 3161(h).

In other circuits, filing motions under Rules 29 and 33 serve to exclude time. *See, e.g., In re U.S.,* 565 F.2d 173, 179 (1st Cir. 1977) ("Defendant waived claims that his constitutional right to a speedy trial and protection against double jeopardy would be violated by a retrial when he moved for Rule 33 relief."); *United States v. Gaffney*, 689 F. Supp. 1578, 1580 (M.D. Fla. 1988) ("[I]n the interest of justice and judicial economy, the Court waited to reset the trial on the mistried counts until it had resolved the issues raised by defendant regarding the three counts upon which he had been convicted. Any other action by the Court would have defied logic. . . . The Court, moreover, finds that the entire time the motions with respect to jury misconduct were pending is excludable under 18 U.S.C. § 3161(h)(1)(F). While this section applies to pretrial motions, motions filed after the mistrial was declared can be viewed as pretrial in nature.")

The Ninth Circuit, however, appears to take a stricter view on the question of the

time that is excluded after a defendant files motions under Rules 29 or 33. In *United States v. Tertrou*, 742 F.2d 538 (9th Cir. 1984), the district court excluded time after the defendant filed a Rule 29 motion. The Ninth Circuit, however, held that the "trial court erred in considering a motion for acquittal under Fed.R.Crim.P. 29 as a pre-trial motion. Rule 29, by its very terms, indicates that a motion for acquittal must be a post-trial motion. Thus, only the period that the motion is under advisement is excluded." *Id.* at 539; *see also United States v. Symington*, 195 F.3d 1080, 1091-92 (9th Cir. 1999). In *Symington*, a mistrial occurred on September 3, 1997, and on that same day defendant moved for an extension to file his post-trial motion. *Id.* at 1091. On October 10, 1997, defendant filed a post-trial motion under Rules 29 and 33. The district court heard oral argument on the motion on December 1, 1997, and took the matter under advisement until issuing an order resolving it on January 20, 1998. *Id.* The government argued on appeal that the entire period from September 3, 1997 (when defendant filed his extension motion) to January 20, 1998 (when the court ruled on defendant's post-trial motion) should be excluded because it was a "period of delay resulting from other proceedings concerning the defendant." *Id.* (citing 18 U.S.C. § 3161(h)(1)). The *Symington* court ruled that the government's argument was foreclosed by the *Tertrou* decision.

       **b.**     **Speedy Trial Act Has Been Tolled**

Despite the *Tertrou* and *Symington* decisions, the Speedy Trial Act has been tolled for Defendant Lacey for two independent reasons. First, Defendants' motion to dismiss (Doc. 1972) has been fully briefed and pending before the Court since Defendants filed their reply on December 4, 2023. (Doc. 2005.) That excluded, at a minimum, 30 days from the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(H) ("delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

Second, the ends of justice will be served by excluding time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A). In similarly situated cases, trial courts have found that the ends of justice support a continuance until either (a) sentencing or (b) after the appeal.

*United States v. Sandford*, 293 F. Supp. 3d 370 (W.D.N.Y. 2018); *United States v. Dusenbery*, 246 F. Supp. 2d 802 (N.D. Ohio 2002); *United States v. Mapp*, 945 F. Supp. 43 (E.D.N.Y. 1996); *United States v. Levasseur*, 635 F. Supp. 251 (E.D.N.Y. 1986). All these cases involved trials where a defendant was convicted on certain counts and a mistrial was declared as to other counts. For each of these cases, the trial court ruled that "the ends of justice" would be served by stopping the Speedy Trial clock until after the defendant was sentenced or the appellate court issued a mandate.

*Levasseur* is the "seminal" case in this area. *Sandford*, 293 F. Supp. 3d at 374. In that case, seven defendants were charged with a variety of counts. The jury reached a verdict as to some counts but was unable to reach a verdict as to others. After the trial court imposed sentence as to the counts of conviction and denied the defendants' motions to dismiss the mistried counts, the defendants then requested a new trial date. *Levasseur*, 635 F. Supp. at 252. The United States opposed the motion and sought a Speedy Trial Act exclusion until after the conclusion of the defendants' appeals on the counts of conviction. *Id.* The trial court found "the ends of justice [are] served by stopping the Speedy Trial clock until the mandate of the Court of Appeals is issued." *Id.* at 255. The *Levasseur* court noted that "in processing criminal cases mechanical adherence to time limits would not serve the interests of defendant, the government, the court, or society." *Id.* at 254. The benefits to the parties were clear: "If the convictions are reversed, there will have been no needless complex and protracted second trial which might also result in a reversal based on the Second Circuit's decision." *Id.*

In *Mapp*, after the defendant was convicted of three of 11 counts (with the remaining eight resulting in a mistrial) the United States moved for an "ends of justice" exclusion of time from the Speedy Trial clock until the sentencing hearing. 945 F. Supp. at 44. The United States represented that "it would not dismiss the open counts until the Court sentenced Mapp and the government had an opportunity to review such sentence." *Id.* The *Mapp* court cited *Levasseur* and granted the United States' motion, finding "it may be a significant waste of judicial resources to retry the open counts prior to Mapp's sentencing."

*Id.* at 46.

The United States intends to retry Defendant Lacey and the Speedy Trial clock has been tolled under 18 U.S.C. § 3161(h)(1)(H) and 3161(h)(7)(A).

Respectfully submitted this 23rd day of January 2024.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
>*s/  Andrew C. Stone*
>KEVIN M. RAPP
>MARGARET PERLMETER
>PETER S. KOZINETS
>ANDREW C. STONE
>DAN G. BOYLE
>Assistant U.S. Attorneys
>
>NICOLE M. ARGENTIERI
>Acting Assistant Attorney General
>Criminal Division, U.S. Department of Justice
>
>AUSTIN M. BERRY
>Trial Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Andrew C. Stone*
U.S. Attorney's Office