GARY M. RESTAINO
United States Attorney
District of Arizona

KEVIN M. RAPP (Ariz. Bar No. 014249, kevin.rapp@usdoj.gov)
MARGARET PERLMETER (Ariz. Bar No. 024805, margaret.perlmeter@usdoj.gov)
PETER S. KOZINETS (Ariz. Bar No. 019856, peter.kozinets@usdoj.gov)
ANDREW C. STONE (Ariz. Bar No. 026543, andrew.stone@usdoj.gov)
Assistant U.S. Attorneys
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500

DAN G. BOYLE (N.Y. Bar No. 5216825, daniel.boyle2@usdoj.gov)
Special Assistant U.S. Attorney
312 N. Spring Street, Suite 1400
Los Angeles, CA 90012
Telephone (213) 894-2426

NICOLE M. ARGENTIERI
Acting Assistant Attorney General
Criminal Division, U.S. Department of Justice

AUSTIN M. BERRY (Texas Bar No. 24062615, austin.berry2@usdoj.gov)
U.S. Department of Justice
Child Exploitation and Obscenity Section
1301 New York Avenue, NW, 11th Floor
Washington, D.C. 20005
Telephone (202) 412-4136
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Michael Lacey, et al.,<br><br>　　　　　Defendant. | CR-18-422-PHX-DJH<br><br>**UNITED STATES' RESPONSE TO DEFENDANT LACEY'S AND DEFENDANT SPEAR'S MOTIONS TO CONTINUE SENTENCING**<br>**[Docs. 2046, 2048]** |

Defendant Lacey has attempted to complicate a straightforward issue. Lacey has expressed a desire for the Ninth Circuit to rule on Defendants' appeals before he is retried. At the January status hearing, the United States informed the Court it was open to this idea, but only if Lacey was first sentenced on his count of conviction (Count 100). Accordingly, the United States believes the Court should sentence all three convicted Defendants at the same time. Defendants will then be permitted to raise whatever issues they deem appropriate to the Ninth Circuit. After the Ninth Circuit issues its mandate, then the United States will determine whether it will proceed to re-try Defendant Lacey or, alternatively, dismiss the remaining charges.

**I.   Sentencing Lacey On His Count Of Conviction And Holding Remaining Charges In Abeyance Is Supported By Law.**

The United States believes the best path forward involves the following simple process: Lacey is sentenced → Lacey appeals → Ninth Circuit issues a mandate → Lacey is either retried on the remaining counts or the United States dismisses the outstanding charges.[1] This process is both supported by case law and assuages Lacey's concerns. (Doc. 2035 (citing *United States v. Sandford*, 293 F. Supp. 3d 370 (W.D.N.Y. 2018); *United States v.* Dusenbery, 246 F. Supp. 2d 802 (N.D. Ohio 2002); United *States Mapp*, 945 F. Supp. 43 (1996); *United States v. Levasseur*, 635 F. Supp. 251 (1986)).) Lacey has expressed concern that if a retrial occurs before the appeal and then the "Ninth Circuit finds legal error," the parties would be facing a fourth trial. The United States agrees with this concern. As the *Levasseur* court wrote, the benefits to the parties are clear in sentencing a defendant on his count(s) of conviction and permitting the appeal to proceed before a retrial: "If the convictions are reversed, there will have been no needless complex and protracted second trial which might also result in a reversal based on the Second Circuit's decision." *Id.* at 254.

Lacey, however, appears to want his cake and eat it too. He wants to delay his

---

[1] Should the Ninth Circuit reverse and remand Lacey's conviction on Count 100, the United States will determine how to proceed regarding that count at that time.

- 2 -

sentencing until after Brunst and Spear argue their appeals. The Court expressed skepticism about this plan at the last status conference. The United States agrees. If Lacey wants the appeal to occur before any retrial, then he needs to be sentenced with the other two convicted defendants.

**II. Lacey's and Spear's Arguments For Continuance Aren't Persuasive; Sentencings For All Three Defendants Should Occur In Mid-June**

Lacey raises several other issues that purport to support his argument for delaying sentencing. They don't. First, any potential negotiations to resolve the civil forfeiture action in the Central District of California are separate from Defendants' sentencings in this criminal case. Similarly, Lacey's argument about the United States' decision not to seek a money judgment is of no consequence. Indeed, because Lacey's count of conviction involves a discrete transaction, the United States doesn't intend to seek a money judgment with respect to Count 100 now or after any retrial. No delay is needed.

Spear's arguments for a continuance also fall flat. (Doc. 2048.) For some reason, Spear cites to the Communications Decency Act as somehow having relevance in determining his applicable guidelines. This reference is thoroughly confusing to the United States. In any event, the schedule laid out by Brunst in the recently filed stipulation (Doc. 2045) appears to be workable for Spear's counsel, even with his planned trip abroad in May and June.

The United States will not respond to all the specific issues raised by Lacey and Spear. It's unnecessary. The United States has already stipulated to a brief continuance to Brunst's sentencing hearing—until mid-June. The United States believes Lacey's and Spear's sentencing hearings should also be moved to that date. If mid-June doesn't work

//
//
//
//
//

for counsel, then a mutually agreeable time should be found in or around that same time period.  Sentencing all three Defendants should happen as soon as practicable.

Respectfully submitted this 29th day of March 2024.

>GARY M. RESTAINO
>United States Attorney
>District of Arizona
>
>*s/ Andrew C. Stone*
>KEVIN M. RAPP
>MARGARET PERLMETER
>PETER S. KOZINETS
>ANDREW C. STONE
>DAN G. BOYLE
>Assistant U.S. Attorneys
>
>NICOLE M. ARGENTIERI
>Acting Assistant Attorney General
>Criminal Division, U.S. Department of Justice
>
>AUSTIN M. BERRY
>Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record.

*s/ Gaynell Bunn*
Gaynell Bunn
U.S. Attorney's Office